1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PARKER C. FOLSE III (WA Bar No. 24895 – *Pro Hac Vice*)
pfolse@susmangodfrey.com
IAN B. CROSBY (WA Bar No. 28461 – *Pro Hac Vice*)
icrosby@susmangodfrey.com
FLOYD G. SHORT (WA Bar No. 21632 – *Pro Hac Vice*)
fshort@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880 Tel
(206) 516-3883 Fax

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*(additional attorneys listed on signature page)*

Attorneys for Defendant/Counterclaimant
BURST.COM, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE COMPUTER, INC., | § CASE NO. C06-00019 MHP |
| Plaintiff/Counterdefendant, | § |
| | § JOINT CASE MANAGEMENT |
| v. | § STATEMENT & PROPOSED ORDER |
| | § |
| BURST.COM, INC., | § |
| | § |
| Defendant/Counterclaimant. | § |

1

JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER
Case No. C06-00019 MHP

Dockets.Justia.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

### 1. A brief description of the events underlying the action:

This is a patent infringement case that Plaintiff Apple Computer, Inc. ("Apple") initiated by a complaint for declaratory judgment against Defendant Burst.com, Inc. ("Burst"). Burst has filed a counterclaim seeking damages and injunctive relief and demanding a jury trial. The counterclaim alleges that Apple infringes United States Patent Numbers 4,963,995 ("the '995 patent"), 5,164,839 ("the '839 patent"), 5,995,705 ("the '705 patent"), and 5,057,932 ("the '932 patent") (collectively the "patents-in-suit"). Burst alleges that Apple has infringed and is presently infringing the patents-in-suit through its digital audio and video products and services, including iPod devices, iTunes software, and the iTunes Store; its personal and server computer products and bundled software; and its QuickTime suite of software products. Apple alleges that the patents-in-suit are invalid and not infringed by Apple.

### 2. The principal factual issues which the parties dispute:

a.      Whether Apple has infringed, and continues to infringe the patents-in-suit, directly, contributorily, or by inducement;

b.      Whether any such infringement is willful;

c.      Whether the patents-in-suit are invalid; and

d.      The amount of Burst's damages for any infringement.

### 3. The principal legal issues which the parties dispute:

a.      The proper construction of the claims of the patents-in-suit;

2

1

      b.      Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. §

2

285;

3

      c.      Whether Burst is entitled to treble damages pursuant to 35 U.S.C. § 284; and

4

      d.      Whether Burst is entitled to injunctive relief.

5

6

Other disputed legal issues may arise in the course of litigation, but no other principal legal

7

issues have been identified at this time.

8

**4. The other factual issues which remain unresolved for the reason stated below and**

9

**how the parties propose to resolve those issues:**

10

11

There are no unresolved factual issues regarding service of process, personal jurisdiction,

12

subject matter jurisdiction or venue. Other factual issues may arise in the course of the litigation.

13

**5. The parties which have not been served and the reasons:**

14

All parties have been served.

15

**6. The additional parties which the below-specified parties intend to join and the**

16

17

**intended time frame for such joinder:**

18

The parties do not intend to join any additional parties at this time.

19

**7. The following parties consent to assignment of this case to a United States**

20

**Magistrate Judge for jury trial:**

21

Neither party consents to assignment of this case to a United States Magistrate Judge for

22

23

jury trial.

24

**ALTERNATIVE DISPUTE RESOLUTION**

25

**8. The parties have filed a Stipulation and Proposed Order Selecting an ADR**

26

**process: <u>Private Mediation.</u>**

27

**9. Please indicate any other information regarding ADR process or deadline.**

28

3

JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER
Case No. C06-00019 MHP

The Court entered an Order on the parties' stipulation to refer this case to private mediation on March 29, 2006. The parties have agreed on a mediator. Because the parties engaged in unsuccessful settlement negotiations prior to the filing of litigation, the parties agree that it would be most useful to schedule the mediation after some further development of the facts and the respective positions of the parties in this litigation. The parties are discussing the appropriate timing for conducting a useful mediation and expect to advise the court on the result of those discussions at the initial case management conference on May 8, 2006.

## DISCLOSURES

**10. The parties certify that they have made the following disclosures:**

The parties have not yet made any disclosures. The parties will complete their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) at the same time that Burst makes its disclosures under Patent L.R. 3-2 on May 22, 2006.

