| | |
|---|---|
| 1 | MATTHEW D. POWERS (Bar No. 104795) |
| | matthew.powers@weil.com |
| 2 | NICHOLAS A. BROWN (Bar No. 198210) |
| | nicholas.brown@weil.com |
| 3 | MICHAEL D. POWELL (Bar No. 202850) |
| | mike.powell@weil.com |
| 4 | LEERON G. KALAY (Bar No. 233579) |
| | leeron.kalay@weil.com |
| 5 | WEIL, GOTSHAL & MANGES LLP |
| | Silicon Valley Office |
| 6 | 201 Redwood Shores Parkway |
| | Redwood Shores, CA 94065 |
| 7 | Telephone: (650) 802-3000 |
| | Facsimile: (650) 802-3100 |
| 8 | |
| | Attorneys for Plaintiff and Counterdefendant |
| 9 | APPLE COMPUTER, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE COMPUTER, INC., | Case No. 06-CV-00019 MHP |
| Plaintiff and Counterdefendant, | **APPLE COMPUTER, INC.'S ANSWER TO BURST.COM, INC.'S AMENDED COUNTERCLAIM AND COUNTERCLAIM FOR DECLARATORY JUDGMENT** |
| v. | |
| BURST.COM, INC., | Hon. Marilyn Hall Patel |
| Defendant and Countercomplainant. | Complaint Filed: January 4, 2006<br>Trial Date: Not Yet Set |

APPLE COMPUTER, INC.'S ANSWER TO
BURST.COM, INC.'S AMENDED
COUNTERCLAIM AND COUNTERCLAIM

#246894
Case No. 06-CV-0019 MHP

Counterclaim defendant Apple Computer, Inc. answers defendant Burst.com, Inc.'s Amended Counterclaim ("Burst's Counterclaim") as follows:

### PARTIES

1. Apple admits that Burst maintains its principal place of business at 613 Fourth St., Suite 201, Santa Rosa, California, 95404. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 1 of Burst's Counterclaim and on that basis these allegations are denied.

2. Apple admits that it is a California corporation with its principal place of business at One Infinite Loop, Cupertino, CA 95014.

### JURISDICTION AND VENUE

3. Apple admits that Burst's Counterclaim alleges acts of infringement of a United States patent and that this Court has subject matter jurisdiction over those claims. Apple further admits that venue is proper in this Court for those claims.

4. Apple admits that it is subject to the personal jurisdiction of this Court and that Burst's Counterclaim is substantially related to the claims asserted by Apple against Burst in this action. Apple admits that it provides products and services in the Northern District of California but denies that they are "infringing."

### BACKGROUND

5. Apple admits that U.S. Patent No. 4,963,995 (the "'995 patent") issued October 16, 1990, and that Exhibit A to Burst's Counterclaim appears to be an accurate copy of the '995 patent, titled "Audio/Video Transceiver Apparatus Including Compression Means." Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 5 of Burst's Counterclaim and on that basis those allegations are denied.

6. Apple admits that U.S. Patent No. 5,057,932 (the "'932 patent") issued October 15, 1991 and that Exhibit B to Burst's Counterclaim appears to be an accurate copy of the '932 patent. Apple also admits that U.S. Patent No. 5,164,839 (the "'839 patent") issued November 17, 1992 and that Exhibit C to Burst's Counterclaim appears to be an accurate copy of

the '839 patent. Apple admits that U.S. Patent No. 5,995,705 (the "'705 patent") issued November 30, 1999 and that Exhibit D to Burst's Counterclaim appears to be an accurate copy of the '705 patent. Apple admits that Richard A. Lang is named as the inventor on the face of the '995, '932, '839, and '705 patents. Apple admits that according to the records of the United States Patent Office and the face of the '995 patent, the application for the '995 patent was filed on December 27, 1988. Apple further admits that the '932, '839, and '705 patents each states on its face that it is related to a continuation-in-part of the application filed on December 27, 1988, and that these patents are part of the same "family" in that sense. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 6 of Burst's Counterclaim and on that basis those allegations are denied.

