MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
NICHOLAS A. BROWN (Bar No. 198210)
nicholas.brown@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff and Counterdefendant APPLE COMPUTER, INC.

PARKER C. FOLSE III (WA Bar No. 24895 – *Admitted Pro Hac Vice*)
pfolse@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880 Tel
(206) 516-3883 Fax

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

Attorneys for Defendant and Counterclaimant BURST.COM, INC.

*(additional attorneys listed on signature page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE COMPUTER, INC.,<br><br>       Plaintiff and<br>       Counterdefendant,<br><br>   v.<br><br>BURST.COM, INC.,<br><br>       Defendant and<br>       Counterclaimant. | Case No. 06-CV-00019 MHP<br><br>**STIPULATION AND [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL SOURCE CODE**<br><br>Complaint filed:  January 4, 2006<br>Trial Date:           February 26, 2006<br><br>Hon. Marilyn Hall Patel |

STIPULATION AND SUPPLEMENTAL
PROTECTIVE ORDER REGARDING
DISCLOSURE OF CONFIDENTIAL SOURCE

Case No. 06-CV-00019 MHP

708874v1/009350

The parties hereby stipulate to and submit the following proposed Supplemental Protective Order governing disclosure and discovery of confidential source code ("Supplemental Order") as a supplement to the protective order previously stipulated to by the parties in this case and filed with the Court ("Protective Order"). The following provisions shall apply, in addition to the provisions of the Protective Order, to any discovery material that constitutes or includes confidential, proprietary and/or trade secret source code:

1. As used herein, the term "source code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module.

2. Discovery Material designated as "CONFIDENTIAL COUNSEL'S EYES ONLY" that constitutes or includes confidential, proprietary and/or trade secret source code may be designated as "CONFIDENTIAL COUNSEL'S EYES ONLY – SOURCE CODE" and thereby made subject to the provisions of this Supplemental Order.

3. Except as set forth in this paragraph, Apple agrees to produce for inspection in discovery the complete source code for the accused products described in Burst's Disclosure of Asserted Claims and Preliminary Infringement Contentions and accompanying charts served on Apple on May 22, 2006, and Burst's Errata Sheet for same served on Apple on May 22, 2006 (the "Accused Products"), in accordance with the terms in this Supplemental Order. Apple does not agree to produce for inspection source code used to implement its DRM scheme. Apple will only produce for inspection third party confidential materials pursuant to the procedures set forth in paragraph 25 of the Protective Order. Apple will not produce source code that is not in its possession, custody, or control.

4. All source code that is produced shall be made available for inspection in native scarchable electronic format within two business days of receiving written (including email)

STIPULATION AND SUPPLEMENTAL
PROTECTIVE ORDER REGARDING
DISCLOSURE OF CONFIDENTIAL SOURCE            1                    Case No. 06-CV-00019 MHP

708874v1/009350

notice from the Receiving Party. Apple will make its source code available for inspection at the Seattle office of Heller Ehrman (or such other location as may be mutually agreed by the parties), and Burst.com will make its source code available for inspection at the Palo Alto office of its outside counsel, Carr & Farrell. Apple will make available its source code between the hours of 8:00 a.m. and 6:00 p.m. on weekdays and on weekends by request. The Receiving Party may inspect the electronic copy of the source code as many times or days as reasonably necessary for preparation of its case. A list of names of persons who may view the source code will be provided to the Producing Party in conjunction with the written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log. The Producing Party shall make available a laser printer with commercially reasonable printing speeds (*i.e.,* with a minimum rating of 20 pages per minute) for on-site printing during inspection of the code. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL COUNSEL'S EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party and shall provide one copy set of such pages to the Receiving Party and shall retain one copy set. The Producing Party shall provide such copies to the Receiving Party as soon as possible, and shall make a good faith effort to provide such copies to the Receiving Party within no more than two business days of the inspection, taking into consideration (1) the fact that Apple's counsel, Weil Gotshal and Manges, is located in Silicon Valley, not Seattle, (2) the volume of printed pages, (3) the notice and time of day of the request, and (4) the availability of qualified support personnel. To expedite delivery of the copies, if the Producing Party is unable to provide the labeled copies on the day of the inspection, the Producing Party shall provide such copies via overnight courier or hand delivery. The printed

1  pages shall constitute part of the source code produced by the Producing Party in this action. The
2  Receiving Party, at its discretion and in addition to on-site printing, may designate reasonable
3  portions of the code to be printed by the Producing Party (such designations must be made by
4  reference to specific file names and specific start and stop points in the code within a file). The
5  Producing Party shall produce such designated portions of the source code in a paper format as
6  soon as possible, and shall make a good faith effort to do so within no more than two business
7  days of the request, and shall deliver it directly to the Receiving Party's outside counsel of record
8  via hand delivery or overnight courier. All such printed portions of source code shall include a
9  complete file name or reference sufficient to identify the particular type and version of source
10 code it reflects, and line numbers if they are contained as part of the code.

