# Exhibit 22

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | MDL Docket No. 1332 |
| This Document relates to: | Hon. J. Frederick Motz |
| *Burst.com, Inc. v. Microsoft Corp.* | Plaintiff's Opening Claim Construction Brief |
| Civil Action No JFM-02-cv-2952 | |

PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | MDL Docket No. 1332 |
| This Document relates to: | Hon. J. Frederick Motz |
| *Burst.com, Inc. v. Microsoft Corp.,* | Plaintiff's Opening Claim Construction Brief |
| Civil Action No JFM-02-cv-2952 | |

## LIST OF CITED CASES

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996); 52 F.3d 967 (Fed. Cir. 1995)

*Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313 (Fed. Cir. 2002)

*AbTox, Inc. v. Exitron Corp.*, 122 F.3d 1019 (Fed. Cir. 1997)

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed. Cir. 1996)

*Reiffin v. Microsoft Corp.*, 214 F.3d 1342 (Fed. Cir 2000)

*SciMed Life Sys. Inc. v. Advanced Cardiovascular Sys. Inc.*, 242 F.3d 1337 (Fed. Cir. 2001)

*Watts v. XL Sys., Inc.*, 232 F. 3d 877, 882 (Fed. Cir. 2000)

*CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146 (Fed. Cir. 1997)

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294 (Fed. Cir. 2001)

*AFG Industries v. Cardinal IG*, 239 F.3d 1239 (Fed. Cir. 2001)

*Cole v. Kimberly-Clark Corporation*, 102 F.3d 524 (Fed. Cir. 1996)

*Envirco Corp. v. Clestra Cleanroom, Inc.*, 209 F.3d 1360 (Fed. Cir. 2000).

*Renishaw PLC v. Marposs Societá Per Azioni*, 158 F.3d 1243 (Fed. Cir. 1998)

*Interactive Gift Express v. CompuServe, Inc.*, 256 F.3d 1323 (Fed. Cir. 2001).

*Cordis Corp. v. Medtronic AVE, Inc.*, No. 02-1457, -1458, -1481, -1482 (Fed. Cir. Aug. 12, 2003)

*Lampi Corp. v. American Power Products, Inc.*, 228 F.3d 1365 (Fed. Cir. 2000)

*Fujikawa v. Wattanasun*, 93 F.3d 1559 (Fed. Cir. 1996)

*Multiform Dessicants v. Medzam, Ltd.*, 133 F.3d 1473 (Fed. Cir. 1998)

*Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002)

*Deering Precision Instruments, L.L.C. v. Vector Distribution Sys.*, 2003 WL 22358859 (Fed. Cir. Oct. 17, 2003)

5.      Additional Proposed MICROSOFT Limitations with Regard to
        Construction of a Time Compressed Representation

MICROSOFT fails to support its time compression/predetermined time period/time slot limitation for a **time compressed representation** at each and every level of the claim construction process: (1) it does not appear in the claim language; (2) it admittedly is not found in the specification; (3) it can hardly be considered a part of the prosecution history beyond one mere passing and distinguishing remark directed to other factors and (4) the extrinsic patent references cited by MICROSOFT, including *Haskell,* cannot be arrived at as supporting the time compression/predetermined time period/time slot limitation unless one approaches the '995 Patent with a preconceived notion that it must be read in the context of circuit-switched telephone lines and time division multiplexing.

Notwithstanding failings in its construction, MICROSOFT continues to propose four separate and additional caveats—limitations—to its construction of a **time compressed representation.** These limitations, too, are all without support from the claims, the specification and the prosecution history of the '995 Patent and do not comport with ordinary and accustomed meanings of the patent claim terms.

First, MICROSOFT's insistence there be a "transmission time linked" with the predetermined time period refers to the 'associated time period' in the claim language of the '995 Patent. See Exhibit I at 41. MICROSOFT interprets this to mean a temporal measurement—'transmission time'— is physically joined or connected with the 'predetermined time period.' Exhibit G at 4 ("'[a]ssociated' means to join or connect together"). MICROSOFT touts this "ordinary English meaning" of 'associated,' having taken the proposed construction directly from *Webster's New Collegiate Dictionary* (Exhibit X). MICROSOFT fails to note, however, that this definition refers to "chemical association." See Exhibit X: [1]associate (3). The Asserted Patents do not require some sort of physical joinder as "the intrinsic record must always be consulted to identify which of the different possible dictionary meanings of the claim terms in issue is most consistent with the use of the words by the inventor." *Texas Digital Systems, Inc. v. Telegenix, Inc.,* 308 F.3d 1193, 1203 (Fed. Cir. 2002).

'Associated,' in the context of the '995 Patent, merely refers to a relationship between a thing (*e.g.,* a time compressed representation) and a period of time. Referring to *Webster's Dictionary,* the definition "to bring together in any of various ways (as in memory or imagination)" is more applicable to

-19-

PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF

H.    Network

BURST proposes the court construe **network** as a *"plurality of audio/video transceivers."* There

can be no alternative construction as Claim 6 of the '705 Patent explicitly provides this definition.

'705:13:24-25.

**January 12, 2004**

SPENCER HOSIE (Ca Bar # 101777)
BRUCE J. WECKER (Ca Bar # 78530)
GEORGE BISHOP (Ca Bar # 89205)
**HOSIE, FROST, LARGE & McARTHUR**
One Market, Spear Street Tower, 22nd Floor
San Francisco, CA 94105
Telephone: 415-247-6000

ROBERT YORIO (Ca Bar # 93178)
COLBY B. SPRINGER (Ca Bar # 214868)
**CARR & FERRELL** *LLP*
2200 Geng Road
Palo Alto, CA 94303
Telephone: 650-812-3400

By:    _____
Colby B. Springer
Attorneys for Plaintiff Burst.com, Inc.

**PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF**