# Exhibit 24

Dockets.Justia.com

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

June 22, 2004

Memo To Counsel Re: Microsoft Corp. Antitrust Litigation
MDL 1332

This Document Relates To:
Burst.com, Inc. v. Microsoft Corp.
Civil No. JFM-02-2952

Dear Counsel:

Burst's motion for clarification and/or reconsideration of my March 12, 2004 order concerning claim construction is granted in part and denied in part. My rulings are as follows:

1. *"A single associated burst time period"*

In light of the fact that the Federal Circuit has held that the indefinite article "a/an" can mean "one or more," *see, e.g., Abtox, Inc. v. Exitron Corp.*, 122 F.3d 1019, 1023 (Fed. Cir. 1997), I may have erred in including the word "single" in my construction of the term beginning "a time compressed representation." Therefore, I am deleting that word from my construction of that term so that it reads:

> "A time compressed representation having an associated burst time period of definite duration known at the time of compression that is shorter than the real time viewing time of the received audio/video information."

In making this change, I am not finally deciding whether the word "single" should be included in the construction. I will decide that issue if and when it becomes necessary and material for me to do so. In the interim, you should proceed in accordance with the understanding that if I were to ultimately adopt Burst's contention that my construction should encompass the possibility of multiple associated burst time periods, I would further amend my construction to make it clear that each of those periods would have to be shorter than the real time viewing time (and be known to be such at the time of compression). Accordingly, in that event my construction would read:

> "A time compressed representation having one or more associated burst time periods of definite duration known at the time of compression, each of which is shorter than the real time viewing time of the received audio/video information."

2. *"Of definite duration"*

I recognize the possible validity of Burst's contention that this phrase is redundant. However, I will not delete it because I believe that it does no harm and aids in clarifying the term it is construing. In my view, it will be particularly helpful to a jury if this case is ultimately tried.

3. *"Compression means"*

It may be, as Burst contends, that when it has become common knowledge to those of skill in the art that a particular algorithm can be implemented by a particular execution means, it is not necessary for a patent applicant to specify the means in his patent application. *Cf. In re Dossel*, 115 F.3d 942, 946-47 (Fed. Cir. 1997)(finding that a means plus function claim disclosed a computer as corresponding structure despite the absence of any mention of the word "computer"). However, I remain of the view expressed in my March 12, 2004 letter that given the state of knowledge in 1988, this principle does not apply to means for video compression in this case.[1] I likewise remain of the view that it would turn the "means plus function" test on its head to permit Burst to use the test for the purpose of converting abstract algorithms, unaccompanied by any known execution means, into a "structure." In effect, that would allow mere statement of the function to suffice and render meaningless the requirement of corresponding structure.

I remain satisfied that the other constructions I made of the disputed terms in my March 12, 2004 letter are sound and correct.

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

---

[1] As to audio compression means, I tend to agree with Burst that specification of the Fibonacci delta compression algorithm, which those of skill in the art knew could be executed by software in 1988, was sufficient under the means plus function test. However, I do not understand that to be the real point of contention between the parties.