CPP/M-914

Sams & Co. in 1983, incorporated herein by reference.) An
NTSC composite signal is defined as the analog signal that
carries the chrominance (color), luminance (brightness),
synchronization (timing) and audio signals that make up the
video signals received and displayed by television and video
cassette recorders.  These four components are combined into
one signal by modulating the components in different ways.
(Amplitude modulation and phase modulation are examples.)
The standard video line signal is such a composite signal
and may be received at input line 15 from one of the above-
mentioned sources.

TV RF tuner input port 16 also supplies a composite
signal as described in regard to video input line 15.  The
difference is that this signal is received from an antenna
or cable TV coaxial cable.  To receive such a signal, tuner
16 is capable of being set or tuned to receive the desired
carrier frequency or television channel.

Selector switch 35 is provided to select either video
input line 15 or TV RF tuner 16 as an input signal source to
AVRU 11.

Auxiliary digital input port 17 is employed to receive
any acceptable digital signal such as computer-generated
video signal or as may be supplied by another VCR-ET.  This
signal, for example, may be an RGB video signal such as that
delivered to computer monitors, or it may be a digitized
audio signal.  (As mentioned above, an RGB signal is a
signal which communicates the strength of the red, green and
blue color components for the pixels that make up each video
frame.)  Switch 36 selects whether the digital video/audio
input signal is chosen from auxiliary digital input port
17.  Switch 36 supplies the selected signal to high speed
data bus 34 which carries the signals in digital form.

Fiber optic port 18 incorporates a fiber optic
transceiver.  Port 18 has a capability for transforming
fiber optic (light) signals to electrical signals or for
transforming electrical signals to fiber optic signals.
Port 18 thus provides a capability for two-way communication
between high speed data bus 34 and a fiber optic signal

- 12 -

APBU-00000156

Dockets.Justia.com

CPP/M-914

1    line.  The incorporation of fiber optic port 18 in the
2    VCR-ET provides a capability for receiving audio/video
3    signals from or delivering audio/video signals to the fiber
4    optic line such as a fiber optic telephone line.  The fiber
5    optic line carries digital signals in the form of light
6    waves over great distances with a high degree of accuracy
7    and reliability and at a high speed (e.g., about 200
8    megabytes/second).  The VCR-ET can receive/transmit a video
9    program at an accelerated rate via fiber optic port 18
10   from/to a variety of sources.  For example a video program
11   may be communicated at an accelerated rate from the first
12   VCR-ET to a second VCR-ET in less time than it would take to
13   view the program.  Thus, it is not necessary to access the
14   optical fiber for long periods of time in order to transmit
15   a long video program.
16        It is also envisioned that in the future, a video
17   library may be established which downloads video programs at
18   an accelerated rate via optical fibers to a subscriber's
19   VCR-ET.  After downloading, the program may be viewed,
20   stored in memory, edited and/or a hard copy of the program
21   may be made on magnetic tape, optical disk, etc.
22        Switch 37 is provided to select connection to the fiber
23   optic input/output port 18.  An OFF or open position is
24   provided.  The selected signal is delivered to or supplied
25   from high speed data bus 34.
26        Analog output signals from AVRU 11 are delivered to the
27   common terminal 38 of a selector switch 39.  When set to
28   position A, switch 39 delivers the output signal of AVRU 11
29   directly to a video output line 41 as a standard STCS
30   composite signal; when set to position B switch 39 delivers
31   the output of VRU 11 to the input of RF modulator 19.
32   Modulator 19 converts the video signal to an RF-modulated
33   composite signal for delivery to such devices as televisions
34   and conventional VCR's.  These types of devices play back
35   the video program on a particular frequency channel (such as
36   channel 4) on the television.  Delivery to the television or
37   VCR is via RF output line 42.
38        Digital output signals from VCR-ET 10 may be dispatched

- 13 -

CPP/M-914

1  from high speed data bus 34 via line 43 to input leads of

2  RGB converter 21 and audio/video transmitter/receiver 22.

3       RGB converter 21 converts the STCS signal into an RGB

4  signal as required by computer monitors and similar display

5  devices.  The converted signal is received by a display

6  device connected to RGB converter output line 44.

7       VCR-ET 10 includes audio/video transmitter/receiver 22

8  which is typically a built-in modem.  Advantageously, the

9  modem may be used to communicate an audio/video program over

10  conventional phone lines in a manner similar to that

11  described above with respect to optical fibers.  The term

12  modem is derived directly from its functionality as a

13  modulator-demodulator which allows transfer of the

14  audio/video signal in a digital format over the standard

15  telephone line.  Modems are commonly available for computers

16  and are currently available in the form of a single

17  integrated circuit.  As an example, Sierra Semiconductor

18  offers a 2400 baud single chip modem under its part number

19  SC111006.  Representative manufacturers of these single

20  modem IC's can be found in the April 14, 1988 issue of

21  Engineering Design News (EDN), pages 124-125.  Some of these

22  single IC modems have the added capability of generating the

23  tones for dialing a phone number.  The destination phone

24  number may be entered by means of an optional

25  keyboard/keypad 45 incorporated in the video recorder 10 of

26  the invention.  Output port 46 of transmitter/receiver 22

27  connects directly to the telephone line.

28       Also associated with Modem 22 is an auxilliary keyboard

29  45' (Fig. 1A) of buttons for commanding the modem to perform

30  tasks such as starting a transmission over phone lines

31  (45a), terminating a transmission (45b), automatic telephone

32  answering to receive transmissions (45c), using an optional

33  speaker (not shown) to monitor phone lines (45d), using an

34  optional microphone (not shown) to speak over the phone

35  lines (45e) and for controlling the baud rate (45f).

36       The application and utilization of the VCR-ET may

37  include a number of forms or operating modes.  In its first

38  and simplest operating mode, AVRU 11 may be operated in the

- 14 -

APBU-00000158

CPP/M-914

1   manner of a conventional VCR with signals from an antenna
2   being received by tuner 16 and recorded directly on media 23
3   in analog form.  At the same time the received program may
4   be viewed on the television screen with the television
5   connected at video output terminal 42.  An optional signal
6   source for this type of operation is the video line or
7   camera input line 15 selectable by switch 35.
8        In a second operating mode a program stored in media 23
9   of AVRU 11 may be played back and viewed on the connected
10  television set.
11       When it is desired to copy a program from one recording
12  media to another, the recording media holding the desired
13  program is installed in the AVRU.  The recording media is
14  then played back with optional viewing on a connected
15  television set or other TV monitor or listening through
16  speakers (as appropriate).  As the recording media is played
17  back, the analog signals from the recording media (video
18  and/or audio) are dispatched to VCU 12 via connection 47.
19  The analog signals are converted to digital signals by ADC
20  24, compressed by compressor/decompressor 26 and the
21  compressed digital signals are stored in memory 13.  The
22  foregoing operations are accomplished under the control of
23  controller 27 and CPU 28.  RAM 29 is used for interim data
24  storage during this process.  Once the complete video/audio
25  program has been stored in memory 13, the recording media
26  from which the stored program has just been read is replaced
27  by blank recording media upon which the stored program is to
28  be copied.  CPU 28 in cooperation with controller 27 and RAM
29  29 then executes the decompression and digital to analog
30  conversion of the program stored in memory 13, decompression
31  taking place in compressor/decompressor 26, and digital to
32  analog conversion being accomplished by DAC 25.  The
33  resulting analog program is stored on the blank recording
34  media which constitutes media 23 of AVRU 11.
35       In an alternate mode of operation, the decompression
36  circuitry of VCU 12 can be bypassed.  Thus, a user has the
37  option of downloading the stored program from memory 13 onto
38  recording media 23 in compressed digital format.  The user

