means to perform one or more of said plurality of selected editing functions.

100.    An audio/video transceiver apparatus as in claim 99 wherein said digital control unit means is coupled to said storage means.

101.    An audio/video transceiver apparatus as in claim 98 further comprising RGB converter means for converting information stored in said storage means to an RGB format, and wherein said output means comprises RGB output means for receiving RGB format information from said RGB converter means.

102.    An audio/video transceiver apparatus as in claim 98 wherein said output means comprises audio/video transmitter/receiver means coupled to said high speed bus for receiving said time compressed representation of said digital or corresponding digital audio/video source information stored in said storage means for transmission away from said audio/video transceiver apparatus.



103.    An audio/video transceiver apparatus as in claim 102 wherein said audio/video transmitter/receiver means comprises a modem for coupling to a telephone transmission line.

104.    An audio/video transceiver apparatus as in claim 102 wherein said audio/video transmitter/receiver means comprises a fiber optic transceiver for coupling to a fiber optic transmission line.

SUBS(?)    105.    An audio/video transceiver apparatus as in claim 26 further comprising editing means, coupled to said storage means, for editing said time compressed representation of said audio/video source information and for then storing the edited time compressed representation of said audio/video source information in said storage means.

106.    An audio/video transceiver apparatus as in claim 26 wherein said input and output means comprise microwave transeiver means, coupled to a microwave link, for receiving said audio/video source information over said microwave link and for transmitting said time compressed representation of said audio/video source information stored in said storage means over said

16

APBU-00000472

Dockets.Justia.com

microwave link.

107.  An audio/video transceiver apparatus as in claim 26 wherein said storage means comprises a bubble memory.

108.  An audio/video transceiver apparatus as in claim 26 wherein said storage means comprises one or more magnetic disks.

109.  An audio/video transceiver apparatus as in claim 26 wherein said storage means comprises digital paper.

110.  An audio/video transceiver apparatus as in claim 55 wherein said storage means comprises a bubble memory.

111.  An audio/video transceiver apparatus as in claim 55 wherein said storage means comprises one or more magnetic disks.

112.  An audio/video transceiver apparatus as in claim 55 wherein said storage means comprises digital paper.

113.  An audio/video information transfer network comprising:

a plurality of audio/video transceivers, coupled via one or more communications links, each of said audio/video transceivers comprising:

input means for receiving audio/video source information, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs, said audio/video source information being received as a time compressed representation thereof having an associated burst time period that is shorter than a time period associated with real time viewing of said audio/video source information.

storage means, coupled to said input means, for storing the time compressed representation of said audio/video source information; and

output means, coupled to said storage means and to one of said one or more communications links, for receiving the time compressed representation of said audio/video source information stored in said storage means and for serially transmitting said time compressed representation of said audio/video source information in said burst time period to another one of said plurality of audio/video transceivers.

17

<u>Remarks</u>

Claim 1, remaining in this application following cancellation of original claims 2-25 by way of applicant's RULE 60 DIVISION-CONTINUATION PROGRAM APPLICATION TRANSMITTAL FORM filed on November 16, 1992, has been canceled, and new claims 26-113 are presented herewith to provide the scope of claims coverage to which applicant believes he is entitled.

Respectfully submitted,

Richard A. Lang

By _____
William E. Hein
Patent Attorney #26,465

December 18, 1992
(303) 667-6741
Loveland, Colorado

18

APBU-00000474

#6
Revoc. Power of
Attorney
TLR
5/24/93



IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 235

Examiner W. Daniel Swayze

Richard A. Lang

CASE        211

SERIAL NO.  07/347,629

FILED       May 5, 1989

SUBJECT     AUDIO/VIDEO RECORDER/TRANSCEIVER

---

THE COMMISSIONER OF PATENTS AND TRADEMARKS
  WASHINGTON, D.C.  20231

SIR:

## REVOCATION OF POWER OF ATTORNEY AND
## APPOINTMENT OF SUBSTITUTE ATTORNEY

The undersigned sole inventor named in the above-identified patent application hereby revokes all previous powers of attorney and appoints in their stead William E. Hein, Registration No. 26,465, P.O. Box 335, Loveland, Colorado 80539, as his attorney, with full power of substitution and revocation, to prosecute said application, to make alterations and amendments therein, to receive the Letters Patent, and to transact all business in the U.S. Patent and Trademark Office in connection therewith.

Please forward all future written communications to:

William E. Hein
Attorney at Law
P.O. Box 335
Loveland, Colorado 80539

Please direct telephone calls to William E. Hein at (303) 667-6741.

Respectfully submitted,

Richard A. Lang

May 3, 1990

POA. 211
#27

APBU-00000475



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/976,542 | 05/05/89 | RICHARD A. LANG | 284 |

WILLIAM E. HEIN
ATTORNEY AT LAW
P.O. BOX 335
LOVELAND, COLORADO 80539

| EXAMINER | |
|---|---|
| HUY NGUYEN | |
| ART UNIT | PAPER NUMBER |
| 2615 | # 7 |

DATE MAILED:

MAY 26, 1993

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents.

The revocation of the power of attorney to  KENNETH E. LEEDS

has been entered and said attorney has been notified.  Further

correspondence will either be addressed to you or to any newly

pointed attorney.

_Trina Riddick_
TRINA RIDDICK
For Chief SAE, Group 2600

APBU-00000476



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/976,542 | 05/05/89 | RICHARD A. LANG | 284 |

KENNETH E. LEEDS
SKJERVEN, MORRILL, MACPHERSON, FRANKLIN &
FRIEL
25 METRO DRIVE, SUITE 700
SAN JOSE, CALIFORNIA 95110

| EXAMINER | |
|---|---|
| HUY NGUYEN | |
| ART UNIT | PAPER NUMBER |
| 2615 | #6 |

DATE MAILED:

MAY 26, 1993

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents.

A communication has been filed by the X̶X̶X̶X̶X̶X̶X̶X̶X̶/applicant in
this application revoking the power of attorney to you.

