recognition of the need for time compression of audio/video source information
or of the transmission of time compressed audio/video source information in a
burst time period, let alone of applicant's specifically claimed apparatus and
method for doing so.  In fact, Izeki et al. teaches away from applicant's
claimed invention by focussing on the end result of producing an analog master
tape within the apparatus (see column 6, line 60 through column 7, line 3 of
Izeki et al.).  The element 80 of Izeki et al., cited by the Examiner as being
the equivalent of applicant's claimed output means, is nothing more than an
interface to a storage device such as a magnetic tape (see column 6, lines 62-
63 and column 8, lines 30-31 of Izeki et al., for example.)  Neither interface
80 of Izeki et al. nor any other element described in that reference has the
capability of applicant's specifically claimed output means to serially
transmit a time compressed representation of audio/video source information
away from the audio/video tranceiver in a burst time period that is shorter
than a time period associated with real time viewing of the audio/video source
information.  Regardless of applicant's acknowledgment is his specification as
to the commercial availability of components from which his invention could be
fabricated, any attempted combination of these components, as suggested by the
Examiner, in the apparatus taught by Izeki et al. would amount to a
reconstruction of applicant's invention using hindsight.  It is well settled
law that in making a determination as to obviousness, the references must be
read without the benefit of applicant's teachings.  In re Meng, 181 USPQ 94,
97 (CCPA, 1974); In re Clifton, 527 F.2d 1226, 1888 USPQ 365 (CCPA, 1976).

Eggers et al. adds nothing to the teachings of Izeki et al. so as to
render applicant's claims obvious.  Rather, Eggers et al. is directed to an
analog system for use by hotels that permits guests to access video programs,
for example, from a central video library, much as audio recordings are
selected from a jukebox.  A limited number of video playback devices are
provided at the central video library.  The playback devices are connected to
a common cable network that permits a hotel guest to view a selected video

APBU-00000552

Dockets.Justia.com

program on his or her display terminal.  The emphasis of the Eggers et al. reference is on a mechanical video cartridge handler that serves to mechanically retrieve a selected video cartridge from the central video library for playback on one of the centrally located playback devices.  Like Izeki et al., the Eggers et al. reference contains absolutely no showing or suggestion whatsoever of time compression of audio/video source information or of the burst transmission of that time compressed audio/video source information, as specifically taught and claimed by applicant.  Thus, it is applicant's position that combining these references as suggested by the Examiner would again amount to a reconstruction of applicant's invention using hindsight.  Even assuming arguendo that the references could be combined without the benefit of applicant's teachings, it is submitted that they cannot be combined in an operative fashion since Izeki et al. is directed to a digital system and Eggers et al. is directed to an incompatible analog system.  In re Lintner, 458 F.2d 1013, 173 USPQ 560, 562 (CCPA, 1972); In re Regel, 526 F.2d 139, 188 USPQ 136 (CCPA, 1975); In re Jansson, 609 F.2d 996, 20 USPQ 976 (CCPA, 1979).  Moreover, any such combination would still fail to yield applicant's specifically claimed invention, again for the reasons set forth in detail hereinabove.

In view of the foregoing amendments and remarks, it is respectfully submitted that applicant's pending claims 27-41, 43-68, 70-113, 115-129, and 131-194 are clearly patentable over the references of record, taken alone or in any combination, and that this application is now in condition for allowance.  Favorable action is accordingly solicited.

Respectfully submitted,

Richard A. Lang

By _____
William E. Hein
Patent Attorney #26,465

August 28, 1995
(970) 667-6741
Loveland, Colorado

APBU-00000553



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|

07/976,542    11/16/92    LANG

26M2/1128

WILLIAM E. HEIN
ATTORNEY AT LAW
P.O. BOX 335
LOVELAND, COLORADO 80539

R    284

| EXAMINER |
|---|
| NGUYEN, H |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 20 |

2615

DATE MAILED:    11/28/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☒ Responsive to communication filed on _Aug. 28, 95_ ☒ This action is made final.

A shortened statutory period for response to this action is set to expire _O2_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _27-41, 43-68, 70-113, 115-129 and 131-194_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _1-26, 42, 69, 114 and 130_ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _27-41, 43-68, 70-113, 115-129 and 131-194_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

APBU-00000554

Serial Number: 976,542                                    -2-

Art Unit: 2615

1.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in
> section 102 of this title, if the differences between the
> subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been
> obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject
> matter pertains.  Patentability shall not be negatived by
> the manner in which the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

2.    Claims 27-41,43-68,70-113,115-129 and 131-194 are rejected

under 35 U.S.C. § 103 as being unpatentable over Izeki et al in

view of the admitted prior art in the specification at pages 7-8

and Eggers et al for the same reason as set forth in the previous

office action, paper No 16.

3.    Claim 101 is rejected under 35 U.S.C. § 103 as being

unpatentable over Izeki et al in view of the admitted prior art

in the specification and Eggers et al as applied to claim 98

above, and further in view of Muramoto et all for the same reason

as set forth in the previous office action , paper No 16.

Serial Number: 976,542                                              -3-

Art Unit: 2615

### *Response to Amendment*

4.   Applicant's arguments filed Aug 28,1995 have been fully
considered but they are not deemed to be persuasive.

In Remarks at pages 6-7, applicant argues that Izeki et al
fails to teach that the video/audio source information  are a
time compressed representation  having an associated burst time
period that is shorter than the time required to effect real time
viewing of the video/audio source information. The examiner
admits that Izeki et al fails to specifically teach that, the
video/audio information are time- compressed . However, it is
noted that the technique and concept and even the device for
compressing the information at high compression ratio for purpose
of saving space on a storage medium and increasing the storage
capacity of the storage medium are well known in the art as well
as available in market at the time of the invention was made as
admitted by the applicant in the specification at pages 7-8 .
Therefore, with the benefit of increasing the storage capacity of
a storage medium, one of ordinary skill in the art would be
motivated to use the well known compressing means as admitted by
the applicant for compressing the video/audio information of
Izeki et al at a high compression ratio so that the video/audio
information of a real time period (the time required for viewing
video information) can be compressed in a burst time period (a
very short time period ) in order to increase the storage

