

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/624,485 | 03/28/96 | LANG | R |

E3M1/0903

RICHARD A. LANG
C/O INSTANT VIDEO TECHNOLOGIES, INC.,
500 SANSOME STREET. SUITE 503
SAN FRANCISCO, CALFORINA  94111

| | EXAMINER |
|---|---|
| | NGUYEN |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 2 |

07/03/97

DATE MAILED:

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

☐ Applicant's failure to timely file a proper response to the Office letter mailed on _____.

    ☐ A response (with a Certificate of Mailing or Transmission of _____) was received on _____, which is after the expiration of the period for response (including a total extension of time of _____ month(s)) which expired on _____.

    ☐ A proposed response was received on _____, but it does not constitute a proper response to the final rejection.

    (A proper response to a final rejection consists only of: a timely filed amendment which places the application in condition for allowance; a Notice of Appeal; or the filing of a continuing application under 37 CFR 1.62 (FWC).

    ☐ No response has been received.

☐ Applicant's failure to timely pay the required issue fee within the statutory period of three months from the mailing date of the Notice of Allowance.

    ☐ The issue fee (with a Certificate of Mailing or Transmission of _____) was received on _____.

    ☐ The submitted issue fee of $_____ is insufficient. The issue fee required by 37 CFR 1.18 is $_____.

    ☐ The issue fee has not been received.

☐ Applicant's failure to timely file new formal drawings as required in the Notice of Allowability.

    ☐ Proposed new formal drawings (with a Certificate of Mailing or Transmission of _____) were received on _____.

    ☐ The proposed new formal drawings filed _____ are not acceptable.

    ☐ No proposed new formal drawings have been received.

☒ The express abandonment under 37 CFR 1.62(g) in favor of the FWC application filed on *July 18, 1997*.

☐ The letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a) upon the filing of a continuing application.

☐ The decision by the Board of Patent Appeals and Interferences rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

☒ The reason(s) below: *attached Interview Summary*

FORM PTO-1432 (REV. 10-95)

THAI TRAN
PRIMARY EXAMINER
GROUP 2600

97  MON 15:07 FAX 703 30⁵  199    USPTO GROUP 260                    ☑002

| *Interview Summary* | Application No. 09/624,956 | Applicant(s) Lang |
|---|---|---|
| | Examiner Huy Nguyen | Group Art Unit 2604 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Marc A. Sockol_ _____   (3) _____

(2) _Huy Nguyen_ _____   (4) _____

Date of Interview _____ Jun 30, 1997 _____

Type: ☒ Telephonic   ☐ Personal (copy is given to   ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No. If yes, brief description:

_____
_____

Agreement   ☒ was reached.   ☐ was not reached.

Claim(s) discussed: _27_

Identification of prior art discussed:
_Izeki (4,974,178) , Eggers (4,920,432)  and Muramuto (4,941,054), the applied art_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Adding  in claim 27 new limitation " a receiver",  the amended claim 27 would overcome the applied art.  However,  the_
_new limitation raises new issue that require a further search and consideration and will not be entered._
_____
_____
_____
_____
_____
_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐   Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

U. S. Patent and Trademark Office
PTO-413 (Rev. 10-95)                    Interview Summary                    Paper No. __28__



67814 U.S.
08/89672
07/18/97
-286
Class
Sub-class
ISSUE CLASSIFICATION

| UTILITY SERIAL NUMBER | PATENT DATE NOV 30 1999 | PATENT NUMBER | 5995705 |
|---|---|---|---|

| SERIAL NUMBER 08/896,727 | FILING DATE 07/18/97 | CLASS 358 286 | SUBCLASS 446 | GROUP 2604 2712 | EXAMINER |
|---|---|---|---|---|---|

5995705

APPLICANTS: RICHARD A. LANG, MENDOCINO, CA.

**CONTINUING DATA**********************
VERIFIED       THIS APPLN IS A CON OF    08/624,958 03/28/96 ABN
               WHICH IS A CON OF    07/976,542 11/16/92 ABN
HN verified    WHICH IS A DIV OF    07/775,182 10/11/91 PAT    5,164,839
               WHICH IS A CIP OF    07/289,776 12/27/88 PAT    4,963,995

**FOREIGN/PCT APPLICATIONS***********
VERIFIED
HN verified

CERTIFICATE
APR 30 2002
OF CORRECTION

NOTE-DISCLAIMER
The term of this patent shall not extend
beyond the expiration date
of Pat. No. 4,963,995.

FOREIGN FILING LICENSE GRANTED 09/11/97       ***** SMALL ENTITY *****

| Foreign priority claimed 35 USC 119 conditions met | yes ☐ no ☑ | AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|---|
| Verified and Acknowledged   Examiner's Initials | yes ☑ no HN | → | CA | 4 | 164 | 11 | $2,271.00 | 639.US |

ADDRESS: MARK A SOCKOL
2225 EAST BAYSHORE ROAD STE 200
PALO ALTO CA 94303

TITLE: BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VISUAL VIDEO INFORMATION

U.S. DEPT. OF COMM./ PAT. & TM—PTO-436L (Rev.12-94)

| PARTS OF APPLICATION FILED SEPARATELY | | Applications Examiner | |
|---|---|---|---|
| NOTICE OF ALLOWANCE MAILED | | CLAIMS ALLOWED | |
| 6·21·99 | Assistant Examiner | Total Claims 24 | Print Claim 1 |
| ISSUE FEE | | DRAWING | |
| Amount Due 605.00 | Date Paid 9-13-99 | Sheets Drwg. 4   Figs. Drwg. | Print Fig. 2 |
| | HUY NGUYEN PRIMARY EXAMINER | ISSUE BATCH NUMBER U-7 | |
| Label Area | Primary Examiner | | |
| | PREPARED FOR ISSUE | | |

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 8/92)

SCAN
OC

Issue Fee in File

ISSUE FEE IN FILE

(FACE)

08/896727
07/18/97

**PATENT APPLICATION**

08896727

APPROVED FOR LICENSE ☐

INITIALS _____

| Date Entered or Counted | | CONTENTS | Date Received or Mailed |
|---|---|---|---|

**1. Application _____ papers.**

| | | | |
|---|---|---|---|
| | 31. | Phe G | 7-18-97 |
| | 32. | Pec-it | 8-7-97 |
| 11-24-97 | 33. | Rej (3 mos) | 11-25-97 Ext |
| | 34. | Prayer to Inspect | 6-4-98 |
| 7-6-98 | 35. | Notice of Aband. | 7-7-98 |
| | 36. | Ext of Time (3) | 6-1-98 |
| | 37. | Amdt II | 6-1-98 |
| 9/28/98 | 38. | Rej (3mos) | 9/28/98 |
| | 39. | Assoc PTA | 3-30-98 |
| | 40. | Ext of Time 3mos. | 3-30-99 |
| | 41. | Req for Recon | 3-30-99 |
| | 42. | Terminal Disclaimer | 3/30/99 |
| 6/21/99 | 43. | allowance | 6-21-99 |
| 11-8-99 | 44. | Formal Drawings (2) artist set | 9-13-99 |
| | 45. | CYR. | 2-12-02 |
| | 46. | Req. for C of C | 2-12-02 |
| | 47. | Director's Report | 3-20-02 |

