# EXHIBIT 38

Dockets.Justia.com

# Manual of PATENT EXAMINING PROCEDURE

Original Fifth Edition, August 1983
Latest Revision October 1989

 

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Rev. 13, Nov. 1989

The Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions or change of address of those on the subscription list.

Correspondence relating to any of the above items should be sent to the Superintendent of Documents at the following address:

> Superintendent of Documents
> Mail List Section
> Washington, D.C. 20402

Inquiries relating to subscriptions should be directed to:
> Superintendent of Documents
> United States Government Printing Office
> Washington, D.C. 20402

Orders for reproduced copies of individual replacement pages not amounting to a complete revision of the Manual should be sent to the following address:
> Commissioner of Patents and Trademarks
> Attention: Customer Services Division
> Washington, D.C. 20231

The cost for each 30 pages or a fraction thereof is $10.00 (See 37 CFR 1.13(a) and 1.19(a)(3)).

Charges may be made to Deposit Accounts if the requester is an account holder in good standing at the time the request is received. Checks or money orders should be payable to the Commissioner of Patents and Trademarks. Requests must identify the specific pages required and the number of copies of each page.

Employees of the Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Patent Academy.

> First Edition, November 1949
> Second Edition, November 1953
> Third Edition, November 1961
> Fourth Edition, June 1979
> Fifth Edition, August 1983
> > Revision 1, October 1985
> > Revision 2, December 1985
> > Revision 3, May 1986
> > Revision 4, October 1986
> > Revision 5, July 1987
> > Revision 6, October, 1987
> > Revision 7, December, 1987
> > Revision 8, May 1988
> > Revision 9, September 1988
> > Revision 10, January 1989
> > Revision 11, April 1989
> > Revision 12, July 1989
> > Revision 13, November 1989

# Foreword

This Manual is published to provide Patent and Trademark Office patent examiners, applicants, attorneys, agents, and representatives of applicants with a reference work on the practices and procedures relative to the prosecution of patent applications before the Patent and Trademark Office. It contains instructions to examiners, as well as other material in the nature of information and interpretation, and outlines the current procedures which the examiners are required or authorized to follow in appropriate cases in the normal examination of a patent application. The Manual does not have the force of law or the force of the Patent Rules of Practice in Title 37, Code of Federal Regulations.

A separate manual entitled "Trademark Manual of Examining Procedure" is published by the Patent and Trademark Office as a reference work for trademark cases.

Examiners will be governed by the applicable statutes, the Rules of Practice, decisions, and orders and instructions issued by the Commissioner and the Assistant Commissioners. Orders and Notices still in force which relate to the subject matter included in this Manual are incorporated in the text. Orders and Notices, or portions thereof, relating to the examiners' duties and functions which have been omitted or not incorporated in the text may be considered obsolete. Interference procedure not directly involving the Primary Examiner are not included in this Manual and, therefore, Orders and Notices relating thereto remain in force.

Subsequent changes in practice and other revisions will be incorporated in the form of substitute or additional pages for the Manual.

Suggestions for improving the form and content of the Manual are always welcome. They should be addressed to:

>Commissioner of Patents and Trademarks,
>Editor, M.P.E.P.,
>Washington, D.C. 20231

See >MPEP< §§ 821 to 821.03 for treatment of claims held to be drawn to non-elected inventions.

### 706.03(n)   Correspondence of Claim and Disclosure [R-6]

*37 CFR 1.117. Amendment and revision required.*

The specification, claims and drawing must be amended and revised when required, to correct inaccuracies of description and definition or unnecessary prolixity, and to secure correspondence between the claims, the specification and the drawing.

Another category of rejections not based on the prior art is based upon the relation of the rejected claim to the disclosure. In chemical cases, a claim may be so broad as to not be supported by disclosure, in which case it is rejected as unwarranted by the disclosure. If averments in a claim do not correspond to the averments or disclosure in the specification, a rejection on the ground of inaccuracy may be in order. It must be kept in mind that an original claim is part of the disclosure and might adequately set forth subject matter which is completely absent from the specification. Applicant is required in such an instance to add the subject matter to the specification. Whenever an objection or rejection is made based on incomplete disclosure, the examiner should in the interest of expeditious prosecution call attention to 37 CFR 1.118.

