MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
GARLAND T. STEPHENS (admitted N.D.C.A.,
Texas Bar No. 24053910)
garland.stephens@weil.com
NICHOLAS A. BROWN (Bar No. 198210)
nicholas.brown@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff
APPLE COMPUTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE COMPUTER, INC., | Case No. C 06-0019 MHP |
| Plaintiff, | DECLARATION OF LEERON G. KALAY IN SUPPORT OF MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO CIVIL LOCAL RULES 7-10 AND 79-5 TO SEAL DOCUMENTS |
| v. | |
| BURST.COM, INC., | |
| Defendant. | Hon. Marilyn Hall Patel |
| | Complaint Filed: January 4, 2006 |
| | Trial Date: February 26, 2008 |

KALAY DECL. ISO MISC. ADMINISTRATIVE REQUEST
PURSUANT TO CIVIL LOCAL RULES 7-10 & 79-5 TO
SEAL DOCUMENTS

Case No. C 06-0019 MHP
SV1:\262786\01\5mrm01!.DOC\15096.0006

Dockets.Justia.com

I, Leeron G. Kalay, declare:

1.      I am a member of the Bar of this Court and an attorney with the law firm of Weil, Gotshal & Manges LLP, counsel of record for Apple Computer, Inc. in the above-captioned matter.  I submit this declaration based on personal knowledge and following a reasonable investigation.  If called upon as a witness, I could competently testify to the truth of each statement herein.

2.      Attached hereto as Exhibit A is the stipulated protective order filed with the Court on September 15, 2006, which states in part that parties may designate documents as Confidential Counsel's Eyes Only.  The protective order requires that, when so designated, such materials are to be filed with the Court under seal. *Id.* at ¶ 14.

3.      Exhibits 1 and 2 lodged with the Declaration of Leeron G. Kalay in Support of Apple's Motion For Summary Judgment of Noninfringement of the "Stored Time Compressed Representation" Limitation each contains highly confidential and propriety information regarding Apple's products and services.  Accordingly, these exhibits have been designated as Confidential Outside Attorneys' Eyes Only by Apple Computer, Inc.

4.      Exhibit 3 lodged with the Declaration of Leeron G. Kalay in Support of Apple's Motion For Summary Judgment of Noninfringement of the "Stored Time Compressed Representation" Limitation has been designated as Confidential by Burst.com, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 4, 2007, at Redwood Shores, California.

WEIL, GOTSHAL & MANGES LLP


By:    */s/ Leeron G. Kalay*
              Leeron G. Kalay

KALAY DECL. ISO MISC. ADMINISTRATIVE REQUEST
PURSUANT TO CIVIL LOCAL RULES 7-10 & 79-5 TO
SEAL DOCUMENTS

Case No. C 06-0019 MHP
SV1:\262786\01\5mrm01!.DOC\15096.0006

2

1  MATTHEW D. POWERS (Bar No. 104795)
   matthew.powers@weil.com
2  NICHOLAS A. BROWN (Bar No. 198210)
   nicholas.brown@weil.com
3  WEIL, GOTSHAL & MANGES LLP
4  Silicon Valley Office
   201 Redwood Shores Parkway
5  Redwood Shores, CA 94065
   Telephone: (650) 802-3000
6  Facsimile: (650) 802-3100
7
   Attorneys for Plaintiff and Counterdefendant APPLE COMPUTER, INC.
8
9  PARKER C. FOLSE III (WA Bar No. 24895 – *Admitted Pro Hac Vice*)
   pfolse@susmangodfrey.com
10 SUSMAN GODFREY, L.L.P.
   1201 Third Avenue, Suite 3800
11 Seattle, Washington 98101-3000
   (206) 516-3880 Tel
12 (206) 516-3883 Fax
13
14 SPENCER HOSIE (CA Bar No. 101777)
   shosie@hosielaw.com
15 HOSIE McARTHUR LLP
   One Market, 22nd Floor
16 San Francisco, CA 94105
   (415) 247-6000 Tel.
17 (415) 247-6001 Fax
18
   Attorneys for Defendant and Counterclaimant BURST.COM, INC.
19 *(additional attorneys listed on signature page)*
20            UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
21               SAN FRANCISCO DIVISION
22 APPLE COMPUTER, INC.,                        Case No. 06-CV-00019 MHP
23          Plaintiff and                       **STIPULATION AND [PROPOSED]**
            Counterdefendant,                   **PROTECTIVE ORDER REGARDING**
24                                              **DISCLOSURE OF CONFIDENTIAL**
        v.                                      **MATERIALS**
25
26 BURST.COM, INC.,                             Complaint filed:  January 4, 2006
                                                Trial Date:       Not Yet Set
27          Defendant and
            Counterclaimant.                    Hon. Marilyn Hall Patel
28

