PARKER C. FOLSE III (WA Bar No. 24895 – *Admitted Pro Hac Vice*)
pfolse@susmangodfrey.com
IAN B. CROSBY (WA Bar No. 28461 – *Admitted Pro Hac Vice*)
icrosby@susmangodfrey.com
FLOYD G. SHORT (WA Bar No. 21632 – *Admitted Pro Hac Vice*)
fshort@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880 Tel
(206) 516-3883 Fax

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*(additional attorneys listed on signature page)*

Attorneys for Defendant
BURST.COM, INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| APPLE COMPUTER, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> BURST.COM, INC., <br><br> Defendant/Counterclaimant. | Case No. 3:06-CV-00019 MHP <br><br> **DEFENDANT BURST.COM'S OBJECTIONS AND RESPONSES TO PLAINTIFF APPLE COMPUTER, INC.'S FIRST SET OF INTERROGATORIES [NOS. 1-8]** |

BURST'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES
Case No. C 06-00019 MHP

1

dockets.Justia.com

Defendant Burst.com, Inc. ("Burst"), hereby responds to Plaintiff Apple Computer, Inc.'s ("Apple's") First Set of Interrogatories, as follows:

## GENERAL OBJECTIONS

1. Burst objects to each instruction, definition, and interrogatory to the extent it purports to call for disclosure of information that is protected by the attorney-client, work-product, or other applicable privilege(s), or that is otherwise protected under the Federal Rules of Civil Procedure or other applicable rules.

2. Burst objects to each instruction, definition, and interrogatory to the extent it purports to call for the disclosure of information outside the scope of discovery.

3. Burst objects to each instruction, definition, and interrogatory to the extent that it attempts to define terms and/or characterize the evidence in this matter. To the extent Burst adopts any terms used by Apple in these Interrogatories, such adoption is specifically limited to these responses.

4. Burst objects to each interrogatory to the extent it purports to require an exhaustive response before completion of discovery. Burst bases its responses on information reasonably available to it and reserves the right to amend or supplement its responses when and as appropriate.

5. Burst objects to each instruction, definition, or interrogatory that seeks to impose obligations exceeding the scope of the Federal Rules of Civil Procedure or that is inconsistent with the Federal Rules of Civil Procedure.

6. Burst reserves the right to assert additional objections to these Interrogatories as appropriate and to supplement these objections and responses pending the outcome of further investigation and discovery.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Separately for each claim in each of the Patents-in-Suit, identify the date on which the claimed invention was conceived.

**ANSWER TO INTERROGATORY NO. 1:**

Burst objects to this Interrogatory insofar as it is predicated on legal terms or conclusions of law. Burst further objects based on the General Objections, which are incorporated by reference. Subject to the foregoing specific and General Objections, Burst states that some or all of the limitations of the claims of the Patents-in-Suit were conceived between the middle of June and the middle of July 1987. Respecting the conception dates for specific claim elements, pursuant to Fed. R. Civ. P. 33(d), Burst directs Apple to the deposition testimony given by Richard Lang in the Microsoft Litigation, and exhibits thereto. The Bates number ranges for the transcripts of the Lang depositions that may be relevant to this Interrogatory are: BURMSTRAN0005811 through BURMSTRAN0005959; BURMSTRAN0006118 through BURMSTRAN0006292; BURMSTRAN0006546 through BURMSTRAN0006591; BURMSTRAN0005121 through BURMSTRAN0005174; BURMSTRAN0003970 through BURMSTRAN0004165; BURMSTRAN0004335 through BURMSTRAN0004510; BURMSTRAN0005042 through BURMSTRAN0005119; and BURMSTRAN0005206 through BURMSTRAN0005481.

**INTERROGATORY NO. 2:**

Separately for each claim in each of the Patents-in-Suit, identify all facts and circumstances concerning when the subject matter described by that claim was first

conceived, including without limitation where, when, how, by whom, all witnesses, and all corroborating evidence.

