1    ROBERT J. YORIO (CA Bar No. 93178)
yorio@carrferrell.com
2    V. RANDALL GARD (CA Bar. No. 151677)
rgard@carrferrell.com
3    COLBY B. SPRINGER (CA Bar No. 214868)
cspringer@carrferrell.com
4    CARR & FERRELL LLP
2200 Geng Road
5    Palo Alto, California 94303
(650) 812-3400 Tel.
6    (650) 812-3444 Fax

7    PARKER C. FOLSE III (WA Bar No. 24895 – *Pro Hac Vice*)
pfolse@susmangodfrey.com
8    IAN B. CROSBY (WA Bar No. 28461 – *Pro Hac Vice*)
icrosby@susmangodfrey.com
9    FLOYD G. SHORT (WA Bar No. 21632 – *Pro Hac Vice*)
fshort@susmangodfrey.com
10    SUSMAN GODFREY
1201 Third Avenue, Suite 3800
11    Seattle, Washington 98101-3000
(206) 516-3880 Tel
12    (206) 516-3883 Fax

13    (*additional attorneys listed on signature page*)

14    Attorneys for Defendant and Counterclaimant
BURST.COM, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE COMPUTER, INC. | CASE NO. C06-00019 JL |
| Plaintiff/Counterdefendant, | **DEFENDANT AND COUNTERCLAIMANT BURST.COM, INC.'S MOTION TO ENLARGE TIME WITHIN WHICH TO RESPOND TO APPLE COMPUTER, INC.'S MOTIONS FOR SUMMARY JUDGMENT** |
| vs. | |
| BURST.COM, INC., | **DATE:** Not Scheduled |
| Defendant/Counterclaimant. | **TIME:** Not Scheduled |
| | **JUDGE:** Honorable Marilyn Hall Patel |
| | Complaint Filed: |
| | Trial Date: February 26, 2008 |

{00216224v1}           Case No. C06-00019 JL
DEFENDANT AND COUNTERCLAIMANT BURST.COM, INC.'S MOTION TO ENLARGE TIME WITHIN
WHICH TO RESPOND TO APPLE COMPUTER, INC.'S MOTIONS FOR SUMMARY JUDGMENT

1   Pursuant to the provisions of Local Rules 6-3 and 7-7, defendant and counterclaimant
2   Burst.com, Inc. ("Burst") hereby moves the Court for an Order enlarging the time within which Burst
3   must file its Opposition to Apple Computer's Motion for Summary Judgment of Non-Infringement
4   and Motion for Summary Judgment of Invalidity.  Burst also moves the Court for an order continuing
5   the hearing date on said Motions from February 8, 2007 (the date long set for the Claim Construction
6   Hearing in this action) to a future date that will enable the parties and the Court to focus upon and
7   determine the claim construction issues before Burst prepares its Opposition to the Summary
8   Judgment Motions.  Such a change to the briefing and hearing schedule will enable the Court and the
9   parties to devote their time and effort to claim construction issues first without also having to
10  simultaneously address two Summary Judgment Motions, both of which (by Apple's own admission)
11  are directly dependent on the outcome of certain claim construction issues to be decided by the Court.
12   Burst's proposal in this Motion will streamline the claim construction/dispositive motion
13  process, permit the process to proceed in an orderly manner so that neither the Court nor the parties
14  are forced to deal with complex important issues on three different issues (claim construction,
15  infringement, and invalidity) at the same time, and conserve judicial resources.  Burst proposes the
16  following change to the briefing hearing schedule on Apple's two Summary Judgment Motions:

| Filing | Due Date |
|---|---|
| 1. Burst's Opposition to the Summary Judgment Motions | 30 days following the issuance of the Court's Claim Construction Ruling; |
| 2. Apple's Reply in Support of its Summary Judgment Motions | 14 days following the service of Burst's Opposition papers |
| 3. Summary Judgment Hearing Date | 14 days following the filing and service of Apple's Reply |

**GROUNDS FOR GRANTING THE MOTION**

24   In this Motion, Burst requests the Court to extend the time within which to file its Opposition
25  to Apple's two Summary Judgment Motions and reset the hearing date for those Motions.  There are
26  several grounds for this request.
27   Burst believes that the usual order of proceedings envisioned by the Patent Local Rules
28  should be followed.  The Claim Construction Tutorial is set for February 1, 2007 with the hearing on

Claim Construction issues to follow on February 8, 2007. These dates were agreed to by the parties and set by the Court months ago at the Case Management Conference. The Scheduling Order of September 26, 2006 provides for nearly nine months of time within which dispositive motions can be filed and heard with a final dispositive motion date of December 17, 2007. Thus, there are no time constraints whatsoever that would dictate that the Summary Judgment Motions should be heard on the same day as the Claim Construction hearing. Extending the briefing and hearing schedule for these Motions as proposed by Burst will enable the parties and the Court to consider these Motions promptly upon issuance of the Claim Construction Ruling, and still permit the parties to have a considerable amount of time to complete discovery and to conduct their mediation in this matter.

