ROBERT J. YORIO (CA Bar No. 93178)
yorio@carrferrell.com
V. RANDALL GARD (CA Bar. No. 151677)
rgard@carrferrell.com
COLBY B. SPRINGER (CA Bar No. 214868)
cspringer@carrferrell.com
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, California 94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

PARKER C. FOLSE III (WA Bar No. 24895 – *Pro Hac Vice*)
pfolse@susmangodfrey.com
IAN B. CROSBY (WA Bar No. 28461 – *Pro Hac Vice*)
icrosby@susmangodfrey.com
FLOYD G. SHORT (WA Bar No. 21632 – *Pro Hac Vice*)
fshort@susmangodfrey.com
SUSMAN GODFREY
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880 Tel
(206) 516-3883 Fax

Attorneys for Defendant and Counterclaimant
BURST.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE COMPUTER, INC. <br><br> Plaintiff/Counterdefendant, <br><br> vs. <br><br> BURST.COM, INC., <br><br> Defendant/Counterclaimant. | CASE NO. C06-00019 MHP <br><br> **DECLARATION OF ROBERT J. YORIO IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT BURST.COM, INC.'S MOTION TO ENLARGE TIME WITHIN WHICH TO RESPOND TO APPLE COMPUTER, INC.'S MOTIONS FOR SUMMARY JUDGMENT** <br><br> DATE: Not Scheduled <br> TIME: Not Scheduled <br> JUDGE: Honorable Marilyn Hall Patel <br><br> Complaint Filed: <br> Trial Date: February 26, 2008 |

1  I, ROBERT J. YORIO, hereby declare as follows:

2      1.    I am a partner with the law firm of Carr & Ferrell LLP and a member of the Bar of this Court. I am one of the attorneys of record for defendant and counterclaimant Burst.com, Inc. ("Burst") in the above-captioned action. I submit this Declaration in support of Burst's Motion to Enlarge the Time within which to file its Opposition to Apple's Summary Judgment Motions.

    2.    We received electronic copies of Apple's Motions for Summary Judgment late in the afternoon on Thursday, January 4, 2007. We contacted Nicholas Brown, counsel for Apple, the following morning and requested that Apple agree to a stipulation that would extend Burst's response date to thirty (30) days following the Claim Construction Ruling so that both sides could receive the Court's Order on proposed construction terms prior to the preparation of Opposition briefs by Burst. At a minimum, we requested an extension to February 22, 2007, two weeks following the Claim Construction Hearing, because of time constraints and commitments for other activities in the case. Communications were both electronic and telephonic. Apple declined our proposal and forced Burst to file the present Motion. A true and exact copy of January 5, 2007 electronic mail communications between Floyd Short (counsel for Burst) and Nicholas Brown (counsel for Apple) on this subject are attached hereto as Exhibit A, and made a part hereof.

    3.    The reasons for Burst's request for a continuance of the hearing date and an enlargement of time within which to file its Opposition papers are as follows:

    a.    We believe that both parties should have the benefit of the Court's ruling on proposed claim construction terms prior to the preparation of Burst's Opposition to the Summary Judgment Motions because the Motions are substantially dependent upon the actual construction by the Court of the terms "time compressed representation" and "associated burst time period".

    b.    The parties and the Court and its staff could waste considerable time and effort in preparing and analyzing opposition and reply papers based on the present proposed construction of the two key claim terms, neither of which might be adopted by the Court in its Claim Construction Ruling.

    c.    Requiring Burst to attend to the considerable task of researching and preparing oppositions to the two Summary Judgment Motions at the same time that Burst and its counsel are

preparing for the February 1, 2007 Tutorial and February 8, 2007 Claim Construction hearing would impose a substantial burden upon Burst and its litigation team.

        d.     Requiring Burst and its litigation team to attend to the research and preparation of the Opposition to the two Summary Judgment Motions would force the lawyers to take time away from the diligent pursuit of other previously scheduled activities in this case, including the review and analysis of voluminous new technical documentation only produced by Apple in December 2006, and the preparation of Burst's principal witness and inventor, Richard Lang, for his deposition on January 8 and 9, 2007.

    4.    On May 8, 2006, I attended the Initial Case Management Conference in this action. A true and exact copy of certain excerpts from the Reporter's Transcript of that hearing is attached hereto as Exhibit B, and made a part hereof.

    5.    I also attended the most recent October 10, 2006 Pre-Claim Construction Conference. At no time during this Conference (which resulted in the Court's Scheduling Order) did Apple notify the Court or Burst that it intended to file summary judgment motions that would be heard on the same day as the Claim Construction hearing.

    6.    Burst would suffer substantial harm and prejudice if it were forced to prepare the Opposition to the two Summary Judgment Motions while it was simultaneously conducting the aforementioned activities, including preparation of the Claim Construction Tutorial and preparation for the Claim Construction Hearing. There are simply too many previously scheduled actions that must be addressed during the remainder of January 2007.

    7.    Burst's request for a new hearing date and a revised briefing schedule would not have any effect on the Court's September 26, 2006 Scheduling Order. Fact discovery is still open and expert reports are not due for many months. The requested modifications will not involve a continuance or rescheduling of the Pretrial Conference or the Trial Date.

    8.    Burst's proposed alternative briefing schedule permits the Court and both parties to address Apple's Summary Judgment Motions in a timely manner immediately following the issuance of the Court's Claim Construction Ruling. The request will involve no delays in the scheduling of discovery in this case.

9. Apple's Summary Judgment Motions are the first Motions filed by any party in this case. No previous time modifications have been sought by any party.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of January 2007 at San Francisco, California.

