1  MATTHEW D. POWERS (Bar No. 104795)
   matthew.powers@weil.com
2  GARLAND T. STEPHENS (admitted N.D.C.A.,
   Texas Bar No. 24053910)
3  garland.stephens@weil.com
   NICHOLAS A. BROWN (Bar No. 198210)
4  nicholas.brown@weil.com
   WEIL, GOTSHAL & MANGES LLP
5  Silicon Valley Office
   201 Redwood Shores Parkway
6  Redwood Shores, CA 94065
   Telephone: (650) 802-3000
7  Facsimile: (650) 802-3100

8  Attorneys for Plaintiff
   APPLE COMPUTER, INC.
9

10                        UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12

13  APPLE COMPUTER, INC.,                    Case No. C 06-0019 MHP

14              Plaintiff,
                                             **APPLE COMPUTER, INC.'S
15       v.                                  OPPOSITION TO BURST.COM,
                                             INC.'S MOTION TO ENLARGE TIME
16  BURST.COM, INC.,                         WITHIN WHICH TO RESPOND TO
                                             MOTIONS FOR SUMMARY
17              Defendant.                   JUDGMENT**

18                                           Date: Not Scheduled
                                             Time: Not Scheduled
19                                           Hon. Marilyn Hall Patel

20                                           Complaint Filed: January 4, 2006
                                             Trial Date: February 26, 2008
21

APPLE'S OPP. TO MTN. FOR EXTENSION TO                        Case No. C 06-0019 MHP
RESPOND TO MTNS. FOR SUMMARY JUDGMENT              SV1:\263199\02\5n3302!.DOC\15096.0006

**I.**

**APPLE'S SUMMARY JUDGMENT MOTIONS SHOULD BE HEARD WITH CLAIM CONSTRUCTION**

Apple opposes Burst's motion to enlarge the time for Burst to file oppositions to Apple's motions for summary judgment of noninfringement and invalidity because those motions were specifically designed to be heard at the claim construction hearing and hearing them then makes sense. Moreover, Burst's arguments of prejudice are not well-founded.

**A.    It Makes Sense To Hear Apple's Summary Judgment Motions With Claim Construction**

At the initial case management conference in this case, the Court asked whether it would make sense to address summary judgment motions early in the case. Apple responded that it believed it would make sense to "join one and perhaps two summary judgment motions with the claim construction process."[1] Apple has now filed two summary judgment motions noticed to be heard at the claim construction hearing. Apple carefully chose the basis for its summary judgment motions both to keep those motions narrow and straightforward and to keep them directly connected to the issues to be presented at the claim construction hearing.

As Burst stated in its opening claim construction brief, the parties have "a basic, fundamental dispute regarding the type of compression covered by the Burst patent claims." Burst argues that its claims to "time compressed representations" of audio or video should be read to cover any *data-compressed* representations that allow faster-than-real-time transmission. Apple's position is that this position is precluded by Burst's statement to the Patent Office that "data compression" is "not the equivalent, by any means, of applicant's specifically claimed time compression."[2] "Time compressed" should be given its ordinary meaning of compressing in time—for example, by playing a song or video faster than it was recorded—rather than being read as if the word "time" were not present.[3]

---

[1] Declaration of Robert Yorio In Support Of Burst's Motion To Enlarge Time, Exh. B.

[2] *See* Apple's Claim Construction Brief at 17-19.

[3] *See* Apple's Claim Construction Brief at 8-15.

Apple moved for summary judgment of noninfringement based solely on a <u>single</u> limitation containing the term "time compressed," namely "storing said time compressed representation." The complete basis for finding no literal infringement is set forth in just over five pages in Apple's motion.[4] Resolving whether Apple infringes that single limitation could dispose of all 62 claims asserted in this case. It makes sense for the Court to understand, at the claim construction hearing, the potential ramifications of its decision on the "basic fundamental dispute" about the construction of "time compressed," including Burst's position on those ramifications.[5] That is particularly true when the issue is one that Apple briefed in just over five pages.

Apple also moved for summary judgment of invalidity based on Burst's proposed constructions, including specifically its proposed construction of "time compressed." Burst is claiming, as a result of its proposed claim constructions, to have invented faster-than-real-time transmission of data compressed audio or video. However, Burst did not invent this, and that fact itself is directly relevant to claim construction: "Ultimately, the interpretation to be given a term can only be determined and confirmed with a full understanding of what the inventors actually invented."[6] Apple's motion is based on just two prior art references, and seeks summary

---

[4] See Apple's Motion For Summary Judgment Of Noninfringement, pp. 3-8.

[5] Burst argues that it is a "disfavored procedure" to set summary judgment hearings on the date of the claim construction hearing because "the words of the claims are construed independent of the accused product." Burst is wrong. In fact, the Federal Circuit has stated that it is "highly undesirable" to consider claim construction issues "without knowledge of the accused devices." *Massachusetts Instit. of Tech. v. Abacus Software*, 462 F.3d 1344, 1350 (Fed. Cir. 2006); *see also Lava Trading, Inc. v. Sonic Trading Mgmt. LLC*, 445 F.3d 1348 (Fed. Cir. 2006) ("Without knowledge of the accused products, this court cannot assess the accuracy of the infringement judgment under review and lacks a proper context for an accurate claim construction."). Burst cites *Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991) for the statement that "the words of the claims are construed independent of the accused product." But Burst omits the very next sentence of *Scripps Clinic*, which states "<u>Of course the particular accused product (or process) is kept in mind</u>, for it is efficient to focus on the construction of only the disputed elements or limitations of the claims." *Id.* Confirming the propriety of hearing summary judgment and claim construction at the same time, the Federal Circuit has affirmed summary judgment orders that themselves incorporate claim constructions. *E.g. Schoenhaus v. Genesco, Inc.*, 440 F.3d 1354, 1356 (Fed. Cir. 2006) (affirming a "carefully crafted summary judgment opinion" that "construed two limitations of claim 1 of the patent").

