1  MATTHEW D. POWERS (Bar No. 104795)
   Email: matthew.powers@weil.com
2  GARLAND T. STEPHENS (Admitted NDCA,
   Texas Bar No. 24053910)
3  Email: garland.stephens@weil.com
   NICHOLAS A. BROWN (Bar No. 198210)
4  Email: Nicholas.brown@weil.com
   WEIL, GOTSHAL & MANGES LLP
5  Silicon Valley Office
   201 Redwood Shores Parkway
6  Redwood Shores, CA 94065
   Telephone: (650) 802-3000
7  Facsimile: (650) 802-3100

8  Attorneys for Plaintiff
   APPLE COMPUTER, INC.

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| APPLE COMPUTER, INC., | Case No. C 06-0019 MHP |
|---|---|
| Plaintiff, | |
| v. | **PLAINTIFF APPLE, INC.'S MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO** |
| BURST.COM, INC., | |
| Defendant. | Date: TBD<br>Time: TBD<br>Hon. Marilyn Hall Patel |
| | Complaint Filed: January 4, 2006<br>Trial Date: February 26, 2008 |

MOTION TO STRIKE THE DECLARATIONS OF DRS.
HEMAMI AND GERSHO                                  Case No. C 06-0019 MHP

Dockets.Justia.com

**I.**

## MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO

On January 4, 2007, plaintiff Apple, Inc. ("Apple") filed a "Motion for Summary Judgment of Invalidity Based on Kramer and AT&T Patents." On June 7, 2007, defendant Burst.com, Inc. ("Burst") filed an opposition to this summary judgment motion, relying on declarations of Drs. Sheila Hemami and Allen Gersho. The hearing for this motion is scheduled for July 19, 2007.

Shortly after receiving Burst's opposition, Apple requested brief depositions of both of Burst's declarants.[1] Burst refused to provide the depositions, despite the fact that there was more than a month until the scheduled hearing.[2] Accordingly, Apple now moves to strike the declarations of Drs. Hemami and Gersho based on Burst's improper refusal to allow Apple to take short depositions to clarify their opinions, and based on the declarations' failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B).

"When a party offers the affidavit of an expert witness in opposition to, or in support of, a motion for summary judgment, it waives its right not to have the deposition of said expert taken." *Sims v. Metropolitan Life Ins. Co.*, 2006 WL 3826716, *2 (N.D. Cal. Dec. 27, 2006) (citing *Cox v. Commonwealth Oil Co.*, 31 F.R.D. 583, 584 (S.D. Tex. 1962). In *Metropolitan Life*, Sims submitted two expert declarations in support of its opposition to the Metropolitan Life's motion for summary judgment. Metropolitan Life promptly sought the depositions of these experts. *Metropolitan Life*, 2006 WL 3826716, *3. Sims filed a motion for a protective order preventing deposition of the experts. The court held that Sims opened the door to expert discovery by introducing the testimony of experts at the summary judgment stage, and allowed the defendant to depose the experts about their declarations. *Id.* at *3.

One reason for this is that cross-examination is a "vital feature" of the Anglo-

---

[1] Declaration of Nicholas A. Brown in support of Apple's Motion to Strike the Declarations of Drs. Hemami and Gersho ("Brown Decl.") Exh. A (6/8/07 email from Nick Brown to Floyd Short and Leslie Payne).

[2] Brown Decl. Exh. B (6/11/07 email from Ian B. Crosby to Nick Brown); Brown Decl. Exh. C (6/16/07 email from Ian B. Crosby to Nick Brown).

American justice system. *NLRB v. First Termite Control Co., Inc.*, 646 F.2d 424, 427 n.3 (9th Cir. 1981). In particular, cross-examination creates the opportunity to expose inconsistencies, incompleteness, and inaccuracies. *Id.* This is precisely why Apple requested the opportunity to depose Drs. Hemami and Gersho. As shown in Apple's reply brief, there are inconsistencies and inaccuracies in the opinions submitted in the declarations of Drs. Hemami and Gersho. Short depositions of Drs. Hemami and Gersho, limited to the topics of their declarations, would allow Apple to explore the opinions expressed in the declarations, and identify what if anything was the basis for those opinions. Moreover, having the cross-examination of Burst's experts available to the Court at the summary judgment hearing could help the Court resolve the issues. *See U.S. v. Hooker Chems. & Plastics Corp.*, 112 F.R.D. 333, 341 (W.D.N.Y. 1986) ("plaintiffs should be allowed to conduct a one-day deposition of [defendant's expert] to obtain clarification of this expert's opinion. This will aid the court in resolving the upcoming summary judgment motions."). Burst's refusal to allow Apple to take even brief depositions of Dr. Hemami and Dr. Gersho has improperly deprived Apple of its right to cross-examine Dr. Hemami and Dr. Gersho. Accordingly, the Court should strike the declarations of Dr. Hemami and Dr. Gersho, or alternatively, compel Burst to provide short depositions.

