# Exhibit D

C

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
SIMS, Plaintiff,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant.
**No. C-05-02980 TEH (EDL).**

Dec. 27, 2006.

Jeremy R. Fietz, Donald S. Edgar, Rex Grady, Edgar Law Firm, Santa Rosa, CA, for Plaintiff.

Rebecca D. Eisen, M. Michael Cole, Theresa C. Mak, Morgan Lewis & Bockius LLP, San Francisco, CA, Christopher A. Parlo, Morgan, Lewis & Bockius LLP, New York, NY, for Defendant.

**ORDER DENYING MOTION FOR PROTECTIVE ORDER**

ELIZABETH D. LAPORTE, United States Magistrate Judge.

**\*1** Defendant has filed a Motion for a Protective Order pursuant to Rule 26(c) to avoid the obligation of producing two expert witnesses for deposition. Having read and considered the papers submitted, the Court finds this issue is suitable for decision on the papers. The Court hereby DENIES the Defendant's request.

**I. Factual Background**

Defendant filed a motion for summary judgment on June 23, 2006. The Plaintiffs opposed the motion, and in support of their opposition filed declarations containing the opinions of experts Plaintiffs had retained. *See* Declaration of Robert B. Likins, ("Likins Decl.") (Doc. No. 101); Declaration of Brian H. Kleiner ("Kleiner Decl.") (Doc. No. 99). These experts had not been disclosed as trial experts. Plaintiffs' Motion (Doc. No. 103) at 2. [FN1] Upon receipt of Plaintiffs' Opposition, Defendant, seeking to challenge Plaintiffs' experts and their testimony, promptly noticed the depositions of Kleiner and Likins. With summary judgment briefing in progress, Defendant noticed the depositions for just four days after serving notice. [FN2] Defendant had not previously been aware of these witnesses because no expert disclosures or reports had yet been exchanged.

FN1. Defendant has also filed expert affidavits at this stage. In support of its Motion for Summary Judgment, Defendant submitted the Affidavit of Daniel J. McCarthy, FSA, MAAA. *See* McCarthy Aff. (Doc. No. 74- 1). The affidavit provides testimony of an expert witness, who was not previously disclosed or deposed. *See* Fietz Decl., Ex. C at 1 of 6. Plaintiffs have not filed objections to the McCarthy Affidavit as improper or premature and do not consider their own submissions improper. Plaintiffs are apparently taking the position "what's good for the goose is good for the gander." *See* Fietz Decl., Ex. C at 1 of 6. ("We assume you agree [that Rule 26(a)(1) disclosures do not contemplate the provision of expert witness information] as your expert Mr. Dan McCarthy was not disclosed by you in your disclosures."); *see also* Reply at 7 (noting that Plaintiffs' submissions were made in rebuttal to Defendant's expert testimony).

FN2. At about the same time, Defendant filed formal Objections and asked the Court to exclude the testimony (though Defendant did no go so far as to move to strike the testimony). Defendant objected to the expert declarations on the ground that Plaintiffs "have refused to allow [their] deposition[s]." *See* Objections to Kleiner Declaration (Doc. No. 108), at 2; Objections to Likins Declaration (Doc. No. 109), at 2. Defendant argues that Plaintiffs are denying Defendant an opportunity to examine the bases for the experts' opinions, including methodology and reasoning, which bear directly on the reliability and therefore admissibility of the testimony. Defendant characterizes Plaintiffs' submission of expert declarations as a "trial by ambush" because they ask the Court to consider the testimony but are objecting to Defendant taking the deposition of their experts at this point in time. *Id.* These Objections are pending and will be ruled on by Judge Henderson, in conjunction with the Motion for Summary Judgment.

Plaintiffs objected to the notice of deposition on grounds that the mere four days of notice was

Slip Copy  Page 2
Slip Copy, 2006 WL 3826716 (N.D.Cal.)
**(Cite as: 2006 WL 3826716 (N.D.Cal.))**

insufficient, that Defendant could not conduct further discovery at this late stage of the proceedings, and that it was premature to depose Plaintiffs' expert because expert disclosures were not yet due. After the parties' attempts to resolve the problem reached an impasse, the Plaintiffs moved this Court for a Protective Order. Plaintiffs now request a ruling that two deposition notices were defective and that the deposition of the two expert witnesses may not be had before expert disclosures are made.

**II. Discussion**

**A. Any defect in the notice of deposition has been cured.**

Plaintiffs argues that Defendant's notices are defective because (1) the amount of notice was not reasonable (citing Federal Civil Procedure Before Trial, 11-164 (10 days is minimum "reasonable" notice)); and (2) Defendant had failed to meet and confer on a mutually acceptable time prior to sending the notices (citing Local Rule 30-1 (parties must confer prior to noticing deposition of affiliated person)). Fietz Decl. (Doc. No. 104), ¶ 7 and Ex. B. As a practical matter, these two points are now moot. The depositions did not go forward four days after notice was served, as originally planned, and the parties have met and conferred many times subsequent to the filing of the notice. *See* Reply at 4-5 (detailing the parties' impasse). The potential for prejudice has been cured by Defendant's later offers to reschedule with more notice.