## DISCOVERY AND PRETRIAL SCHEDULE

**11. The parties agree to the following discovery plan and pretrial schedule:**

| DATE | EVENT |
|---|---|
| May 22, 2006 | Parties comply with Rule 26(a)(1) initial disclosures |
| May 22, 2006 | Burst serves PLR 3-1 disclosures |
| May 22, 2006 | Burst produces documents specified in PLR 3-2 |
| July 6, 2006 | Apple serves PLR 3-3 disclosures |
| July 6, 2006 | Apple produces documents specified in PLR 3-4 |
| July 20, 2006 | Parties exchange PLR 4-1(a) information on claim terms |
| August 9, 2006 | Parties exchange preliminary claim constructions under PLR 4-2(a) |
| August 9, 2006 | Parties provide preliminary identification of extrinsic evidence under PLR 4-2(b) |
| September 26, 2006 | Parties file Joint Claim Construction and Prehearing Statement and comply with PLR 4-3, except with respect to disclosure of experts under 4-3(d) |
| October 13, 2006 | Parties identify experts and serve expert reports, as required by PLR 4-3(d) |
| November 3, 2006 | Deadline for completion of discovery relating to claim construction, including depositions of any witnesses (including experts) identified in the Joint Claim Construction and Prehearing Statement (PLR 4-4) |

4

JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER
Case No. C06-00019 MHP

| November 20, 2006 | Burst files claim construction brief and supporting evidence (PLR 4-5(a)) |
|---|---|
| December 8, 2006 | Apple files responsive claim construction brief and supporting evidence (PLR 4-5(b)) |
| December 22, 2006 | Burst files reply brief and rebuttal evidence on claim construction (PLR 4-5(c)) |
| First week of February 2007 | Claim Construction Hearing |

The parties have not reached agreement regarding the remainder of the discovery and pretrial schedule. Each party sets forth its position below and will present argument for its position at the initial case management conference. The points of disagreement and issues for the Court to address are (1) whether a fact discovery cut-off should precede the service of expert witness reports and expert discovery; (2) whether the Court should set a schedule for the discovery cut-off and other events following claim construction now, or, instead, wait to set that schedule at a status conference to be held after the Court issues its ruling on claim construction; and (3) the length of trial.

Burst's position on these issues is as follows: (1) there should be a single discovery cut-off for both fact and expert discovery; in other words, the parties should be permitted to continue fact discovery after the agreed date for commencement of expert discovery; (2) the Court should set a complete case schedule now, with the understanding that the schedule may be revisited at a status conference held after the Court issues its ruling on claim construction; and (3) the length of trial can be estimated at 15 trial days. Burst specifically proposes the following schedule for the remaining case events to which the parties have not reached agreement:

| April 20, 2007 | Disclosure of expert witnesses, service of reports, and production of documents regarding expert testimony on issues as to which each party bears the burden of proof (FRCP 26(a)(2)) |
|---|---|
| May 11, 2007 | Deadline by which all witnesses identified on April 20 must be produced for deposition |

JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER
Case No. C06-00019 MHP

| May 25, 2007 | Disclosure of expert witnesses, service of reports, and production of documents regarding expert testimony in response to disclosures served on April 20, 2007 |
| --- | --- |
| June 4, 2007 | Deadline by which all witnesses identified on May 25 must be produced for deposition |
| June 4, 2007 | Cut-off for all discovery |
| June 29, 2007 | Deadline for dispositive motions |
| July 31, 2007 | Due date for responses to dispositive motions |
| August 14, 2007 | Due date for reply briefs in support of dispositive motions |
| October 15, 2007 | File joint final pretrial conference statement and proposed order |
| October 15, 2007 | Lodge exhibits and other trial material |
| October 15, 2007 | Serve and file motions in limine |
| October 15, 2007 | Serve and file requests for voir dire questions, jury instruction, and verdict forms |
| October 15, 2007 | Serve and file statements designating deposition excerpts, interrogatory answers, and responses to requests for admission to be used at trial |
| October 29, 2007 | Deadline for serving objections to admission of exhibits and deposition testimony |
| November 9, 2007 | Deadline for filing objections requiring action by the Court |
| November 2007 | Final pretrial conference |
| December 3, 2007 | Trial begins |

Apple's position on these issues is as follows: (1) the fact discovery cutoff should precede the deadline for submitting initial expert reports by sufficient time to allow those reports to be prepared based on all fact discovery; (2) the Court should set a case schedule for the events following claim construction after the Court issues its ruling on claim construction; and (3) it is not productive to estimate the length of trial at this point because there are 186 claims currently at issue. Apple specifically proposes the following schedule for the remaining case events to which the parties have not reached agreement. The proposed schedule below contains substantially the same spacing between events as Burst's proposed schedule, but differs with

6

regard to the placement of the fact discovery cutoff and because it suggests making deadlines

relative to the issuance of the claim construction order:

| | |
|---|---|
| Completion of fact discovery | 100 days after claim construction ruling |
| Expert reports (burden of proof) | 128 days after claim construction ruling (+4wks) |
| Deadline to produce b.o.p. experts for deposition | 149 days after claim construction ruling (+3wks) |
| Expert reports (rebuttal) | 163 days after claim construction ruling (+2wks) |
| Deadline to produce rebuttal experts for deposition | 177 days after claim construction ruling (+2wks) |
| **Dispositive Motions** | |
| - Motion filing cutoff | 205 days after claim construction ruling (+4wks) |
| - Oppositions to motions due | 233 days after claim construction ruling (+4wks) |
| - Replies due | 247 days after claim construction ruling (+2wks) |
| **- Hearing re: Dispositive Motions** | Set by Court at post-claim construction CMC |
| **Pretrial Conference** | Set by Court at post-claim construction CMC (~100 days after close of dispositive motion briefing) |
| **Trial** | Set by Court at post-claim construction CMC (~130 days after close of dispositive motion briefing) |