7.  Apple admits that the '995, '932, '839 and '705 collectively contain 186 patent claims. Apple admits that according to the records of the United States Patent Office and the face of the '995 patent, the application for the '995 patent was filed on December 27, 1988. Apple further admits that the '932, '839, and '705 patents each states on its face that it is related to a continuation-in-part of the application filed on December 27, 1988. Except as otherwise expressly admitted herein, Apple denies the allegations set forth in paragraph 7 of Burst's Counterclaim.

8.  Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 8 of Burst's Counterclaim and on that basis these allegations are denied.

9.  Apple admits that according to public records, there was a previous lawsuit between Burst and Microsoft Corporation in which Burst accused Microsoft of antitrust violations and of infringing the '995, '839, and '705 patents. Apple admits that according to press releases and news reports, Microsoft paid Burst $60 million pursuant to a settlement of that lawsuit, and obtained a license to Burst's entire patent portfolio as a result of that settlement. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 9 of Burst's Counterclaim and on that basis these allegations are denied.

10. Apple admits that Burst contacted Apple in 2000 and 2002 regarding

Burst's interest in having Apple acquire Burst. Apple further admits that Burst informed Apple in 2000 that it owned issued patents, and that Apple was thereby aware of those patents. Apple denies that it has developed or sold infringing products as alleged in paragraph 10 of Burst's Counterclaim. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in paragraph 10 and on that basis these allegations are denied.

11. Apple admits that it manufactures and sells computer hardware and software, portable digital media players under the brand name "iPod," as well as software under the brand name "iTunes." Apple admits that it markets iPod and iTunes on its website and elsewhere, and that its website contains a tab labeled "iPod + iTunes." Apple admits that it sells or has sold products branded as "iPod, iPod Shuffle, iPod Nano, iPod Mini, iPod Video, and iPod U2" and that its revenue from iPod sales in its fiscal year 2005 was more than two billion dollars. Apple denies that any of its audio and video products and services infringe any of the Burst patents. Apple further denies that Burst is entitled to damages on sales of Apple's iPod. Apple further denies all the remaining allegations in paragraph 11.

12. Apple admits that it manufactures and distributes iTunes software, which can be and is used for audio and video applications. Apple admits that the iTunes software is sometimes preloaded on computers sold by Apple. Apple admits that the Mac OS operating system is normally preloaded on Apple computers sold to consumers. Apple admits that it distributes iTunes software for use on Apple computers with the Mac OS and for use on computers manufactured by other companies that use the Windows operating system. Apple admits that it distributed more than 2 million copies of iTunes software in 2005 but denies that its iTunes software infringes any of the patents asserted in Burst's counterclaim including when it is used in conjunction with Macs, iPod devices or the iTunes Music Store. Apple further denies that Burst is entitled to damages. Apple further denies all the remaining allegations in paragraph 12.

13. Apple admits that paragraph 13 of Burst's Counterclaim accurately quotes from its website at "www.apple.com/itunes/overview/." Apple denies that its iTunes Music Store infringes any of the patents asserted in Burst's counterclaim and denies that Burst is entitled to damages. Apple further denies all the remaining allegations in paragraph 13.

14. Apple admits that paragraph 14 of Burst's Counterclaim accurately quotes from Apple's Mac OS X Quicktime Streaming Server 5.5 administration guide. Apple further admits that paragraph 14 of Burst's Counterclaim accurately quotes a portion of its website at "www.apple.com/quicktime/technologies/streaming/." Apple denies that any of its alleged "QuickTime suite of products" infringes any of the patents asserted in Burst's counterclaim and denies that Burst is entitled to damages. Apple further denies all the remaining allegations in paragraph 14.