5.  All source code will be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a private room on a computer without Internet access or network access to other computers, other than as provided in this Supplemental Order and Exhibit A hereto, and without interference from or observation by the Producing Party or its counsel or agents (except that the entrances and exits from the source code viewing room may be observed). The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes. The Receiving Party's outside counsel and/or experts shall be entitled to bring and use software tools stored on read-only media for viewing and searching source code. Because the computer to be used for viewing the source code will be in a lock box, the CD or DVD containing these software tools must be provided in advance of the inspection and must be left in the lockbox as reasonably necessary. In addition, Apple Computer, Inc. shall provide hardware, equipment, and basic software that enables Burst.com, Inc.'s outside counsel and/or experts to read, review, and search the source code on the appropriate platform, and shall also provide hardware, equipment, and software that allows

Burst.com Inc.'s outside counsel and/or experts to test the operation of the products corresponding to that source code in the same room in which the source code is produced for inspection. The specific hardware, equipment, software, and documentation to be provided by Apple Computer, Inc. at the Seattle offices of Heller Ehrman (or the other location(s) as may be mutually agreed by the parties) for examination by Burst.com, Inc.'s counsel of record and/or experts is further described in Exhibit A hereto. Burst.com Inc.'s experts may provide and have in the same room in which the source code is produced for inspection a computer running the Windows operating system in order to test any products designed to run on or with that operating system.

6.  The parties' stipulation to this order is made without prejudice to either party's right to request from the other party, or to seek an order from the Court that would require, additional or different arrangements for viewing, analyzing, compiling, building, installing, running, or de-installing source code in the future. In particular, Burst reserves its right to request, or to seek an order from the Court to require, that Apple provide additional or different hardware, equipment, software, and/or documentation, in the room in which source code is provided, as needed to analyze, compile, build, install, run, and de-install the source code.

7.  Other than as provided in this Supplemental Order, the Receiving Party will not copy, remove, transmit, or otherwise transfer any source code outside or away from the computer in which the source code is provided for inspection under Paragraph 5.

8.  The Receiving Party's outside counsel of record and designated expert shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

9. The Receiving Party's outside counsel of record may make one paper copy of any source code printed pursuant to Paragraph 4 above for its designated expert, but shall not make additional paper copies other than copies attached to court filings or to be used in depositions. All paper copies shall be securely destroyed if they are no longer in use (e.g. at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Except as provided in this paragraph or in Paragraph 4 above, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use in any manner (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports). Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. In addition, the Receiving Party may create up to two electronic copies of the paper copy of the source code for its internal work-product use, but no more than one in each of the law firms representing the Receiving Party. The Receiving Party may create an electronic copy or image of a selected portion of the source code exceeding five printed pages of code in a single document only when the electronic copy has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic versions of the source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. The Receiving Party shall maintain a log of all electronic and paper copies of source code in its possession or in the possession of its retained consultants, including the names

of the recipients of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "CONFIDENTIAL COUNSEL'S EYES ONLY – SOURCE CODE".

10.  The Receiving Party's outside counsel may only provide access to the source code to individuals specified in Paragraph 7 of the Protective Order.

11.  The parties may arrange, by mutual agreement, for the production and inspection of source code under terms that are less restrictive than those contained in this Supplemental Order without further order of the Court.

DATED:    October   27   , 2006        SO ORDERED:   **Subject to attached Supplemental Order**