- 15 -

CPP/M-914

1   can then reload the program from media 23 into memory 13 at
2   a future time for viewing, editing or recording back onto
3   recording media 23 in analog form.  This capability allows
4   the user to quickly clear memory 13 for other interim uses
5   and also provides the user with a hard copy of the program
6   in digital format.  The hard copy in compressed digital
7   format has a number of uses, e.g. it could be archived for
8   later viewing, transmitted by an appropriate independent
9   transmitter, etc.
10       During the foregoing procedures, DCU 14 may be utilized
11  for editing operations.  As the program is being read from
12  the first or original recording media, it is simultaneously
13  viewed on the TV screen, or listened to by means of an audio
14  monitor, converted to digital signals, compressed and stored
15  in memory 13.  Once the digital audio/video program is
16  stored in memory 13, editing is accomplished by the user
17  through control of DCU 14, by means of a control panel (not
18  shown) coupled to DCU 14.  If desired, additional
19  audio/video signals may be simultaneously entered into
20  memory 13 and added to those received from VCU 12.  The
21  additional signals may be introduced from auxiliary digital
22  input port 17 or from fiber optic input/output port 18 and
23  may comprise video captions for super imposed position upon
24  the stored video images, or they may be audio commentaries
25  to be added to silent video presentations.  In addition, as
26  mentioned above, the order in which various segments appear
27  in the video programs may be altered.  Certain undesired
28  segments, such as TV commercials, may be removed.  This
29  editing operation is accomplished under the control of
30  DCU 14.
31       In still another operating mode, a program stored in
32  media 23 of AVRU 11 or being received by AVRU 11 from input
33  line 15 (as from a video camera) may be digitized and
34  compressed by VCU 12 and routed via bus 34, to memory 13.
35  The data from memory 13 is then routed to line 43,
36  transmitter/ receiver 22 and to a telephone line.  At the
37  other end of the telephone line the signals received are
38  processed by another VCR-ET.

- 16 -

CPP/M-914

1   Once received in the second VCR-ET's memory 13, the
2   digitized program can then either be viewed directly from
3   memory or transferred to storage medium 23, either in its
4   entirety or in random segments, based on user preference.
5   In the case of video camera input at input 15 the
6   transmitted signals may comprise a live transmission.
7   Alternatively the transmitted program may be derived from a
8   program stored in media 23 of AVRU 11. In this case the
9   stored analog program is again decoded, digitized,
10  compressed and transmitted via bus 34 to memory 13. The
11  data in memory 13 is then communicated via line 43 and
12  transmitter/receiver 22 to telephone lines.
13  It follows, of course, that digitized video and audio
14  signals from the remote VCR-ET at the other end of the
15  telephone line may be received at line 46, entered into
16  memory 13 via transmitter/receiver 22, converted to analog
17  signals by VCU 12, and recorded on media 23 and then viewed,
18  if desired, on a television set connected at output 42. A
19  hard copy of the program may also be made for later viewing.
20  As mentioned earlier, when any of the foregoing
21  operations entail the processing of unmodulated video
22  signals, such signals must first be processed by RF
23  modulator 19 before they can be accepted by devices such as
24  a conventional VCR or television set; when the monitoring
25  means is a computer monitor or a similar display device the
26  signals are processed by RGB converter 21.
27  All of the foregoing operations are performed with
28  enhanded quality and efficiency by virtue of the digital,
29  rather than analog, storage and transmission modes and the
30  compressed data storage mechanism, with additional
31  advantages of improved cost and reliability afforded in the
32  case of tape to tape (or other media to media) program
33  transfers by virtue of the requirement for only a single
34  tape deck or other storage device.
35  Fig. 3 illustrates an alternative embodiment invention
36  in which AVRU 11 is not integral with VCU 12, memory 13 or
37  editor 14. In this embodiment, AVRU 11 is a conventional,
38  commercially available VCR which receives a modulated video

- 17 -

APBU-00000161

CPP/M-914

1    input signal on an input cable 50.  In this embodiment
2    AVRU 11 includes a RF tuner 51 for demodulating the input
3    signal so it can be stored in media 23.  AVRU 11 also
4    includes a RF modulator 52 for modulating the signal
5    received from media 23 and providing the RF modulated output
6    signal on an output cable 53, which can be coupled to a
7    television set.  (TV RF tuner 51 and RF modulator 52 are
8    provided in typical commercially available VCR's.)  A switch
9    54 is provided to couple input cable 50 to output cable 53
10   when media 23 is not serving as a video signal source.  The
11   VCR-ET of this embodiment includes a TV RF tuner 55 which
12   receives and demodulates the signal on cable 53, and
13   provides the resultant analog audio/video signal on a
14   lead 56, which is digitized and compressed as described
15   above.  In this alternative embodiment, the digitized
16   compressed signal may be processed as described above, e.g.
17   stored in memory 13 (via high speed bus 34), edited,
18   transmitted by the fiber optic port 18 to another VCR-ET,
19   etc.  When it is desired to view a program stored in
20   memory 13, data from memory 13 is decompressed and converted
21   to an analog signal by VCU 12, and the resulting signal is
22   provided on an output lead 57 to a RF modulator 58, which
23   modulates the video signal so that it can be received and
24   stored by AVRU 11 or viewed on a television coupled to cable
25   53.  (As mentioned above, in the Fig. 3 embodiment, AVRU 11
26   is a conventional VCR.)
27        One advantage of the embodiment of Fig. 3 is that many
28   people already own VCR's.  Rather than buying apparatus
29   which duplicates much of the hardware already present in
30   their VCR, the embodiment of Fig. 3 would provide to owners
31   of conventional VCR's capabilities which are otherwise
32   currently unavailable in an economical manner.
33        In one embodiment, analog auxiliary audio and video
34   input terminals 62, 64 are provided so that analog signals
35   may be provided by alternate sources to VCU 12.
36        The embodiments described above include means for
37   transmitting/receiving video programs over fiber optic
38   cables.  However, in an alternative embodiment, either in

- 18 -

CPP/M-914

1  place of fiber optic port 18 or in addition to fiber optic
2  port 18, means are provided for transmitting and/or
3  receiving a video program via microwave. In conventional
4  microwave technology, satellite systems and microwave
5  transmitters transmit data using a low power/high frequency
6  signal. In an embodiment of the invention designed to
7  receive microwaves, the VCR-ET includes an amplifier for
8  amplifying the microwave signal and a demodulator for
9  obtaining the video program signal from the microwave
10 signal. Receiving, amplifying and demodulating the
11 microwave signal can be accomplished with conventional
12 microwave transceiver equipment. The video program signal
13 is typically in digital form, and may be stored, viewed or
14 edited as in the above-described embodiments. Program data
15 from memory 13 can also be transmitted by the microwave
16 transciever, thereby providing the capability for microwave
17 transmission of stored video programs in compressed digital
18 format. Thus, the invention can be used to receive and
19 transmit programs via microwaves at an accelerated rate
20 similar to and at least as fast as, the transmission and
21 reception of programs over optical fibers. This feature
22 allows transmission and reception of programs in a few
23 minutes or seconds using currently available technology.
24 Both point-to-point microwave transceivers and satellite
25 transceivers may be used.
26       The embodiments described include means for receiving,
27 storing and transmitting both audio and video signals.
28 However, the invention encompasses apparatus which can store
29 and transmit video signals only and apparatus which can
30 store and transmit audio signals only. An embodiment
31 designed to store and compress audio signals is illustrated
32 in Fig. 4. Referring to Fig. 4, an audio signal source 70
33 (a tape recorder, microphone, record player, etc.) is
34 coupled to a digitizer and compressor circuit 72, which
35 converts the analog signal to a digital signal and
36 compresses the digital signal in a manner similar to VCU 12
37 described above. The digital compressed signal can then be
38 stored in a memory 74. Of importance, data from memory 74