*Trina Riddick*
TRINA RIDDICK
For Chief SAE, Group 2600

APBU-00000477



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/976,542 | 11/16/92 | LANG | | R    284 |

| | EXAMINER |
|---|---|
| | NGUYEN, H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2615 | 8 |

WILLIAM E. HEIN
ATTORNEY AT LAW
P.O. BOX 335
LOVELAND, COLORADO 80539

26M2

DATE MAILED:  05/26/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined  ☒ Responsive to communication filed on _11/16/92_ and _12/18/92_  ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _three_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I**   **THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.     2. ☒ Notice re Patent Drawing, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.          4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☒ Information on How to Effect Drawing Changes, PTO-1474.   6. ☐ _____

**Part II**   **SUMMARY OF ACTION**

1. ☒ Claims _26 — 113_ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _1 — 25_ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _26 — 113_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are  ☐ acceptable.  ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____ ; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 9-89)

APBU-00000478

Serial No. 976,542                         -2-

Art Unit  2615

1.   Claims 26-41, 45-44, 55-71, 73-77, 79-80, 82-113 rejected
under the judicially created doctrine of obviousness-type double
patenting as being unpatentable over claims 1-80 of U.S. Patent
No. 4963995.  Although the conflicting claims are not identical,
they are not patentably distinct from each other because .

    Claims 1-80 of the US patent disclose every feature of the
claim invention except the serially transmitting audio/video
information away from the transceiver as recited in claims 26,
55, 85 and 113 and the employing the digital paper for storing
the audio/video information as recited in claim 112.  However, it
is noted that it is well known in the art that the video
information is commonly transmitted in a serial manner such as
frame by frame and that the use of the digital paper to store
information is also well known.  Therefore, it would have been
obvious to one of ordinary skill in the art to recognize that the
compressed audio/video signal which is transmitted from the
transceiver as recited in claims 1, 30 and 60 of the US patent
4963995 is transmitted in a serially transmitting manner, and to
employ a digital paper to store the compressed audio/video
information in order to increase the density of stored
information.

2.   Claims 42-44, 72, 78 and 81 are rejected under the
judicially created doctrine of obviousness-type double patenting
as being unpatentable over claim 5 of U.S. Patent No. 5057932.

Serial No. 976,542                           -3-

Art Unit   2615

Although the conflicting claims are not identical, they are not

patentably distinct from each other because .

    Claim 5 of the US patent 5057932 disclose every feature of

the claimed invention except the serial transmission of the

compressed audio/video information away from a transceiver, the

employing a fiber optic port or a television antenna for

receiving audio/video information and the use of a video tape to

stored the compressed audio/video information.  However, it would

have been obvious to one of ordinary skill in the art to

recognize that the audio/video information as recited in claim 5

of the US patent 5057932 is serially transmitted away from a

transceiver, and employ a fiber optic, a television antenna and a

video tape to receiving audio/video information and to store the

compressed audio/video information because these device is well

known in the art.

3.    The obviousness-type double patenting rejection is a
judicially established doctrine based upon public policy and is
primarily intended to prevent prolongation of the patent term by
prohibiting claims in a second patent not patentably distinct
from claims in a first patent.  *In re Vogel*, 164 USPQ 619 (CCPA
1970).  A timely filed terminal disclaimer in compliance with 37
C.F.R. § 1.321(b) would overcome an actual or provisional
rejection on this ground provided the conflicting application or
patent is shown to be commonly owned with this application.  See
37 C.F.R. § 1.78(d).

4.    The prior art made of record and not relied upon is

considered pertinent to applicant's disclosure.

    Hales et al and Hook Jr. discloses apparatus for compressing

video signal.  Nakamura disclose apparatus for editing a video

Serial No. 976,542                                    -4-

Art Unit   2615


signal.

5.    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Huy Nguyen
whose telephone number is (703) 305-4775.

      Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 305-4700.


H. Nguyen:tlr
April 23, 1993

                                        TOMMY CHIN
                                        PRIMARY EXAMINER
                                        GROUP 2600

APBU-00000481

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

08/896727

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 896542 | GROUP ART UNIT 2615 | ATTACHMENT TO PAPER NUMBER | |
|---|---|---|---|---|---|
| **NOTICE OF REFERENCES CITED** | | APPLICANT(S) Lang | | | |

## U.S. PATENT DOCUMENTS

| • | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5 1 6 4 8 3 9 | 11/92 | Lang | 358 | 335 | 10/91 |
| | B | 4 9 6 3 9 9 5 | 10/90 | Lang | 358 | 335 | 12/88 |
| | C | 5 0 5 7 9 3 2 | 10/91 | Lang | 358 | 335 | |
| | D | 5 0 0 6 9 3 6 | 4/91 | Hooks Jr. | 358 | 335 | |
| | E | 4 9 8 7 5 5 2 | 1/91 | Nakamura | 358 | 335 | |
| | F | 4 9 4 3 8 6 5 | 7/90 | Hales et al | 358 | 335 | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| • | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| R | | |
| S | | |
| T | | |
| U | | |

| EXAMINER Huy Nguyen | DATE 4/16/93 |
|---|---|

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

APBU-00000482

PTO FORM 948
(REV. 7-92)

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

ATTACHMENT TO PAPER NUMBER

APPLICATION NUMBER
976542

GROUP 2618

## NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

THE PTO DRAFTSMEN REVIEW ALL ORIGINALLY FILED DRAWINGS REGARDLESS
OF WHETHER THEY WERE DESIGNATED AS INFORMAL OR FORMAL. ADDITIONALLY, THE PATENT
EXAMINER WILL ALSO REVIEW THE DRAWINGS FOR COMPLIANCE WITH THE REGULATIONS.

The drawings filed _____11/16/92_____

A. ☐ are approved by the draftsperson.

B. ☑ are objected to by the draftsperson under 37 CFR 1.84 for the reason(s) checked below. The examiner will require
submission of new, corrected drawings at the appropriate time. Corrected drawings must be submitted according to the
instructions listed on the back of this Notice.

1. Paper and ink. 37 CFR 1.84(a)

   ☐ Sheet(s)_____Poor.