APBU-00000556

Serial Number: 976,542                                    -4-

Art Unit: 2615

capacity of the storage medium of Izeki et al, and as a result,
the compresses  video/audio information are transmitted with the
period that they are compressed into. Since the combination or
modification of the Izeki et al with the compressing means is
suggested  and disclosed by the prior art at as admitted by the
applicant , the combination of Izeki et al and the prior art
admitted by the applicant is proper

    In Remarks at page 8, applicant argues that " even assuming
arguendo that the references could be combined without benefit of
applicant's teachings, it is submitted that they cannot be
combined in an operative fashion since Izeki et al. is directed
to a digital system and Eggers et al. is directed to an
incompatible analog system". In response, it is submitted that
employing  an A/D converter means to converting a analog
video/audio information to a digital video/audio information is
well known in the art and as shown by Izeki et al. Therefore ,
the Izeki et al. system would be compatible with the Eggers
system by converting the analog video/audio signal of the Eggers
into digital video/audio signal for processing, editing and
storing . Since it is well known that the digital signal would
provide  a high quality more than an analog signal, one of
ordinary skill in the art would be motivated combine Izeki et al
with Eggers in order to improve the quality of the video/audio
signal.

APBU-00000557

Serial Number: 976,542                                                    -5-

Art Unit: 2615

5.    **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the

extension of time policy as set forth in 37 C.F.R. § 1.136(a).


     A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.


6. The information disclosure statement is not considered because

the IDS fails to be provided with a petition, fee and

certification of timely filed.


   7.  Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Huy Nguyen
whose telephone number is (703) 305-4775.


                                        TOMMY P. CHIN
                                   SUPERVISORY PATENT EXAMINER
                                          GROUP 2600
H.N
November 27, 1995



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/976,542 | 11/16/92 | LANG | R | 284 |

WILLIAM E. HEIN                          28M2/0625
ATTORNEY AT LAW
P.O. BOX 335
LOVELAND, COLORADO 80539

| | EXAMINER |
|---|---|
| | NGUYEN, H |
| ART UNIT | PAPER NUMBER |
| 2615 | 2-1 |

DATE MAILED:
06/25/96

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☐ Applicant's failure to respond to the Office letter, mailed _____.

2. ☒ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____.

   ☐ The issue fee has not been received in Allowed Files Branch as of _____.

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17(i), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.
   ☐ The corrected and/or substitute drawings were received on _____.

6. ☐ The reason(s) below.

TOMMY P. CHIN
SUPERVISORY PATENT EXAMINER
GROUP 2600

PTO-1432 (Rev. 4/93)

APBU-00000559

| | | |
|---|---|---|
| UTILITY SERIAL NUMBER 08/624,958 | PATENT DATE | PATENT NUMBER | ABANDONED |

| SERIAL NUMBER 08/624,958 | FILING DATE 03/28/96 | CLASS 380 | SUBCLASS 334 109 | GROUP ART UNIT 2615 2604 | EXAMINER |
|---|---|---|---|---|---|

**APPLICANTS** RICHARD A. LANG, CAVE CREEK, AZ.

```
**CONTINUING DATA***********************    -260
VERIFIED        THIS APPLN IS A CON OF   07/976,542  11/16/92 ABN
                WHICH IS A DIV OF        07/775,182  10/11/91 PAT    5,164,839
Ha verified     WHICH IS A DIV OF        07/347,629  05/05/89 PAT    5,057,932
                WHICH IS A CIP OF        07/289,776  12/27/88 PAT    4,963,995


**FOREIGN/PCT APPLICATIONS************
VERIFIED



FOREIGN FILING LICENSE GRANTED 05/02/96
```

| Foreign priority claimed 35 USC 119 conditions met | ☐ yes ☐ no ☐ yes ☐ no | AS FILED | STATE OR COUNTRY AZ | SHEETS DRWGS. 4 | TOTAL CLAIMS 164 | INDEP. CLAIMS 12 | FILING FEE RECEIVED $2,310.00 | ATTORNEY'S DOCKET NO. 377 |
|---|---|---|---|---|---|---|---|---|
| Verified and Acknowledged   Examiner's Initials | | ➤ | | | | | | |

**ADDRESS**
RICHARD A. LANG
C/O INSTANT VIDEO TECHNOLOGIES, INC.,
500 SANSOME STREET, SUITE 503
SAN FRANCISCO, CALIFORNIA 94111

**TITLE** BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO INFORMATION

U.S. DEPT. OF COMM./ PAT. & TM—PTO-436L  (Rev.12-84)

---

| PARTS OF APPLICATION FILED SEPARATELY | | |
|---|---|---|
| | | Applications Examiner |

| NOTICE OF ALLOWANCE MAILED | | CLAIMS ALLOWED | |
|---|---|---|---|
| | Assistant Examiner | Total Claims | Print Claim |

| ISSUE FEE | | | DRAWING | | |
|---|---|---|---|---|---|
| Amount Due | Date Paid | | Sheets Drwg. | Figs. Drwg. | Print Fig. |

| | Primary Examiner | ISSUE BATCH NUMBER |
|---|---|---|

Label Area

**PREPARED FOR ISSUE**

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 8/92)

(FACE)

APBU-00000560

08/624958

**PATENT APPLICATION**

|||||||||||||||
08624958

APPROVED FOR LICENSE ☐

INITIALS _____

Date Entered or Counted

## CONTENTS

**ABANDONED**

Date Received —or— Mailed

10/9

1. Application _Prints_ papers.

| | | | |
|---|---|---|---|
| | 22. | P₃e Amdt. F | 3-28-96 |
| | 23. | IDS Refs. | 8-8-96 |
| | 24. | Interview Summary | 8-30-96 |
| | 25. | Petition to w/draw Attorney | 9-11-96 shw |
| | 26. | Petition Granted | 9-17-96 shw |
| 2-18-97 | 37. | Final Rej. 3 mos | 2-20-97 NDN |
| | 28. | Ext. of Time (2) | 7-18-97 |
| | 29. | Interview Summary | 8/29/97 |
| 9-2-97 | 30. 1 | Notice of Abnd. | 9/3/97 |
| | 31. 1 | | |
| | 32. 1 | | |
| | 33. 1 | | |
| | 34. 1 | | |
| | 35. 1 | | |
| | 36. 1 | | |
| | 37. 1 | | |
| | 38. 1 | | |
| | 39. 1 | | |
| | 40. 2 | | |
| | 41. 2 | | |
| | 42. 2 | | |
| | 43. 2 | | |
| | 44. 2 | | |
| | 45. 2 | | |
| | 46. 2 | | |
| | 47. 2 | | |
| | 48. 2 | | |
| | 49. 2 | | |
| | 50. 3 | | |
| | 51. 3 | | |
| | 52. 3 | | |