(FRONT)

APBU-00000595

## INDEX OF CLAIMS



APBU-00000596

Staple Issue Slip Here

| POSITION | ID NO. | DATE |
|---|---|---|
| CLASSIFIER | | |
| EXAMINER | 335 | 9/7/97 |
| TYPIST | | |
| VERIFIER | | |
| CORPS CORR. | | |
| SPEC. HAND | | |
| FILE MAINT. | | |
| DRAFTING | | |

## INDEX OF CLAIMS

SYMBOLS
✓ .................... Rejected
= .................... Allowed
– (Through numeral) .................... Cancelled
R .................... Restricted
N .................... Non-elected
I .................... Interference
A .................... Appeal
O .................... Objected

(LEFT INSIDE)

APBU-00000597

Staple Issue Slip Here

| POSITION | ID NO. | DATE |
|---|---|---|
| CLASSIFIER | | |
| EXAMINER | | |
| TYPIST | | |
| VERIFIER | | |
| CORPS CORR. | | |
| SPEC. HAND | | |
| FILE MAINT. | | |
| DRAFTING | | |

## INDEX OF CLAIMS

| Final | Original | Date | | | | |
|---|---|---|---|---|---|---|
| 7 | 1 | √ | | | | |
| 8 | 2 | | | | | |
| 9 | 3 | | | | | |
| 10 | 4 | | | | | |
| 11 | 5 | | | | | |
| 12 | 6 | | | | | |
| 13 | 7 | | | | | |
| 14 | 8 | | | | | |
| 15 | 9 | | | | | |
| 16 | 10 | | | | | |
| 17 | 11 | | | | | |
| 18 | 12 | | | | | |
| 19 | 13 | | | | | |
| 20 | 14 | | | | | |
| 21 | 15 | | | | | |
| 22 | 16 | | | | | |
| 23 | 17 | | | | | |
| 24 | 18 | | | | | |
| | 19 | | | | | |
| | 20 | | | | | |
| | 21 | | | | | |
| | 22 | | | | | |
| | 23 | | | | | |
| | 24 | | | | | |
| | 25 | | | | | |
| | 26 | | | | | |
| | 27 | | | | | |
| | 28 | | | | | |
| | 29 | | | | | |
| | 30 | | | | | |

SYMBOLS

| Final | Original | Date | | | | |
|---|---|---|---|---|---|---|
| | 51 | | | | | |
| | 52 | | | | | |
| | 53 | | | | | |
| | 54 | | | | | |
| | 55 | | | | | |
| | 56 | | | | | |
| | 57 | | | | | |
| | 58 | | | | | |
| | 59 | | | | | |
| | 60 | | | | | |
| | 61 | | | | | |
| | 62 | | | | | |
| | 63 | | | | | |
| | 64 | | | | | |
| | 65 | | | | | |
| | 66 | | | | | |
| | 67 | | | | | |
| | 68 | | | | | |
| | 69 | | | | | |
| | 70 | | | | | |
| | 71 | | | | | |
| | 72 | | | | | |
| | 73 | | | | | |
| | 74 | | | | | |
| | 75 | | | | | |
| | 76 | | | | | |
| | 77 | | | | | |
| | 78 | | | | | |
| | 79 | | | | | |
| | 80 | | | | | |

APBU-00000598

| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 386 | 46 | 11/17/97 | btz |
| | 52 | | |
| | 101 | | |
| | 109 | | |
| | 96 | | |
| | 106 | | |
| | 112 | | |
| updated | all for class | 9/22/98 | btz |
| 348 | 384 | 9/22/98 | btz |
| updated | class above | 6/15/99 | btz |
| H04N | 5/76 | 6/15/99 | btz |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 386 | 46 | 6/17/99 | btz |
| | 109 | | |

| SEARCH NOTES | | |
|---|---|---|
| | Date | Exmr. |
| | | |

(RIGHT OUTSIDE)

APBU-00000599

# PATENT APPLICATION FEE DETERMINATION RECORD
Effective October 1, 1996

Application or Docket Number

08/896727

## CLAIMS AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 164 minus 20 = | 144 | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 11 minus 3 = | 8 | x40= | | OR | x80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| * If the difference in column 1 is less than zero, enter "0" in column 2 | | | TOTAL | | OR | TOTAL | |

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | Minus | | | X$11= | | OR | X$22= | |
| Independent | Minus | | | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | Minus | | | X$11= | | OR | X$22= | |
| Independent | Minus | | | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | Minus | | | X$11= | | OR | X$22= | |
| Independent | Minus | | | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

APBU-00000600

STAPLE    AREA

☆ U.S. GOVERNMENT PRINTING OFFICE 1997-430-200

| PATENT NUMBER | ORIGINAL CLASSIFICATION | |
|---|---|---|
| | CLASS | SUBCLASS |
| | 386 | 46 |

| APPLICATION SERIAL NUMBER | CROSS REFERENCE(S) | |
|---|---|---|
| 08/896727 | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
| APPLICANT'S NAME (PLEASE PRINT) | 386 | 109 |
| LANG | | |
| | | |
| IF REISSUE, ORIGINAL PATENT NUMBER | | |
| | | |
| INTERNATIONAL CLASSIFICATION | | |
| 4 0 4 N    5/76 | | |
| | GROUP ART UNIT | ASSISTANT EXAMINER (PLEASE STAMP, OR PRINT, FULL NAME) |
| | 2712 | PRIMARY EXAMINER (PLEASE STAMP, OR PRINT, FULL NAME) |
| | | HUY NGUYEN |

PTO-270
(REV. 8-91)    ISSUE CLASSIFICATION SLIP    U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

APBU-00000601



Case 3:00-cv-06610-MHP   Document 79-7   Filed 12/09/2006   Page 11 of 40

Form PTO 1130 (REV 2/94)

# PACE DATA ENTRY CODING SHEET

**U.S. DEPARTMENT OF COMMERCE**
Patent and Trademark Office

67a1d u.s. PTO
08/896727
07/18/97

| APPLICATION NUMBER | DATE |
|---|---|
| | DATE |

| TOTAL CLAIMS | INDEPENDENT CLAIMS | TYPE APPL | SMALL ENTITY? | FILING DATE MONTH / DAY / YEAR | FILING FEE | SPECIAL HANDLING | FOREIGN LICENSE | 1ST EXAMINER | 2ND EXAMINER | GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 164 | 011 | 2 | 1 | 07 / 18 / 97 | 2271 | 0 | Y | | | 2104 | 358 | 0104 |