When an amendment is filed in response to an objection or rejection based on incomplete disclosure, a study of the entire application is often necessary to determine whether or not "new matter" is involved. Applicant should therefore specifically point out the support for any amendments made to the disclosure.

If subject matter capable of illustration is originally claimed and it is not shown in the drawing, the claim is not rejected but applicant is required to add it to the drawing. See >MPEP< § 608.01(l)

See >MPEP< §706.03(z) for rejection on undue breadth.

### 706.03(o)   New Matter

*35 U.S.C. 132. Notice of rejection; reexamination.*

Whenever, on examination, any claim for a patent is rejected, or any objection or requirement made, the Commissioner shall notify the applicant thereof, stating the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application; and if after receiving such notice, the applicant persists in his claim for a patent, with or without amendment, the application shall be reexamined. No amendment shall introduce new matter into the disclosure of the invention.

In amended cases, subject matter not disclosed in the original application is sometimes added and a claim directed thereto. Such a claim is rejected on the ground that it recites elements without support in the original disclosure under 35 U.S.C. 112, first paragraph, In re Rasmussen, 650 F2d 1212 (CCPA,1981). New matter includes not only the addition of wholly unsupported subject matter, but also, adding specific percentages or compounds after a broader original disclosure, or even the omission of a step from a method. See >MPEP< §§ 608.04 to 608.04(c).

In the examination of an application following amendment thereof, the examiner must be on the alert to detect new matter. 35 U.S.C. 132 should be employed as a basis for objection to amendments to the abstract, specification, or drawings attempting to add new disclosure to that originally disclosed on filing. If new matter is added to the specification, it should be objected to by using Form Paragraph 7.28.

7.28  Objection to New Matter Added to Specification

The amendment filed [1] is objected to under 35 U.S.C. 132 because it introduces new matter into the specification. 35 U.S.C. 132 states that no amendment shall introduce new matter into the disclosure of the invention. The added material which is not supported by the original disclosure is as follows: [2]

Applicant is required to cancel the new matter in the response to this Office action.

Examiner Note:
1. In bracket 2, fill in the page and line numbers involved and provide an appropriate explanation of your position if appropriate.
2. If new matter is also added to the claims, an objection to the specification should be made under 35 U.S.C. 112, first paragraph, using form paragraph 7.30, example d; as well as a rejection using form paragraph 7.31.

### 706.03(p)   No Utility

A rejection on the ground of lack of utility includes the more specific grounds of inoperativeness, involving perpetual motion, frivolous, fraudulent, against public policy. The statutory basis for this rejection is 35 U.S.C. 101. See >MPEP< §608.01(p).

### 706.03(q)   Obvious Method

In view of a decision of the U.S. Court of Customs and Patent Appeals, process claims should no longer be rejected on a theory that once the article or composition produced thereby is conceived, anyone skilled in the art would at once be aware of a method of making it, *In re Kuehl*, 177 USPQ 250 (CCPA 1973).

A process may be unpatentable, however, even if the product produced therefrom is patentable, *In re Kanter*, 158 USPQ 331 (CCPA 1968). The mere substitution of a new starting material in an otherwise conventional process may well be obvious in the absence of some unobvious result in the process itself, *In re Kanter*, 158 USPQ 331 (CCPA 1968); *In re Neugebauer et al.*, 141 USPQ 205 (CCPA 1964); *Corning Glass Works et al. v. Brenner*, 175 USPQ 516 (D.C. Cir. 1972).

However, the use of a specific mineral oil in a process was held to be material in *In re Schneider et al.*, 179 USPQ 46 (CCPA 1973).

### 706.03(r)   Mere Function of Machine [R-6]

In view of the decision of the Court of Customs and Patent Appeals in *In re Tarczy-Hornoch* * at 158 USPQ 141 (CCPA 1968), process or method claims are not subject to rejection by Patent and Trademark Office examiners solely on the ground that they define the inherent function of a disclosed machine or apparatus.

### 706.03(s)   Statutory Bar

Another category of rejections not based on the prior art finds a basis in some prior act of applicant, as a result of which the claim is denied him.