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF                   Case No. 06-CV-00019 MHP
CONFIDENTIAL MATERIALS - 1

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), Apple Computer, Inc. and Burst.com, Inc. hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal and that Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1.      This Protective Order shall apply to all information, documents, testimony, or other things subject to discovery in this action that contain proprietary, confidential, trade secret, or commercially sensitive information, as well as any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material") – including any information, documents, testimony, or other things designated "CONFIDENTIAL" and/or "CONFIDENTIAL COUNSEL'S EYES ONLY" under this protective order.  As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties, who disclose and/or produce any Discovery Material in this action.  "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

2.      Any party or non-party from whom discovery is sought in this action and who is producing or disclosing Discovery Material may designate it as set forth herein as: (a)

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF                          Case No. 06-CV-00019 MHP
CONFIDENTIAL MATERIALS - 2

"CONFIDENTIAL" or (b) "CONFIDENTIAL COUNSEL'S EYES ONLY" subject to this Protective Order if it contains confidential, proprietary, trade secret, commercially sensitive or market-sensitive information.

3.    In the absence of written permission from the Producing Party, Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY":

(a)    Shall be protected from disclosure as specified herein, unless the Producing Party states in writing, or a party obtains an Order of the Court declaring, that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and

(b)    Shall be used only for purposes of this litigation.

4.    Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Each party or non-party must take care to designate for protection only those parts of the Discovery Material that qualify – so that other portions of the Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken identification.

5.    The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend on the document or thing: "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY". Notwithstanding anything to the contrary in this Protective Order, when the Producing Party is a non-party, any party to this action may designate (as appropriate under the provisions of this Protective Order) any and all Discovery

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL MATERIALS - 3

Case No. 06-CV-00019 MHP

Materials produced by the non-party by sending a letter to all parties and the producing non-party notifying them of the party's designations.

(a)    Written discovery may be designated by placing the following legend on every page of the written material prior to production: "CONFIDENTIAL," "CONFIDENTIAL ATTORNEY'S EYES ONLY" or "CONFIDENTIAL COUNSEL'S EYES ONLY".    The designations "CONFIDENTIAL ATTORNEY'S EYES ONLY" and "CONFIDENTIAL COUNSEL'S EYES ONLY" are interchangeable and have the same meaning for purposes of this protective order.    In the event that original documents are produced for inspection, the Producing Party may produce the documents on a temporary "CONFIDENTIAL COUNSEL'S EYES ONLY" basis so long as such documents are redesignated as necessary by placing the appropriate legend on the documents in the copying process.

(b)    Parties or testifying persons may designate depositions and other testimony as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.    All information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which it may be designated as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" has passed.

6.    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it comprises or includes confidential, proprietary, trade secret, or other confidential research, development or sensitive commercial information.    Discovery Material designated as "CONFIDENTIAL" may be disclosed to:

(a)    The outside attorneys working on this action on behalf of any party, any paralegals and clerical employees of such attorneys, and any copying or other clerical litigation

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF                              Case No. 06-CV-00019 MHP
CONFIDENTIAL MATERIALS - 4

support services working at the direction of any of such attorneys, paralegals or clerical, employees; where the term "outside attorneys" means attorneys of the respective law firms which have entered appearances in this case;

(b)     Not more than five (5) representatives for each party who are officers or employees of the party, who may be but need not be in-house counsel for the party, and who shall be designated in writing by the party prior to any disclosure of "CONFIDENTIAL" Discovery Materials to such person, and any paralegals and clerical employees who support the representatives; provided that each such representative has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order;

(c)     Any person not employed by a party who is specifically retained by any attorney described in Paragraph 6(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 10(b), below;

(d)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(e)     The Court, jury, and court personnel;

(f)     Graphics, translation, design and/or trial consulting services, including mock jurors, retained by a Party; and

(g)     Any other person with the prior written consent of the Producing Party.