**ANSWER TO INTERROGATORY NO. 2:**

Burst objects to this Interrogatory insofar as it is predicated on legal terms or conclusions of law. Burst further objects based on the General Objections, which are incorporated by reference. Subject to the foregoing specific and General Objections, pursuant to Fed. R. Civ. P. 33(d), Burst directs Apple to the deposition testimony given by Richard Lang in the Microsoft Litigation, and exhibits thereto. Burst further states that the limitations of the claims of the Patents-in-Suit were conceived by named inventor Richard Lang. Lang began conceiving the ideas that became the subject matter of the Patents-in-Suit sometime between the middle of June and the middle of July 1987. Lang was self-employed at the time. In September 1987, Lang and Lisa Walters began engaging in highly confidential discussions relating to Lang's ideas. These ideas led to a partnership between Lang, Walters, and Peter Spiess, and ultimately became the subject matter of the Patents-in-Suit. On November 12, 1987, Walters' father Arthur M. Walters completed the drawing identified by Bates number BURSTA0001877 for Lang. Earl Mincer provided additional assistance by preparing the drawing identified by Bates number BURSTA0001875. Other witnesses to facts relating to conception include Warren Lindsley.

**INTERROGATORY NO. 3:**

Separately for each claim in each of the Patents-in-Suit, identify the date on which the claimed invention was reduced to practice.

BURST'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES
Case No. C 06-00019 MHP

4

**ANSWER TO INTERROGATORY NO. 3:**

Burst objects to this Interrogatory insofar as it is predicated on legal terms or conclusions of law. Burst further objects based on the General Objections, which are incorporated by reference. Subject to the foregoing specific and General Objections, the claimed inventions of the Patents-in-Suit were constructively reduced to practice at least as early as December 27, 1988.

**INTERROGATORY NO. 4:**

Separately for each claim in each of the Patents-in-Suit, identify all facts and circumstances concerning when the subject matter described by that claim was first reduced to practice, including without limitation where, when, how, by whom, all witnesses, and all corroborating evidence.

**ANSWER TO INTERROGATORY NO. 4:**

Burst objects to this Interrogatory insofar as it is predicated on legal terms or conclusions of law. Burst further objects based on the General Objections, which are incorporated by reference. Subject to the foregoing specific and General Objections, Burst constructively reduced the subject matter claimed in the Patents-in-Suit to practice on December 27, 1988, with the filing of the '995 application with the United States Patent and Trademark Office.

**INTERROGATORY NO. 5:**

Identify each product made, used, sold, offered for sale, or marketed by any person or entity other than Apple (i.e., including Burst) which embodies, practices, or falls within the

BURST'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES
Case No. C 06-00019 MHP

5

scope of the invention claimed in each claim asserted against Apple in Burst's Disclosure of Asserted Claims and Preliminary Infringement Contentions.

**ANSWER TO INTERROGATORY NO. 5:**

Burst objects to this Interrogatory insofar as it is predicated on legal terms or conclusions of law. Burst further objects to the use of the term "product" as vague. Burst further objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Burst also objects based on the General Objections, which are incorporated by reference. Subject to the foregoing specific and General Objections, Burst has made, used, sold, offered for sale, or marketed the following products which may in some implementations fall within the scope of the invention claimed in the Patents-in-Suit (namely, when combined with other hardware or software): two prototype audio/video transceivers demonstrated at the January 1991 Consumer Electronics Show in Las Vegas, Nevada; demonstration project named "Athena" developed in 1995; Burstware versions developed in 1997 and later, and media hosting services offered by Burst in 2000. Burst also refers Apple to the products accused in the Microsoft litigation and the documents produced from that litigation pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 6:**

Identify all facts or documents that have been identified or asserted by anyone other than Apple as constituting prior art or information material to the patentability of the Patents-in-Suit, including without limitation all prior art and alleged prior art that has been asserted to be relevant to the Patents-in-Suit by Burst, the U.S. Patent and Trademark Office, any licensee, or any prospective licensee.

BURST'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES
Case No. C 06-00019 MHP

6

**ANSWER TO INTERROGATORY NO. 6:**

Burst objects to this Interrogatory insofar as it calls for information protected by the attorney-client or work-product privileges, or is predicated on legal terms or conclusions of law. Burst further objects based on the General Objections, which are incorporated by reference. Subject to the foregoing specific and General Objections, Burst has produced documents responsive to this Interrogatory and refers Apple to those documents pursuant to Fed. R. Civ. P. 33(d). Specifically, Burst has produced the file histories corresponding to the Patents-in-Suit, as well as various documents, including certain expert reports and invalidity contentions, from Burst's litigation with Microsoft Corporation. Additional documents from Burst's litigation with Microsoft will be produced once Microsoft has granted Apple's request for permission to obtain access to these documents.