The second reason for granting this Motion relates to the Summary Judgment Motions themselves. The introduction sections of both Motions claim that they are substantially dependent upon the rulings by the Court concerning the construction of the terms "time compressed representation" and "associated burst time period." *See, e.g.*, Apple's Motion for Summary Judgment of Invalidity at 1:1-14. Apple contends that if its construction of the term "time compressed representation" is adopted by the Court, it is entitled to summary judgment of non-infringement. *See* Apple's Motion for Summary Judgment on Non-Infringement at 1:3-7. On the other hand, the invalidity Summary Judgment Motion argues that two of Burst's patents (the '995 and '839 patents) are subject to invalidity to the extent they cover audio only data based on two allegedly prior art references if the Court adopts Burst's proposed construction of the terms "time compressed representation" and "associated burst time period." *See* Apple's Motion for Summary Judgment of Invalidity at pp. 1-3. Apple then proceeds to argue that it therefore makes sense for the Court to consider both Summary Judgment Motions on the same date that the parties are presenting their arguments on Claim Construction of all of the terms whose construction is requested, and not simply the two terms raised by the Summary Judgment Motions. Burst disagrees with this assertion.

First and foremost, Apple's proposal completely ignores the burden imposed upon the Court and its staff and both parties to simultaneously prepare for and participate in oral argument for a complex multi-term claim construction hearing, a summary judgment motion on non-infringement and a second summary judgment motion on partial invalidity. If Apple's requested hearing date of

February 8, 2007 is maintained for the Summary Judgment Motions, the Court will have to analyze and review all of the briefing and supporting and controverting evidence on both summary judgment motions while the Court and its staff are also reviewing and sorting through the voluminous filings by both parties on claim construction issues.  All of that work would have to occur between January 25, 2007 (the date on which Apple's reply papers are presently due), and the scheduled February 8, 2007 hearing date.  In addition, the parties' Claim Construction Tutorial will occur in the middle of that period on February 1, 2007.  There is simply no need (nor a showing of any need) for this extraordinary burden of time and effort to be shouldered by the Court and its staff as well as Burst and its counsel.

Second, the unstated premise underlying both Summary Judgment Motions is that the construction of the terms "time compressed representation" and "associated Burst time period" are simple and straightforward issues, and the Court must adopt one party's construction or the  other.  This is certainly not the case.  These terms are two of the most important terms whose construction is to be considered, and the briefing of the parties on these two terms alone covers more than 30 pages.

Moreover, and given the complexity and importance of these terms to the asserted claims of the patents-in-suit, there is no assurance that the Court will necessarily adopt one proposed construction or the other.  Apple's decision to file the Summary Judgment Motions at this time fails to take into account the possibility that the Court may choose a construction proffered by neither party, possibly including a construction that combines certain aspects of each side's proposed constructions.  That would hardly be an unusual result in complex patent cases such as the present one.

If the Court decides to adopt a construction other than the precise constructions proposed in the parties' claim construction briefing, that decision will moot the briefing of the parties on the two Summary Judgment Motions as they are presently filed.  Apple would then (if it so chose) have to revise and re-file the Summary Judgment Motions, and the briefing process would begin anew.  Even if the Court were to adopt one of the parties' precise claim construction positions, at least one of Apple's two motions would be rendered moot, in which case the parties will have briefed and the Court will have considered the briefing for a moot motion.  In either event, the waste of judicial and