*/s/ Robert J. Yorio*
ROBERT J. YORIO

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
HOSIE McARTHUR
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

MICHAEL F. HEIM (TX Bar No. 09380923 – *Pro Hac Vice*)
mheim@hpcllp.com
LESLIE V. PAYNE (TX Bar No. 00784736 – *Pro Hac Vice*)
lpayne@hpcllp.com
HEIM PAYNE & CHORUSH, L.L.P.
600 Travis St., Suite 6710
Houston, TX 77002-2912
(713) 221-2000 Tel.
(713) 221-2021 Fax

# EXHIBIT A

## Robert Yorio

**From:** Floyd G. Short [fshort@SusmanGodfrey.com]
**Sent:** Friday, January 05, 2007 11:28 AM
**To:** Robert Yorio; Bruce Wecker; BURST009350; Carrie Anderson; Christopher Grewe; Colby Springer; Colt Briner; Daniel J. Walker; Eric Walters; Floyd G. Short; Ian B. Crosby; Jack W. West; Jami L. Grounds; Janine DeAndre; John Dolan; Leslie V. Payne; Lynne Rose; Micah Howe; Michael Heim; Parker Folse; Randy Gard; Richard Lang; Robert Tuttle; Rose Dolan; Spencer Hosie
**Subject:** FW: Apple's summary judgment motions

FYI

**From:** nicholas.brown@weil.com [mailto:nicholas.brown@weil.com]
**Sent:** Friday, January 05, 2007 11:26 AM
**To:** Floyd G. Short
**Subject:** Re: Apple's summary judgment motions

Floyd -

I am available at 1pm. I could also make later times work. Let me know if there is a time you would prefer.

We noticed the two summary judgment motions to be heard at the Markman hearing. Setting summary judgment motions to be heard at the Markman hearing was specifically discussed with the Court at the case management conferences, and we believe it makes sense in this case. Postpoing Burst's response to after the Markman hearing would make that impossible, and we will not agree to it.

Sincerely,

Nick Brown

---

"Floyd G. Short" <fshort@SusmanGodfrey.com>

01-05-07 09:13 AM

To <nicholas.brown@weil.com>
cc
Subject Apple's summary judgment motions

---

Nick,

On Monday we plan to seek an extension of time to respond to the two summary judgment motions you filed yesterday, so I am requesting that we meet and confer by phone today. Our plan is to ask the Court to set our response date for 30 days

1/6/2007

after the Markman ruling issues, since that ruling could render moot or alter the basis for either or both of the motions. As a minimum or fallback position, we will ask the Court for a due date two weeks after Markman hearing to file our response. Please let me know your position and let me know times today when you are available to speak by phone. I am on the road, but will make it work to talk today.

Regards,
Floyd


**Floyd G. Short**
**Susman Godfrey, L.L.P.**
**Suite 3800**
**1201 Third Avenue**
**Seattle, WA 98101-3000**
**(206) 373-7381**
**Fax (206) 516-3883**
**fshort@susmangodfrey.com**

www.susmangodfrey.com

**CONFIDENTIAL AND PRIVILEGED:** This confidential message may be protected by attorney-client privilege and the attorney work product doctrine. If you are not the intended recipient or you have received this message in error, please notify me by replying to the message and then delete the message without disclosing it. Thank you.


< END >


The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

1/6/2007

# EXHIBIT B

Pages 1 - 37

United States District Court

Northern District of California

Before The Honorable Marilyn Hall Patel

Apple Computer,  )
Incorporated,    )
                 )
        Plaintiff, )
                 )
   vs.           )  No. C06-0019 MHP
                 )
Burst.com, Incorporated, )
                 )
        Defendant. )
_____)

COPY

San Francisco, California
Monday, May 8, 2006

**Reporter's Transcript Of Proceedings**

**Appearances:**

For Plaintiff:      Weil, Gotshal & Manges
                    201 Redwood Shores Parkway
                    Redwood Shores, Callifornia  94065
                By: **Matthew D. Powers, Esquire**

For Defendant:      Susman Godfrey
                    1201 Third Avenue, Suite 3800
                    Seattle, Washington  98101
                By: **Parker C. Folse, III, Esquire**
                    **Floyd Short, Esquire**

*Reported By:*      *Sahar McVickar, RPR, CSR No. 12963*
                    *Official Reporter, U.S. District Court*
                    *For the Northern District of California*

(Computerized Transcription By Eclipse)

*Sahar McVickar, RPR, CSR 12963*
*Official Court Reporter, U.S. District Court*
*(415) 626-6060*

1          **MR. POWERS:**  No more revealing than a typical answer
2  in a patent case.
3          **THE COURT:**  Oh, dear, that is frightful.
4          Any invalidity contentions or claims, defenses --
5          **MR. POWERS:**  Absolutely.
6          **THE COURT:**  Such as?
7          **MR. POWERS:**  Obviousness, anticipation.  I can't
8  speak to equitable conduct at this point.
9          **THE COURT:**  And are any of those going to make sense
10 trying to address early on because they are just so
11 overwhelmingly supported by clear and convincing that we should
12 go forward on them?
13         **MR. POWERS:**  It's a bit early to predict that, but I
14 do believe that it will make sense in this case to join one and
15 perhaps two summary judgment motions with the claim
16 construction process.  Just trying to read the tea leaves as to
17 what will go forward; obviously, there is a lot of claims and a
18 lot of patents at issue.  My guess is that that would be a
19 useful way to go.
20         **THE COURT:**  Well, there are four patents, but there
21 are a lot claims.  And one of my concerns, and one of the
22 things I hoped we could narrow down and get focused on is what
23 claims the -- what are the serious contentions here, the really
24 critical contentions with respect to infringement and what
25 claims are more in fact -- or are, in fact, infringed, because