[6] *Phillips v. AWH Corp.* 415 F.3d 1303, 1316 (Fed. Cir. 2005) (*en banc*) (*citing Renishaw PLC v.*

judgment of anticipation (not obviousness) solely as to the core audio-only claims of the case.[7] One of the references selected by Apple is an AT&T patent describing faster-than-real-time transmission of data-compressed voice mail messages. If Burst can explain why its claims should be read to cover faster-than-real-time transmission of data compressed audio notwithstanding the prior art AT&T patent, it ought to be able to do so at the Claim Construction Hearing. The other reference, the Kramer patent, describes a prior art portable media player that performs all of the functions that Burst has accused of infringing in Apple's iPod, including faster-than-real-time transfer of data-compressed music to and from the device. Again, if Burst has an explanation for how its proposed constructions allow its claims to be valid in light of this reference, it should be able to provide that explanation to the Court at the Claim Construction Hearing.

An important benefit of combining focused summary judgment proceedings with the claim construction process is that it helps force the parties to be consistent. It also helps avoid the problem of "construing" the claim construction that often arises in the context of summary judgment proceedings. Here, for example, Burst argues that its construction of "time compressed" as data compressed makes sense because its claims were "simply trying to describe in lay-terms the paradigm shift of sending digitally compressed data faster than real-time."[8] But both the AT&T and Kramer patents expressly describe the supposed "paradigm shift" of sending digitally compressed data faster than real time. Having Burst's opposition to Apple's motion for summary judgment of invalidity by the time of the claim construction hearing will help the Court understand exactly what Burst is claiming as its invention.

As another example, Burst has argued in its claim construction briefing that "storing a time compressed representation is nonsensical in Apple's version of time

---

*Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998). Prior art is also relevant to claim construction because it can establish the "state of the art." *Id.* at 1314. Furthermore, claims "should be construed to preserve their validity," albeit only "where the proposed claim construction is 'practicable,' is based on sound claim construction principles, and does not revise or ignore the explicit language of the claims." *Id.* at 1327 (citing *Generation II Orthotics Inc. v. Med. Tech. Inc.*, 263 F.3d 1356, 1365 (Fed. Cir. 2001).

[7] Audio-only products account for over half of the Apple revenue Burst accuses of resulting from infringement of its patents.

[8] Burst's Reply Claim Construction Brief at 12.

compression"[9]  If Burst argues in opposition to Apple's motion for summary judgment of noninfringement that Apple's products somehow store a time-compressed representation under Apple's construction, that argument will undercut Burst's claim construction argument that doing so is "nonsensical."  On the other hand, if Burst concedes that Apple does not infringe under Apple's proposed construction, then the burden of preparing an "opposition" to this motion is minimal.  In either event, it makes sense for the Court to have Burst's opposition to Apple's motion for summary judgment by the time of the claim construction hearing.

In short, Burst is wrong to argue that briefing the summary judgment motions filed by Apple would be a waste of resources.  To the contrary, briefing these issues now will help clarify the parties' claim construction positions and make clear the import of their arguments.

### B. Burst Will Not Be Prejudiced By Responding In Accordance With The Ordinary Briefing Schedule.

Burst argues that it will be prejudiced by having to prepare two summary judgment opposition briefs on the regular briefing schedule.  This argument is not well-founded.  The claim construction briefing was finished before Apple filed its summary judgment motions.  Burst has 10 lawyers on the *caption* of its papers alone.  The notion that Burst's team of attorneys cannot address two narrowly focused summary judgment motions on the standard briefing schedule during a time when no other papers need to be filed in this case does not make sense.

Burst points to the need to prepare for the tutorial and the claim construction hearing.  Those events have been scheduled since September, and as stated above, the claim construction briefing is closed.  Burst also points to the alleged need to review "105,476 pages of technical and other documents," but never explains why this has to happen prior to the claim construction hearing.  There is no reason that it does.  Finally, Burst points to the deposition of Richard Lang.  That deposition was originally scheduled to occur in November 2006, and was moved to January 2007 to accommodate Burst.  Moreover, there are no other depositions scheduled in this case at this time.  The defense of a single deposition that was moved to January at Burst's request, coupled with the need to prepare for the tutorial and claim construction hearing

---

[9] *Id.* at 13.

1  that were scheduled back in September, is hardly enough to justify Burst's position that its legal
2  team would be prejudiced if it had to abide by the standard summary judgment briefing schedule.
3         In summary, Apple's summary judgment motions are straightforward and directly
4  connected to the issues to be decided at the claim construction hearing.  It will be useful to the
5  Court to be able to consider Burst's responses to those motions in the context of the claim
6  construction hearing, and Burst's claims of prejudice ring hollow.  Accordingly, Burst's Motion
7  To Enlarge Time should be denied. [10]

Dated:   January 11, 2007                              WEIL, GOTSHAL & MANGES LLP

                                                       By:   */s/ Nicholas A. Brown*
                                                              Nicholas A. Brown
                                                              Attorney for Plaintiff
                                                              Apple Computer, Inc.

---

[10] If the Court is inclined to give Burst additional time to file its oppositions, the Court could postpone the claim construction hearing.  This would allow Burst to have additional time while still allowing the summary judgment motions to be heard with claim construction.  The value to the Court of having the summary judgment motions heard at the claim construction is significant for the reasons explained above.  Postponing the claim construction hearing to give Burst the additional time it says it needs would be a better solution to Burst's request for additional time than decoupling the summary judgment motions from the claim construction process.