The Court should also strike Burst's declarations for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B), which requires a party relying on expert testimony to identify the basis for all opinions provided in any report prepared by the witness. Fed. R. Civ. P. 26(a)(2)(B). A party that fails to disclose the information required under Fed. R. Civ. P. 26(a) is not permitted to use the witness in a motion or at a hearing. Fed. R. Civ. P. 37(c)(1). The disclosure requirements of Rule 26(a)(2) apply to declarations submitted with summary judgment motions, oppositions, and replies. *Lohnes v. Level 3 Commc'ns*, 272 F.3d 49, 60 (1st Cir. 2001) ("[Rule 37(c)(1)'s] phraseology applies with equal force to motions for summary judgment."). Courts are permitted to strike expert declarations for failure to comply with the disclosure requirements of Rule 26. *See, e.g., id.* at 59-60 ("The expert disclosure requirements are not merely aspirational and courts must deal decisively with a party's failure to adhere to them.").

Burst's refusal to allow Apple to depose Drs. Hemami and Gersho has prevented

1  Apple from obtaining information it is entitled to under Fed. R. Civ. P. 26(a)(2)(B).  For example,
2  one of Dr. Hemami's arguments in her declaration is that the ordinary speech processed by the
3  voicemail system of Kepley would not be a "work" because a voicemail would not be the product
4  of creative effort.  Declaration of Sheila S. Hemami in Support of Burst.com, Inc.'s Opposition to
5  Plaintiff Apple Computer, Inc.'s Motion for Summary Judgment on Invalidity Based on Kramer
6  and Kepley Patents ("Hemami Decl.") at ¶¶ 11-13.  However, Dr. Hemami never explains why a
7  voicemail could not also be the product of creative effort by, for example, recording a poem or
8  new idea.  Similarly, Dr. Hemami claims that ordinary speech processed in the Kepley reference
9  is not encompassed by the Burst patents based on sampling rate and resolution of various sounds.
10 Hemami Decl. at ¶¶ 14-23.  Dr. Hemami's argument appears to be that the Burst patents process
11 "wideband audio" which requires a sampling rate and resolution that is much higher than that of
12 ordinary speech.  In support of this argument Dr. Hemami performs an analysis of the difference
13 between the sampling rates and resolutions of "wideband audio" and ordinary speech.  However,
14 Dr. Hemami never explains how these differences support her ultimate conclusion.  Burst's
15 refusal to allow a deposition of Dr Hemami highlights this problem.  It is proper for a court to
16 strike such conclusory expert declarations submitted in connection with summary judgment
17 motions.  *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 501 (9th Cir. 1994).

18          Dr. Gersho's declaration also fails to provide a basis for many of his conclusions,
19 and thus fails to comply with Rule 26.  For example, Dr. Gersho states that "*although Kramer*
20 *does not explicitly sates this*, one with ordinary skill in the art would understand that the patent
21 illustrates the use of sub-band coding for the example of 100 sub-bands."  Gersho Decl, ¶ 12
22 (emphasis added).  Dr. Gersho does not provide any basis for this assertion, he merely goes on to
23 explain the alleged consequences of this assertion.[3]  Again, Burst's refusal to provide a depostioin
24 highlights this deficiency.  Accordingly, the Court should strike Dr. Gersho's declaration.  *Claar*
25 *v. Burlington N. R.R. Co.*, 29 F.3d 499, 501 (9th Cir. 1994) (proper to strike conclusory expert
26 declarations submitted in connection with summary judgment motions).  Furthermore, striking

---

[3] Nor does Dr. Gersho explain how he thinks his opinion squares with the fact that the Kramer reference clearly illustrates the use of only 4 sub-bands.  *See*  Apple's Reply Brief at 8.

MOTION TO STRIKE THE DECLARATIONS OF DRS.
HEMAMI AND GERSHO                                        3                                   Case No. C 06-0019 MHP

Dr. Gersho's declaration is proper because he did not identify the cases in which he testified either at trial or by deposition in the past four years, as is required by Rule 26. *See Lohnes v. Level 3 Commc'ns*, 272 F.3d 49, 59-60 (1st Cir. 2001).

## II.

## CONCLUSION

For the reasons set forth herein, Apple respectfully requests that this Court strike the declarations of Drs. Hemami and Gersho. In the alternative, Apple requests this Court compel Burst to allow one half-day deposition for each of Dr. Hemami and Dr. Gersho.

Dated: July 3, 2007                              WEIL, GOTSHAL & MANGES LLP

By: _____/s/_____
Nicholas A. Brown
Attorneys for Plaintiff
APPLE COMPUTER, INC.