**B. Discovery may be taken if fairness requires.**

Plaintiffs argue that, under Rule 56(f), additional discovery is only permitted in exceptional purposes by the nonmoving party if the nonmoving party makes a specific showing that the discovery would provide a genuine issue of fact in opposition to the motion for summary judgment. When the expert declaration is filed in support of an opposition, Plaintiffs argue that the Rules do not allow further discovery on the basis that the opposition contained new testimony. Fietz Decl., Ex. B at 5 of 7. This argument is unpersuasive. Plaintiff never disclosed these witnesses who apparently have relevant information, so Defendant could not have planned to take the witnesses' deposition at an earlier date. While it is debatable whether or not Plaintiff should have disclosed their witnesses earlier pursuant to Rule 26(a)(1) or Rule 37(c), Plaintiff should not be allowed to use the lack of disclosure as a shield to prevent discovery.

**\*2** Once an affidavit is submitted in the context of summary judgment, the other side may need the opportunity to cross-examine the affiant. Defendant may learn relevant information or be able to challenge the statements in the Declarations if it is able to depose the experts, as Defendant would with any nonexpert witness. Further, the hearing on summary judgment has been continued to January 8, 2007 by stipulation of the parties. *See* Fietz Decl., Ex. B at 5 of 7.

Plaintiffs also argue that the witness who testified through declarations are nonetheless merely consulting experts, whose depositions cannot be taken prior to expert disclosures. Plaintiffs' Motion at 5; *see* Feitz Decl., Exs. B-D (summarizing meet and confer communications); *see also* Fed.R.Civ.P. 26(b)(4)(A) (expert depositions follow expert disclosures and reports). Plaintiffs argue that Rule 26 "contains a thorough and detailed discussion of expert discovery and explicitly touches upon [expert] discovery taking place after pre-trial expert disclosure and pre-trial expert reports." Reply at 9. Submitting sworn testimony is incompatible with retaining the the status of a mere consulting expert immune from discovery. Plaintiff has submitted expert testimony, whether or not it is time to do so.

There is no clear weight of authority on this issue. Plaintiffs cite nonbinding authority to support their argument that Rule 56 does not require disclosure of affiants, even experts, prior to filing their affidavits in support of summary judgment. *See In re Mercedes Benz Anti-Trust Litigation,* 225 F.R.D. 498 (D.N.J.2005); *see also Moody Nat. Bank of Galveston v. GE Life and Annuity Assur. Co.,* 270 F.Supp.2d 875 (S.D.Tex.2003). Defendant points instead to *Cox v. Commonwealth Oil Co.,* which held:

> When a party offers the affidavit of an expert witness in opposition to, or in support of, a motion for summary judgment, it waives its right not to have the deposition of said expert taken. The testimony of the expert, for all practical purposes, has already been offered in the case, and the taking of his deposition by the party against whom the affidavit was used is nothing more than cross-examination.

*Cox v. Commonwealth Oil Co.,* 31 F.R.D. 583, 584 (S.D.Tex.1962). *Cox* is in accord with the later-adopted Rule 26(b)(4), which protects *non*-testifying experts from discovery, but permits discovery of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                           Page 3

Slip Copy, 2006 WL 3826716 (N.D.Cal.)

**(Cite as: 2006 WL 3826716 (N.D.Cal.))**

experts who have or will testify in a case. *See United States v. Hooker Chemicals & Plastics Corp,* 112 F.R.D. 333, 341 (W.D.N.Y.1986) (finding *Cox* is still "good law" although it was decided prior to the adoption of Rule 26(b)(4)); *see Chappell v. Bradley,* 834 F.Supp. 1030, 1033 (N.D.Ill.1993) (citing Wright and Miller, *Civil Practice & Procedure: Civil* § 2030 for the proposition that "it is clear that the test for disclosure is whether the witness is expected to testify at trial"). "[A]ffidavits and depositions which support the motion [for summary judgment] are a substitute for live testimony at trial." *Lugue v. Hercules, Inc.,* 12 F.Supp. 1351, 1358 (S.D.Ga.1997). Thus, either the expert is disclosed as a trial expert and may testify, or the expert is not disclosed, is a consulting-only expert, and does not testify. *See Chappell,* 834 F.Supp. at 1033 (striking non-disclosed expert affidavits offered in support of summary judgment).

**III. Conclusion**

**\*3** The parties have opened the door to expert discovery by introducing the testimony of their experts at the summary judgment stage of the proceedings. The opposing parties may depose each others' experts to question them about the statements in their declarations. Depositions taken pursuant to this Order may not exceed three hours each and their scope shall be limited to the declarations submitted in support of or in opposition to the Motion for Summary Judgment. The deposition does not preclude a deposition following Rule 26(a)(2) expert disclosures. Plaintiffs and Defendant shall meet and confer to identify mutually acceptable dates for deposition of the expert witnesses whose testimony has been submitted in connection with the pending Motion for Summary Judgment, whether that expert was previously disclosed or not. Alternatively, the parties may stipulate not to rely upon and to withdraw the expert testimony in support of or in opposition to the pending Motion for Summary Judgment.

**IT IS SO ORDERED.**

Slip Copy, 2006 WL 3826716 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.