## Limitations on Discovery

In addition, the parties propose the following provisions regarding written and deposition discovery:

a.     The parties will adhere to the numerical and temporal limits on deposition discovery in Fed. R. Civ. P. 30, except that each side may identify one witness whom it may depose for up to two days of seven hours each (thus giving each

7

party a total of eleven days of deposition). The parties reserve all rights to object to particular depositions, including the right to object that the particular witness chosen by the other side for the two-day deposition should not be deposed for two days. The depositions of expert witnesses shall not count against the numerical limitations of Fed. R. Civ. P. 30(a)(2).

b.    Every seven hours or fraction thereof of deposition testimony pursuant to Fed. R. Civ. P. 30(b)(6) shall count as one day of deposition testimony for purposes of Fed. R. Civ. P. 30(a)(2).

c.    The parties will adhere to the numerical limitations on interrogatories set forth in Fed. R. Civ. P. 33(a).

## TRIAL SCHEDULE

**12. The parties request a trial date as follows.**

The parties have not reached agreement on a proposed trial date. Burst requests that the Court set a specific trial date of December 3, 2007, or as soon thereafter as the Court's calendar permits. Burst further requests that once the Court issues its claim construction decision, it schedule a status conference to occur soon thereafter, at which the Court and the parties may address whether developments in the case necessitate a change in the trial setting or other deadlines then in place.

Apple requests that the Court set a trial date at case management conference to be held shortly after issuance of a claim construction ruling.

**13. The parties expect that the trial will last for the following number of days.**

The parties have not reached agreement on the expected length of trial. Based on the experience of Burst's counsel in other patent cases, Burst estimates that the trial will last for 15

JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER
Case No. C06-00019 MHP

trial days.  If developments in the case demonstrate that this estimate is either too long or too

short, a revision of the estimate can be discussed by the parties and the Court at the status

conference that Burst recommends in Paragraph 12 above.  Apple believes that it is not

productive to estimate the length of trial at this point because there are 186 claims currently at

issue.  Apple suggests that the parties present estimated trial lengths at a case management

conference to be held shortly after issuance of a claim construction ruling.

Dated: <u>April 28, 2006</u>                                Respectfully submitted,

/s/_____

PARKER C. FOLSE III (WA Bar No. 24895- *Pro Hac Vice*)
pfolse@susmangodfrey.com
IAN B. CROSBY (WA Bar No. 28461-*Pro Hac Vice*)
icrosby@susmangodfrey.com
FLOYD G. SHORT (WA Bar No. 21632- *Pro Hac Vice*)
fshort@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
(206) 516-3880 Tel
(206) 516-3883 Fax

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER
Case No. C06-00019 MHP

1

2    MICHAEL F. HEIM (TX Bar No. 9380923-
     *Pro Hac Vice*)
3    LESLIE V. PAYNE (TX Bar No. 0784736-
     *Pro Hac Vice*)
4    HEIM, PAYNE & CHORUSH, L.L.P.
     600 Travis Street, Suite 6710
5    Houston, TX  77002
     (713) 221-2000 Tel.
6    (713) 221.2021 Fax

7    ROBERT J. YORIO (CA Bar No. 93178)
     V. RANDALL GARD (CA Bar No.  151677)
8    COLBY B. SPRINGER (CA Bar No. 214868)
     CARR & FERRELL LLP
9    2200 Geng Road
     Palo Alto, CA  94303
10   (650) 812-3400 Tel.
     (650) 812-3444
11

12   ATTORNEYS FOR DEFENDANT/
     COUNTERCLAIMAINT
13   BURST.COM, INC.

14
     /s/_____
15   MATTHEW D. POWERS (CA Bar No. 104795)
     matthew.powers@weil.com
16   NICHOLAS A. BROWN (CA Bar No. 198210)
     nicholas.brown@weil.com
17   WEIL, GOTSHAL & MANGES L.L.P.
     Silicon Valley Office
18   201 Redwood Shores Parkway
     Redwood Shores, CA  94065
19   (650) 802-3000 Tel.
     (650) 802-3100 Fax.
20

21   ATTORNEYS FOR PLAINTIFF/COUNTER-
     DEFENDANT APPLE COMPUTER, INC.
22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER
Case No. C06-00019 MHP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CASE MANAGEMENT ORDER

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.**

**Dated: _____**

_____
**THE HONORABLE MARILYN HALL PATEL**
**UNITED STATES DISTRICT JUDGE**

11

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on the date written above, that I electronically filed the foregoing

3

document with the Clerk of the Court using the CM/ECF system.  The Court or the CM/ECF

4

5

system will send notification of such filings to all CM/ECF participants.  I further certify that a

6

true and correct copy of this document was sent via U.S. first-class mail, postage pre-pad to all

7

non-CM/ECF participants.

8

9

              ___/s/ Floyd G. Short_____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER
Case No. C06-00019 MHP