15. Apple admits that it manufactures, sells and uses computers that can be used to run iTunes software and the alleged "QuickTime suite of products" and that Apple's website describes the "Skip Protection" feature as set forth in paragraph 14 of Burst's Counterclaim. Apple further admits that certain "Macs" are sold with Quicktime Player and iTunes preinstalled but denies that QuickTime Player or iTunes software is "infringing." Apple denies that the manufacturing, selling, or using of Apple computers or servers sold by Apple infringes any of the patents asserted in Burst's counterclaim and denies that Burst is entitled to damages. Apple further denies all the remaining allegations in paragraph 15.

**COUNT I**

16. Apple denies the allegations in paragraph 16 of Burst's Counterclaim.

17. Apple denies the allegations in paragraph 17 of Burst's Counterclaim.

18. Apple denies the allegations in paragraph 18 of Burst's Counterclaim.

19. Apple denies the allegations in paragraph 19 of Burst's Counterclaim.

20. Apple denies the allegations in paragraph 20 of Burst's Counterclaim.

21. Apple denies the allegations in paragraph 21 of Burst's Counterclaim.

**BURST'S PRAYER FOR RELIEF**

22. Apple denies that Burst is entitled to any of the relief it requests in

paragraphs (a) through (i) of Burst's Counterclaim.

## BURST'S DEMAND FOR JURY TRIAL

23. Apple denies that Burst is entitled to a trial by jury on all issues.

## APPLE'S AFFIRMATIVE DEFENSES

24. Apple asserts the following affirmative defenses and reserves the right to allege additional defenses as they are discovered.

## FIRST DEFENSE

25. The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

26. Apple has not infringed, and is not infringing, either directly or indirectly, contributorilly or other otherwise, any asserted claim of Burst's patents in this action.

## THIRD DEFENSE

27. Each of the asserted claims of the '995, '932, '839 and '705 patents is invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. § 101, 102, 103, and 112.

## FOURTH DEFENSE

28. The relief sought by Burst for the alleged infringement of any claim of the '995, '932, '839 and '705 patents is barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

29. The relief sought by Burst for the alleged infringement of any claim of the '995, '932, '839 and '705 patents is barred in whole or in part by the doctrines of waiver and/or estoppel.

## SIXTH DEFENSE

30. The relief sought by Burst for the alleged infringement of any claim of the '995, '932, '839 and '705 patents is barred in whole or in part by 35 U.S.C. § 286.

## SEVENTH DEFENSE

31. The relief sought by Burst for the alleged infringement of any claim of the '995, '932, '839 and '705 patents is barred in whole or in part by 35 U.S.C. § 287.

## COUNTERCLAIM

32. Apple hereby restates and realleges the allegations set forth in paragraphs 1 to 31 above and incorporates them by reference.

33. Apple counterclaims against Defendant Burst.com pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and Federal Rule of Civil Procedure 13.

34. Apple has not infringed, and is not infringing, either directly or indirectly, contributorily or other otherwise, any claim of the '932 patent.

35. The claims of the '932 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. § 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows:

1. Declaring that Apple has not infringed and is not infringing, directly, indirectly or contributorily, any claims of the '995, '932, '839 and '705 patents ("the patents-in-suit");

2. Declaring that each of the claims of the patents-in-suit is invalid.

3. Declaring that Defendant Burst.com and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Apple claiming that the any claim of any of the patents-in-suit is valid or infringed, or from representing that any of Apple's products or services, or others' use thereof, infringes any claim of any of the patents-in-suit;

4. Declaring this case exceptional under 35 U.S.C. § 285 and awarding Apple its attorneys' fees and costs in connection with this case;

5. Awarding Apple such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 18, 2006 | WEIL, GOTSHAL & MANGES LLP |
| | By: ___/s/___ |
| | Nicholas A. Brown |
| | Attorney for Plaintiff and Counterdefendant |
| | Apple Computer, Inc. |