_____
THE HONORABLE MARILYN HALL PATEL
UNITED STATES DISTRICT COURT JUDGE

```
 1  Presented by:
 2  MATTHEW D. POWERS (Bar No. 104795)
    matthew.powers@weil.com
 3  NICHOLAS A. BROWN (Bar No. 198210)
    nicholas.brown@weil.com
 4  LEERON G. KALAY (Bar No. 233579)
    leeron.kalay@weil.com
 5  WEIL, GOTSHAL & MANGES LLP
    Silicon Valley Office
 6  201 Redwood Shores Parkway
    Redwood Shores, CA  94065
 7  Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
 8
    Attorneys for Plaintiff and Counterdefendant
 9  APPLE COMPUTER, INC.
10
    PARKER C. FOLSE III (WA Bar No. 24895- Admitted Pro Hac Vice)
11  pfolse@susmangodfrey.com
    IAN B. CROSBY (WA Bar No. 28461- Admitted Pro Hac Vice)
12  icrosby@susmangodfrey.com
    FLOYD G. SHORT (WA Bar No. 21632- Admitted Pro Hac Vice)
13  fshort@susmangodfrey.com
    JOHN M. NEUKOM (WA Bar. No. 36986 – Admitted Pro Hac Vice)
14  SUSMAN GODFREY, L.L.P.
    1201 Third Avenue, Suite 3800
15  Seattle, Washington  98101-3000
    (206) 516-3880 Tel.
16  (206) 516-3883 Fax
17
    SPENCER HOSIE (CA Bar No. 101777)
18  shosie@hosielaw.com
    BRUCE WECKER (CA Bar No. 078530)
19  bwecker@hosielaw.com
    HOSIE McARTHUR LLP
20  One Market, 22nd Floor
    San Francisco, CA 94105
21  (415) 247-6000 Tel.
    (415) 247-6001 Fax
22
    MICHAEL F. HEIM (TX Bar No. 9380923- Admitted Pro Hac Vice)
23  LESLIE V. PAYNE (TX Bar No. 0784736- Admitted Pro Hac Vice)
    HEIM, PAYNE & CHORUSH, L.L.P.
24  600 Travis Street, Suite 6710
    Houston, TX  77002
25  (713) 221-2000 Tel.
    (713) 221-2021 Fax
26
    ROBERT J. YORIO (CA Bar No. 93178)
27  V. RANDALL GARD (CA Bar No.  151677)
    COLBY B. SPRINGER (CA Bar No. 214868)
28
```

STIPULATION AND SUPPLEMENTAL
PROTECTIVE ORDER REGARDING                                      Case No. 06-CV-00019 MHP
DISCLOSURE OF CONFIDENTIAL SOURCE                7

708874v1/009350

1  CARR & FERRELL LLP
   2200 Geng Road
2  Palo Alto, CA  94303
   (650) 812-3400 Tel.
3  (650) 812-3444 Fax

4  ATTORNEYS FOR DEFENDANT
   BURST.COM, INC.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND SUPPLEMENTAL
PROTECTIVE ORDER REGARDING                                        Case No. 06-CV-00019 MHP
DISCLOSURE OF CONFIDENTIAL SOURCE           8

708874v1/009350

# EXHIBIT A

Pursuant to Paragraph 5 of the Supplemental Order, the parties further agree that Apple Computer, Inc., shall provide the following hardware, equipment, software, and documentation in addition to the source code in native electronic form for all of the Accused Products at the Seattle offices of Heller Ehrman (or such other location as may be mutually agreed by the parties) for counsel of record and/or authorized experts for Burst.com, Inc. to search, read, and inspect the source code:

1.  Hardware, equipment, software, and documentation for inspecting source code and for running and testing the Accused Products:

    a.  One Dual Processor Mac mini computer with a 19" or larger display, substantial and sufficient RAM, sufficient internal disk space, and sufficient software to store, view, and search the source code;

    b.  Two Dual Processor Mac computers, networked together, with sufficient processors, memory, storage capacity, and software for installing, running, and testing the Accused Products as they exist out of the box or in the form that they operate or run as intended;

    c.  Mac OS X installation disks for each major release (10.0 through 10.4) of the workstation and server versions of Apple's operating system that are sufficient for restoring the computers to the state they are in when received by a user; and

    d.  Any relevant and discoverable Apple documentation, or documents produced by Apple in this case, that Burst specifically identifies and requests to be present.

2.  Accused Products:

    a.  Each accused software product as received by a user on installable media or, in the case of accused software that is not provided to individual users (e.g., the iTunes Music Store) in the form that such software is actually operated or run by Apple or other companies or

service providers. All major versions of each accused software product (i.e. where the first digit in the version number changes, or where the product has been adapted to run on a different operating system or platform) will be produced, and the parties will meet and confer about whether the production of additional versions is necessary;

        b.        One of each model of iPod device (including all current models and past models, unless Apple does not have a past model within its possession, custody or control);

        c.        Any operating system drivers or support code required for interfacing with each such iPod model; and

        d.        Any other equipment, hardware, or software that the parties agree or the Court finds are needed or required to observe, test, analyze, or determine the operations and functions of any of the accused products.