- 19 -

APBU-00000163

CPP/M-914

1   can be transmitted by a fiber optic transceiver 76, or by a
2   microwave transceiver 78 at an accelerated rate.  This is
3   important not only in a home entertainment application, but
4   in other applications as well.  For example, a user can
5   dictate an audio presentation and send it to a remote
6   location (e.g. an office) at an accelerated rate without
7   having to monopolize the transmission medium (e.g. the fiber
8   optic cable) for an extended length of time.
9        The business uses of the embodiment illustrated in Fig.
10  4 makes home offices feasible for many workers now confined
11  to more traditional offices and also opens new possibilities
12  to business people who are traveling.
13       In the embodiment of Fig. 4, data can also be loaded
14  from memory 74, via a modem 79 over a conventional phone
15  line 80.  Data can also be received from phone line 80,
16  fiber optic transceiver 76 or microwave transceiver 78,
17  loaded into memory 74, and converted to an analog signal by
18  circuit 72, to be listened to via an audio monitor 82, or to
19  be stored on an audio tape cassette 84 or other storage
20  media.
21       An editor 86 is optionally provided so that the data in
22  memory 74 may be edited, e.g., by rearranging the order of
23  portions of the audio program, increasing or decreasing the
24  volume of portions (or different frequency components) of
25  the audio program, or enhancing the audio program through
26  filtering techniques (e.g. to remove static and noise).
27       An improved audio/video recorder with significantly
28  expanded functional capabilities is thus provided in
29  accordance with the stated objects of the invention and
30  although but a single embodiment of the invention has been
31  illustrated and described, it will be apparent to those
32  skilled in the art that various changes and modifications
33  may be made therein without departing from the spirit of the
34  invention or from the scope of the appended claim.  For
35  example, the VCR-ET can be constructed so as to be
36  portable.  Thus, it could be carried to a location where it
37  is desired to record a program, and used to edit the program
38  after it is recorded with a video camera.  Other

- 20 -

APBU-00000164

CPP/M-914

1    modifications will be apparent to those skilled in the art
2    in light of the present specification.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38

- 21 -

APBU-00000165

CPP/M-914

CLAIMS

What is claimed is:

1. Apparatus comprising:
first means for receiving a video signal from a VCR and digitizing said received signal;
memory means coupled to said first means for storing said digitized video signal; and
second means coupled to said memory means for converting said stored digitized signal to an analog video signal and providing said analog video signal to said VCR.

2. Apparatus of Claim 1 further comprising an editor for editing said digitized video signal stored in said memory means.

3. Apparatus of Claim 1 further comprising an I/O port for receiving data and storing said data in said memory means so that said received data can be converted to an analog video signal by said second means, and so that said data in said memory means can be communicated to said I/O port, whereby said apparatus facilitates communication of signals between said VCR and an auxiliary device coupled to said I/O port.

4. Apparatus of Claim 3 wherein said I/O port is an optic fiber I/O port.

5. Apparatus of Claim 3 wherein said I/O port is a modem.

6. Apparatus of Claim 3 wherein said I/O port is a microwave transceiver.

7. Apparatus of Claim 3 wherein said I/O port transmits and receives data corresponding to said video

- 22 -

CPP/M-914

1    signal at an accelerated rate.
2
3        8.    Apparatus of Claim 1 wherein said first means
4    compresses said digitized video signal prior to storage in
5    said memory means.
6
7        9.    Apparatus comprising:
8            means for receiving an analog audio signal;
9            means for digitizing said analog audio signal,
10    thereby generating digital data corresponding to said
11    audio signal and for compressing said digitized data;
12            means for storing said compressed digital data;
13    and
14            transceiver means for transmitting said compressed
15    digital data.
16
17        10.   Apparatus of Claim 9 wherein said transceiver
18    means also receives and stores compressed digital data in
19    said means for storing, said apparatus also including means
20    for converting the data stored in said means for storing
21    into an analog audio signal.
22
23        11.   Apparatus of Claim 10 wherein the time required by
24    said transceiver means to transmit or receive said
25    compressed digital data is less than the time required to
26    monitor the audio signal corresponding to said data.
27
28        12.   Apparatus comprising:
29            first means for receiving and converting an analog
30    video signal to a digital video signal;
31            second means for storing said digital video
32    signal, wherein said first means also receives said
33    digital video signal back from said second means and
34    reconverts said digital video signal back to an analog
35    video signal for viewing;
36            third means for storing data; and
37            fourth means for transferring said digital video
38    signal from said second means to said third means,

- 23 -

CPP/M-914

1    thereby makng said second means available for receiving
2    and storing additional digital video signals.
3
4        13.  Apparatus of Claim 12 wherein said first means
5    also compresses data, so that said digital video signal is a
6    compressed video signal, and wherein said third means is a
7    video tape cassette capable of receiving said digital video
8    signal from said second means, and third means also being
9    capable of receiving and storing said reconverted analog
10   video signal from said first means.
11
12       14.  Apparatus of Claim 12 wherein said third means is
13   remote from said first and second means and said fourth
14   means comprises a microwave transceiver.
15
16       15.  Apparatus of Claim 12 wherein said third means is
17   remote from said first and second means and said fourth
18   means comprises an optical fiber.
19
20       16.  Apparatus of Claim 12 wherein said third and
21   fourth means is remote from said first and second means and
22   said fourth means comprises a telephone line.
23
24       17.  Apparatus comprising,
25        first means for receiving and converting an analog
26   audio signal to a digital audio signal;
27        second means for storing said digital audio
28   signal, wherein said first means also receives said
29   digital audio signal from said second means and
30   reconverts said digital audio signal back to an analog
31   audio signal for listening;
32        third means for storing data; and
33        fourth means for transferring said digital audio
34   signal from said second means to said third means,
35   thereby making said second means available for receiving
36   and storing additional digital audio signals.
37
38       18.  Apparatus of Claim 17 wherein said first means

- 24 -

APBU-00000168

CPP/M-914

1   also compresses data, so that said digital audio signal is a
2   compressed digital audio signal, and wherein said third
3   means is a audio tape cassette capable of receiving said
4   digital audio signal from said second means, and third means
5   also being capable of receiving and storing said reconverted
6   analog audio signal from said first means.

7
8       19.  Apparatus of Claim 17 wherein said third means is
9   remote from said first and second means and said fourth
10  means comprises a microwave transceiver.

11
12      20.  Apparatus of Claim 17 wherein said third means is
13  remote from said first and second means and said fourth
14  means comprises an optical fiber.

15
16      21.  Apparatus of Claim 17 wherein said third and
17  fourth means is remote from said first and second means and
18  said fourth means comprises a telephone line.

19
20      22.  Apparatus comprising:
21      receiving means for receiving and storing an audio
22  signal in a first memory means during a first time
23  period;
24      communication means for communicating said stored
25  audio signal during a second time period substantially
26  less than said first time period.

27
28      23.  Apparatus of Claim 22 wherein said receiving means
29  converts said received audio signal from an analog to
30  digital format prior to storage, and said communication
31  means transmits said stored audio signal to a location
32  remote from said apparatus.

33
34      24.  Apparatus comprising:
35      receiving means for receiving and storing an audio
36  signal in a first memory means during a first time
37  period;
38      means for providing said stored audio signal to a

- 25 -

APBU-00000169

CPP/M-914

1    speaker so that said signal can be listened to during a
2    second time period substantially greater than said
3    first time period.
4
5    25.    Apparatus of Claim 24 wherein said receiving means
6    receives said audio signal in digital format and converts
7    said received audio signal from said digital format to an
8    analog format, said receiving means receiving said audio
9    signal from a location remote from said apparatus.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38

- 26 -

APBU-00000170

CPP/M-914

1
2          AUDIO/VIDEO RECORDER/TRANSCEIVER
3
4            Richard A. Lang
5
6
7 ABSTRACT OF THE DISCLOSURE

8      An improved video recorder/transceiver with expanded
9 functionality ("VCR-ET") including a capability for storing
10 video and video programs in digital format, editing such
11 programs, transferring such programs onto a hard copy
12 magnetic media, and transmitting such programs to a remote
13 location using a second VCR-ET.  The increased functionality
14 is realized through the use of analog to digital conversion,
15 signal compression and intermediate storage in an integrated
16 circuit, random access memory.  The recorder/transmitter has
17 capabilities to transmit and receive program information in
18 either a compressed or decompressed format over fiber optic
19 lines, conventional phone lines or microwaves.