2. Size of Sheet and Margins. 37 CFR 1.84(b)

   Acceptable Paper Sizes and Margins

   | Margin | 8 1/2 by 14 inches | 8 1/2 by 13 inches | DIN size A4 21 by 29.7 cm. |
   |--------|--------|--------|--------|
   | Top | 2 inches | 1 inch | 2.5 cm. |
   | Left | 1/4 inch | 1/4 inch | 2.5 cm. |
   | Right | 1/4 inch | 1/4 inch | 1.5 cm. |
   | Bottom | 1/4 inch | 1/4 inch | 1.0 cm. |

   ☐ Proper Size Paper Required.
   All Sheets Must be Same Size.
   Sheet(s) _____

   ☑ Proper Margins Required.
   Sheet(s) 1 & 3
   ☑ TOP          ☐ RIGHT
   ☑ LEFT         ☐ BOTTOM

3. Character of Lines. 37 CFR 1.84(c)

   ☑ Lines Pale or Rough and Blurred.
   Fig(s) 1-4

   ☐ Solid Black Shading Not Allowed.
   Fig(s)_____

4. ☐ Photographs Not Approved.
   _____

   ☐ Comments;

5. Hatching and Shading. 37 CFR 1.84(d)

   ☐ Shade Lines are Required.
   Fig(s) _____

   ☐ Criss-Cross Hatching Not Allowed.
   Fig(s) _____

   ☐ Double Line Hatching Not Allowed.
   Fig(s) _____

   ☐ Parts in Section Must be Hatched.
   Fig(s) _____

6. Reference Characters. 37 CFR 1.84(f)

   ☑ Reference Characters Poor or Incorrectly Sized.
   Fig(s) 1-4

   ☐ Reference Characters Placed Incorrectly.
   Fig(s) _____

7. Views. 37 CFR 1.84(i) & (j)

   ☐ Figures Must be Numbered Properly.

   ☐ Figures Must Not be Connected.
   Fig(s) _____

8. ☑ Identification of Drawings. 37 CFR 1.84(1)
   Extraneous Matter or Copy Machine
   Marks Not Allowed. Fig(s) 1-4

9. ☐ Changes Not Completed from Prior
   PTO-948 dated _____

Telephone inquires concerning this review should be directed to the Chief Draftsperson at telephone number (703) 305-8404.

_____Tarry_____                    _____12/10/92_____
Reviewing Draftsperson                          Date

Note: Any objection to the drawings made by the examiner will be communicated separately in an office action.

PTO Copy

## INFORMATION ON HOW TO EFFECT DRAWING CHANGES

1. **Correction of Informalities—37 CFR 1.85**
   File new drawing with the changes incorporated therein. The art unit number, serial number and number of drawing sheets should be written on the drawing in accordance with 37 CFR 1.84(i). Applicant may delay filing of the new drawings until receipt "Notice of Allowability" (PTOL-37). If delayed, the new drawings MUST be Filed within the THREE MONTH shortened statutory period set for response in the "Notice of Allowability" (PTOL-37). Extensions of time may be obtained under the provisions of 37 CFR 1.136. The drawing should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

   **Timing of Corrections**
   Applicant is required to submit acceptable corrected drawings within the three month shortened statutory period set in the "Notice of Allowability" (PTOL-37). Within the three month period, two weeks should be allowed for review by the Office of the correction. If a correction is determined to be unacceptable by the Office, applicant must arrange to have acceptable correction re-submitted within the original three month period to avoid the necessity of obtaining an extension of time and paying the extension fee. Therefore, applicant should file corrected drawings as soon as possible.

   Failure to take corrective action within set (or extended) period will result in ABANDONMENT of the Application.

2. **Corrections other than Informalities Noted by the Draftsperson on the PTO-940**
   All changes to the drawings, other than informalities noted by the Draftsperson, Must be made in the same manner as above except that, normally, a red ink sketch of the changes to be incorporated into the new drawings MUST be approved by the examiner before the application will be allowed. No changes will be permitted to be made, other than correction of informalities, unless the examiner has approved the proposed changes.

APBU-00000484

55 - - - 215 D. Johnson 2615
#9  10·25·93

Pet for Ext of time
①



IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen

Richard A. Lang

CASE          284

SERIAL NO.    07/976,542

FILED         November 16, 1992

SUBJECT       AUDIO/VIDEO RECORDER/TRANSCEIVER

_____

THE COMMISSIONER OF PATENTS AND TRADEMARKS
  WASHINGTON, D.C.  20231

SIR:

#### PETITION FOR EXTENSION OF TIME UNDER 37 C.F.R. 1.136

It is respectfully requested that an extension of time of one month be granted in accordance with the provisions of 37 C.F.R. 1.136 to take the action required in the application identified in caption, as reflected by the papers submitted herewith.

A check in the amount of $55.00 (small entity) is enclosed herewith in payment of the processing fee associated with this petition.

ONE MONTH EXTENSION GRANTED
     By Direction
Primary Examiner

Clerk, Group 260      Date   10-25-93

September 27, 1993
(303) 667-6741
Loveland, Colorado

Respectfully submitted,

Richard A. Lang

By
     William E. Hein
     Patent Attorney #26,465

"Express Mail" mailing label number  TB066138325
Date of Deposit  September 27, 1993
I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

William E. Hein
(Typed or printed name of person mailing paper or fee)

(Signature of person mailing paper or fee)

120 WP 10/15/93 07976542

1  215      55.00 CK

1

APBU-00000485





IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen

Richard A. Lang

CASE        284

SERIAL NO.  07/976,542

FILED       November 16, 1992

SUBJECT     AUDIO/VIDEO RECORDER/TRANSCEIVER

THE COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, D.C.  20231

SIR:

<u>AMENDMENT "A"</u>

In response to the Office Action mailed May 26, 1993, please amend the
above-identified patent application as indicated by the following:


<u>In the drawings</u>

Please amend Figure 2 of the drawings in accordance with the attached
Letter to the Chief Draftsman to correct a spelling error.


<u>In the specification</u>

Page 1, line 1, cancel the present title and substitute the new title

--BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO INFORMATION--.

120 WP 10/15/93 07976542        1 203    891.00 CK
120 WP 10/15/93 07976542        1 202    185.00 CK

<u>In the claims</u>

[Please amend claims 42, 48, 51, 53, 73-75, and 113, and add new method
claims 114-194, as indicated by the following:]

Claim 42, line 14, delete "seially" and substitute --serially--;

1

APBU-00000486

Claim 48, line 10, delete "random access";

Claim 51, line 5, delete "random access memory" and substitute --storage--;

Claim 53, line 5, delete "random access memory" and substitute --storage--;

Claim 73, line 4, delete "random";

Claim 73, line 5, delete "access";

Claim 74, line 7, delete "storing" and substitute --recording--;

Claim 75, line 4, delete "storing" and substitute --recording--;

Claim 75, line 5, delete "on said hard" and substitute --onto said removable recording--;

Claim 75, line 6, delete "copy storage"; and

Claim 113, line 9, delete the period and substitute a semicolon.