(FRONT)

APBU-00000561

Staple Issue Slip Here

| POSITION | ID NO. | DATE |
|---|---|---|
| CLASSIFIER | | |
| EXAMINER | | |
| TYPIST | | |
| VERIFIER | | |
| CORPS CORR. | | |
| SPEC. HAND | | |
| FILE MAINT. | | |
| DRAFTING | | |

## INDEX OF CLAIMS

SYMBOLS
- ✓ .............................. Rejected
- ─ .............................. Allowed
- ─ (Through numeral) ............ Cancelled
- ÷ .............................. Restricted
- N .............................. Non-elected
- I .............................. Interference
- A .............................. Appeal
- O .............................. Objected

(LEFT INSIDE)

**APBU-00000562**

## SEARCHED

| Class | Sub. | Date | Exmr. |
|-------|------|------|-------|
| 386 | 1 | 2/16/97 | DZ |
|  | 46 |  |  |
|  | 109 |  |  |
|  | 52 |  |  |

## SEARCH NOTES

|  | Date | Exmr. |
|--|------|-------|
|  |  |  |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|-------|------|------|-------|
|  |  |  |  |

(RIGHT OUTSIDE)

APBU-00000563

BAR CODE LABEL

# U.S. PATENT APPLICATION

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 08/624,958 | 03/28/96 | 358 | 2615 |

APPLICANT

RICHARD A. LANG, CAVE CREEK, AZ.

```
**CONTINUING DATA*********************
VERIFIED       THIS APPLN IS A CON OF   07/976,542 11/16/92
               WHICH IS A DIV OF   07/775,182 10/11/91 PAT   5,164,839
               WHICH IS A DIV OF   07/347,629 05/05/89 PAT   5,057,932
               WHICH IS A CIP OF   07/289,776 12/27/88 PAT   4,963,995


**FOREIGN/PCT APPLICATIONS************
VERIFIED



FOREIGN FILING LICENSE GRANTED 05/02/96
```

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| AZ | 4 | 164 | 12 | $2,310.00 | 377 |

ADDRESS

WILLIAM E HEIN
PO BOX 335
LOVELAND CO 80539

TITLE

BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO INFORMATION

This is to certify that annexed hereto is a true copy from the records of the United States
Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date                              Certifying Officer

APBU-00000564

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 1995

Application or Docket Number: 624958

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED | NUMBER EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 375.00 | OR | | 750.00 |
| TOTAL CLAIMS | 164 minus 20 = | * 144 | x$11= | 1584 | OR | x$22= | |
| INDEPENDENT CLAIMS | 12 minus 3 = | * 9 | x39= | 351 | OR | x78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +125= | | OR | +250= | |
| | | | TOTAL | 2310 | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * Minus | *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +125= | | OR | +250= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * Minus | *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +125= | | OR | +250= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * Minus | *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +125= | | OR | +250= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 10/95)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

Form PTO 1130
(REV 2/94)

**PACE DATA ENTRY CODING SHEET**

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

| 1ST EXAMINER | 2ND EXAMINER | DATE | 4/26/96 |
|---|---|---|---|

1ST EXAMINER: Nhu Thuy

APPLICATION NUMBER: 08/624958

SPECIAL HANDLING: 0

GROUP ART UNIT: 2615

CLASS: 358

SHEETS OF DRAWING: 04

ATTORNEY DOCKET NUMBER: 3717

FILING DATE: MONTH 03 DAY 28 YEAR 96

FILING FEE: 1310

FOREIGN LICENSE: Y

TYPE APPL: 2

SMALL ENTITY?: 0

TOTAL CLAIMS: 14

INDEPENDENT CLAIMS: 12

**PARENT APPLICATION SERIAL NUMBER**

| CONT CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER |
|---|---|---|
| 02 | 3 | 08/415542 |
| | 1 | 08/177189 |
| | 1 | 08/734620 |
| | 3 | 08/280176 |

**CONTINUITY DATA**

**PCT APPLICATION SERIAL NUMBER**

| P C T | / |
|---|---|
| P C T | / |
| P C T | / |
| P C T | / |
| P C T | / |

**PARENT PATENT NUMBER** / **PARENT FILING DATE**

| PARENT PATENT NUMBER | MONTH | DAY | YEAR |
|---|---|---|---|
| 5164839 | 11 | 11 | 91 |
| 5051932 | 05 | 09 | 89 |
| 4963095 | 12 | 27 | 88 |

**PCT/FOREIGN APPLICATION DATA**

FOREIGN PRIORITY CLAIMED

COUNTRY CODE

PCT/FOREIGN APPLICATION SERIAL NUMBER

FOREIGN FILING DATE: MONTH DAY YEAR

© U.S. GPO: 1995-401-429

PATENT

IN THE UNI~ ) STATES PATENT AND TRADE~ ~K OFFICE

Commissioner of Patents
and Trademarks
Box FWC
Washington, D. C.  20231

Dear Sir:

Case No. / 377
Anticipated Classification
of this Application:
  Class _____
  Subclass _____
Prior Application:
  Examiner  H. Nguyen
  Art Unit  2615

08/624958

REQUEST TO FILE A FILE WRAPPER CONTINUING
PATENT APPLICATION UNDER 37 CFR 1.62

This is a Request for filing a

[X] continuation application

[ ] divisional application

[ ] continuation-in-part appli-
    cation (a new Declaration and
    an amendment adding material
    to the specification or drawings
    and adding claims are enclosed)

under 37 CFR 1.62 of pending prior
application:

    Serial No. _07/976,542_____

    Filed on __November 16, 1992__

(Optional Information)
    Title as originally filed  _AUDIO/VIDEO RECORDER/TRANSCEIVER_

"Express Mail" mailing label number _TB066139964_
Date of Deposit _March 28, 1996_____

I hereby certify that this paper or fee is being deposited with
the United States Postal Service "Express Mail Post Office to
Addressee" service under 37 CFR 1.10 on the date indicated above
and is addressed to the Commissioner of Patents and Trademarks,
Washington, D. C.  20231.