ATTORNEY DOCKET NUMBER: 039-213

## CONTINUITY DATA

| CONT CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER | P C T | PCT APPLICATION SERIAL NUMBER | PARENT PATENT NUMBER | PARENT FILING DATE MONTH / DAY / YEAR |
|---|---|---|---|---|---|---|
| 02 | 3 | 08624958 | P C T | / | | 031896 |
| 12 | 3 | 07976542 | P C T | / | 5764839 | 111692 |
| 11 | 1 | 07751892 | P C T | / | 5057932 | 101191 |
| 11 | 1 | 07347629 | P C T | / | 4963995 | 050589 |
| 13 | 1 | 07289776 | P C T | / | | 122788 |

FOREIGN PRIORITY CLAIMED: N

COUNTRY CODE

## PCT/FOREIGN APPLICATION DATA

PCT/FOREIGN APPLICATION SERIAL NUMBER

FOREIGN FILING DATE
MONTH   DAY   YEAR

APBU-00000602

```
67814 U.S. PTO
08/896727
07/18/97
```

IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

*# Pll*
*8/23/97*
*#31*   *JColey*

**Prior Application:**

SERIAL NO.:                08/624,958

FILING DATE:               March 28, 1996

TITLE:                     Burst Transmission Apparatus And Method For
                           Audio/Video

EXAMINER:                  Huy Nguyen

GROUP ART UNIT:            2604

ATTY.DKT.NO.:              639 US

Anticipated Classification of this application:

Class: 358     Subclass:

BOX FWC
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

### FILE WRAPPER CONTINUING APPLICATION (FWC)

Sir:

I.          This is a request for a filing under the file wrapper continuing application
procedure, 37 CFR 1.62, for a

      __X__    continuation

      __      divisional

      __      continuation-in-part (for oath or declaration see III below)

      __      attached is an amendment for added subject matter

      __      continuing application to permit consideration if an

information disclosure statement under 37 CFR 1.97

**PARTICULARS OF PRIOR APPLICATION**

A.    Application Serial No. 08/624,958 filed    March 28, 1996   .

B.    Title (as originally filed    Audio/Video Recorder Transceiver    .
and as last amended)    Burst Transmission Apparatus And Method For
Audio/Video Information .

C.    Name of applicant(s) (as originally filed and as last amended) and
current correspondence address of applicant(s):

| 1. FULL NAME OF INVENTOR | FAMILY NAME Lang | FIRST GIVEN NAME Richard | SECOND GIVEN NAME A. |
|---|---|---|---|
| RESIDENCE & CITIZENSHIP | CITY Mendocino | STATE OR FOREIGN COUNTRY CA | COUNTRY OF CITIZENSHIP USA |
| POST OFFICE ADDRESS 9301 No. Pacific Coast Highway 1 | | CITY Mendocino | STATE & ZIP CODE/ COUNTRY CA, 95460 USA |

The above identified application, in which no payment of issue fee, abandonment of, (other than where the above identified application was abandoned under 37 CFR 1.313(b)(5) to permit consideration of an information disclosure statement under 37 CFR (1.97)), or termination of proceedings has occurred, is hereby expressly abandoned as of the filing date of this new application. Please use all the contents of the prior application file wrapper, including the drawings, as the basic papers for the new application.

It is understood that secrecy under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR 1.62 application, be it either this application or a prior application in the same file wrapper, the U.S. Patent and Trademark Office may provide similar information or access to all the other applications in the same file wrapper.

APBU-00000604

## II. INVENTORSHIP STATEMENT

(a)  X  This application discloses and claims only subject matter disclosed in the prior application whose particulars are set out above and the inventor(s) in this application are

      X  the same

      __  less than those named in the prior application and it is requested that the following inventor(s) identified above for the prior application be deleted:

_____

(Type name(s) of inventor(s) to be deleted)

(b) __ This application discloses and claims additional disclosure by amendment and a new declaration or oath is being filed.  With respect to the prior application whose particulars are set out above the inventor(s) in this application are

      __  the same

      __  add the following additional inventor(s)

_____

(Type name(s) of inventor(s) to be deleted)

(c)  The inventorship for all the claims in this application is

      X  the same

      __  not the same, and an explanation, including the ownership of the various claims at the time the last claimed invention was made, is submitted herewith.

## III. DECLARATION OR OATH

A. Continuation or divisional

      X  none required

3

APBU-00000605

B.  Continuation-in-part

    ___  attached, executed by (check applicable items)

        ___  inventor(s).

        ___  legal representative of inventor(s) 37 CFR 1.42 or 1.43.

        ___  joint inventor or person showing a proprietary interest for inventor who refused to sign or cannot be reached. 37 CFR 1.47;

        ___  This is the petition required by 37 CFR 1.47 and the statement required by 37 CFR 1.47 is also attached.

        ___  not attached

        ___  Application is made by a person authorized under 37 CFR 1.41(c) on behalf of all of the above named applicant(s).

        ___  showing that the filing is authorized.

IV.  IDENTIFICATION OF CLAIMS FOR FURTHER PROSECUTION.

    _X_  The fees to be charged are to be based on the number of claims remaining as a result of the

    ___  attached preliminary amendment

    ___  the unentered amendment filed under 37 CFR 1.116 in the prior application, which is now repeated.

    _X_  claims as on file in the prior application

4

APBU-00000606

## V. FEE CALCULATION

| | Number Filed | Number Extra | Rate | Basic Fee $ 750.00 |
|---|---|---|---|---|
| Total Claims | 164  -20= | 144 X | $ 22.00 | $3168.00 |
| Independent Claims | 11  -3= | 8 X | $ 78.00 | $ 624.00 |
| Multiple dependent claim(s), if any | | | $250.00 | |

    __    The fee for extra claims in not being paid at this time.

                . Filing Fee calculation    $  4542.00

## VI. SMALL ENTITY STATEMENT

    __    A verified statement that this is a filing by a small entity is attached.

     X     The small entity statement was filed in the parent application Serial No.  08/624,958  , filed on  March 28, 1996  and this status is still proper and its benefit under 37 CFR 1.28(a) is hereby claimed.