7.     Any "CONFIDENTIAL" Discovery Materials that qualify as a trade secret under California Civil Code, Section 3426.1(d), and that a Producing Party in good faith believes are

extremely confidential and/or sensitive in nature such that the Producing Party reasonably believes that the disclosure of the Discovery Materials is likely to cause economic harm to the Producing Party, may be given a higher level of protection from disclosure and designated "CONFIDENTIAL COUNSEL'S EYES ONLY".    Discovery Material designated as "CONFIDENTIAL COUNSEL'S EYES ONLY" may be disclosed only to:

(a)    The outside attorneys working on this action on behalf of any party, any paralegals and clerical employees of such outside attorneys, and any copy or other clerical litigation support services working at the direction of any of such outside attorneys, paralegals or clerical employees; where the term "outside attorneys" means attorneys of the respective law firms which have entered appearances in this case;

(b)    Not more than two (2) in-house counsel for the party, who shall be designated in writing by the party prior to any disclosure of "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Materials to such in-house counsel, and any paralegals and clerical employees working at the direction of the in-house counsel; provided that (i) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; (ii) such person is not involved in competitive decision making, *i.e.*, providing advice about or participating in any or all of the party's decisions (about pricing, product design, or similar subjects) made in light of similar or corresponding information about a competitor; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 10(b) below;

(c)    Any person not employed by a party who is expressly retained by any attorney described in Paragraph 7(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that (i) such person has signed the acknowledgement form annexed hereto as

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF                    Case No. 06-CV-00019 MHP
CONFIDENTIAL MATERIALS - 6

Exhibit A agreeing to be bound by the terms of this Protective Order; (ii) such person is not involved in competitive decision making, *i.e.*, providing advice about or participating in any or all of the party's decisions (about pricing, product design, patent prosecution or similar subjects) made in light of similar or corresponding information about a competitor; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 10(b) below;

      (d)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

      (e)    The Court, jury, and court personnel;

      (f)    Graphics, translation, design and/or trial consulting services including mock jurors, retained by a Party; and

      (g)    Any other person with the prior written consent of the Producing Party.

8.    This Order shall not bar an outside attorney in the course of rendering advice to his client with respect to this litigation from conveying his evaluation of Discovery Material designated "CONFIDENTIAL COUNSEL'S EYES ONLY" produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose any such "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material produced by another party herein, which disclosure would be contrary to the terms of this Order.

9.    This protective order does not address the parties' production of Discovery Material that comprises or includes confidential, proprietary and/or trade secret source code. As used herein, the term "source code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module. The parties are continuing to negotiate appropriate terms for a separate protective order

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL MATERIALS - 7

Case No. 06-CV-00019 MHP

governing source code and will present a separate proposed protective order for the Court to consider as appropriate.

10.    All persons receiving "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order. Each individual who receives any "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

(a)    Counsel who makes "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material available to persons set forth in Paragraphs 6 and/or 7 above shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order. All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original materials. Any person having access to such Discovery Material pursuant to Paragraphs 6 and/or 7 above, whose participation in this litigation has been terminated or otherwise concluded, shall return all such Discovery Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

(b)    Before counsel for a Receiving Party may disclose any Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" to a person described in Paragraphs 6(b), 6(c), and/or 6(g), and/or Paragraphs 7(b), 7(c), and/or 7(f), above, of this Protective Order:

(i)    counsel shall provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as Exhibit A;

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL MATERIALS - 8

Case No. 06-CV-00019 MHP

(ii)     at least ten (10) business days before any such disclosure, counsel for the Receiving Party shall notify all counsel of record in writing of the intent to disclose "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material to such person. The notice shall include a copy of the acknowledgement form signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the Receiving Party. If the person is a consultant or testimonial expert described in Paragraphs 6(c) or 7(c) above, the notice shall also include a copy of such person's most recent curriculum vitae and a list that (A) discloses any previous or current relationship (personal or professional) with any of the parties; and (B) identifies all persons or entities for whom such person has performed professional services at any time during the preceding four years, including but not limited to services as a consulting or testifying expert; and

(iii)     if any party objects to the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material to such person, the party shall notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made. Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within five (5) days, the party intending to disclose may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to the person objected to by the objecting party.