**INTERROGATORY NO. 7:**

For each product accused of infringement in Burst's Preliminary Infringement Contentions, identify all facts and circumstances regarding when Burst first became aware of the alleged infringement described in Burst's Preliminary Infringement Contentions, including without limitation when, where, and how Burst first became aware of the alleged infringement, who first became aware of the alleged infringement, and all corroborating evidence.

**ANSWER TO INTERROGATORY NO. 7:**

Burst objects to this Interrogatory insofar as it calls for information protected by the attorney-client and/or work-product privileges. Burst further objects on the ground that the phrase "became aware of the alleged infringement" is vague. Burst further objects based on

BURST'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES
Case No. C 06-00019 MHP

7

the General Objections, which are incorporated by reference. Subject to the foregoing specific and General Objections, Burst first determined that Apple's products infringed its patents through consultations with its attorneys in 2005. Burst first notified Apple in writing that certain products infringed the Patents-in-Suit by letter on September 23, 2005.

**INTERROGATORY NO. 8:**

Separately, for each claim asserted in Burst's Disclosure of Asserted Claims and Preliminary Infringement Contentions, identify all facts and circumstances regarding the subject matter described by that claim was first: known or used by others in the United States, patented or described in a printed publication anywhere in the world, put in public use in the United States, offered for sale or sold in the United States, and disclosed to any individual or entity other than Burst. Identify all such instances including, without limitation, any conferences, symposia, seminars, exhibitions, conventions, trade shows, presentations, articles, press releases, patents, patent applications, customer demonstrations, beta site tests or agreements, joint development activities, licenses, or negotiations as well as where and when the instance occurred and who was involved.

**ANSWER TO INTERROGATORY NO. 8:**

Burst objects to this Interrogatory insofar as it is predicated on legal terms or conclusions of law. Burst further objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence, in particular with respect to such information arising after the filing of Burst's last relevant CIP application on May 5, 1989. Burst also objects based on the General Objections, which are incorporated by reference. Subject to the foregoing specific and General Objections, Burst is not aware of

responsive information prior to the filing of its last CIP applications on May 5, 1989. Burst first publicly demonstrated prototype audio/video transceivers at the January 1991 Consumer Electronics show in Las Vegas, Nevada.

Dated: July 17, 2006

Respectfully submitted,

*Parker Folse (by permission MJH)*

PARKER C. FOLSE III (WA Bar No. 24895-
*Admitted Pro Hac Vice*)
pfolse@susmangodfrey.com
IAN B. CROSBY (WA Bar No. 28461-
*Admitted Pro Hac Vice*)
icrosby@susmangodfrey.com
FLOYD G. SHORT (WA Bar No. 21632-
*Admitted Pro Hac Vice*)
fshort@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
(206) 516-3880 Tel.
(206) 516-3883 Fax

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

MICHAEL F. HEIM (TX Bar No. 9380923-
*Admitted Pro Hac Vice*)
LESLIE V. PAYNE (TX Bar No. 0784736-
*Admitted Pro Hac Vice*)
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, TX  77002
(713) 221-2000 Tel.
(713) 221.2021 Fax

BURST'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES
Case No. C 06-00019 MHP

ROBERT J. YORIO (CA Bar No. 93178)
V. RANDALL GARD (CA Bar No. 151677)
COLBY B. SPRINGER (CA Bar No. 214868)
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA 94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

ATTORNEYS FOR DEFENDANT
BURST.COM, INC.

BURST'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES
Case No. C 06-00019 MHP

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing DEFENDANT BURST.COM, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF APPLE COMPUTER, INC.'S FIRST SET OF INTERROGATORIES [NOS. 1-8] was served as follows on the following counsel of record:

| | |
|---|---|
| Nicholas A. Brown<br>WEIL, GOTSHAL, & MANGES, LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065 | *via Electronic Mail and Federal Express* |
| Matthew D. Powers<br>WEIL, GOTSHAL, & MANGES, LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065 | *via Electronic Mail* |
| Garland T. Stephens<br>WEIL, GOTSHAL, & MANGES, LLP<br>700 Louisiana, Suite 1600<br>Houston, TX 77002 | *via Electronic Mail* |

On this 17th day of July, 2006.

_____

BURST'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF INTERROGATORIES
Case No. C 06-00019 MHP