1  legal resources would be substantial.  Apple's insistence on a February 8, 2007 hearing date would
2  slow down, rather than accelerate, the proceeding of this case.  The Court should not even consider
3  adopting a briefing process that could have such results.
4       As set forth in the accompanying Declaration of Robert J. Yorio, Burst requested Apple to
5  revise the briefing schedule and continue the Summary Judgment hearing immediately upon
6  receiving the Summary Judgment papers, but Apple declined.  Yorio Declaration, Paragraph 2.  In so
7  doing, Apple asserted that "setting summary judgment motions to be heard at the Markman hearing
8  was specifically discussed with the Court at the case management conferences and we believe it
9  makes sense in this case."  Yorio Declaration, Exhibit A (January 5, 2007 email from Nicholas
10 Brown to Floyd Short).  That is not what occurred at the Conference.
11      At the Initial Case Management Conference of May 8, 2006, the Court inquired as to whether
12 any motions relating to Apple's defenses would be addressed early on, and counsel for Apple stated
13 that he believed that it would "make sense in this case to join one and perhaps two summary
14 judgment motions with the claim construction process."  Yorio Declaration, Exhibit B (Partial
15 Transcript of the May 8, 2006 Case Management Conference).  However, Apple did not raise this
16 subject again at the October 10, 2006 Pre-Claim Construction Conference where the February 8,
17 2007 hearing date was set.  Yorio Declaration, Paragraph 5.
18      At no time did counsel for Apple state to the Court (or to Burst for that matter) that it intended
19 to schedule summary judgment hearings <u>on the date of the Claim Construction hearing itself</u>.  *Id.*
20 Needless to say, this Court never approved of such a disfavored procedure.  *See e.g.*, *Scripps Clinic*
21 *and Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991) ("the words of
22 the claims are construed independent of the accused product").
23      Burst received electronic copies of the Summary Judgment Motions near the close of business
24 on Thursday, January 4, 2007, the last date on which any motion could be filed that scheduled a
25 February 8, 2007 hearing.  At no time prior to the receipt of those motions did Apple inform Burst
26 that it intended to schedule Summary Judgment Motions for hearing on the same date as the Claim
27 Construction hearing.  Yorio Declaration, Paragraph 5.  Had Apple done so, Burst would have
28 objected at that time, and would have brought the matter to the attention of the Court immediately for

resolution. Instead, Apple waited until the eleventh hour (and then some) to surprise Burst with these Motions. Apple should not be rewarded for such gamesmanship.

Burst does agree with Apple in one respect. Burst is equally desirous of relatively prompt consideration of the issues raised by the subject Summary Judgment Motions, and Burst agrees that a briefing schedule immediately following the Court's issuance of its Claim Construction Ruling would be in the best interests of both parties and the efficient prosecution of this case. Burst therefore requests the Court to grant this Motion, strike the February 8, 2007 hearing date, and revise the briefing schedule to immediately follow the issuance of the Claim Construction Ruling.

### BURST NEEDS MORE TIME TO PREPARE ITS OPPOSITION TO THE TWO SUMMARY JUDGMENT MOTIONS

The Summary Judgment Motions were filed on January 4, 2007, and Burst's Opposition to those Motions is therefore presently due on January 18, 2007. See Local Rule 7-3(a). This remaining period of ten days is insufficient time for Burst to prepare its response. Among the other tasks to be performed by Burst's counsel between January 8 and January 18, 2007 are the following:

1. Defending Burst's Chief Executive Officer and the principal inventor of the patents-in-suit, Richard Lang, at his deposition on January 8 and 9, 2007;

2. Review and analysis of the approximately 105,476 pages of technical and other documents produced by Apple to Burst on December 22, 2006;

3. Preparation for the February 1, 2007 Tutorial and the preparation of demonstrative evidence to be presented at the Tutorial;

4. Preparation of the Claim Construction binder requested by the Court (in conjunction with Apple) to group the parties' submissions by particular claim terms; and

5. Preparation for the Claim Construction hearing set for February 8, 2007 (Yorio Declaration, Paragraph 3).

It is unfair and highly prejudicial to Burst to require it to review and analyze Apple's Summary Judgment Motions and prepare their complete opposition to both Motions at the same time that Burst is undertaking these already difficult tasks. Yorio Declaration, Paragraphs 3 and 6. To impose this additional burden upon Burst and its counsel at this particularly critical point in time

---

{00216224v1}  5  Case No. C06-00019 JL
DEFENDANT AND COUNTERCLAIMANT BURST.COM, INC.'S MOTION TO ENLARGE TIME WITHIN WHICH TO RESPOND TO APPLE COMPUTER, INC.'S MOTIONS FOR SUMMARY JUDGMENT

would distract Burst's litigation team from diligently attending to these tasks, which were all scheduled long before Apple filed its two Summary Judgment Motions on January 4, 2007. *Id*. The Court should therefore enlarge Burst's time within which to respond to the Summary Judgment Motions.

## CONCLUSION

For all the foregoing reasons, good cause exists for the Court to grant Burst's Motion, to strike the February 8, 2007 hearing date, and set an alternative briefing schedule that permits the Court to enter its Claim Construction Ruling before Burst is required to file its Opposition papers.

DATED: January 8, 2007                    CARR & FERRELL LLP


By ___/s/Robert J. Yorio_____
    ROBERT J. YORIO

Attorneys for Defendant and Counterclaimant
BURST.COM, INC.


SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
HOSIE McARTHUR
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

MICHAEL F. HEIM (TX Bar No. 09380923 – *Pro Hac Vice*)
mheim@hpcllp.com
LESLIE V. PAYNE (TX Bar No. 00784736 – *Pro Hac Vice*)
lpayne@hpcllp.com
HEIM PAYNE & CHORUSH, L.L.P.
600 Travis St., Suite 6710
Houston, TX 77002-2912
(713) 221-2000 Tel.
(713) 221-2021 Fax