20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38

I hereby certify that this correspondence is being deposited with the United States
Postal Service as express mail in an envelope addressed to: Commissioner of
Patents and Trademarks, Washington, D.C. 20231, on _____ MAY 5
19 89 . Express Mail Receipt No. B206 949 427

5/5/89        _____
Date of Signature

- 27 -

APBU-00000171

CPM/M914-DEC

Docket No.: M-914 US

DECLARATION FOR PATENT APPLICATION

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled "AUDIO/VIDEO RECORDER/TRANSCEIVER" the specification of which

(check one)    [XX] is attached hereto.
               [  ] was filed

on _____ as Application Serial No. _____

              and was amended

on _____ (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified specification, *including the claims,* as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

*Prior Foreign Application(s)*

| n/a | | |
|---|---|---|
| (Number) | (Country) | (Day/Month/Year Filed) |

I hereby claim the benefit under title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations,

- 1 -

APBU-00000172

CPM/M914-DEC

§1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

07/289,776    12/27/88    Pending
(Serial No.)    (Filing Date)  (Status-patented, pending, abandoned)

I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Alan H. MacPherson (24,423); Thomas S. MacDonald (17,774); Richard Franklin (19,128); Kenneth E. Leeds (30,566); Walter J. Maddox, Jr. (16,661); Nathan N. Kallman (19,405); Paul J. Winters (25,246); Brian D. Ogonowsky (31,988); Joel M. Young (32,451); David W. Heid (25,875); Gideon Gimlan (31,955); Guy W. Shoup (26,805); Stephen L. Malaska (32,655); Forrest J. Gunnison (32,899); and Norman K. Klivans (33,003).

Address all telephone calls to  Kenneth E. Leeds
at telephone no.  (408) 283-1222
Address all correspondence to  Kenneth E. Leeds
SKJERVEN, MORRILL, MacPHERSON,
FRANKLIN & FRIEL
25 METRO DRIVE, SUITE 700
SAN JOSE, CALIFORNIA  95110

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full name of sole or first inventor RICHARD A. LANG
Inventor's signature _____  Date _____
Residence  Cave Creek, Arizona                  Citizenship  United
States
Post Office Address  HC 04, Box 10560, Cave Creek, Arizona 85331

I hereby certify that this correspondence is being deposited with the United States Postal Service as express mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on  MAY 5
19 89 . Express Mail Receipt No. B-306 949 454

5/5/89
Date of Signature

- 2 -

APBU-00000173

07/347629

M-914
SHEET 1 OF 4



FIG. 1A

FIG. 1

APBU-00000174

Case 3:06-cv-00019-MHP    Document 76-5    Filed 12/09/2006    Page 20 of 50



FIG. 2

APBU-00000175

07/347009    M-414
SHEET 3 OF 4



Fig. 3

APBU-00000176

07/347629

M-914
SHEET 4 OF 4



Figure 4

APBU-00000177

As Original Filed

M-914
SHEET 1 OF 4



FIG. 1.A

FIG. 1

APBU-00000178

Case 3:06-cv-00019-MHP    Document 76-5    Filed 12/09/2006    Page 24 of 50



FIG. 2

APBU-00000179



Fig. 3

APBU-00000180

Print Of Drawing
As Original Filed

M-914
SHEET 4 OF 4



Figure 4

07/347629



LAW OFFICES OF
SKJERVEN, MORRILL, MacPHERSON, FRANKLIN & FRIEL
25 METRO DRIVE, SUITE 700
SAN JOSE, CALIFORNIA 95110
(408) 283-1222

601 MONTGOMERY, SUITE 1900.
SAN FRANCISCO, CALIFORNIA 94111
(415) 986-6383
TELECOPIER: (415) 982-7372

TWX: 9103382094
· TELECOPIER: (408) 283-1233

May 5, 1989

Our Case Docket No. M-914 US

Commissioner of Patents and Trademarks                San Jose
Washington, D. C.  20231

    Transmitted herewith for filing is a patent application, as follows:

    Inventor  :   Richard A. Lang
    Title     :   "AUDIO/VIDEO RECORDER/TRANSCEIVER"

Enclosed also are:

  4    Sheets of drawings: _____ (Formal)     XX  (Informal)

CLAIMS AS FILED

|  | Number Filed |  | Number Extra |  | Rate |  | Basic Fee $370.00 |
|---|---|---|---|---|---|---|---|
| For |  |  |  |  |  |  |  |
| Total Claims | 25 | -20 | = | 5 | x $12 | = | $ 60.00 |
| Independent Claims | 6 | - 3 | = | 3 | x $36 | = | $108.00 |
| Application contains one or more multiple dependent claims ($ 55 total fee) |  |  |  |  |  | = | 0 |
|  |  |  |  |  | Total Filing Fee: |  | $ 538.00 |

Please make the following charges to Deposit Account 19-2386:

  XX   Fee for filing the patent application in the amount of   $ 538.00
_____  Fee for recording the Assignment in the amount of       $  0
  XX   The Commissioner is hereby authorized to charge any additional
       fees which may be required, or credit any overpayment to Deposit
       Account 19-2386.

A Return Receipt Postcard and duplicate copy of this sheet are enclosed.

I hereby certify that this correspondence is being deposited with the United States Postal Service as express mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 2023], on ___MAY 5___
19 _89_. Express Mail Receipt No. B306 949 42N

_5/5/89_
Date of Signature

Respectfully submitted,

Kenneth E. Leeds
Reg. No. 30,566
Attorney for Applicant

CPM/tM-914

APBU-00000182

PATENT APPLICATION SERIAL NO. 07/347629

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

```
0 11097  05/09/89  347629                 19-2386  110   201
                                                         101
                                                                  538.00CH
   5 20165  02/05/85  347629          19-2386  020  101   538.00CR
   5 20165  07/05/   347629          19-2386  020  201   269.00CH
```

PTO-1556
(5/87)





**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO. |
|---|---|---|---|
| 07/347,629 | 05/05/89 | LANG | R | M914US |

KENNETH E. LEEDS
SKJERVEN, MORRILL, MACPHERSON,
FRANKLIN & FRIEL
25 METRO DRIVE, STE 700
SAN JOSE, CA 95110

All fees must be paid pursuant
to the new fee schedule
published at 54 F.R. 6893
effective April 17, 1989.

000
05/22/89

DATE MAILED:

## NOTICE TO FILE MISSING PARTS OF APPLICATION—
## FILING DATE GRANTED

A filing date has been granted to this application. However, the following parts are missing.

If all missing parts are filed within the period set below, the total amount owed by applicant as a ☒ large entity, ☐ small entity (verified statement filed), is $ ___120.00___

1. ☐ The statutory basic filing fee is: ☐ missing; ☐ insufficient. Applicant as a ☐ large entity, ☐ small entity, must submit $ _____ to complete the basic filing fee and MUST ALSO SUBMIT THE SURCHARGE AS INDICATED BELOW.

2. ☐ Additional claim fees of $ _____ as a ☐ large entity, ☒ small entity, including any required multiple dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due. NO SURCHARGE IS REQUIRED FOR THIS ITEM.