114. A method for handling audio/video source information, the method comprising:

receiving audio/video source information;

compressing the received audio/video source information into a time compressed representation thereof;

storing the time compressed representation of said audio/video source information; and

serially transmitting said stored time compressed representation of said audio/video source information in a burst time period that is shorter than a time period associated with real time viewing of said audio/video source information.

115. A method as in claim 114 further comprising the steps of:

editing the time compressed representation of said audio/video source information stored in said storage means;

storing the edited time compressed representation of said audio/video source information in said storage means; and

receiving the edited time compressed representation of said audio/video

2

APBU-00000487

source information stored in said storage means for transmission away from said audio/video transceiver apparatus.

116.  A method as in claim 115 further comprising the step of monitoring the monitoring the stored, time compressed representation of said audio/video source information to enable the user to selectively identify the time compressed representation of said audio/video source information stored in said storage means during editing.

117.  A method as in claim 114 wherein the step of transmitting comprises transmitting said time compressed representation of said audio/video source information over an optical channel.

118.  A method as in claim 114 wherein the step of transmitting comprises transmitting said time compress representation of said audio/video source information over a telephone transmission channel.

119.  A method as in claim 114 wherein the step of storing comprises storing the time compressed representation of said audio/video source information on an optical disc.

120.  A method as in claim 114 wherein the step of storing comprises storing the time compressed representation of said audio/video source information in a semiconductor memory.

121.  A method as in claim 114 wherein:

said audio/video source information comprises analog audio/video source information;

said method further comprises the step of converting said analog audio/video source information to corresponding digital audio/video source information;

said step of compressing comprises compressing said corresponding digital audio/video source information into a digital time compressed representation thereof; and

said step of storing comprises storing said digital time compressed representation of said corresponding digital audio/video source information.

3

APBU-00000488

122. A method as in claim 114 wherein:

said audio/video source information comprises digital audio/video source information;

said step of compressing comprises compressing said digital audio/video source information into a digital time compressed representation thereof; and

said step of storing comprises storing said digital time compressed representation of said digital audio/video source information.

123. A method as in claim 121 wherein said analog audio/video source information comprises information received from an external television camera.

124. A method as in claim 121 wherein said analog audio/video source information comprises information received from an external analog video tape recorder.

125. A method as in claim 121 wherein said analog audio/video source information comprises information received from an external television RF tuner.

126. A method as in claim 121 wherein said analog audio/video source information comprises information transmitted by a remotely located television transmitter.

127. A method as in claim 121 wherein said analog audio/video source information comprises information received from an external cable television system.

128. A method as in claim 122 wherein said digital audio/video source information comprises computer-generated audio/video information.

129. A method as in claim 122 wherein said digital audio/video source information comprises information received over a fiber optic transmission line.

130. A method for handling audio/video source information, the method comprising:

receiving audio/video source information as a time compressed representation thereof, said audio/video source information comprising a

4

APBU-00000489

multiplicity of video frames in the form of one or more full motion video

programs, said time compressed representation of said audio/video source

information being received over an associated burst time period that is

shorter than a time period associated with real time viewing of said

audio/video source information;

storing the time compressed representation of said audio/video source

information received by said input means; and

serially transmitting said stored time compressed representation of

said audio/video source information away from said audio/video transceiver

apparatus.

131. A method as in claim 130 wherein said audio/video source

information comprises information received from a video library, said video

library storing a multiplicity of programs, each of said programs comprising a

multiplicity of video frames in the form of a full motion video program, each

of said programs being stored in said time compressed representation for

selective retrieval, in said associated burst time period over a fiber optic

transmission line, by the user.

132. A method as in claim 130 wherein said audio/video source

information comprises information received from a video library, said video

library storing a multiplicity of programs, each of said programs comprising a

multiplicity of video frames in the form of a full motion video program, each

of said programs being stored in said time compressed representation for

selective retrieval, in said associated burst time period, over a

communication link.

133. A method as in claim 114 further comprising the steps of:

selectively decompressing said time compressed representation of said

audio/video source information stored in said storage means; and

editing said selectively decompressed time compressed representation of

said audio/video source information; and

storing said edited selectively decompressed time compressed

APBU-00000490

representation of said audio/video source information in said storage means.

134.  A method as in claim 114 further comprising the steps of:

selectively decompressing said time compressed representation of said audio/video source information stored in said storage means;

editing said selectively decompressed time compressed representation of said audio/video source information;

recompressing the edited selectively decompressed time compressed representation of said audio/video source information; and

storing the recompressed selectively decompressed time compressed representation of said audio/video source information.

135.  A method as in claim 114 further comprising the steps of:

selectively decompressing the time compressed representation of said audio/video source information stored in said storage means; and

visually displaying the selectively decompressed time compressed representation of said audio/video source information for viewing by a user.

136.  A method as in claim 121 further comprising the steps of:

selectively decompressing the digital time compressed representation of said corresponding digital audio/video source information stored in said storage means;

editing the decompressed digital time compressed representation of said corresponding digital audio/video source information; and

storing the edited decompressed digital time compressed representation of said corresponding digital audio/video source information in said storage means.

137.  A method as in claim 136 further comprising the step of visually displaying the decompressed digital time compressed representation of said corresponding digital audio/video source information for selective viewing by a user during editing.

138.  A method as in claim 121 further comprising the steps of:

selectively decompressing the digital time compressed representation of

6

said corresponding digital audio/video source information stored in said

storage means; and

visually displaying the decompressed digital time compressed

representation of said corresponding digital audio/video source information

for selective viewing by a user.

139.  A method as in claim 122 further comprising the steps of:

selectively decompressing the digital time compressed representation of

said digital audio/video source information stored in said storage means;

editing the decompressed digital time compressed representation of said

digital audio/video source information; and

storing the edited decompressed digital time compressed representation

of said digital audio/video source information in said storage means.

140.  A method as in claim 139 further comprising the step of visually

displaying the decompressed digital time compressed representation of said

digital audio/video source information for selective viewing by a user during

editing.

141.  A method as in claim 122 further comprising the steps of:

selectively decompressing the digital time compressed representation of

said digital audio/video source information stored in said storage means; and

visually displaying the decompressed digital time compressed

representation of said digital audio/video source information for selective

viewing by a user.