    _____William E. Hein_____
(Typed or printed name of person mailing paper or fee)

    _____
(Signature of person mailing paper or fee)

Inventors:  _Richard A. Lang_____
            _____
            _____

Title as last amended  _BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO_
_INFORMATION_____
Identification of prior foreign application(s) _____

____  Was priority claimed under 35 U.S.C. 119?  yes[ ]  no[X] .

[ ] Cancel in this application the following claims in the prior application
    (at the time of this Request) before calculating the fee:

_____

[ ] Before calculating the filing fee, amend the claims in the prior
    application (at the time of this Request):

        [ ] in accordance with the enclosed Preliminary Amendment.

        [ ] in accordance with the Amendment Under Final Rejection
            Under 37 CFR 1.116 filed _____, but not
            entered, a copy of which is enclosed.

The filing fee is calculated below:

| CLAIMS | (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (3) RATE | (5) CALCULATIONS |
|---|---|---|---|---|---|
| | TOTAL CLAIMS | 164 | −20= | 144 | ×1 10.00= | $ 3168.00 |
| | INDEPENDENT CLAIMS | 12 | −3= | 9 | ×1 30.00= | 702.00 |
| | MULTIPLE DEPENDENT CLAIM(S) (if applicable) | | | + $100.00= | |
| | | | | BASIC FEE | = 300.00 | 750 |
| | | | Total of above Calculations = | | 4620.00 |
| | Reduction by ½ for filing by small entity (Note 37 CFR 1.9, 1.27, 1.28). If applicable, verified statement must be attached. | | | | | 2310.00 |
| | | | | TOTAL = | 2310.00 |

Page 1 of 2

APBU-00000567

XX A Petition for Extension of Time to Respond to Office Action is
enclosed.

☐ The Commissioner is hereby authorized to charge any fees, including
those under 37 CFR 1.16 and 1.17 and 35 U.S.C. 41 which may be
required, or credit any overpayment to Deposit Account
___ duplicate copy/copies of this sheet is/are enclosed.

XX A check in the amount of $ 2365.00 ___ is enclosed.

☐ Amend the specification by inserting before the Background of the
Invention section the heading:  -- Cross Reference to Related
Application --, and the paragraph:  -- This application is a
XXcontinuation, ☐divisional, ☐continuation-in-part of application
Serial No. 07/976,542 ___, filed November 16, 1992 ___, now abandoned. --

XX A verified statement(s) claiming small entity status ☐is/are enclosed
Xwas/wxxxx filed in the prior application.

XX The prior application is assigned of record to Explore Technology, Inc.
_____

XX The Power of Attorney in the prior application is to William E. Hein
P.O. Box 335, Loveland, Colorado 80539 , Registration No. 26,465 ___,

    XX The power appears in the original papers in the prior application.
    ☐ Since the power does not appear in the original papers, a copy
       of the power in the prior application is enclosed.

☐ Recognize as associate or substitute attorney or agent _____
_____, Registration No. _____,
_____

    ☐ Authorization is hereby granted by signature below of
       applicant or attorney or agent of record.
    ☐ The power appears in the original papers in the prior application.
    ☐ Since the power does not appear in the original papers, a copy
       of the power in the prior application is enclosed.

XX Address all future communications to the XXprior, ☐associate, or
☐substitute attorney or agent.
    XX Address:  P.O. Box 335
               Loveland, Colorado 80539

    ☐ Send to signator's address shown below.

___March 28, 1996___                    _____
        Date                                  Signature

Address of Signator:                    William E. Hein
                                        _____
                                              Typed Name
_P.O. Box 335_____           26,465
                                        _____
                                            Registration No.
_Loveland, Colorado 80539____           ☐ Inventor(s)
                                        ☐ Assignee of complete interest
_____                XX Attorney or agent of record
   Telephone:  970-667-6741             ☐ Filed under 37 CFR 1.34(a)

                        Page 2 of 2

APBU-00000568



07/976542

IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen

Richard A. Lang

CASE        284

SERIAL NO.  07/976,542

FILED       November 16, 1992

SUBJECT     BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO
            INFORMATION (AS AMENDED)

THE COMMISSIONER OF PATENTS AND TRADEMARKS
    WASHINGTON, D.C.  20231

SIR:

PETITION FOR EXTENSION OF TIME UNDER 37 C.F.R. 1.136

It is respectfully requested that an extension of time of one months be

granted in accordance with the provisions of 37 C.F.R. 1.136 to take the

action required in the application identified in caption, as reflected by the

papers submitted herewith.

A check in the amount of $55.00 (small entity) is enclosed herewith in

payment of the processing fee associated with this petition.

                          Respectfully submitted,

                          Richard A. Lang

                          By _____

                             William E. Hein
                             Patent Attorney #26,465

March 28, 1996                "Express Mail" mailing label number TB066139964
(970) 667-6741                Date of Deposit ___March 28, 1996___
Loveland, Colorado            I hereby certify that this paper or fee is being deposited with
                              the United States Postal Service "Express Mail Post Office to
                              Addressee" service under 37 CFR 1.10 on date indicated above
                              and is addressed to the Commissioner of Patents and Trade-
320 DA 05/01/96 07976542      marks, Washington, D.C. 20231.
1 215     55.00 CK                 ___William E. Hein___
                              (Typed or printed name of person mailing paper or fee)
                              _____
                              (Signature of person mailing paper or fee)

                              1

APBU-00000569

08/624958

PATENT APPLICATION SERIAL NO.

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

```
320 UA 05/01/96 08624958
1 101    2,365.00-CK 377
1 201    2,310.00 CK 377
```

```
330 JH 04/10/96 08624958
1 101    2,365.00 CK 377
```

APBU-00000570



IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen

#23
ROSO
8-1996

Richard A. Lang

CASE        377

SERIAL NO.  08/624,958

FILED       March 28, 1996

SUBJECT     BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO
            INFORMATION (AS AMENDED)

THE COMMISSIONER OF PATENTS AND TRADEMARKS
  WASHINGTON, D.C.  20231

SIR:

<u>INFORMATION DISCLOSURE STATEMENT</u>

    Pursuant to the provisions of 37 CFR 1.56, 1.97, and 1.98, enclosed

herewith are copies of five U.S. patent references that have come to

applicant's attention.  Enclosed is one sheet of Form PTO-1449 on which these

references are cited.