            Filing fee calculation (50% of above) $  2271.00

## VII. FEE PAYMENT BEING MADE AT THIS TIME

        Not attached

            __    No filing fee is submitted.

        Attached

             X     filing fee                $ 2271.00

            __    recording assignment ($40.00; 37 CFR 1.21(h)(i)).        $_____

APBU-00000607

—   petition fee for filing by
    other than all the inventors
    or person not the inventor
    where inventor refused to sign
    or cannot be reached ($130.00;
    37 CFR 1.47 and 1.17(h))                         $_____

—   processing and retention fee
    ($100.00; 37 CFR 1.53(d) and
    1.21(l)                                          $_____

    TOTAL FEES ENCLOSED                              $ 2271.00

VIII.  METHOD OF PAYMENT OF FEES

    X    attached is check in the amount of          $ 2271.00

    —    charge Account No. 06-0600 _____
         in the amount of                            $_____

    X    A duplicate of this request is attached.

IX.  AUTHORIZATION TO CHARGE ADDITIONAL FEES

    X    The Commissioner is hereby authorized to charge the following
additional fees which may be required by this paper and during the entire pendency of this
application to Account No. 06-0600:

    —    37 CFR 1.16 (filing fees)

    —    37 CFR 1.16 (presentation of extra claims)

    —    37 CFR 1.16(e) (surcharge for filing the basic filing fee
         and/or declaration on a date later than the filing date of
         the application)

    X    37 CFR 1.17 (application processing fees)

    —    37 CFR 1.18 (issue fee at or before mailing of Notice of
         Allowance, pursuant to 37 CFR 1.311(b)).

6

APBU-00000608

X. <u>INSTRUCTIONS AS TO OVERPAYMENT</u>

      \_      credit Account No. 06-0600

     <u>X</u>     refund

XI. <u>PRIORITY-35 U.S.C. 119</u>

      \_      Priority of application Serial No. _____ filed on _____ in _____ is claimed under 35 U.S.C. 119. (country)

      \_      The certified copy has been filed on _____ in prior U.S. application Serial No. _____ filed on _____.

      \_      certified copy will follow

XII. <u>RELATE BACK-35 U.S.C. 120</u>

     <u>X</u>     Amend the specification by inserting after the title and before the first line the paragraph:

"<u>Related Applications</u>"

This is a

     <u>X</u>     continuation

     \_     divisional

     \_     continuation-in-part

of co-pending application(s)

     <u>X</u>     serial number <u>08/624,958</u> filed on <u>March 28, 1996</u> *abandoned, which*

     \_     International Application _____ filed on \_\_\_\_ and which designated the U.S.

*is a continuation of Ser. No. 07/976,542 filed Nov. 16, 1992, abandoned, which is a division of Ser. No. 07/775,182 filed Oct. 11, 1991, Pat. No. 5,164,839, which is a continuation-in-part of Ser. No. 07/289,776 filed Dec 27, 1988, Pat. No. 4,963,995,*

7

APBU-00000609

XIII. ASSIGNMENT

    X    the prior application is assigned of record to
       Instant Video Technology, Inc.

    __    an assignment of the invention to
    _____ is attached.

    _____
    Type name of assignee

XIV. POWER OF ATTORNEY

The power of attorney in the prior application is to
William Hein.

    a.    __    The power appears in the original papers in the prior
                    application.

    b.    __    The power does not appear in the original papers, but was
                    filed on _____.

    c.    __    A new power has been executed and is attached.

    d.    x    Address all future communications to:

                    Marc A. Sockol, Reg. No. 40,823
                    Name

                    Carr, DeFilippo & Ferrell *LLP*
                    2225 East Bayshore Road, Suite 200
                    Address

                    Palo Alto, California  94303       (415) 812-3407

XV. MAINTENANCE OF COPENDENCY OF PRIOR APPLICATION

    X    A petition, fee and response has been filed to extend the term in the
pending prior application until
            July 21, 1997    .

    X    A copy of the petition for extension of time in the prior application is
attached.

8

APBU-00000610

XVI.  CONDITIONAL PETITIONS FOR EXTENSION OF TIME IN PRIOR APPLICATION

___  A conditional petition for extension of time is being filed in the pending prior application.

___  A copy of the conditional petition for extension of time in the prior application is attached.

XVII.  ABANDONMENT OF PRIOR APPLICATION

_X_  Please abandon the prior application at a time while the prior application is pending or when the petition for extension of time or to revive in that application is granted and when this application is granted a filing date so as to make this application copending with said prior application.  At the same time please add the words "now abandoned" to the amendment to the specification set forth in XII above.

|  | Marc A. Sockol |
|---|---|
|  | Name of person signing |

7/18/97
Date

Signature

Marc A. Sockol
Carr, DeFilippo & Ferrell *LLP*
2225 East Bayshore Road, Suite 200
Palo Alto, CA  94303
TEL:  (415) 812-3407
FAX:  (415) 812-3444

___  Inventor

___  Assignee of complete interest

___  Person authorized to sign on behalf of assignee

_X_  Attorney or agent of record

___  Filed under Rule 34(a)

XIX.  INFORMATION DISCLOSURE STATEMENT

___  Submitted herewith is an Information Disclosure Statement

_____
Type Name of Assignee

_____
Address of Assignee

_____
Title of person authorized to sign on behalf of assignee

Assignment recorded in PTO on  January 24, 1997
Reel  8321    Frame  0817

9

APBU-00000611

67814 U.S. PTO
08/896727
07/18/97

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

```
08/21/1997 TWILLIAM 00000140 DA#:060600  08896727
01 FC:201            385.00 OP
02 FC:202            320.00 OP
03 FC:203   18.00 CH  1566.00 OP
```

PTO-1556
(5/87)

APBU-00000612



IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE

Parent application:

APPLICANT:        Richard Lang
SERIAL NO.:       08/624,958
FILING DATE:      3/28/96
TITLE:            Burst Transmission Apparatus and Method for
                  Audio/Video Information

EXAMINER:         Huy Nguyen
ART UNIT:         2604
ATTY. DKT. NO:    639

Continuation Application:

APPLICANT:        Richard Lang
TITLE:            Burst Transmission Apparatus and Method for
                  Audio/Video Information

FILING DATE:      July 18, 1997
ATTY. DKT. NO:    816

---

## CERTIFICATE OF MAILING

I hereby certify that this paper is being deposited with the United States
Postal Service as first class mail in an envelope addressed to: Assistant
Commissioner for Patents, Washington, D.C. 20231, on the date printed below:

Date: 8-4-97                   _____
                                       Marc A. Sockol

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

## PRELIMINARY AMENDMENT

Applicant respectfully requests that the Examiner enter the following amendments
and consider the following remarks before examining the application. Most importantly,
Applicant would like to thank the Examiner for his time and consideration during the
numerous telephone conversations with Applicant's attorney. This preliminary
amendment and response is being submitted to address the rejections made in the Office
Action mailed 2/20/97.