(c)     Counsel disclosing any Discovery Materials to a person required to execute a copy of the acknowledgement form annexed as Exhibit A shall maintain the original(s) of such form(s).

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF                    Case No. 06-CV-00019 MHP
CONFIDENTIAL MATERIALS - 9

11.    To the extent that any "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material is used in the taking of a deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the such Discovery Material.    If "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material is used in any deposition, the reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.    In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

12.    The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces confidential Discovery Material in this lawsuit under this Protective Order.  A party that seeks confidential Discovery Material from a third party shall provide a copy of this Protective Order to the third party upon request so that it may take advantage of the protections afforded by this Protective Order.

13.    The recipients of "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material provided under this Protective Order and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such materials.  Any "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

14.     Subject to Civil Local Rule 79-5 and any other overriding rules or orders of this Court applicable to this action, any "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.  The party filing any paper that reflects, contains or includes any information or document subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which shall indicate the title of the action, the party filing the materials, and the nature of the materials filed, and shall include the legend "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" as appropriate, and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

Nothing contained in this Protective Order shall be construed to prejudice any party's right to use Discovery Material at any hearing, trial or appeal in this litigation. The confidentiality of such materials shall be protected as determined and directed by the Court.

15.     None of the provisions of this Protective Order shall apply to Discovery Material that was:

(a)     available to the public at the time of its production hereunder;

(b)     available to the public after the time of its production through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)     known to the Receiving Party or shown by the Receiving Party to have been independently developed by the Receiving Party prior to its production herein or without use or benefit of the information;

Case 3:06-cv-00019-MHP    Document 57-1    Filed 09/15/2006    Page 12 of 21

(d)     obtained outside of this action by the Receiving Party from the Producing Party without having been designated as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)     obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

(f)     previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

If the Receiving Party believes that Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" falls within one or more of the categories described above and the Receiving Party wishes to treat the Discovery Material as non-confidential, then the Receiving Party shall so notify the Producing Party, and the parties shall meet and confer in an effort to resolve the issue. The Producing Party shall have a period of fourteen (14) calendar days from the date it receives such notice from the Receiving Party within which to seek an order from the Court affirming its designation if the parties are unable to resolve the issue. If the Producing Party seeks an order from the Court, the Receiving party shall not treat the discovery material as non-confidential until the Court has resolved the issue.

16.     The inadvertent production of Discovery Material subject to the attorney-client privilege or the attorney work-product privilege will not waive the attorney client privilege or the attorney work-product privilege. Upon a request from a party which has inadvertently produced Discovery Material which it believes should be subject to the attorney-client or attorney work-product privilege, each party receiving said Discovery Material shall immediately return it and

1   all copies to the Producing Party.  Nothing herein shall prevent the Receiving Party from

2   preparing a record for its own use containing the date, author, recipients, addresses, and title of

3   the Discovery Material as is reasonably necessary to identify the Discovery Material and

4   describe it to the Court in any motion to compel production of the Discovery Material.

5           17.     The inadvertent failure by a Producing Party to designate Discovery Material as

6   "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" shall not waive any

7   such designation provided that the Producing Party notifies all Receiving Parties that such

8   Discovery Material is "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY"

9   within ten (10) days from when the failure to designate first became known to the Producing

10  Party.  A Receiving Party shall not be in breach of this Order for any use of such Discovery

11  Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once

12  a Receiving Party has received notice of the inadvertent failure to designate pursuant to this

13  provision, the Receiving Party shall treat such Discovery Material at the appropriately designated

14  level pursuant to the terms of this Protective Order.

15          18.     In the event of a disclosure of any Discovery Material designated

16  "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" to a person or persons

17  not authorized to receive such disclosure under this Protective Order, the party responsible for

18  having made such disclosure, and each party with knowledge thereof, shall immediately notify

19  counsel for the party whose Discovery Material has been disclosed and provide to such counsel

20  all known relevant information concerning the nature and circumstances of the disclosure.  The

21  responsible disclosing party shall also promptly take all reasonable measures to retrieve the

22  improperly disclosed Discovery Material and to ensure that no further or greater unauthorized

23  disclosure and/or use thereof is made.