3. ☐ The oath or declaration:
   ☐ is missing.
   ☐ does not cover items omitted at the time of execution.
   An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Serial Number and Filing Date is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

4. ☒ The oath or declaration does not identify the application to which it applies. An oath or declaration in compliance with 37 CFR 1.63 identifying the application by the above Serial Number and Filing Date is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

5. ☒ The signature to the oath or declaration is: ☒ missing; ☐ a reproduction; ☐ by a person other than the inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Serial Number and Filing Date is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

6. ☐ The signature of the following joint inventor(s) is missing from the oath or declaration: _____. Applicant(s) should provide, if possible an oath or declaration signed by the omitted inventor(s), identifying this application by the above Serial Number and Filing Date. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

7. ☐ The application was filed in a language other than English. Applicant must file a verified English translation of the application and a fee of $26.00 under 37 CFR 1.17(k), unless this fee has already been paid NO SURCHARGE UNDER 37 CFR 1.16(e) IS REQUIRED FOR THIS ITEM.

8. ☒ A $20.00 processing fee is required for returned checks. (37 CFR 1.21(m)).

9. ☐ Your filing receipt was mailed in error because check was returned.

10. ☒ Other:
A Serial Number and Filing Date have been assigned to this application. However, to avoid abandonment under 37 CFR 1.53(d), the missing parts and fees identified above in items 1 and 3-6 must be timely provided ALONG WITH THE PAYMENT OF A SURCHARGE OF $110.00 for large entities or $55.00 for small entities who have filed a verified statement claiming such status. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given ONE MONTH FROM THE DATE OF THIS LETTER, OR TWO MONTHS FROM THE FILING DATE of this application, WHICHEVER IS LATER, within which to file all missing parts and pay any fees. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

Direct the response to, and any questions about, this notice to the undersigned, Attention: Application Branch.

*A copy of this notice MUST be returned with response.*

_M. Balbin_

For: Manager, Application Branch
(703) 557-3254

OFFICE COPY

FORM PTO-1533 (REV. 7-87)

| For Office Use Only | |
|---|---|
| ☐ 102 | ☐ 202 |
| ☐ 103 | ☐ 203 |
| ☐ 104 | ☐ 204 |
| ☐ 105 | ☒ 205 |

APBU-00000184

CPO/M-914-DEC                                              *Paper # A/N3*

                                                              PATENT

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:     Richard Lang

Title:         "AUDIO/VIDEO RECORDER/TRANSCEIVER"

Serial No.:    07/347,629                Filed:   05/05/89

Attorney Docket No.:     M-914 US

--------------------------------------------------------------

                                        San Jose, California
                                        June 13, 1989

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

Dear Sir:

### RESPONSE TO NOTICE TO FILE MISSING PARTS
### OF APPLICATION

On May 26, 1989, Applicant received a "Notice to File
Missing Parts of Application - Filing Date Granted" from the
U.S. Patent and Trademark Office (copy enclosed), instructing
Applicant to file an oath or a declaration in the U.S. Patent
and Trademark Office.

Attached hereto is a Declaration For Patent Application
signed by Applicant.  Also attached is an Independent
Inventor's Declaration signed by Applicant.

The Commissioner is respectfully requested to deduct the
sum of $60.00 from deposit account 19-2386, and any other sums
required for this Application.

If the Application Branch has any questions regarding this
matter, please contact the undersigned attorney at (408)
283-1222.

N 10484  06/21/89  347629      19-2386  010  205     60.00CH

I hereby certify that this correspondence is being deposited with the United States
Postal Service as first class mail in an envelope addressed to: Commissioner of
Patents and Trademarks, Washington, D.C. 20231, on _____June 13_____

19___89___.

_June 13, 1989_          _Kenneth Leeds_
Date of Signature        Attorney for Applicant

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222

Respectfully submitted,

_Kenneth E. Leeds_

Kenneth E. Leeds
Attorney for Applicants
Registration Number 30,566

RECEIVED

JUN 23 1989

APPLICATION BRANCH

APBU-00000185



CPO/M-914-DEC                                                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:     Richard Lang

Title:         "AUDIO/VIDEO RECORDER/TRANSCEIVER"

Serial No.:    07/347,629              Filed:  05/05/89

Attorney Docket No.:    M-914 US

-----------------------------------------------------------------

San Jose, California
June 13, 1989

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

Dear Sir:

### RESPONSE TO NOTICE TO FILE MISSING PARTS OF APPLICATION

On May 26, 1989, Applicant received a "Notice to File Missing Parts of Application - Filing Date Granted" from the U.S. Patent and Trademark Office (copy enclosed), instructing Applicant to file an oath or a declaration in the U.S. Patent and Trademark Office.

Attached hereto is a Declaration For Patent Application signed by Applicant. Also attached is an Independent Inventor's Declaration signed by Applicant.

The Commissioner is respectfully requested to deduct the sum of $60.00 from deposit account 19-2386, and any other sums required for this Application.

If the Application Branch has any questions regarding this matter, please contact the undersigned attorney at (408) 283-1222.

Respectfully submitted,

Kenneth E. Leeds
Attorney for Applicants
Registration Number 30,566

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on _June 13_ 19 _89_.

June 13, 1989

Date of Signature                    Attorney for Applicant

LAW OFFICES OF
SKJERVEN, MORRILL,
MCPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110

APBU-00000186



CPM/M914-DEC



Docket No.: M-914 US

DECLARATION FOR PATENT APPLICATION

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled "AUDIO/VIDEO RECORDER/TRANSCEIVER" the specification of which

(check one)     [ ] is attached hereto.
                [XX] was filed

on _May 5, 1989_____ as Application Serial No. _07/347,629_____

                and was amended

on _____ (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)

___n/a_____    _____    _____
  (Number)          (Country)       (Day/Month/Year Filed)

I hereby claim the benefit under title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations,

- 1 -

APBU-00000187

CPM/M914-DEC

§1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| 07/289,776 | 12/27/88 | Pending |
|---|---|---|
| (Serial No.) | (Filing Date) | (Status-patented, pending, abandoned) |

I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Alan H. MacPherson (24,423); Thomas S. MacDonald (17,774); Richard Franklin (19,128); Kenneth E. Leeds (30,566); Walter J. Madden, Jr., (16,661); Nathan N. Kallman (19,405); Paul J. Winters (25,246); Brian D. Ogonowsky (31,988); Edel M. Young (32,451); David W. Heid (25,875); Gideon Gimlan (31,955); Guy W. Shoup (26,805); Stephen L. Malaska (32,655); Forrest E. Gunnison (32,899); and Norman K. Klivans (33,003).

Address all telephone calls to   Kenneth E. Leeds
                    at telephone no.   (408) 283-1222
Address all correspondence to   Kenneth E. Leeds
                    SKJERVEN, MORRILL, MacPHERSON,
                    FRANKLIN & FRIEL
                    25 METRO DRIVE, SUITE 700
                    SAN JOSE, CALIFORNIA  95110

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full name of sole or first inventor RICHARD A. LANG.
Inventor's signature                                    Date 6/5/89
Residence  Cave Creek, Arizona                Citizenship  United States
Post Office Address   29209 N. 56th St., Cave Creek, Arizona 85331

- 2 -

APBU-00000188

CPO/M914-PTO4



PATENT

*Paper #3*

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:     Richard Lang

Serial No:    07/347,629        Date Filed:  May 5, 1989

Title:        "AUDIO/VIDEO RECORDER/TRANSCEIVER"

Docket No.:   M-914 US

---------------------------------------------------------------
                                    San Jose, California
                                    May __, 1989

TO THE COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, D.C. 20231

## INDEPENDENT INVENTOR'S DECLARATION

Dear Sir:

The undersigned Applicant for the above application hereby states in accordance with 37 CFR Sections 1.9 and 1.27 that he is an independent inventor who has not assigned, granted, conveyed or licensed, and who is under no obligation under contract or law to assign, grant, convey, or license, any rights in the invention described in the above application to any person who could not likewise be classified as an independent inventor if that person had made the invention, or to any concern who would not qualify as a Small Business Concern or a non-profit organization under 37 CFR Section 1.9 (c).