142.  A method as in claim 121 wherein said analog audio/video source

information is received from a video tape recorder.

143.  A method for handling audio/video source information, the method

comprising:

providing a network that includes a plurality of audio/video

transceivers, coupled via one or more communications links;

receiving audio/video source information at one or more of said

plurality of audio/video transceivers, said audio/video source information

APBU-00000492

comprising a multiplicity of video frames in the form of one or more full
motion video programs;

compressing said audio/video source information into a time compressed
representation thereof having an associated burst time period that is shorter
than a time period associated with real time viewing of said audio/video
source information;

storing the time compressed representation of said audio/video source
information; and

serially transmitting said stored time compressed representation of
said audio/video source information in said burst time period to another one
of said plurality of audio/video transceivers.

144.  A method as in claim 143 wherein said audio/video source
information is received over one or more optical transmission channels and the
stored time compressed representation of the received audio/video source
information is transmitted over one or more optical transmission channels.

145.  A method as in claim 143 wherein the stored time compressed
representation of the received audio/video source information is transmitted
over one or more telephone transmission channels.

146.  A method as in claim 143 wherein said time compressed
representation of said audio/video source information is stored in an optical
disc memory.

147.  A method as in claim 143 wherein said time compressed
representation of said audio/video source information is stored in a
semiconductor memory.

148.  A method as in claim 143 wherein one of said plurality of
audio/video transceivers stores a library comprising a multiplicity of items
of audio/video source information in said time compressed representation for
selective transmission, in said associated burst time period, to another one
of said audio/video transceivers.

149.  A method as in claim 143 further comprising the step of recording

8

the time compressed representation of said audio/video source information
stored in said storage means onto a removable recording medium.

SUBDIS    150.  A method as in claim 143 further comprising the steps of:
decompressing the time compressed representation of said audio/video
source information stored in said storage means; and
storing the decompressed time compressed format representation of said
audio/video source information onto a removable recording medium.

151.  A method as in claim 149 wherein said stored time compressed
representation of said audio/video source information is recorded onto a
magnetic tape within a video tape recorder.

152.  A method as in claim 150 wherein said stored time compressed
representation of said audio/video source information is recorded onto a
magnetic tape within a video tape recorder.

153.  A method as in claim 149 wherein said stored time compressed
representation of said audio/video source information is recorded onto one or
more write-once read-many (WORM) optical discs within an optical disc drive.

154.  A method as in claim 150 wherein said stored time compressed
representation of said audio/video source information is recorded onto one or
more write-once read-many (WORM) optical discs within an optical disc drive.

155.  A method as in claim 149 wherein said stored time compressed
representation of said audio/video source information is recorded onto one or
more erasable optical discs within an optical disc drive.

156.  A method as in claim 150 wherein said stored time compressed
representation of said audio/video source information is recorded onto one or
more erasable optical discs within an optical disc drive.

SUBDIS    157.  A method as in claim 114 further comprising the step of recording
the stored time compressed representation of said audio/video source
information onto a removable recording medium.

158.  A method as in claim 115 further comprising the step of recording
the edited time compressed representation of said audio/video source

9

information onto a removable recording medium.

159.  A method as in claim 158 further comprising the step of visually displaying said time compressed representation of said audio/video source information stored on said removable recording medium for selective viewing by a user.

SUBD(7) 160.  A method as in claim 130 further comprising the step of recording said time compressed representation of said audio/video source information stored in said storage means onto a removable recording medium.

161.  A method as in claim 133 further comprising the step of recording the edited decompressed time compressed representation of said audio/video source information stored in said storage means onto a removable recording medium.

SUBD(2) 162.  A method as in claim 114 further comprising the steps of:

selectively decompressing the time compressed representation of said audio/video source information stored in said storage means; and

recording the selectively decompressed time compressed representation of said audio/video source information stored in said random access storage means onto a removable recording medium.

163.  A method as in claim 155 further comprising the steps of:

recording the selectively decompressed time compressed representation of said audio/video source information onto a removable recording medium; and

visually displaying the selectively decompressed time compressed representation of said audio/video source information stored on said removable recording medium for viewing by a user.

164.  A method as in claim 122 wherein said digital audio/video source information is received from a CD-ROM.

165.  A method as in claim 122 wherein said digital audio/video source information is received from an erasable optical disc.

166.  A method as in claim 122 wherein said audio/video source information comprises a time compressed representation thereof received from a

10

television RF tuner.

167. A method as in claim 114 further comprising the step of recording the stored time compressed representation of said audio/video source information onto a magnetic recording medium.

168. A method as in claim 115 further comprising the step of recording the stored edited time compressed representation of said audio/video source information onto a magnetic recording medium.

169. A method as in claim 130 further comprising the step of recording the stored time compressed representation of said audio/video source information onto a magnetic recording medium.

170. A method as in claim 133 further comprising the step of recording the edited decompressed time compressed representation of said audio/video source information onto a magnetic recording medium.

171. A method as in claim 114 further comprising the steps of:

selectively decompressing the time compressed representation of said audio/video source information stored in said storage means; and

recording the selectively decompressed time compressed representation of said audio/video source information stored in said storage means onto a magnetic storage medium.

172. A method as in claim 135 further comprising the step of recording the selectively decompressed time compressed representation of said audio/video source information onto a magnetic recording medium.

173. A method for handling analog and/or digital audio/video source information, the method comprising the steps of:

receiving analog and/or digital audio/video source information, said analog and/or digital audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs;

converting received analog audio/video source information to corresponding digital audio/video source information;

converting received digital audio/video source information to

11

corresponding analog audio/video source information;

compressing said received digital or converted corresponding digital audio/video source information into a time compressed representation thereof, said time compressed representation having an associated burst time period that is shorter than a time period associated with real time viewing of said digital or corresponding digital audio/video source information;

decompressing said time compressed representation into a decompressed real time representation of said digital or corresponding digital audio/video source information;

storing said decompressed real time representation of said digital or corresponding digital audio/video source information; and

serially transmitting said time compressed representation away from said audio/video transceiver apparatus to a selected destination in said burst time period.

174. A method as in claim 173 further comprising the step of supplying timing information for association with said time compressed representation of said digital or corresponding digital audio/video source information.

175. A method as in claim 173 further comprising the step of recording said received analog or corresponding analog audio/video source information onto a recording medium.