                            Respectfully submitted,

                            Richard A. Lang

                            By _____
                               William E. Hein
                               Patent Attorney #26,465

August 6, 1996
(970) 667-6741
Loveland, Colorado

I hereby certify that this correspondence is being deposited
with the United States Postal Service as first class mail in an
envelope addressed to: Commissioner of Patents and Trade-
marks, Washington, D.C. 20231, on _August 6, 1996_ .
                                        Date

_____William E. Hein_____
Name of applicant, assignee, or
Registered Representative

_____
Signature

_____August 6, 1996_____
        Date

1

APBU-00000571

Sheet __1__ of __1__

| | | ATTY. DOCKET NO. | SERIAL NO. |
|---|---|---|---|
| MAILBOX OF PATENTS, PUBLICATIONS, AND OTHER INFORMATION DISCLOSED BY APPLICANT (Use several sheets if necessary) | | 377 | 08/~~626~~ 896727 |
| | | APPLICANT | |
| | | Richard A. Lang | |
| | | FILING DATE | GROUP |
| | | March 28, 1996 | 2615 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| HN | AA | 2 9 8 7 6 1 4 | 6/1961 | Roberts et al. | 250 | 6 | |
| HN | AB | 4 3 0 0 1 6 1 | 11/1981 | Haskell | 358 | 142 | |
| HN | AC | 4 5 2 1 8 0 6 | 6/1985 | Abraham | 358 | 86 | |
| HN | AD | 4 8 9 7 7 1 7 | 1/1990 | Hamilton | 358 | 133 | 3/30/88 |
| HN | AE | 5 0 0 6 9 3 6 | 4/1991 | Hooks, Jr. | 358 | 335 | 8/13/84 |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | AR | |
| | AS | |
| | AT | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| Huy Nguyen | 11/19/97 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

96 AUG 14 GROUP 2600

RECEIVED 96 AUG 14 2:57

APBU-00000572



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: **COMMISSIONER OF PATENTS AND TRADEMARKS**
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKETT NO. |
|---|---|---|---|
| 08/624,958 | 03/28/96 | LANG | R 377 |

26M2/0904

WILLIAM E HEIN
PO BOX 335
LOVELAND CO 80539

| NGUYEN EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|
| 2615 | 24 |

DATE MAILED: 09/04/96

### EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) _William Hein_      (3) _____

(2) _Huy Nguyen_      (4) _____

Date of Interview _8/30/96_

Type: ☐ Telephonic ☒ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☐ No. If yes, brief description: _____

Agreement ☐ was reached with respect to some or all of the claims in question. ☐ was not reached.

Claims discussed: _____

Identification of prior art discussed: _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _the Examiner agreed to hold the application S/N until Sept 10, 1996 for the applicant files a preliminary Amendment. If the Examiner don't receive the Preliminary Amendment by Sept 10, 1996, the Examiner will send a final office action to the applicant._

(A brief description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☐ 1. It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ 2. Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

_Nguyen_
Examiner's Signature

PTOL-413 (REV. 2 -93)

**ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER**

APBU-00000573

IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen

Richard A. Lang

CASE      377

SERIAL NO.  08/624,958

FILED     March 28, 1996

SUBJECT   BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO
           INFORMATION (AS AMENDED)

THE COMMISSIONER OF PATENTS AND TRADEMARKS
  WASHINGTON, D.C.  20231

SIR:

<u>REQUEST TO WITHDRAW AS ATTORNEY OF RECORD</u>

The undersigned attorney of record in the above-identified patent application hereby applies to the Commissioner to withdraw as the attorney of record in this application for the reasons set forth below:

1. That no Office Action is outstanding in this application.

2. That the undersigned attorney has not received payment of his statements dated April 30, 1996, and August 6, 1996, for services previously rendered in connection with this application.

3. That the undersigned attorney does not wish to continue to be responsible for this application in view of the fact that he has not been paid for past services.

4. Upon approval of this Request to Withdraw as Attorney of Record, kindly direct notice thereof and all future correspondence regarding this application to the applicant: Mr. Richard A. Lang, C/O Instant Video Technologies, Inc., 500 Sansome Street, Suite 503, San Franciso, California 94111. Also kindly notify the undersigned attorney at his address of record:

1

APBU-00000574

P.O. Box 335, Loveland, Colorado 80539.

    For the reasons set forth above, prompt consideration and approval of this Request to Withdraw as Attorney of Record is earnestly solicited.

Respectfully submitted,

By _William E. Hein_

William E. Hein
Patent Attorney #26,465

September 10, 1996
(970) 667-6741
Loveland, Colorado

2

APBU-00000575



IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen

Richard A. Lang

CASE        377

SERIAL NO.  08/624,958

FILED       March 28, 1996

SUBJECT     BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO
            INFORMATION (AS AMENDED)

_____

THE COMMISSIONER OF PATENTS AND TRADEMARKS
  WASHINGTON, D.C.  20231

SIR:

### REQUEST TO WITHDRAW AS ATTORNEY OF RECORD

The undersigned attorney of record in the above-identified patent
application hereby applies to the Commissioner to withdraw as the attorney of
record in this application for the reasons set forth below:

1. That no Office Action is outstanding in this application.

2. That the undersigned attorney has not received payment of his
statements dated April 30, 1996, and August 6, 1996, for services previously
rendered in connection with this application.

3. That the undersigned attorney does not wish to continue to be
responsible for this application in view of the fact that he has not been paid
for past services.

4. Upon approval of this Request to Withdraw as Attorney of Record,
kindly direct notice thereof and all future correspondence regarding this
application to the applicant:  Mr. Richard A. Lang, C/O Instant Video
Technologies, Inc., 500 Sansome Street, Suite 503, San Franciso, California
94111.  Also kindly notify the undersigned attorney at his address of record:

1

APBU-00000576

P.O. Box 335, Loveland, Colorado 80539.

    For the reasons set forth above, prompt consideration and approval of this Request to Withdraw as Attorney of Record is earnestly solicited.