-1-

IN THE CLAIMS:

27.    (three times amended) An audio/video transceiver apparatus comprising:

input means for receiving audio/video source information, said audio/video information comprising a multiplicity of video frames in the form of one or more full motion video programs;

compression means, coupled to said input means, for compressing said audio/video source information into a time compressed representation thereof, said time compressed representation having an associated burst time period that is shorter than a time period associated with real time viewing by a receiver of said audio/video source information;

storage means, coupled to said compression means, for storing the time compressed representation of said audio/video source information;

output means, coupled to said storage means, [for receiving the time compressed representation of said audio/video source information stored in said storage means and] for [serially] transmitting said time compressed representation of said audio/video source information away from said audio/video transceiver apparatus in said burst time period that is shorter than said time period associated with real time viewing by the receiver of said audio/video source information; and

editing means, coupled to said storage means, for editing the time compressed representation of said audio/video source information stored in said storage means and for storing the edited time compressed representation of said audio/video source information in said storage means;

said output means being operative for receiving the edited time compressed representation of said audio/video source information stored in said storage means for transmission away from said audio/video transceiver apparatus in a burst time period that is shorter than a time period associated with real time viewing by the receiver of said edited time compressed representation of said audio/video source information.

43.    (three times amended) An audio/video transceiver apparatus comprising:

input means for receiving audio/video source information as a time compressed representation thereof, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs, said time compressed representation of said audio/video source information being received over an associated burst time period that is shorter than a time period associated with real time viewing by a receiver of said audio/video source information;

- 2 -

APBU-00000614

storage means, coupled to said input means, for storing the time compressed representation of said audio/video source information received by said input means; and

output means, coupled to said storage means, [for receiving the time compressed representation of said audio/video source information stored in said storage means and] for [serially] transmitting said time compressed representation of said audio/video source information away from said audio/video transceiver apparatus;

said input means being coupled, via a communication link, to a remotely located video library, said video library storing a multiplicity of programs, each of said programs comprising a multiplicity of video frames in the form of a full motion video program, each of said programs being stored in said time compressed representation for selective retrieval, in said associated burst time period over said communication link[, by the user].

55.    An audio/video information transfer network comprising:

a plurality of audio/video transceivers, coupled via one or more communications links, each of said audio/video transceivers [comprising:] including

input means for receiving audio/video source information, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs;

compression means, coupled to said input means, for compressing said audio/video source information into a time compressed representation thereof having an associated burst time period that is shorter than a time period associated with real time viewing of said audio/video source information;

storage means, coupled to said compression means, for storing the time compressed representation of said audio/video source information; and

output means, coupled to said storage means and to one of said one or more communications links, [for receiving the time compressed representation of said audio/video source information stored in said storage means and] for [serially] transmitting said time compressed representation of said audio/video source information in said burst time period to another one of said plurality of audio/video transceivers.



85.    (once amended) An audio/video transceiver apparatus comprising:

input means for receiving analog and/or digital audio/video source information, said analog and/or digital audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs;

analog to digital converter means for converting analog audio/video source

- 3 -

APBU-00000615

information received at said input means to corresponding digital audio/video source information;

digital to analog converter means for converting digital audio/video source information received at said input means to corresponding analog audio/video source information;

compressor/decompressor means for compressing digital audio/video source information received at said input means or said corresponding digital audio/video source information received from said analog to digital converter means into a time compressed representation of said digital or corresponding digital audio/video source information, said time compressed representation having an associated burst time period that is shorter than a time period associated with real time viewing by a receiver of said digital or corresponding digital audio/video source information, said compressor/decompressor means being further operative for decompressing said time compressed representation into a decompressed real time representation of said digital or corresponding digital audio/video source information;

central processing unit means for controlling operation of [of] said compressor/decompressor means;

storage means for storing said time compressed representation of said digital or corresponding digital audio/video source information and for storing said decompressed real time representation of said digital or corresponding digital audio/video source information;

controller means for enabling communication between said compressor/decompressor means, said central processing unit means, and said memory means; and

output means for [receiving said time compressed representation of said digital or corresponding digital audio/video source information stored in said storage means and] for [serially] transmitting said time compressed representation away from said audio/video transceiver apparatus in said burst time period.



115.    (twice amended) A method for handling audio/video source information, the method comprising the steps of:

receiving audio/video source information;

compressing the received audio/video source information into a time compressed representation thereof;

storing the time compressed representation of said audio/video source information;

- 4 -

APBU-00000616

[serially] transmitting said stored time compressed representation of said audio/video source information in a burst time period that is shorter than a time period associated with real time viewing by a receiver of said audio/video source information;

editing the stored time compressed representation of said audio/video source information;

storing the edited time compressed representation of said audio/video source information; and

receiving the stored edited time compressed representation of said audio/video source information for transmission away from said audio/video transceiver apparatus.



131.    (twice amended) A method for handling audio/video source information, the method comprising:

receiving audio/video source information as a time compressed representation thereof, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs, said time compressed representation of said audio/video source information being received over an associated burst time period that is shorter than a time period associated with real time viewing by a receiver of said audio/video source information;

storing the time compressed representation of said audio/video source information received by said input means; and

[serially] transmitting said stored time compressed representation of said audio/video source information away from said audio/video transceiver apparatus;

said audio/video source information comprising information received from a video library, said video library storing a multiplicity of programs, each of said programs comprising a multiplicity of video frames in the form of a full motion video program, each of said programs being stored in said time compressed representation for selective retrieval, in said associated burst time period, over a fiber optic transmission line[, by the user].

132.    (twice amended)  A method for handling audio/video source information, the method comprising:

receiving audio/video source information as a time compressed representation thereof, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs, said time compressed representation of said audio/video source information being received over an associated burst time period that is shorter than a time period associated with real time viewing by a receiver of

APBU-00000617

said audio/video source information;

storing the time compressed representation of said audio/video source information received by said input means; and

[serially] transmitting said stored time compressed representation of said audio/video source information away from said audio/video transceiver apparatus;

said audio/video source information comprising information received from a video library, said video library storing a multiplicity of programs, each of said programs comprising a multiplicity of video frames in the form of a full motion video program, each of said programs being stored in said time compressed representation for selective retrieval, in said associated burst time period, over a communication link.

143.    (once amended) A method for handling audio/video source information, the method comprising:

providing a network that includes a plurality of audio/video transceivers, coupled via one or more communications links;

receiving audio/video source information at one or more of said plurality of audio/video transceivers, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs;

compressing said audio/video source information into a time compressed representation thereof having an associated burst time period that is shorter than a time period associated with real time viewing by a receiver of said audio/video source information;

storing the time compressed representation of said audio/video source information; and

[serially] transmitting said stored time compressed representation of said audio/video source information in said burst time period to another one of said plurality of audio/video transceivers.