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL MATERIALS - 13

19.    A testifying expert shall not be subject to discovery on any draft of his or her report in this case that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

20.    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case.

21.    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

22.    Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and protective order.

23.    Not later than ninety (90) days after the final disposition of this litigation, (including after any appeals), each party shall return all "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery Material of a Producing Party to the respective outside counsel of the Producing Party, or in alternative, destroy such Discovery Material. All parties that have received any such Discovery Material shall certify in writing that all such "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" Discovery

Material has been returned or destroyed. Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings and attorney and consultant work product for archival purposes.

24.    Any Discovery Material produced prior to entry of this Protective Order shall be re-designated or retroactively designated by notice in writing of the designated class of each Discovery Material by Bates number within sixty (60) days of entry of this Order. Furthermore, a Receiving Party may at any time request that the Producing Party cancel or modify the designation with respect to any Discovery Material. A party shall not be obligated to challenge the propriety of any designation of Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a)    The objecting party shall have the burden of conferring either in person, in writing or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation;

(b)    Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The parties' entry into this stipulated order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL MATERIALS - 15

Case No. 06-CV-00019 MHP

a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

Notwithstanding any challenge to a designation, the Discovery Material in question designated " CONFIDENTIAL" or " CONFIDENTIAL COUNSEL' S EYES ONLY" shall continue to be treated as such under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question as " CONFIDENTIAL" or " CONFIDENTIAL COUNSEL' S EYES ONLY" withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

25.    If Discovery Material sought by a Receiving Party is subject to a confidentiality obligation of the Producing Party to a third party that prohibits disclosure of the Discovery Material, the Producing Party (1) shall request from such third party, within fourteen (14) calendar days from the date on which the Producing Party first becomes aware of such Discovery Material, permission to produce the requested Discovery Material; (2)  shall provide a copy of this Protective Order to the third party; and (3) shall notify the Receiving Party of the Producing Party's request for permission to the third party and the date on which it made the request.  If the Producing Party does not produce the requested Discovery Material within fourteen (14) calendar days of that request to the third party, the Producing Party shall immediately notify the Receiving Party of the status of the third party's response to the request and shall provide the Receiving Party with a description of the Discovery Material that includes as much information as reasonably possible without violating the Producing Party's confidentiality obligation to the third party, and sufficient that the parties can meet and confer in an effort to resolve the issue.  If the parties are unable to resolve the issue within fourteen (14) calendar days of the Producing Party providing notice to the Receiving Party of the status of the third party's response, then the

parties will jointly present the dispute to the Court, preferably by arranging a telephone conference, but in whatever manner the Court prefers. The Producing Party shall invite the third party to participate in any hearing or in the telephone conference with the Court. The Court may review the third party's Discovery Material *in camera* in order to resolve the dispute. The Producing Party is not required to produce such Discovery Material unless and until the third party provides consent or the Court rules that the requested Discovery Material should be produced.

26.     This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

27.     If at any time Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

28.     Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys (a) from showing Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" to an individual who either prepared the Discovery Material or reviewed it prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, its own Discovery Material designated as

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF                    Case No. 06-CV-00019 MHP
CONFIDENTIAL MATERIALS - 17

"CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY". Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness may be shown at a deposition or in an interview, and examined on, any Discovery Material produced by the witness' current or former employer or that the witness authored or previously received. The witness may also be shown at a deposition or interview, and examined on, any Discovery Material if the Producing Party of the Discovery Material agrees, or if documentary or testimonial evidence indicates: (i) that the Discovery Material was communicated to or from the witness; or (ii) that the witness was involved in the matter(s) addressed in the Discovery Material.

29.    The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

30.    This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

31.    Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

32.    Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF                    Case No. 06-CV-00019 MHP
CONFIDENTIAL MATERIALS - 18

regarding whether particular Discovery Material is confidential, which level of confidentiality is

appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

Dated:  September 15, 2006                    Respectfully submitted,


_____/s/ Floyd G. Short_____
PARKER C. FOLSE III (WA Bar No. 24895 -
    Admitted Pro Hac Vice)
    pfolse@susmangodfrey.com
IAN B. CROSBY (WA Bar No. 28461 - Admitted
    Pro Hac Vice)
    icrosby@susmangodfrey.com
FLOYD G. SHORT (WA Bar No. 21632-
    Admitted Pro Hac Vice)
    fshort@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
    1201 Third Avenue, Suite 3800
    Seattle, Washington  98101-3000
    (206) 516-3880 Tel.
    (206) 516-3883 Fax