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

                                    Respectfully submitted,


6/5/89
Date

Applicant

Richard A. Lang
Address:  29209 N. 56th St.
Cave Creek, Arizona 85331

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 293-1222

APBU-00000189

CPO/M-914-REF                    230
                                  030                    PATENT  7C
                                                                  #4

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:      Richard Lang                    RECEIVED

Title:          "Audio/Video Recorder/Transceiver"
                                                AUG 0 9 1989
Serial No.:     07/347,629          Filed:  05/05/89
                                                GROUP 230
Attorney Docket No.:    M-914 US

-------------------------------------------------------------

                                    San Jose, California
                                    June 13, 1989

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

Attention:      Refund Section              RECEIVED
                Accounting Division,
                Office of Finance
                                            AUG 0 9 1989
                REQUEST FOR REFUND
                RE SMALL ENTITY STATUS       GROUP 230

Dear Sir:

        Enclosed is a copy of an Independent Inventor's

Declaration indicating that Applicant qualifies as an

independent inventor under 36 C.F.R. Sections 1.9 and 1.27.

The original Independent Inventor's Declaration is concurrently

being submitted to the Examiner in the above-identified

application.  In accordance with the Applicant's transmittal

letter which accompanied the above-mentioned patent application

(copy enclosed), Applicant requested that a $370.00 basic fee,

plus $168.00 for extra total claims be charged to Deposit

Account No. 19-2386.  Accordingly, Applicant respectfully

requests that the amount of $269.00 (one half of the basic fee

and one half of the extra claim fee) be refunded to Deposit

Account No. 19-2386, as provided by the Manual of Patent

Examining Procedures Section 509.03 and by the Official Gazette

Notices published October 26, 1982 at 1023 O.G. 77 and February

15, 1983 at 1027 O.G. 115 as attached hereto.

                                    RECEIVED
                                    JUN 29 1989
                                    APPLICATION BRANCH

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 293-1222

APBU-00000190

CPO/M-914-REF                                                    PATENT

If there are any questions regarding this refund, Applicant respectfully requests the Patent Office personnel to telephone Applicant's attorney at (408)283-1222.

Respectfully submitted,

*Kenneth E. Leeds*

Kenneth E. Leeds
Attorney for Applicant
Registration No. 30,566

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Commissioner of Patents and Trademarks, Washington, D.C. 20231, on _____ June 13 ___
19 89 .

June 13, 1989                    *Kenneth E. Leed*
Date of Signature                Attorney for Applicant

LAW OFFICES OF
SKJERVEN, MORRILL,
MACPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222

APBU-00000191

**Official Gazette Notice published October 26, 1982:**

Official Gazette Notice

Filing Of Verified Statements Claiming Small Entity Status

In view of the fact that the rules implementing the definition of small business concern were not published in the Federal Register until September 30, 1982, any verified statement claiming small entity status will be accepted as timely filed if (1) the first fee in a patent application has been paid on or after October 1, 1982, but before February 27, 1983, in the amount established for a non-small entity and (2) such verified statement is filed within 3 months of the date of payment of the first fee in a patent application paid on or after October 1, 1982, but before February 27, 1983. If such a verified statement is timely filed within three months of the date of payment of the first fee paid on or after October 1, 1982, but before February 27, 1983, the statement will be treated as though it were present on the date the fee was paid. The correct amount of the fee will be determined and any excess will be refunded upon request. Section 1.28(a) of 37 CFR is waived until February 27, 1983 to the extent it is inconsistent with this practice.

10-15-82          Donald J. Quigg
Date              Donald J. Quigg
                  Acting Commissioner of Patents & Trademarks
                                        1023 OG 77

**Official Gazette Notice published February 15, 1983:**

Requirement for Filing of Verified Statements Claiming
Small Entity Status

The purpose of this notice is to supplement the notice published Oct. 26, 1982 at 1023 O.G. 77, entitled "Filing of Verified Statements Claiming Small Entity Status" and to extend the practice contained therein beyond Feb. 27, 1983, pending consideration by the Patent and Trademark Office of the feasibility of implementing via the rulemaking process, a practice similar to that set forth in the notice.

The notice published Oct. 26, 1982 provides in part, that any verified statement claiming small entity status will be accepted as timely filed if (1) the first fee in a patent application has been paid on or after Oct. 1, 1982, but before Feb. 27, 1983, in the amount established for a non-small entity and (2) such verified statement is filed within three months of the date of payment of the first fee. The practice is hereby extended to a first fee paid after Feb. 27, 1983. Until further notice, if a verified statement is filed within three months of the date of payment of the first fee paid after Feb. 27, 1983, the statement will be treated as though it were present on the date the fee was paid. The correct amount of the fee will be determined and any excess will be refunded upon request.

Request for refunds, along with the verified statements, should be addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231, and directed to the attention of the Refund Section, Accounting Division, Office of Finance. Such requests should refer to this notice.

The practice presently in effect is hereby extended until further notice. The extension will provide applicants additional time pursuant to this notice and provide the Office the time to consider the feasibility of a possible rule change.

                    DONALD J. QUIGG,
Jan. 20, 1983.      Acting Commissioner of
                    Patents and Trademarks.

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
3600 PRUNERIDGE
SUITE 100
SANTA CLARA, CA 95051



RECEIVED

AUG 0 9 1989     PATENT

GROUP 230

CPK&M-914-REF

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:     Richard Lang

Title:         "Audio/Video Recorder/Transceiver"

Serial No.:    07/347,629          Filed:  05/05/89

Attorney Docket No.:   M-914 US

-----------------------------------------------------------------

San Jose, California
June 13, 1989

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

Attention:     Refund Section
               Accounting Division,
               Office of Finance

### REQUEST FOR REFUND
### RE SMALL ENTITY STATUS

Dear Sir:

Enclosed is a copy of an Independent Inventor's Declaration indicating that Applicant qualifies as an independent inventor under 36 C.F.R. Sections 1.9 and 1.27. The original Independent Inventor's Declaration is concurrently being submitted to the Examiner in the above-identified application.  In accordance with the Applicant's transmittal letter which accompanied the above-mentioned patent application (copy enclosed), Applicant requested that a $370.00 basic fee, plus $168.00 for extra total claims be charged to Deposit Account No. 19-2386.  Accordingly, Applicant respectfully requests that the amount of $269.00 (one half of the basic fee and one half of the extra claim fee) be refunded to Deposit Account No. 19-2386, as provided by the Manual of Patent Examining Procedures Section 509.03 and by the Official Gazette Notices published October 26, 1982 at 1023 O.G. 77 and February 15, 1983 at 1027 O.G. 115 as attached hereto.

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222

APBU-00000193

CPO/M-914-REF                                                    PATENT


    If there are any questions regarding this refund,
Applicant respectfully requests the Patent Office personnel to
telephone Applicant's attorney at (408)283-1222.


                                 Respectfully submitted,


                                 Kenneth E. Leeds
                                 Attorney for Applicant
                                 Registration No. 30,566


I hereby certify that this correspondence is being deposited with the United States
Postal Service as first class mail in an envelope addressed to Commissioner of
Patents and Trademarks, Washington, D.C., 20231, on ____Jun 13____
19 _89_.