176. A method as in claim 173 further comprising the step of recording said digital or corresponding digital audio/video source information onto a recording medium.

177. A method as in claim 175 wherein said received analog or corresponding analog audio/video source information is recorded onto a magnetic tape recording medium.

178. A method as in claim 176 wherein said received digital or corresponding digital audio/video source information is recorded onto a magnetic tape recording medium.

179. A method as in claim 176 wherein said received digital or

12

APBU-00000497

corresponding digital audio/video source information is recorded onto a CD-
ROM.

180.  A method as in claim 176 wherein said received digital or
corresponding digital audio/video source information is recorded onto a WORM
optical disc.

181.  A method as in claim 176 wherein said received digital or
corresponding digital audio/video source information is recorded onto an
erasable optical disc.

182.  A method as in claim 173 wherein said received analog and/or
digital audio/video source information is received from an audio/video
recording and playback apparatus.

183.  A method as in claim 173 wherein said digital audio/video source
information is received over a high speed bus.

184.  A method as in claim 183 wherein said digital audio/video source
information is received over an optical bus.

185.  A method as in claim 173 wherein said audio/video source
information is received over a fiber optic channel.

186.  A method as in claim 114 further comprising the steps of:
     editing said time compressed representation of said audio/video source
information; and
     storing the edited time compressed representation of said audio/video
source information in said storage means.

187.  A method as in claim 114 wherein said audio/video source
information is received over a microwave link and wherein said time compressed
representation of said audio/video source information stored in said storage
means is transmitted over a microwave link.

188.  A method as in claim 114 wherein said time compressed
representation of said audio/video source information is stored in a bubble
memory.

189.  A method as in claim 114 wherein said time compressed

13

representation of said audio/video source information is stored on one or more magnetic disks.

190.  A method as in claim 114 wherein said time compressed representation of said audio/video source information is stored on digital paper.

191.  A method as in claim 143 wherein said time compressed representation of said audio/video source information is stored in a bubble memory.

192.  A method as in claim 143 wherein said time compressed representation of said audio/video source information is stored on one or more magnetic disks.

193.  A method as in claim 143 wherein said time compressed rerpesentation of said audio/video source information is stored on digital paper.

194.  A method for handling audio/video source information, the method comprising:

providing a network that includes a plurality of audio/video transceivers, coupled via one or more communications links;

receiving, at one or more of said audio/video transceivers, audio/video source information, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs, said audio/video source information being received as a time compressed representation thereof having an associated burst time period that is shorter than a time period associated with real time viewing of said audio/video source information.

storing the time compressed representation of said audio/video source information; and

serially transmitting said stored time compressed representation of said audio/video source information in said burst time period to another one of said plurality of audio/video transceivers.

14

<u>Remarks</u>

The title has been amended to reflect the presently claimed subject matter.  Figure 2 of the drawings has been amended to correct a spelling error.  Claims 42, 48, 51, 53, 73-75, and 113 have been amended to correct some typographical errors and language inconsistencies that have come to applicants' attention.  New method claims 114-194, directed to the method which the apparatus of claims 26-113 is designed to perform, have been added to provide the scope of claims coverage to which applicant believes he is entitled.

Claims 26-113 have been variously rejected under the judicially created doctrine of double patenting as being unpatentable over various claims of U.S. Patent Nos. 4,963,995 and 5,057,932, commonly owned with the present application.  Applicant submits herewith a terminal disclaimer under 37 CFR 1.321(b) that is believed to overcome the outstanding double patenting rejection.

It is therefore respectfully submitted that this application is now in condition for allowance of previously pending apparatus claims 26-113, as well as method claims 114-194, presented herewith.  Favorable action is accordingly solicited.

Respectfully submitted,

Richard A. Lang

By _____
William E. Hein
Patent Attorney #26,465

September 27, 1993
(303) 667-6741
Loveland, Colorado

15

"Express Mail" mailing label number  TB066138325
Date of Deposit ___September 27, 1993___

I hereby certify that this paper or fee is being deposited with
the United States Postal Service "Express Mail Post Office to
Addressee" service under 37 CFR 1.10 on date indicated above
and is addressed to the Commissioner of Patents and Trade-
marks, Washington, D.C. 20231.

___William E. Hein___
(Type or printed name of person mailing paper or fee)

_____
(Signature of person mailing paper or fee)



| AMENDMENT TRANSMITTAL LETTER | | | Docket Number (Optional) 284 |
|---|---|---|---|
| Application Number 07/976,542 | Filing Date 11/16/92 | Examiner H. Nguyen | Group Art Unit 2615 |

Invention Title
AUDIO/VIDIO RECORDER/TRANSCEIVER

**TO THE COMMISSIONER OF PATENTS AND TRADEMARKS**
Transmitted herewith is an amendment in the above - identified application.

[X][X] Small Entity status of this application has been established under 37 CFR 1.27 by a verified statement previously submitted.

[ ] A verified statement to establish Small Entity status under 37 CFR 1.27 is enclosed.

[ ] No additional fee is required.

[xx] The fee has been calculated as shown below:

CLAIMS AS AMENDED

| | (1) CLAIMS REMAINING AFTER AMENDMENT | | (2) HIGHEST NUMBER PREVIOUSLY PAID FOR | | (3) PRESENT NUMBER EXTRA | RATE | FEE |
|---|---|---|---|---|---|---|---|
| TOTAL CLAIMS | * 169 | minus | ** 88 | | 81 | x $22 | 1782 |
| INDEPENDENT CLAIMS | * 10 | minus | *** 5 | | 5 | x $74 | 370 |
| MULTIPLE DEPENDENT CLAIM ADDED | | | | | | $230 | |
| | | | | | | TOTAL | $2152 |
| | If applicant has small entity status under 37 CFR 1.9 and 1.27, then divide total fee by 2, and enter amount here. | | | | | SMALL ENTITY TOTAL | $1076 |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3
** If the highest number previously paid for IN THIS SPACE is less than 20, enter "20".
*** If the highest number previously paid for IN THIS SPACE is less than 3, enter "3".
The "highest number previously paid for" (total or independent) is the highest number found in the appropriate box in column 1.

[ ] Please charge Deposit Account Number _____ in the amount of $ _____ .
    A duplicate copy of this sheet is enclosed.

[XX] A check in the amount of $ 1186.00 _____ to cover the filing fee XXXXXXXX, the terminal disclaimer fee and the processing fee is enclosed.