    Respectfully submitted,

By _____

William E. Hein
Patent Attorney #26,465

September 10, 1996
(970) 667-6741
Loveland, Colorado

2

*William E. Hein*
ATTORNEY AT LAW

SUITE 408, AFFILIATED NATIONAL BANK
200 EAST SEVENTH STREET
P. O. BOX 338
LOVELAND, COLORADO 80539
PHONE (303) 667-8741
FAX (303) 667-8741 OR (303) 669-8488

```
AREA CODE FOR TELEPHONE
AND TELEFAX HAS
CHANGED FROM (303) TO (970)
```

September 10, 1996

RECEIVED
SEP 11 AM11:32
GROUP 260

VIA FEDERAL EXPRESS

Quality Patent Printing
701 South 23rd Street
Arlington, Virginia 22202

Re: U.S. Patent Application Serial No. 08/624,958 entitled BURST TRANSMISSION
APPARATUS AND METHOD FOR AUDIO/VIDEO INFORMATION (AS AMENDED) filed
March 28, 1996 (Case: 377)

Ladies and Gentlemen:

Enclosed in connection with the above-identified patent application are a
REQUEST TO WITHDRAW AS ATTORNEY OF RECORD in triplicate and a confirmation
postcard. Please carry these documents directly to the office of Mr. Hien H.
Phan, Special Program Examiner of Group 2600-Telecommunications. His office is
in Building Crystal Park 2, Room 8A37, and his telephone number is 308-7502.
Please have the confirmation postcard date stamped and returned to my office.

Also enclosed is my check in the amount of $15.00 in payment of your
service charge for hand delivery of these documents. Thank you for your kind
cooperation and assistance.

Best regards,

William E. Hein

WEH/bh
Enclosures

APBU-00000578



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER OF
PATENTS AND TRADEMARKS
Washington, D.C.  20231

Paper No. 26

Richard A. Lang
C\O Instant Video Technologies, Inc.
500 Sansome Street, Suite 503
San Francisco, CA  94111

**MAILED**

SEP 1 7 1996

GROUP 2600

| | |
|---|---|
| In re Application of )<br>Richard A. Lang )<br>Application No. 08/624,958 )<br>Filed:  March 28, 1996 )<br>For:  BURST TRANSMISSION )<br>APPARATUS AND METHOD FOR )<br>AUDIO/VIDEO INFORMATION ) | DECISION ON REQUEST TO<br>WITHDRAW FROM RECORD |

This is a decision on the request to withdraw as attorney under 37 C.F.R. § 1.36, filed
September 11, 1996.

A grantable request to withdraw as attorney of record should be submitted in triplicate
(original and two copies) and indicate thereon the present mailing addresses of the attorney(s)
who is/are withdrawing from the record and of the applicant.  The request for withdrawal
must be signed by every attorney seeking to withdraw or contain a clear indication that one
attorney is signing on behalf of another/others.  A request to withdraw will not be approved
unless at least 30 (thirty) days would remain between the date of approval and the later of the
expiration date of a time to file a response or the expiration date of the maximum time period
which can be extended under 37 C.F.R. § 1.136(a).

The request meets all the above listed requirements.

The request is GRANTED.

*Application No. 08/624,958*
*On Request To Withdraw*

2

All future communications from the Office will be directed to the above-listed address until otherwise notified by applicant.

Hien H. Phan
Special Program Examiner
Group 2600 - Telecommunications

cc: William Hein
    P.O. Box 335
    Loveland, Colorado  80539

APBU-00000580



**UNITED STAT    DEPARTMENT OF COMMERCE**
Patent and Tra~~mark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO. |
|---|---|---|---|
| 08/624,958 | 03/28/96 | LANG | 577 |

26N2/0220

RICHARD A. LANG
C/O INSTANT VIDEO TECHNOLOGIES, INC.,
500 SANSOME STREET, SUITE 503
SAN FRANCISCO, CALIFORNIA 94111

| | EXAMINER |
|---|---|
| | NGUYEN,H |
| ART UNIT | PAPER NUMBER |
| 2604 | **27** |

DATE MAILED:
03/20/97

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## OFFICE ACTION SUMMARY

☒ Responsive to communication(s) filed on _3/28/96_

☒ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 D.C. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _03_ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) _27-41, 43-68, 70-113, 115-129, 131-194_ is/are pending in the application.

  Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) _27-41, 43-68, 70-113, 115-129 and 131-194_ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

  ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

    ☐ received.

    ☐ received in Application No. (Series Code/Serial Number) _____

    ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  *Certified copies not received: _____

☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of Reference Cited, PTO-892.

☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--SEE OFFICE ACTION ON THE FOLLOWING PAGES--

U.S. GPO 1996-404-4

APBU-00000581

Serial Number: 08/624,958                                                  Page 2

Art Unit: 2604

## DETAILED ACTION

### *Claim Rejections - 35 USC § 103*

1.       The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

2.       Claims 27-41,43-68,70-100, 102-113,115-129 and 131-194 are rejected under 35

U.S.C. 103(a) as being unpatentable over Izeki et al in view of the admitted prior  art in the

specification at pages 7-8 and Eggers.

Regarding claims 27, 43, 85, 105, 115, 131, 132, 143, 158-161,  162, 169, 170, 172, 173,

176, 186, 189, 192, and 194, Izeki et al discloses a video and audio recording apparatus, Figs 1-5,

for receiving audio/video information, compressing the audio / video information, and storing the

compressed audio/video information in a storage means for later selectively retrieving and

transmitting the audio/video information to another audio/video apparatus. The apparatus

comprises input means (43 and 44) for receiving audio and video information to produce the

compressed video and audio information; means (53,52,110) for storing the compressed audio

and video information; means for receiving the compressed audio and video information; and

editing means (47) for editing the compressed audio/video information and for storing the edited

audio or video information in the storage means; and output means (80) for outputting the edited

audio/video information away from the audio and video apparatus.

APBU-00000582

Serial Number: 08/624,958                                                          Page 3

Art Unit: 2604

      Izeki et al fails to specifically teach that the compressed audio/video information are the time-compressed audio/video information as recited in claims 27, 43, 55, 85, 105, 115, 131, 132, 143, 162, 173, and 194.