162.    (three times amended) A method for handling audio/video source information, the method comprising the steps of:

receiving audio/video source information;

compressing the received audio/video source information into a time compressed representation thereof;

storing the time compressed representation of said audio/video source information;

[serially] transmitting said stored time compressed representation of said



APBU-00000618

audio/video source information in a burst time period that is shorter than a time period associated with real time viewing by a receiver of said audio/video source information;

[selectively] decompressing at least a portion of the stored time compressed representation of said audio/video source information; and

recording the [selectively] portion of the decompressed time compressed representation of said audio/video source information onto a removable recording medium.

173.    (once amended) A method for handling analog and/or digital audio/video source information, the method comprising the steps of:

receiving analog and/or digital audio/video source information, said analog and/or digital audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs;

converting received analog audio/video source information to corresponding digital audio/video source information;

converting received digital audio/video source information to corresponding analog audio/video source information;

compressing said received digital or converted corresponding digital audio/video source information into a time compressed representation thereof, said time compressed representation having an associated burst time period that is shorter than a time period associated with real time viewing by a receiver of said digital or corresponding digital audio/video source information;

decompressing said time compressed representation into a decompressed real time representation of said digital or corresponding digital audio/video source information;

storing said decompressed real time representation of said digital or corresponding digital audio/video source information; and

[serially] transmitting said time compressed representation away from said audio/video transceiver apparatus to a selected destination in said burst time period.

194.    (once amended) A method for handling audio/video source information, the method comprising:

providing a network that includes a plurality of audio/video transceivers, coupled via one or more communications links;



receiving, at one or more of said audio/video transceivers, audio/video source information, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs, said audio/video source

- 7 -

APBU-00000619

information being received as a time compressed representation thereof having an
associated burst time period that is shorter than a time period associated with real time
viewing by a receiver of said audio/video source information.

     storing the time compressed representation of said audio/video source
information; and

     [serially] transmitting said stored time compressed representation of said
audio/video source information in said burst time period to another one of said plurality
of audio/video transceivers.

---

### REMARKS

     Claims 27-41, 43-68, 70-113, 115-129 and 131-194 were examined and rejected
in the parent case.  Reconsideration of the application in view of the above amendments
and the following remarks is respectfully requested.

     Applicant would like to thank the Examiner for providing time on June 18, 1997,
on June 25, 1997 and on June 30, 1997 to discuss the claimed invention.  During these
discussions, Applicant and the Examiner reach an agreement which addressed both
Applicant's and the Examiner's concerns.  The agreement consisted of amendments to
claim 27 for the purposes of clarification, which acknowledge that the time compressed
representation of the audio/video source information could be received and viewed by a
receiver.  The Examiner indicated in the interview summary of June 30, 1997 (a copy of
which is attached hereto) that these amendments overcame the applied art but that a new
search would be required.  Accordingly, Applicant has incorporated these amendments
into all the independent claims, namely, into claims 27, 43, 55, 85, 115, 131, 132, 143,
162, 173 and 194.

     The following is a summary of the art discussed with the Examiner during the
discussions.  Izeki teaches a compression technique without transmission.  Eggars teaches
a transmission system for sending analog signals *in real time* to a client.  Hooks teaches a
compression system for converting a continuous analog audio/video signal to the NTSC
standard, and transmitting the converted signal *in real time*.  Haskell and Hamilton teach
a system for time compression multiplexing so that multiple clients can receive
audio/video information *in real time*.  As noted by the Examiner, the specification admits
that compression alone is not new.  However, the subject invention relates to a delivery
technique that uses compression to transmit a time compressed representation in a burst
time period which is shorter than a period associated with real time viewing by a receiver.

-8-

From the advent of compression techniques, system designers noted that a system implementing compression could service more clients in real time than a system without compression. In fact, system designers recognized that better compression enabled the system to service even more clients. However, system designers did not recognize that time compressed representations could be sent in a burst time period that is shorter than the time period needed for real time viewing by a receiver. Sending time compressed representations to a receiver can add a new variable, consumption rate, to the equation which indicates the maximum number of clients a system can service. That is, if several clients pause or rewind videos, less information may need to be sent to the clients thereby enabling the system to manage additional clients.

Since the agreed upon amendments have been incorporated into all independent claims, Applicant respectfully submits that all independent and dependent claims 27-41, 43-68, 70-100, 102-113, 115-129 and 131-194 are in condition for allowance. Reconsideration and allowance of the aforementioned claims are respectfully requested.

If the Examiner has questions regarding this case, he is invited to telephone the Applicant's undersigned representative at the number given below. Thanks again for all your assistance.

Respectfully submitted,
Richard Lang

Date: 8-4-97          By: _____
                          Marc A. Sockol, Reg. No. P-40,823
                          Carr, DeFilippo & Ferrell LLP
                          2225 East Bayshore Road, Suite 200
                          Palo Alto, CA 94303
                          (415) 812-3407

- 9 -

APBU-00000621

Gp. 2604

In re application of:     Richard Lang

Serial No.:     Unknown   #08/896 727        Atty. Docket No.: Case 816

Filing Date:   July 18, 1997

Title:        BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO
              INFORMATION

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

Sir:
Transmitted herewith is an amendment in the above-identified application.
[ ]     Small entity status of this application under 37 CFR §§ 1.9 and 1.27 has been established by a verified
        statement previously submitted.
[ ]     A verified statement to establish small entity status under 37 CFR 1.9 and 1.27 is enclosed.
[X]     No additional fee is required.

The filing fee has been calculated as shown below:

| | (Col. 1) | | (Col. 2) | (Col. 3) | Small Entity | | or | Other Than a Small Entity | |
|---|---|---|---|---|---|---|---|---|---|
| | Claims Remaining After Amendment | | Highest Number Previously Paid For | Number of Extra Claims Present | Rate | Additional Fee | or | Rate | Additional Fee |
| Total | * | minus | **20 | | x $11 = | $ | | x $22 = | $ |
| Indep. | * | minus | ***3 | | x $40 = | $ | or | x $80 = | $ |
| [ ] First Presentation of Multiple Dependent Claims | | | | | + $130 = | $ | | + $260 = | $ |
| | | | | | Total Fee | $ | | Total Fee | $ |

*      If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.
**     If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
***    If the Highest Number Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space. The "Highest Number Previously Paid For" (Total or Independent) is the highest number found from the equivalent box in Col. 1 of a prior amendment or the number of claims originally filed.

[ ]     Please charge my Deposit Account No. 06-0600 in the amount of $___.  A duplicate copy of this sheet is attached.

[ ]     A check in the amount of $_____ is attached.

[x]     The Commissioner is hereby authorized to charge payment of the following fees associated with this
communication or credit any overpayment to Deposit Account No. 06-0600. A duplicate copy of this sheet is attached.

        [x]     Any filing fees under 37 CFR § 1.16 for the presentation of extra claims.
        [x]     Any patent application processing fees under 37 CFR § 1.17.