SPENCER HOSIE (CA Bar No. 101777)
    shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
    bwecker@hosielaw.com
HOSIE McARTHUR LLP
    One Market, 22nd Floor
    San Francisco, CA 94105
    (415) 247-6000 Tel.
    (415) 247-6001 Fax

MICHAEL F. HEIM (TX Bar No. 9380923 -
    Admitted Pro Hac Vice)
LESLIE V. PAYNE (TX Bar No. 0784736 -
    Admitted Pro Hac Vice)
HEIM, PAYNE & CHORUSH, L.L.P.
    600 Travis Street, Suite 6710
    Houston, TX  77002
    (713) 221-2000 Tel.
    (713) 221.2021 Fax

ROBERT J. YORIO (CA Bar No. 93178)
V. RANDALL GARD (CA Bar No.  151677)

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL MATERIALS - 19                              Case No. 06-CV-00019 MHP

1

COLBY B. SPRINGER (CA Bar No. 214868)

2

CARR & FERRELL LLP

    2200 Geng Road

3

    Palo Alto, CA  94303

    (650) 812-3400 Tel.

4

    (650) 812-3444

5

ATTORNEYS FOR DEFENDANT

BURST.COM, INC.

6

7

8

       /s/ Nicholas A. Brown

9

MATTHEW D. POWERS (Bar No. 104795)

matthew.powers@weil.com

10

NICHOLAS A. BROWN (Bar No. 198210)

nicholas.brown@weil.com

11

LEERON G. KALAY (Bar No. 233579)

12

leeron.kalay@weil.com

WEIL, GOTSHAL & MANGES LLP

13

Silicon Valley Office

14

201 Redwood Shores Parkway

Redwood Shores, CA  94065

15

Telephone: (650) 802-3000

Facsimile: (650) 802-3100

16

17

Attorneys for Plaintiff and Counterdefendant

APPLE COMPUTER, INC.

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL MATERIALS - 20

Case No. 06-CV-00019 MHP

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED THIS _____ day of September, 2006.

_____
THE HONORABLE MARILYN HALL PATEL
UNITED STATES DISTRICT COURT JUDGE

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL MATERIALS - 21

Case No. 06-CV-00019 MHP

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE COMPUTER, INC., | Case No. 06-CV-00019 MHP |
| Plaintiff and Counterdefendant, | **EXHIBIT A TO STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS** |
| v. | |
| BURST.COM, INC., | Undertaking By Non-Parties Designated Under Paragraphs 6 and/or 7 |
| Defendant and Counterclaimant. | |

I, _____, state the following:

1.    [Mark and complete the appropriate statement:]

_____ I have been designated by _____ [party] as its representative to receive confidential information under the Protective Order in this case; OR

_____ I have been retained by _____ [party] to serve as an expert or consultant in the above-captioned action.

2.    I have read and understand the Protective Order ("Order") to which this Exhibit A is annexed and I attest to my understanding that access to material designated as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and to be subject to the Court's jurisdiction, both with respect to this Court's powers of supervision of the litigation of the above-captioned action and contractually to any designating party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality Agreement and Undertaking.

Case 3:06-cv-00019-MHP   Document 57-2   Filed 09/15/2006   Page 2 of 2

3.      I shall not disclose or reveal to anyone except the Court and the parties any confidential information given to me designated under the terms of the Order.

4.      I shall not use nor disclose any designated material to others, except for purposes of providing my advice or my consulting and/or testifying expertise in this action and then solely in accordance with the Order.  I understand that counsel for the designating party shall then have ten (10) business days from receipt of my written notice to inform me whether the designating party objects to my engagement.  Nothing in this Exhibit A shall prevent me from using otherwise legally obtained information.  I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Order, I shall be subject to sanctions by way of contempt of court, and to separate legal and equitable recourse by the adversely affected designating party.

_____
Signature

_____
Printed Name

_____
Address

EXHIBIT A TO STIPULATED PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
MATERIALS - 2

Case No. 06-CV-00019 MHP