___June 13, 1989___          ___Kenneth E. Leeds___
Date of Signature                 Attorney for Applicant

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222

APBU-00000194

Official Gazette Notice published October 26, 1982:

Official Gazette Notice

Filing Of Verified Statements Claiming Small Entity Status

In view of the fact that the rules implementing the definition of
small business concern were not published in the Federal Register
until September 30, 1982, any verified statement claiming small
entity status will be accepted as timely filed if (1) the first
fee in a patent application has been paid on or after October 1,
1982, but before February 27, 1983, in the amount established for
a non-small entity and (2) such verified statement is filed
within 3 months of the date of payment of the first fee in a
patent application paid on or after October 1, 1982, but before
February 27, 1983. If such a verified statement is timely filed
within three months of the date of payment of the first fee paid
on or after October 1, 1982, but before February 27, 1983, the
statement will be treated as though it were present on the date
the fee was paid. The correct amount of the fee will be
determined and any excess will be refunded upon request. Section
1.28(a) of 37 CFR is waived until February 27, 1983 to the extent
it is inconsistent with this practice.

10-15-82                    Donald J. Quigg
Date                        Donald J. Quigg

Acting Commissioner of Patents & Trademarks
1023 OG 77

Official Gazette Notice published February 15, 1983:

Requirement for Filing of Verified Statements Claiming
Small Entity Status

The purpose of this notice is to supplement the notice
published Oct. 26, 1982 at 1023 O.G. 77, entitled "Filing
of Verified Statements Claiming Small Entity Status"
and to extend the practice contained therein beyond
Feb. 27, 1983, pending consideration by the Patent and
Trademark Office of the feasibility of implementing via
the rulemaking process, a practice similar to that set
forth in the notice.

The notice published Oct. 26, 1982 provides in part,
that any verified statement claiming small entity status
will be accepted as timely filed if (1) the first fee in a pa-
tent application has been paid on or after Oct. 1, 1982,
but before Feb. 27, 1983, in the amount established for a
non-small entity and (2) such verified statement is filed
within three months of the date of payment of the first
fee. The practice is hereby extended to a first fee paid
after Feb. 27, 1983. Until further notice, if a verified
statement is filed within three months of the date of pay-
ment of the first fee paid after Feb. 27, 1983, the state-
ment will be treated as though it were present on the
date the fee was paid. The correct amount of the fee
will be determined and any excess will be refunded upon
request.

Request for refunds, along with the verified state-
ments, should be addressed to the Commissioner of Pa-
tents and Trademarks, Washington, D.C. 20231, and di-
rected to the attention of the Refund Section,
Accounting Division, Office of Finance. Such requests
should refer to this notice.

The practice presently in effect is hereby extended un-
til further notice. The extension will provide applicants
additional time pursuant to this notice and provide the
Office the time to consider the feasibility of a possible
rule change.

DONALD J. QUIGG,
Jan. 20, 1983.          Acting Commissioner of
Patents and Trademarks

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
3400 BROADRIDGE
SUITE 100
SANTA CLARA, CA 95051
(406) 245-1405

APBU-00000195



M-914-REF                                                     PATENT

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

Applicant:    Richard Lang

Title:        "Audio/Video Recorder/Transceiver"

Serial No.:   07/347,629          Filed:  05/05/89

Attorney Docket No.:   M-914 US

---------------------------------------------------------------

San Jose, California
June 13, 1989

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

Attention:    Refund Section
              Accounting Division,
              Office of Finance

<u>REQUEST FOR REFUND</u>
<u>RE SMALL ENTITY STATUS</u>

Dear Sir:

     Enclosed is a copy of an Independent Inventor's

Declaration indicating that Applicant qualifies as an

independent inventor under 36 C.F.R. Sections 1.9 and 1.27.

The original Independent Inventor's Declaration is concurrently

being submitted to the Examiner in the above-identified

application.  In accordance with the Applicant's transmittal

letter which accompanied the above-mentioned patent application

(copy enclosed), Applicant requested that a $370.00 basic fee,

plus $168.00 for extra total claims be charged to Deposit

Account No. 19-2386.  Accordingly, Applicant respectfully

requests that the amount of $269.00 (one half of the basic fee

and one half of the extra claim fee) be refunded to Deposit

Account No. 19-2386, as provided by the Manual of Patent

Examining Procedures Section 509.03 and by the Official Gazette

Notices published October 26, 1982 at 1023 O.G. 77 and February

15, 1983 at 1027 O.G. 115 as attached hereto.

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222

APBU-00000196

CPO/M-914-REF                                    PATENT

If there are any questions regarding this refund,
Applicant respectfully requests the Patent Office personnel to
telephone Applicant's attorney at (408)283-1222.

                                    Respectfully submitted,

                                    *Kenneth E. Leeds*

                                    Kenneth E. Leeds
                                    Attorney for Applicant
                                    Registration No. 30,566

I hereby certify that this correspondence is being deposited with the United States
Postal Service as first class mail in an envelope addressed to Commissioner of
Patents and Trademarks, Washington, D.C. 20231, on _____

19 ___.

June 13, 1989                       *Kenneth E. Leeds*
Date of Signature                   Attorney for Applicant

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 285-1222

APBU-00000197

1  Official Gazette Notice published October 26, 1982:

2

3                         Official Gazette Notice

4           Filing Of Verified Statements Claiming Small Entity Status

5            In view of the fact that the rules implementing the definition of
6        small business concern were not published in the Federal Register
7        until September 30, 1982, any verified statement claiming small
8        entity status will be accepted as timely filed if (1) the first
9        fee in a patent application has been paid on or after October 1,
10       1982, but before February 27, 1983, in the amount established for
11       a non-small entity and (2) such verified statement is filed
12       within 3 months of the date of payment of the first fee in a
13       patent application paid on or after October 1, 1982, but before
14       February 27, 1983. If such a verified statement is timely filed
         within three months of the date of payment of the first fee paid
         on or after October 1, 1982, but before February 27, 1983, the
         statement will be treated as though it were present on the date
         the fee was paid.  The correct amount of the fee will be
         determined and any excess will be refunded upon request.  Section
         1.28(a) of 37 CFR is waived until February 27, 1983 to the extent
         it is inconsistent with this practice.

15

16       ___10-15-82___          _Donald D. Quigg_
         Date                     Donald J. Quigg
17                                Acting Commissioner of Patents & Trademarks
                                          1023 OG 77
18

19  Official Gazette Notice published February 15, 1983:

20

21               Requirement for Filing of Verified Statements Claiming
                                 Small Entity Status
22            The purpose of this notice is to supplement the notice
         published Oct. 26, 1982 at 1023 O.G. 77, entitled "Filing
23       of Verified Statements Claiming Small Entity Status"
         and to extend the practice contained therein beyond
24       Feb. 27, 1983, pending consideration by the Patent and
         Trademark Office of the feasibility of implementing via
         the rulemaking process, a practice similar to that set
         forth in the notice.
25            The notice published Oct. 26, 1982 provides in part,
         that any verified statement claiming small entity status
26       will be accepted as timely filed if (1) the first fee in a pa-
         tent application has been paid on or after Oct. 1, 1982,
         but before Feb. 27, 1983, in the amount established for a
27       non-small entity and (2) such verified statement is filed
         within three months of the date of payment of the first
         fee. The practice is hereby extended to a first fee paid
28       after Feb. 27, 1983. Until further notice, if a verified
         statement is filed within three months of the date of pay-
         ment of the first fee paid after Feb. 27, 1983, the state-
29       ment will be treated as though it were present on the
         date the fee was paid. The correct amount of the fee
         will be determined and any excess will be refunded upon
         request.
30            Request for refunds, along with the verified state-
         ments, should be addressed to the Commissioner of Pa-
         tents and Trademarks, Washington, D.C. 20231, and di-
         rected to the attention of the Refund Section,
31       Accounting Division, Office of Finance. Such requests
         should refer to this notice.
              The practice presently in effect is hereby extended un-
32       til further notice. The extension will provide applicants
         additional time pursuant to this notice and provide the
         Office the time to consider the feasibility of a possible
         rule change.
                                        DONALD J. QUIGG,
         Jan. 20, 1983.              Acting Commissioner of
                                       Patents and Trademarks.