[ ] The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to Deposit Account Number _____ .
    A duplicate copy of this sheet is enclosed.

[ ] Any additional filing fees required under 37 CFR 1.16.

[ ] Any patent application processing fees under 37 CFR 1.17.

___9/27/93___
Date

_____
Signature

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

APBU-00000501

*D. Johnson*

*#11  10-25-9?*
*letter to draftsman*

IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen

Richard A. Lang

CASE        284

SERIAL NO.  07/976,542

FILED       November 16, 1992

SUBJECT     AUDIO/VIDEO RECORDER/TRANSCEIVER

THE COMMISSIONER OF PATENTS AND TRADEMARKS
   WASHINGTON, D.C.  20231

SIR:

## LETTER TO THE CHIEF DRAFTSMAN

Subject to the approval of the Examiner, please amend Figure 2 of the drawings in the above-identified patent application to correct an error in spelling, as indicated in red on the attached copy of that drawing figure.

Respectfully submitted,

Richard A. Lang

By _____
         William E. Hein
         Patent Attorney #26,465

September 27, 1993
(303) 667-6741
Loveland, Colorado

"Express Mail" mailing label number TB066138325
Date of Deposit     September 27, 1993
I hereby certify that this paper or fee is being deposited with
the United States Postal Service "Express Mail Post Office to
Addressee" service under 37 CFR 1.10 on date indicated above
and is addressed to the Commissioner of Patents and Trade-
marks, Washington, D.C. 20231.
         William E. Hein
(Typed or printed name of person mailing paper or fee)
_____
(Signature of person mailing paper or fee)

1

**APBU-00000502**



VIDEO OUT

RF OUT

RGB OUT

A/V
TRANS/REC
IN/OUT

_19_ RF MODULATOR.

_21_ RGB CONVERTER WITH SYNC.

_22_ AUDIO/VIDEO TRANS/REC.

_45_ KEYPAD

CONTROLLER

_39_

_38_

A

B

_11_ AVRU

_23_ MEDIA

_48_

_47_

_48_

_12_

_28_ CPU

_29_ RAM

_26_ COMP/DECOM

_27_ CONT-ROLLER

VCU

_24_ A/D

_25_ D/A

_43_

_13_ MEMORY

_34_

_15_

_14_

_33_ ROM

_32_ CONTROLLER

_31_ CPU

_34_

_35_ OFF

_36_ OFF

_37_ OFF

_15_ VIDEO LINE OR CAMERA INPUT

_16_ TV RF TUNER

_17_ AUX. DIGITAL INPUT

_18_ FIBER OPTIC INPUT/OUTPUT PORT

_10_

FIG. 2

APBU-00000503

55 — 148     2615

#12

IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen



Richard A. Lang

CASE          284

SERIAL NO.    07/976,542

FILED         November 16, 1992

SUBJECT       AUDIO/VIDEO RECORDER/TRANSCEIVER

---

THE COMMISSIONER OF PATENTS AND TRADEMARKS
  WASHINGTON, D.C.  20231

SIR:

### TERMINAL DISCLAIMER

Petitioner, Explore Technology, Inc., is the owner of the entire right, title, and interest in both the instant application and U.S. Patent No. 4,963,995 by virtue of an Assignment recorded at Reel 5274, Frame 0916 of the assignment records in the United States Patent and Trademark Office, a copy of which recorded Assignment is attached hereto.

Petitioner hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application, which would extend beyond the expiration date of the full statutory term defined in 35 U.S.C. 154 to 156 and 173, as presently shortened by any terminal disclaimer, of prior U.S. Patent No. 4,963,995. Petitioner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, petitioner does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. 154 to 156 and 173 of the prior patent, as presently shortened by any terminal disclaimer, in the event that it later:  expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdication, is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321, has all claims canceled by a reexamination certificate, is reissued or is in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer.

The undersigned officer of the corporate petitioner, Explore Technology, Inc., has reviewed all of the documents in the chain of title of

120 WP 10/15/93 07976542          1 148     55.00 CK

1

the instant patent application and, to the best of undersigned's knowledge and belief, title is in the petitioner, Explore Technology, Inc.

The undersigned, whose title is supplied below, is empowered to act on behalf of the corporate petitioner, Explore Technology, Inc.

The terminal disclaimer fee required by 37 CFR 1.20(d) is attached hereto.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further, that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Respectfully submitted,

EXPLORE TECHNOLOGY, INC.

By _____

Typed Name Richard A. Lang

Title Chairman

Date 9-23-93

2

ASSIGNMENT

WHEREAS, Richard A. Lang, Lisa Walters, and G. Peter Spiess are the joint and exclusive owners, by assignment, of the entire right, title, and interest in and to United States Patent Application Serial No. 07/289,776 entitled VIDEO RECORDER/TRANSMITTER filed on December 27, 1988; and

WHEREAS, Explore Technology, Inc., an Arizona corporation, is desirous of acquiring the entire right, title, and interest in and to said United States Patent Application Serial No. 07/289,776, the inventions covered thereby, and any Letters Patent that may be granted therefor in the United States and in any and all foreign countries;

NOW, THEREFORE, in consideration of Ten Dollars ($10.00) to us in hand paid, the receipt of which is hereby acknowledged, and other good and valuable consideration, we have sold, assigned and transferred, and by these presents do sell, assign and transfer unto said Explore Technology, Inc. our entire right, title and interest in and to said inventions in the United States and its territorial possessions and in all foreign countries and our entire right, title and interest in and to any and all Letters Patent which may be granted therefor in the United States and its territorial possessions and in any and all foreign countries and in and to all divisions, reissues, continuations and extensions thereof; provided, however, that our entire right, title, and interest conveyed hereby shall revert to us in the event that Explore Technology, Inc. fails to move forward diligently to develop, produce, and market a product as generally described in said United States Patent Application Serial No. 07/289,776 during such time as Explore Technology, Inc. is controlled by an entity or entities other than ourselves.

We hereby authorize and request the Patent and Trademark Officials in the United States and any and all foreign countries to issue any and all of said Letters Patent, when granted, to said Explore Technology, Inc. as the assignee of our entire right, title, and interest in and to the same, for the sole use and enjoyment of said Explore Technology, Inc., its successors and assigns.