      However, it is noted that employing means for time-compressed audio/video information so that the compressed audio/video information can transmitted at high speed (in flash or burst period) and so that to increase the capacity of a storage means is well known in the art and available in market at the time the invention was made as admitted by applicant in the specification, page 7 and 8. Therefore, it would have been obvious to one of ordinary skill in the a art to employ means for time- compressing audio/video information as an alternative compressing device for the compressing means of Izeki et al to time-compress the audio/video information of Izeki et al in order to increase the transmission speed of the audio/video information as well as to increase the capacity of storing the audio/video information of the storage means.

      Further for claims 43, 44, 55, 60, 131, 132 and 148, Izeki et al fails to teach that the audio/video information are compressed video motion programs from library. However, it is noted that audio/video information comprising compressed video motion programs from a video library (Video on demand) or from a broadcast via a tuner and that compressing motion video program are well known in the art , For example, Eggers et al teaches a video library which stores motion programs. Therefore, it would have been obvious to one of ordinary skill in the art to use the audio/video apparatus of Izeki et al to receive the compressed motion programs as an

APBU-00000583

Serial Number: 08/624,958                                                Page 4

Art Unit: 2604

alternative video information source to process and store the motion video programs for later

viewing.

Regarding claims 48, 50, 51, 62, 83, 105, 133, 138, 134, 135, and 136, Izeki et al fails to

specifically teach a decompressing means for decompressing the compressed audio/video

information. However, it is noted that using a decompressing means to reverse the compressed

audio/video information is well known in the art and as admitted by the applicant in the

specification. Therefore, it would have been obvious to one of ordinary skill in the art to employ

decompressing means into Izeki et al apparatus to reverse the compressed audio/video

information to original audio/video information to accommodate with receiving devices such as a

television monitor or recorder device.

Regarding claims 28, 49, 53, 71, 75, 116, 135, 137, 138, 140, and 141, Izeki et al further

teaches a monitor (48) for monitoring the editing of the stored audio/video information.

Regarding claims 29,30,37,38,39,41,56,57,77-78, 95, 96, 97, 98, 117, 118, 124, 126,

127, 129,142, 144, 145, 166, 183-185, and 187, Izeki et al fails to teach the use of fiber optic,

telephone and microwave to couple to the input port or output port for receiving the audio/video

information from a tuner or cable and for transmitting the audio/video information is well known

in the art . Therefore, it would have been obvious to one of ordinary skill in the art to use a fiber

optic, telephone and microwave line for receiving the audio/video information at the input port

and for transmitting the audio /video information from the output port.

Serial Number: 08/624,958                                                    Page 5

Art Unit: 2604

     Regarding claims 31, 32, 59, 65, 67, 68, 91, 92, 93, 102, 103, 104, 106, 107, 108, 109, 110, 112, 119, 120, 146, 147, 154, 155, 156, 164, 165, 179, 180, 188, 190, 191, and 193, Izeki et al fails to specifically teach that the storage means comprises an optical disk, or a WORM memory, or a semiconductor memory, or a bubble memory, or a erasable optical disk, or a CD ROM, or a digital paper. However, employing an optical disk, erasable optical disk, a semiconductor, bubble memory, CD ROM or a digital paper for storing information is well known in the art (See Izeki et al column 7, lines 23-31) and as admitted by the applicant in the specification. Therefore, it would have been obvious to one of ordinary skill in the art to use an optical disk, erasable optical disk, a bubble memory, digital paper, CD ROM, or WORM memory as an alternative storage means of Izeki et al for storing the audio/video information of Izeki et al.

     Regarding claims 33 and 34 and further for claims 85, and 172, Izeki et al teaches means for converting the input audio/video information into digital audio/video information and for storing the digital audio/video information (column 3, lines 39-43) and means for converting the digital audio/video information into analog audio/video information (column 5, lines 40-51).

     Regarding claims 36, 54, 94, and 182, Izeki et al fails to teach that the audio/video information is taken from a tape recorder. However, it is noted a tape recorder which capable of reproducing audio/video information is well known in the art . Therefore ,it would have been obvious to one of ordinary skill in the art to use the input of Izeki et al to receive the audio/video information from a video tape recorder as being an alternative audio/video information source.

APBU-00000585

Serial Number: 08/624,958                                                Page 6

Art Unit: 2604

Regarding claims 35 and 123, Izeki et al teaches that the input audio/video information supplied from a video camera.

Regarding claims 40 and 128, Izeki et al fails to specifically teaches that the input audio/video information received from computer. However, it is noted that audio/video information which are generated by a computer is well known in the art . Therefore, it would would have been obvious to one of ordinary skill in the art to supply generated audio/video information from a computer as an alternative audio/video information source of Izeki et al.

Regarding claims 61, 63, 70, 73, 75, 79, 80, 82,  84, 87-88, 89, 90, 149, 150, 151, 152, 157, 158, 159, 162, 163, 167, 168, 177, and 178, Izeki et al further teach a removable recorder such as a tape recorder (54) for storing the audio/video information from the storage means.

Regarding claim 86, Izeki et al further discloses a character generating means for generating title associated with the audio/video information by the user but fails to specifically teach that the title is indicating timing information. However, it would have been obvious to one of ordinary skill in the art to use the character generating means of Izeki et al for generating the character indicating the date or time, considered as the claimed timing information, of receiving the audio/video information of Izeki et al through the input by the user (key board)(column 2, lines 65-68).

Regarding claims 99 and 100, Izeki et al further discloses a digital control unit means(41,56) for controlling editing function including memory for storing instruction information to perform editing function but fails to specifically teach that the memory id a ROM

Serial Number: 08/624,958                                                                    Page 7

Art Unit: 2604

. However, it is noted that employing a ROM for storing necessary instruction information in a

control device to control an apparatus is well known in the art . Therefore, it would have been

obvious to one of ordinary skill in the art to use well known ROM as an alternative memory for

the memory (56) of Izeki et al in order to accurately edit the audio/video information.

3.      Claim 101 is rejected under 35 U.S.C. 103(a) as being unpatentable over Izeki et al in

view of the admitted prior art in the specification , papers 7-8, and Egger as applied to claim 98 .

above, and further in view of Muramoto et al.