Respectfully submitted,

Dated:  8-4-97

Marc A. Sockol, Reg. No. P-40,823
Carr, DeFilippo & Ferrell LLP
2225 East Bayshore Road, Suite 200
Palo Alto, California  94303
TEL: (415) 812-3407
FAX: (415) 812-3444

In re application of:     Richard Lang     08|896727

Serial No.:     Unknown     Atty. Docket No.: Case 816

Filing Date:     *[MAIL ROOM AUG 7 1997 PAT. & TRADEMARK OFC.]*     July 18, 1997

Title:     BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO INFORMATION

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

Sir:

Transmitted herewith is an amendment in the above-identified application.

[ ]     Small entity status of this application under 37 CFR §§ 1.9 and 1.27 has been established by a verified statement previously submitted.

[ ]     A verified statement to establish small entity status under 37 CFR 1.9 and 1.27 is enclosed.

[X]     No additional fee is required.

The filing fee has been calculated as shown below:

| | (Col. 1) | | (Col. 2) | (Col. 3) | Small Entity | | or | Other Than a Small Entity | |
|---|---|---|---|---|---|---|---|---|---|
| | Claims Remaining After Amendment | minus | Highest Number Previously Paid For | Number of Extra Claims Present | Rate | Additional Fee | or | Rate | Additional Fee |
| Total | * | minus | **20 | | x $11 = | $ | | x $22 = | $ |
| Indep. | * | minus | ***3 | | x $40 = | $ | or | x $80 = | $ |
| [ ] First Presentation of Multiple Dependent Claims | | | | | + $130 = | $ | | + $260 = | $ |
| | | | | | Total Fee | $ | | Total Fee | $ |

*     If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.

**     If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.

***     If the Highest Number Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space. The "Highest Number Previously Paid For" (Total or Independent) is the highest number found from the equivalent box in Col. 1 of a prior amendment or the number of claims originally filed.

[ ]     Please charge my Deposit Account No. 06-0600 in the amount of $___. A duplicate copy of this sheet is attached.

[ ]     A check in the amount of $___ is attached.

[x]     The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to Deposit Account No. 06-0600. A duplicate copy of this sheet is attached.

[x]     Any filing fees under 37 CFR § 1.16 for the presentation of extra claims.

[x]     Any patent application processing fees under 37 CFR § 1.17.

Dated: 8-4-97

Respectfully submitted,

*[signature]*

Marc A. Sockol, Reg. No. P-40,823
Carr, DeFilippo & Ferrell LLP
2225 East Bayshore Road, Suite 200
Palo Alto, California  94303
TEL: (415) 812-3407
FAX: (415) 812-3444

APBU-00000623



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO. |
|---|---|---|---|
| 08/896,727 | 07/18/97 | LANG | R    639.US |

LM11/1125

MARK A SOCKOL
2225 EAST BAYSHORE ROAD STE 200
PALO ALTO CA 94303

| EXAMINER |
|---|
| NGUYEN, H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2712 | 5 3 |

DATE MAILED: 11/25/97

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## OFFICE ACTION SUMMARY

☒ Responsive to communication(s) filed on _Aug 8, 1997_

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed in** accordance with the practice under *Ex parte Quayle*, 1935 D.C. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _three_ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) _27-41, 43-68, 70-113, 115-129 and 131-194_ is/are pending in the application.
    Of the above, claim(s) _____ is/are withdrawn from consideration.
☐ Claim(s) _____ is/are allowed.
☒ Claim(s) _27-41, 43-68, 70-113, 115-129 and 131-194_ is/are rejected.
☐ Claim(s) _____ is/are objected to.
☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.
☐ The drawing(s) filed on _____ is/are objected to by the Examiner.
☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.
☐ The specification is objected to by the Examiner.
☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

    ☐ received.
    ☐ received in Application No. (Series Code/Serial Number) _____.
    ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of Reference Cited, PTO-892
☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
☐ Interview Summary, PTO-413
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152

--SEE OFFICE ACTION ON THE FOLLOWING PAGES--

PTOL-326 (Rev. 9/95)                                                                ★ U.S. GPO: 1996-421-632/40206

APBU-00000624

Serial Number: 08/896,727                                                    Page 2

Art Unit: 2712

## DETAILED ACTION

### *Claim Rejections - 35 U.S.C. § 103*

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

2.      Claims 27-41,43-68,70-100, 102-113,115-129 and 131-194 are rejected under 35

U.S.C. 103(a) as being unpatentable over Izeki et al in view of the admitted prior art in the

specification at pages 7-8 and Hamilton et al (4,897,717).

Regarding claims 27, 43, 85, 105, 115, 131, 132, 143, 158-161,  162, 169, 170, 172, 173,

176, 186, 189, 192, and 194, Izeki et al discloses a video and audio recording apparatus, Figs 1-5,

for receiving audio/video information, compressing the audio / video information, and storing the

compressed audio/video information in a storage means for later selectively retrieving and

transmitting the audio/video information to another audio/video apparatus. The apparatus

comprises input means (43 and 44) for receiving audio and video information to produce the

compressed video and audio information; means (53,52,110) for storing the compressed audio

and video information; means for receiving the compressed audio and video information; and

editing means (47) for editing the compressed audio/video information and for storing the edited

audio or video information in the storage means; and output means (80) for outputting the edited

audio/video information away from the audio and video apparatus.

APBU-00000625

Serial Number: 08/896,727                                                        Page 3

Art Unit: 2712

Izeki et al fails to specifically teach that the compressed audio/video information are the

time-compressed audio/video information as recited in claims 27, 43, 55, 85, 105, 115, 131, 132,

143, 162, 173, and 194.

However, it is noted that employing means for time-compressed audio/video information

so that the compressed audio/video information can transmitted at high speed (in flash or burst

period) and so that to increase the capacity of a storage means is well known in the art and

available in market at the time the invention was made as admitted by applicant in the

specification, page 7 and 8. Therefore, it would have been obvious to one of ordinary skill in the

art to employ means for time- compressing audio/video information as an alternative

compressing device for the compressing means of Izeki et al to time-compress the audio/video

information of Izeki et al in order to increase the transmission speed of the audio/video

information as well as to increase the capacity of storing the audio/video information of the

storage means.

Izeki as modified with the admitted prior art fails to teach that the audio/video a

transmitted in a burst time period that is shorter than the real time as recited in claims .

Hamilton et al discloses a fast transfer means (Fig. 1) for transferring compressed

audio/video data in a period that is shorter than the real time period as recited in claims.

It would have been obvious to one of ordinary skill in the art to modify Izeki as modified

with the admitted prior art above with Hamilton by providing a fast transfer means as taught by

Hamilton in the apparatus of the modified Izeki with the admitted prior art above for transferring

APBU-00000626

Serial Number: 08/896,727                                                    Page 4

Art Unit: 2712

the compressed audio/video data at a period that is shorter than the real time period thereby

allowing the audio/video data transferred with high speed.