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
3600 PRUNERIDGE
SUITE 100
SANTA CLARA, CA 95051

APBU-00000198



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/347,629 | 05/05/89 | LANG | R | M914US |

```
KENNETH E. LEEDS
SKJERVEN, MORRILL, MACPHERSON,
FRANKLIN & FRIEL
25 METRO DRIVE, STE 700
SAN JOSE, CA 95110
```

| EXAMINER |
|---|
| SHWAYZE, W |

| ART UNIT | PAPER NUMBER |
|---|---|
| 235 | 5 |

DATE MAILED:                12/06/89

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☑ Responsive to communication filed on _6-19-89_    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _Three_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.        2. ☑ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449            4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims _1-25_ are pending in the application,

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1-25_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☑ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7-82)                          EXAMINER'S ACTION

APBU-00000199

7

Serial No. 347629                                    -2-

Art Unit   235

The title of the invention is not descriptive.  A new title is required that is clearly indicative of the invention to which the claims are directed.

The independent inventor's declaration was received on June 19, 1989.

The Examiner requires a copy of the references (The Electronic System Design, Infoworld and Electronic Engineering Times ) on page 6 lines 15-25 and page 7 lines 20-25 of the specification.

Claims 12-21 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.  Claims 12 and 17 are confusing.  Each claim includes a third means that does not have a connection to the rest of the circuit. The second means expressly recites a storing function, but the Examiner is unsure if other functions can be attributed to the second means. For example, the first means receives a signal back from the second means . Is a transmitting function implied to the second means?  The second means is available to receive additional data. Is the additional data different from the other data. The Examiner questions the use of available. Does this imply a condition of the second means when the second means is not available? Claim 11 is confusing.

APBU-00000200

Serial No. 289776                                      -3-

Art Unit  235

The Examiner is uncertain where the monitor function occurs. As a
result, the time relationship is not clear.

In light of the substantial questions and lack of clarity under
35 U.S.C. 112 , no references can be applied against claims 12-21
at this time since substantial guesswork on the part of the
examiner would be required to determine the scope and content of
the claims( see In re Steele , 134 U.S.P.Q.292).

The Applicant's attention is directed to the Workman
reference. Workman discloses the first means (inherent), the
second means( fig 16 129), the third means(fig 1 14) and the
fourth means(data link) of claim 12.

The reasons for the rejection are listed above.

The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

A person shall be entitled to a patent unless --
(b) the invention was patented or described in a printed
publication in this or a foreign country or in public use or
on sale in this country, more than one year prior to the
date of application for patent in the United States.

Claims 1-3 and 8 are rejected under 35 U.S.C. § 102(b) as
being anticipated by Nichols et al.

Nichols et al. in fig 4 discloses the first means ( 96, 118
and 122 ), the memory means ( 98, 120, and 124 ) and the second
means ( fig 1 22 and 142, 144, and 146 ) of claim 1.

Nichols et al. in fig 1 discloses the editor ( 24 ) of claim
2.

APBU-00000201

Serial No. 289776                                    -4-

Art Unit   235

Nichols et al. inherently includes the I/O port of claim 3 because an connection exists to an auxiliary device (fig 1 12 ).

Nichols et al. discloses the  compression ( col 9 lines 1-22) of claim 8.

Claims 9-11 and 22-25 are rejected under 35 U.S.C. § 102(b) as being anticipated by Parker et al.

Parker et al.in fig 1 discloses the receiving means (16 ), the digitizing means ( 20 ), the storing means( 22 ) and the transceiver means (30) of claim 9.

Parker et al.in fig 2 discloses the transceiver storing compressed digital data ( 32 ) and the converting means ( fig 1 42) of claim 10.

Parker et al. inherently includes the time being less than monitor time of claim 11 because the apparatus is time base compression.

Parker et al. discloses the receiving means( fig 1 16)  and the memory means ( 22 ) and the communication means ( col 6 lines 25-31) of claim 22.

Parker et al.in fig 1 discloses the A/D convertor ( fig 1 20 ) and the remote location (col 3 lines 18-19 a cassette is issued to a consumer) of claim 23.

Parker et al.inherently includes the providing means of claim 24 because the audio ultimate purpose is to be listened through speakers.

APBU-00000202

Serial No. 289776                                    -5-

Art Unit   235


Parker et al. in fig 2 discloses the D/A converter (34) and
the remote location( library col 3 lines 5-8 ) of claim 25.

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.
>
> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

Claims 4-7 are rejected under 35 U.S.C. § 103 as being
unpatentable over Nichols et al. in view of Fabris et al.

Nichols et al. does not disclose the optic fiber I/O port of
claim 4. Fabris et al. discloses the optic fiber I/O port ( col 7
lines 30-35 ) of claim 4. It would have been obvious to one of
ordinary skill in the art  to modify Nichols et al. with the
optic fiber I/O port as taught by Fabris et al. because Fabris
shows data transmission in a data compression context and use of
optic fibers as a transmission means is established by Fabris et
al.

Nichols et al. does not disclose the modem of claim 5.

APBU-00000203

Serial No. 289776                              -6-

Art Unit   235

Fabris et al. discloses the modem( fig 7 701 702 703 704) of
claim 5. It would have been obvious to one of ordinary skill in
the art  to modify Nichols et al. with the modem as taught by
Fabris et al. because Fabris shows data transmission in a data
compression context using the modem as an interface device is
customary in this environment.

Nichols et al. does not disclose the microwave transceiver
of claim 6. Fabris et al. discloses the microwave transceiver(
col 7 lines 30-35 ) of claim 6. It would have been obvious to one
of ordinary skill in the art  to modify Nichols et al. with the
microwave transceiver as taught by Fabris et al. because Fabris
shows data transmission in a data compression context having
microwave transmission capability to establish remote reception.

Nichols et al. does not disclose the transfer at an
accelerated rate of claim 7. Fabris et al. discloses the transfer
at an accelerated rate( fig 5 523) of claim 7. It would have been
obvious to one of ordinary skill in the art  to modify Nichols et
al. with the transfer at an accelerated rate as taught by Fabris
et al. because Fabris shows data transmission in a data
compression context for the inherent data processing savings.

Claims 1 and 8 are provisionally rejected under the
judicially created doctrine of obviousness-type double patenting
as being unpatentable over claims 11 and 12 of copending

APBU-00000204

Serial No. 289776                              -7-

Art Unit  235

application serial no. 07/289776.  Although the conflicting

claims are not identical, they are not patentably distinct from

each other because of the following reasons. Claim 1(629)

includes a first means , a\memory means and a second means. these

are the equivalent of the first means , the digital memory and

the second / third means of claim 11(776). Claim 8(629) which

includes compression is the equivalent of claim 12(776).

This is a *provisional* obviousness-type double patenting

rejection because the conflicting claims have not in fact been

patented.

The obviousness-type double patenting rejection is a
judicially established doctrine based upon public policy and is
primarily intended to prevent prolongation of the patent term by
prohibiting claims in a second patent not patentably distinct
from claims in a first patent.  *In re Vogel*, 164 USPQ 619 (CCPA
1970).  A timely filed terminal disclaimer in compliance with 37
C.F.R. § 1.321(b) would overcome an actual or provisional
rejection on this ground provided the conflicting application or
patent is shown to be commonly owned with this application.  See
37 C.F.R. § 1.78(d).

Claims 1 and 8 of this application conflict with claims 11-

12 of application serial number 07-289776.  37 C.F.R. § 1.78(b)

provides that when two or more applications filed by the same

applicant contain conflicting claims, elimination of such claims

from all but one application may be required in the absence of

good and sufficient reason for their retention during pendency in

more than one application.  Applicant is required to either

cancel the conflicting claims from all but one application or

maintain a clear line of demarcation between the applications.

APBU-00000205