Further, we agree that we will communicate to Explore Technology, Inc., or its designated representatives, any facts known to us respecting said inventions, and testify in any legal proceedings, sign all lawful papers, execute all division, continuation, substitution, renewal and reissue applications, execute all necessary assignment papers to cause any and all of said Letters Patent to be issued to said Explore Technology, Inc., make all rightful oaths, and generally do everything necessary or desirable to aid said Explore Technology, Inc., its successors and assigns, to obtain and enforce proper protection for said inventions in the United States and in any and all foreign countries.

IN WITNESS WHEREOF, we have hereunto set our hands and seals.

_____    Date _March 28, 1990_
Richard A. Lang

_____    Date _March 28, 1990_
Lisa Walters

_____    Date _MARCH 27, 1990_
G. Peter Spiess

REEL 5274 FRAME 916

1

STATE OF CALIFORNIA    )
                       ) ss.
County of Mendocino    )

    Before me this 26th day of March, 1990, personally appeared Richard A. Lang and Lisa Walters, who are to me personally known, and acknowledged the foregoing assignment to be their free act and deed.

OFFICIAL SEAL
BARBARA J. DOUGLAS
NOTARY PUBLIC - CALIFORNIA
MENDOCINO COUNTY
My Comm. Expires Oct. 22, 1993

_Barbara J. Douglas_
Notary Public

My commission expires: _10-22-93_


STATE OF ARIZONA     )
                     ) ss.
County of Maricopa   )

    Before me this 27th day of March, 1990, personally appeared G. Peter Spiess, who is to me personally known, and acknowledged the foregoing assignment to be his free act and deed.

_Karen C. Hill_
Notary Public former name: Newell

(SEAL)

My commission expires: _May 25, 1991_

REEL 5274 FRAME 917

RECORDED
PATENT AND TRADEMARK
OFFICE

APR - 4 1990

2

APBU-00000507



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/976,542 | 11/16/92 | LANG | | R    284 |

|  |  |
|---|---|
| | EXAMINER |
| | NGUYEN, H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2615 | *13* |

26M2/0210

WILLIAM E. HEIN
ATTORNEY AT LAW
P.O. BOX 335
LOVELAND, COLORADO 80539

DATE MAILED:    02/10/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☒ Responsive to communication filed on *Sep 27, 1993*    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire *three* month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims ___*26 — 194*___ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims ___*1 — 25*___ have been cancelled.

3. ☒ Claims *55-68, 85-104, 113, 143-156, 175-185 and 194* are allowed.

4. ☒ Claims *26, 29-32, 41-42, 76-78, 106-112, 114, 117-129 130, 143, 157, 160-169 and 187-193* are rejected.

5. ☒ Claims *27-28, 43-49, 50-54, 69-71, 72-73, 74-75, 115-116 133-141, 158-159, 171-172, 186, 131-132, 186* are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appeears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

Serial Number: 07/976,542                                    -2-

Art Unit: 2615

1.    Claim 162 is rejected under 35 U.S.C. § 112, second

paragraph, as being indefinite for failing to particularly point

out and distinctly claim the subject matter which applicant

regards as the invention.

    There is no antecedent basis for "said storage means" and

"random access storage means", lines 3 and 5.

2.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in
    section 102 of this title, if the differences between the
    subject matter sought to be patented and the prior art are
    such that the subject matter as a whole would have been
    obvious at the time the invention was made to a person
    having ordinary skill in the art to which said subject
    matter pertains.  Patentability shall not be negatived by
    the manner in which the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

3.    Claims 26 , 29-32,41-42,76-78, 106-112,114, 117-

129,130, 142, 157, 160 , 164-169 and 187-193 are rejected

under 35 U.S.C. § 103 as being unpatentable over Keith et al in

view of Arnon et al.

    Keith et al discloses an apparatus (fig 2) comprises means

(230)for compressing the digital motion video signal, means (18)

for storing the compressed motion video signal, means (26,

APBU-00000509

Serial Number: 07/976,542                                    -3-

Art Unit: 2615

fig 1)for transmitting the compressed signal, means (30, fig 1)
for decompressing the compressed digital motion signal and means
for storing the compressed digital motion signal is a magnetic
disk or optical disk, or a magnetic disk or tape (column 43,
lines 23-31).

Keith et al fails to specifically teach the motion video
signal is compressed and transmitted in a burst time period.

Arnon et al teaches the technique and concept of compressing
and transmitting the a digital signal in a burst time period (See
column 1, lines 20-46). It would have been obvious to one of
ordinary skill in the art to employ the technique and concept of
compressing and transmitting a digital signal in a burst time
period as taught by Arnon et al into Keith et al in to compress
and transmitting the digital motion video signal in a burst time
period in order to increase the density of the digital motion
video signal information to be stored and transmitting the
digital motion signal with a high speed.

Keith et al fails to specifically teach the motion video
signal inputted from a tuner, video tape recorder or a camera.
However it is noted that a motion video signal which is produced
from a tuner, camera and video tape recorder is well known in the
art. Therefore it would have been obvious to one of ordinary
skill in the art to employ a tuner, camera or videotape recorder
into Keith et al for receiving or producing the video signal.

Serial Number: 07/976,542                                    -4-

Art Unit: 2615

Keith et al fails to specifically teach the video signal is
transmitted over an optical line or a telephone line. However it
is noted that transmitting a signal over an optical line or a
telephone line is well known in the art. Therefore it would have
been obvious to one of ordinary skill in the art to employ an
optical line or telephone line for transmitting the video signal
of Keith et al.

Keith et al fails to specifically teach storage medium
comprising a semiconductor memory. It is noted that employing a
semiconductor memory to store a signal is well known in the art.
Therefore it would have been obvious to one of ordinary skill in
the art to employ a semiconductor memory such as memory card or
RAM into Keith et al for storing the video signal.

4.    Claims 27-28,43-49,50-54, 69-71, 72-73, 74-75, 115-116,
133-141, 158-159, 171-172,186,131-132 and 186 are objected to as
being dependent upon a rejected base claim, but would be
allowable if rewritten in independent form including all of the
limitations of the base claim and any intervening claims.

5.    Claim 162 would be allowable if rewritten to overcome the
rejection under 35 U.S.C. § 112 and to include all of the
limitations of the base claim and any intervening claims.

6.    Claims 55-68, 85-104 , 113,143-156, 175-185 and 194
allowable over the prior art of record.

( Claim 13 —            )