        Izeki et al fails to teach a RGB converter for converting the stored information to RGB

format. However, it is noted that employing a RGB converter for converting information into

RGB format is well known in the art. For example, Muramoto teaches a RGB converter for

converting stored information to RGB format. Therefore it would have been obvious to one of

ordinary skill in the art to to employ the well known converter as taught by Muramoto with the

apparatus of Izeki for converting the information to RGB format in order to reproduce the RGB

format on an appropriate monitor.

*Conclusion*

4.      This is a continuation application of applicant's earlier Application No. 07/976,542.  All

claims are drawn to the same invention claimed in the earlier application and could have been

finally rejected on the grounds and art of record in the next Office action if they had been entered

APBU-00000587

Serial Number: 08/624,958                                                    Page 8

Art Unit: 2604

in the earlier application.  Accordingly, **THIS ACTION IS MADE FINAL** even though it is a

first action in this case.  See MPEP § 706.07(b).  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

    A shortened statutory period for response to this final action is set to expire THREE

MONTHS from the date of this action.  In the event a first response is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event will

the statutory period for response expire later than SIX MONTHS from the date of this final

action.


5.    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Huy Nguyen  whose telephone number is (703) 305-4775 and phone fax

number is (703) 308-5399.

THAI TRAN
PRIMARY EXAMINER
GROUP 2600

H.N

February 18, 1997

5-216    2604
#38/8224
V. Jones

IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

APPLICANT:          Richard A. Lang

SERIAL NO.:          08/624,958

FILING DATE:          March 28, 1996

TITLE:          Burst Transmission Apparatus and Method for Audio Flash Video Information

EXAMINER:          Huy Nguyen

GROUP ART UNIT:          2604

ATTY.DKT.NO.:          P-639

THE HONORABLE COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, D.C.  20231

### REQUEST FOR A TWO MONTH EXTENSION OF TIME

SIR:

Applicant hereby request a two month extension of time in responding to the Patent Office communication mailed February 20, 1997.  Enclosed herewith is a check for the $195.00 filing fee for the extension of time.

Please charge our Deposit Account No. 06-0600 for additional fees that may be incurred.  A duplicate copy of this letter is enclosed for this purpose.

08/18/1997 TPEOPLEB 00000104 00624958
01 FC:216                      195.00 OP

Respectfully submitted,

Richard A. Lang

Date: 7/18/97          By: _____
                              Marc A. Sockol, Reg. No. P-40,823
                              CARR, DeFILIPPO & FERRELL LLP
                              2225 East Bayshore Road, Suite 200
                              Palo Alto, CA 94303
                              TEL:  (415) 812-3407
                              FAX:  (415) 812-3444

APBU-00000589



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/624,958 | 03/28/96 | LANG | R | 377 |

E3M1/0903

| | EXAMINER |
|---|---|
| RICHARD A. LANG | NGUYEN,H |
| C/O INSTANT VIDEO TECHNOLOGIES, INC., | |

| | ART UNIT | PAPER NUMBER |
|---|---|---|
| 500 SANSOME STREET, SUITE 503 | 2604 | 29 |
| SAN FRANCISO, CALFORINA 94111 | | |

DATE MAILED: 09/03/97

## INTERVIEW SUMMARY

All participants (applicant, applicant's representative, PTO personnel):

(1) _Marc Sockol_                     (3) _____

(2) _Huy Nguyen_                      (4) _____

Date of Interview: _8/29/97_

Type: ☒ Telephonic ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☐ No  If yes, brief description: _____

Agreement ☐ was reached. ☐ was not reached.

Claim(s) discussed: _none_

Identification of prior art discussed: _none_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _The applicant's representative informed the Examiner that an FWC application for application S/N 08/624,958 has been filed July 18, 1997._

( A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary. A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has are ready been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign this form unless it is an attachment to another form.

FORM PTOL-413 (REV.1-88)

APBU-00000590

**Manual of Patent Examining Procedure, Section 713.04 Substance of Interview must Be Made of Record**

A complete written statement as to the substance of any face-to-face or telephone interview with regard to an application must be made of record in the application, whether or not an agreement with the examiner was reached at the interview.

§1.133 Interviews

(b) In every instance where reconsideration is requested in view of an interview presented with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for response to Office actions as specified in §§ 1.111,1.135. (35 U.S.C.132)

§ 1.2. Business to be transacted in writing. All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the examiner or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete a two-sheet carbon interleaf Interview Summary Form for each interview held after January 1, 1978 where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks in neat handwritten form using a ball point pen. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.

The Interview Summary Form shall be given an appropriate paper number, placed in the right hand portion of the file, and listed on the "Contents" list on the file wrapper. The docket and serial register cards need not be updated to reflect interviews. In a personal interview, the duplicate copy of the Form is removed and given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephonic interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the telephonic interview rather than with the next official communication.

The Form provides for recordation of the following information:

- Serial Number of the application
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (personal or telephonic)
- Name of participant(s) (applicant, attorney or agent, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the claims discussed
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). (Agreements as to allowability are tentative and do not restrict further action by the examiner to the contrary.)
- The signature of the examiner who conducted the interview
- Names of other Patent and Trademark Office personnel present.

The Form also contains a statement reminding the applicant of his responsibility to record the substance of the interview.

It is desirable that the examiner orally remind the applicant of his obligation to record the substance of the interview in each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check a box at the bottom of the Form informing the applicant that he need not supplement the Form by submitting a separate record of the substance of the interview.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the examiner or the applicant to include, all of the applicable items required below concerning the substance of the interview:

A complete and proper recordation of the substance of any interview should include at least the following applicable items:

1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner. The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he feels were or might be persuasive to the examiner,
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant one month from the date of the notifying letter or the remainder of any period for response, whichever is longer, to complete the response and thereby avoid abandonment of the application (37 CFR 1.135(c) ).

Examiner to Check for Accuracy

Applicant's summary of what took place at the interview should be carefully checked to determine the accuracy of any argument or statement attributed to the examiner during the interview. If there is an inaccuracy and it bears directly on the question of patentability, it should be pointed out in the next Office letter. If the claims are allowable for other reasons of record, the examiner should send a letter setting forth his or her version of the statement attributed to him. If the record is complete and accurate, the examiner should place the indication "Interview record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

*U.S. GPO: 1999-404-480/40513

APBU-00000591