     Further for claims 43, 44, 55, 60, 131, 132 and 148, Izeki et al fails to teach that the

audio/video information are compressed video motion programs from library. However, it is

noted that audio/video information comprising compressed video motion programs from a video

library (Video on demand) or from a broadcast via a tuner and that compressing motion video

program are well known in the art . Therefore Official Notice is taken and  it would have been

obvious to one of ordinary skill in the art to use the audio/video apparatus of Izeki et al to receive

the compressed motion programs as an alternative video information source to process and store

the motion video programs for later viewing.

     Regarding claims  48, 50, 51, 62, 83, 105, 133, 138, 134, 135, and 136, Izeki et al fails to

specifically teach a decompressing means for decompressing the compressed audio/video

information. However, it is noted that using a decompressing means to reverse the compressed

audio/video information is well known in the art and as admitted by the applicant in the

specification. Therefore, it would have been obvious to one of ordinary skill in the art to employ

decompressing means into Izeki et al apparatus to reverse the compressed audio/video

information to original audio/video information to accommodate with receiving devices such as a

television monitor or recorder device.

     Regarding claims 28, 49, 53, 71, 75, 116, 135, 137, 138, 140, and 141, Izeki et al further

teaches a monitor (48) for monitoring the editing of the stored audio/video information.

APBU-00000627

Serial Number: 08/896,727                                                    Page 5

Art Unit: 2712

Regarding claims 29,30,37,38,39,41,56,57,77-78, 95, 96, 97, 98, 117, 118, 124, 126,

127, 129,142, 144, 145, 166, 183-185, and 187, Izeki et al fails to teach the use of fiber optic,

telephone and microwave to couple to the input port or output port for receiving the audio/video

information from a tuner or cable and for transmitting the audio/video information is well known

in the art . Therefore, it would have been obvious to one of ordinary skill in the art to use a fiber

optic, telephone and microwave line for receiving the audio/video information at the input port

and for transmitting the audio /video information from the output port.

Regarding claims 31, 32, 59, 65, 67, 68, 91, 92, 93, 102, 103, 104, 106, 107, 108, 109,

110, 112, 119, 120, 146, 147, 154, 155, 156, 164, 165, 179, 180, 188, 190, 191, and 193, Izeki et

al fails to specifically teach that the storage means comprises an optical disk, or a WORM

memory, or a semiconductor memory, or a bubble memory, or a erasable optical disk, or a CD

ROM, or a digital paper. However, employing  an optical disk, erasable optical disk, a

semiconductor, bubble memory, CD ROM or a digital paper for storing information is well known

in the art  (See Izeki et al column 7, lines 23-31) and as admitted by the applicant in the

specification. Therefore, it would have been obvious to one of ordinary skill in the art to use an

optical disk, erasable optical disk, a bubble memory, digital paper, CD ROM, or WORM memory

as an alternative storage means of Izeki et al for storing the audio/video information of Izeki et al.

Regarding claims 33 and 34 and further for claims 85 and 172, Izeki et al teaches means

for converting the input audio/video information into digital audio/video information and for

APBU-00000628

Serial Number: 08/896,727                                                    Page 6

Art Unit: 2712

storing the digital audio/video information (column 3, lines 39-43) and means for converting the

digital audio/video information into analog audio/video information (column 5, lines 40-51).

    Regarding claims 36, 54, 94, and 182, Izeki et al fails to teach that the audio/video

information is taken from a tape recorder. However, it is noted a tape recorder which capable of

reproducing audio/video information is well known in the art . Therefore ,it would have been

obvious to one of ordinary skill in the art to use the input of Izeki et al to receive the audio/video

information from a  video tape  recorder as being an alternative  audio/video information source.

    Regarding claims 35 and 123, Izeki et al teaches that the input audio/video information

supplied from a video camera.

    Regarding claims 40 and 128, Izeki et al fails to specifically teaches that the input

audio/video information received from computer. However, it is noted that audio/video

information which are generated by a computer is well known in the art . Therefore, it would have

been obvious to one of ordinary skill in the art to supply generated audio/video information from

a computer as an alternative audio/video information source of Izeki et al.

    Regarding claims 61, 63, 70, 73, 75, 79, 80, 82,  84, 87-88, 89, 90, 149, 150, 151, 152,

157, 158, 159, 162, 163, 167, 168, 177, and 178, Izeki et al further teach a removable recorder

such as a tape recorder (54) for storing the audio/video information from the storage means.

    Regarding claim 86, Izeki et al further discloses a character generating means for

generating title associated with the audio/video information by the user but fails to specifically

teach that the title is indicating timing information. However, it would have been obvious to one

APBU-00000629

Serial Number: 08/896,727                                                                 Page 7

Art Unit: 2712

of ordinary skill in the art to use the character generating means of Izeki et al for generating the

character indicating the date or time, considered as the claimed timing information, of receiving

the audio/video information of Izeki et al through the input by the user (key board)(column 2,

lines 65-68).

Regarding claims 99 and 100, Izeki et al further discloses a digital control unit

means(41,56) for controlling editing function including memory for storing instruction

information to perform editing function but fails to specifically teach that the memory id a ROM .

However, it is noted that employing a ROM for storing necessary instruction information in a

control device to control an apparatus is well known in the art . Therefore, it would have been

obvious to one of ordinary skill in the art to use well known ROM as an alternative memory for

the memory (56) of Izeki et al in order to accurately edit the audio/video information.


3.      Claim 101 is  rejected under 35 U.S.C. 103(a) as being unpatentable over Izeki et al in

view of the admitted prior art in the specification , papers 7-8, and Hamilton as applied to claim

98  above, and further in view of Muramoto et al.

Izeki et al fails to teach a RGB converter for converting the stored information to RGB

format. However, it is noted that employing a RGB converter for converting information into

RGB format is well known in the art. For example, Muramoto teaches a RGB converter for

converting stored information to RGB format. Therefore it would have been obvious to one of

APBU-00000630

Serial Number: 08/896,727                                                                Page 8

Art Unit: 2712

ordinary skill in the art to employ the well known converter as taught by Muramoto with the

apparatus of Izeki for converting the information to RGB format in order to reproduce the RGB

format on an appropriate monitor.

4.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Huy Nguyen whose telephone number is (703) 305-4775.  The examiner can

normally be reached on Monday to Friday from 6:30AM to 5:00PM.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Andrew Faile, can be reached on (703) 305-4380.

        Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703) 305-3900.

5.      Any response to this action should be mailed to:

Commissioner of Patents and Trademarks

Washington, D.C. 20231

or faxed to:

(703) 308-9051, (for formal communications intended for entry)

Or: