PARKER C. FOLSE III (WA Bar No. 24895 – *Pro Hac Vice*)
pfolse@susmangodfrey.com
IAN B. CROSBY (WA Bar No. 28461 – *Pro Hac Vice*)
icrosby@susmangodfrey.com
FLOYD G. SHORT (WA Bar No. 21632 – *Pro Hac Vice*)
fshort@susmangodfrey.com
DANIEL J. WALKER (WA Bar No. 38876 - *Pro Hac Vice*)
dwalker@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880 Tel
(206) 516-3883 Fax

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*(additional attorneys listed on signature page)*

Attorneys for Defendant/Counterclaimant
BURST.COM, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| APPLE COMPUTER, INC.,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>BURST.COM, INC.,<br><br>Defendant/Counterclaimant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. C06-00019 MHP<br><br>DEFENDANT BURST.COM, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF APPLE COMPUTER, INC.'S MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO<br><br>TRIAL DATE: FEBRUARY 26, 2008 |

DEFENDANT BURST.COM, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF APPLE COMPUTER, INC.'S MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO
Case No. C06-00019 MHP
766702v1/009350

Dockets.Justia.com

Apple Computer, Inc.'s ("Apple") motion to strike the declarations of Burst.com, Inc.'s ("Burst") experts Dr. Sheila Hemami and Dr. Allen Gersho should be denied because it seeks inappropriate relief from a problem that Apple itself has created. Apple created its procedural difficulty by filing its invalidity summary judgment motion before any expert discovery had taken place. One can speculate as to the reason that Apple chose this path: perhaps it wanted to swamp Burst by forcing it to respond to two summary judgment motions at the same time that it was preparing for the claim construction hearing; perhaps it wanted to color the claim construction process by giving a preview of its summary judgment arguments. Whatever the reason for this choice, the salient fact is that Apple chose this strategy. Now Apple seeks to convert its ill-considered tactic into a fire drill for Burst by asking to depose Burst's experts within a week of Apple's request, ahead of the schedule agreed to by the parties and ordered by the Court, and before any expert reports have been issued.

Furthermore, Apple is seeking an inappropriate form of relief. Apple never issued a deposition notice or a list of deposition topics by which Burst could gauge the extent of the burden, and for this reason alone, it would be correct for the Court to deny Apple's request to compel the depositions. And even if Apple were justified in taking these depositions at this early stage in the litigation, striking the depositions is not an appropriate remedy for Burst's good faith decision not to produce its experts ahead of schedule. Apple's decision to jump outside of the sequence contemplated by the Court's Scheduling Order is an attempt to force an inappropriate choice on the Court: *i.e.*, that the Court either take the draconian measure of striking the Hemami and Gersho Declarations, or that the Court essentially reverse the burden of production on Apple's invalidity defense by forcing Burst to produce its experts before Apple's own expert has rendered an invalidity opinion and before Apple has produced its own expert for deposition.

Finally, Apple's arguments regarding the substance of the Hemami and Gersho Declarations are without merit. Burst introduced the declarations of its experts to help the Court understand the extraordinarily complicated technical issues implicated by Apple's summary judgment motion, and the Gersho and Hemami Declarations are, on their face, thorough, well-cited, and well-reasoned.

Consequently, because Apple requests inappropriate relief from a problem that it has created, we respectfully request the Court deny Apple's motion.

## I. Factual Background

On September 26, 2006, the Court entered a Case Management Order that established, among other things, the dates by which expert discovery should be completed. Docket No. 58. The Order further mandated that, in the event changes must be made to the schedule, the parties had to set discovery deadlines within a narrowly defined range of dates. These provisions were agreed to by the parties after extensive negotiation.[1]

With this schedule in mind, Apple filed two motions for summary judgment on January 4, 2007: one seeking a judgment of noninfringement, the other seeking a judgment that Burst's patents are invalid. Docket Nos. 88 & 92. The noting date for both summary judgment motions coincided with the date the Court had already chosen for its first claim construction hearing, February 8, 2007. Because of this overlap, the Court vacated the usual motion briefing schedule and noting date, temporarily relieving Burst of the duty to respond to Apple's motions. At the February 8 Markman hearing, the Court ordered that Burst file its response to the summary

[1] As it turned out, the parties eventually did have to revise the schedule. On June 22, 2007, after further negotiation between the parties, the Court entered a Revised Scheduling Order. Docket No. 118. This is the schedule that is currently in effect, and it provides that all expert reports for which a party has the burden of proof must be served by August 10, 2007; that all of the burden of proof experts must be produced for deposition by August 31, 2007; that all rebuttal expert reports must be served by September 14, 2007; and that all rebuttal experts must be produced for deposition by October 5, 2007.

judgment motions within 30 days of the Court's Markman ruling, and that Apple file its reply two weeks after Burst's response.

The Court issued its claim construction ruling on May 8, 2007, and, shortly thereafter, Apple acknowledged that its noninfringement summary judgment motion was moot and withdrew it. Apple did not, however, withdraw its motion for summary judgment based on invalidity, and Burst filed its responsive brief, as ordered by the Court, on June 7, 2007. In support of its opposition, Burst also filed declarations (with supporting exhibits) from itstechnical experts, Dr. Sheila Hemami and Dr. Allen Gersho. Docket Nos. 108 & 109.

On Friday, June 8, 2007, Apple attorney Nicholas Brown wrote to Burst's attorneys, asking to depose Drs. Hemami and Gersho before the following Friday, June 15, 2007, or if Burst could not produce the witnesses by then, to depose the experts on a later date and give Apple an extension of time in which to file its reply brief. Walker Decl., Ex. 1. In addition to requesting a deposition ahead of schedule, Apple presumably wanted to preserve its right to depose Burst's experts again in accordance with the Court's Stipulated Scheduling Order. On Monday, June 11, 2007, Burst informed Apple that it would not produce its experts for an extra deposition in advance of the Court's schedule. Walker Decl., Ex. 2. Apple filed its reply brief on June 21, 2007, but Apple did not submit any expert evidence to support its motion for summary judgment, either in its opening brief or in its reply, although Apple remained free to do so. On July 3, 2007, without having served a deposition notice, Apple filed this motion.

## II. Argument

### A. Apple Is Not Entitled To Any Relief From The Problem It Created

Contrary to Apple's claims, it is not being "deprived of its right to cross-examine Dr. Hemami and Dr. Gersho." Pl.'s Br. at 2. First, as explained below, Apple has no "right" to

cross-examine Burst's experts ahead of schedule. Second, Burst has agreed to present these experts for deposition in accordance with the schedule agreed upon by the parties and ordered by the Court. Third, and perhaps most important, Apple's own strategic decisions are the root cause of its current predicament.

Apple relies almost exclusively on one unreported case, *Sims v. Metropolitan Life Ins. Co*, No. C-05-02980 (TEH), 2006 WL 3826716, *2 (N.D. Cal. Dec. 27, 2006), in support of its argument that it is entitled to depose Burst's experts before it files its reply brief. However, *Sims* does not support Apple's position. In particular, Apple quotes one sentence from *Sims* for the simple proposition that Burst must allow Apple the opportunity to depose its experts because Burst has submitted sworn declarations of those experts to the Court. Pl.'s Br. at 1. However, *Sims* does not stand for the broader proposition, now advanced by Apple, that a party using expert declarations in its summary judgment opposition must make those experts available for deposition before the moving party files its reply brief.

The *Sims* court noted that "[t]here is no clear weight of authority" on even the more basic issue of whether Burst must present its experts for deposition simply because it submitted declarations from them.[2] *Sims*, 2006 WL 3826716, *2. But even if the holding in *Sims* were well-established law, Burst would be in compliance with it because Burst has agreed to produce its experts for deposition in accordance with the Court's Stipulated Scheduling Order. What *Sims* does not establish is Apple's right to depose Burst's expert at this point in the litigation, and indeed, Apple points to no law supporting that position.

[2] Indeed, the passage quoted by Apple does not originally come from *Sims* itself, as Apple's citation suggests. Rather, it comes from *Cox v. Commonwealth Oil Co.*, 31 F.R.D. 583, 584 (S.D.Tex.1962), which is quoted in *Sims*. *Cox* merely held that a party cannot refuse to present an expert for deposition on the basis that the expert is only a consulting expert when a sworn declaration of that expert has been presented to the Court as evidence. Like *Sims*, *Cox* does not support Apple's belief that Burst must make its experts available on short notice for an extra deposition outside of the Court's Stipulated Scheduling Order.

4

DEFENDANT BURST.COM, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF APPLE COMPUTER, INC.'S MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO
Case No. C06-00019 MHP

Federal Rule of Civil Procedure 30(d)(2) provides that, "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." In contemplation of this rule and anticipated discovery needs, the parties carefully negotiated and filed with the Court a stipulation which provided a global plan for discovery, including expert discovery. Apple's decision to file its summary judgment motion when it did should not let it usurp the procedure that it had already agreed to and that the Court ordered. Putting aside the undue burden on Burst, discussed *infra* Section II.C, Apple's motion should be denied on the equitable basis that Apple should not now be allowed to complain about the problem that it has created.

B. Apple's Requested Relief Is Highly Atypical and Inappropriate

Even if Burst were unjustified in its refusal to produce its experts for depositions before the time established by the Court's Scheduling Order, striking the Hemami and Gersho Declarations is simply not an appropriate remedy.

First, Apple had available several ways to avoid the current situation. Apple could have negotiated a scheduling order that would accommodate expert discovery earlier in the case to coincide with its plans for moving for early summary judgment. Conversely, it could have waited to move for summary judgment until after expert discovery had taken place, as is typical in patent infringement cases. Indeed, Apple's motion for summary judgment based on noninfringement proved premature when it was mooted by the Court's Markman Order.

Apple cites no legal authority as a basis for its motion to strike, and Burst can only guess as to the basis for its motion. If Apple's motion is brought pursuant to Rule 12(f), the motion must fail because Rule 12(f) applies only to striking pleadings, which, under Rule 7(a), does not include witness declarations. *See* FED. R. CIV. P. 12(f); *see also* FED. R. CIV. P. 7(a) (listing

"pleadings" governed by the Federal Rules of Civil Procedure).[3] If Apple's motion to strike seeks a discovery sanction under Rule 37(b)(2), the motion must fail because the rule only applies where a party refuses to obey a discovery order.[4] Here, there is no discovery order, Apple has not moved to compel the depositions, and indeed, Apple has not even served a proper deposition notice. Finally, striking is generally a remedy for substantive deficiencies, not for a good faith refusal to present a witness for deposition at a particular time. As noted below, Apple does not raise any credible claims of substantive deficiencies in the declarations.

Assuming for the sake of argument that Apple deserves any remedy, it would be properly sought through a motion to compel the depositions. (Of course, to legitimately seek such relief, Apple would have to show that it properly noticed the depositions, which it did not.) Apple has not identified the authority under which it moves to strike the declarations, nor has it pointed to any case law suggesting that a motion to strike is an appropriate remedy for Burst's decision not to present its experts for deposition before the time required by the Court.

C.   Apple's Demand Is Unduly Burdensome

Apple seeks not only to depose the experts before the schedule allows, but also to preserve its right to depose Burst's experts again under the Court's Scheduling Order. If

---

[3] It is also well-settled that "[m]otions to strike [under Rule 12(f)] are disfavored, and the remedy of striking a pleading should generally be used only when necessary to discourage parties from raising allegations that are completely unrelated to the relevant claims and when the interests of justice so require." *Tercica, Inc. v. Insmed Inc.*, No. C 05-5027 SBA, 2006 WL 1626930, *8 (N.D. Cal. June 9, 2006).

[4] Apple casually notes at the end of its motion that Burst's declarations should be stricken because Burst did not disclose the professional expert history of Dr. Gersho before filing the declaration. We presume that Apple's motion to strike on those grounds is essentially a motion pursuant to Rule 37(c). However, to state a claim under Rule 37(c), the moving party must show that the other party's failure to comply with Rule 26 was both unjustified and prejudicial. *See Dukes v. Wal-Mart*, 222 F.R.D. 189, 195-196 (N.D. Cal. 2004). Apple has shown neither ground here, nor could it, as the obligation to disclose Dr. Gersho's professional history had not yet arisen under the Court's Scheduling Order, and Apple has not alleged any prejudice due to the lack of disclosure. In any event, Burst has since served this disclosure on Apple on July 12, 2007. *See* Walker Decl., Ex. 3.

6

DEFENDANT BURST.COM, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF APPLE COMPUTER, INC.'S MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO
Case No. C06-00019 MHP

allowed, Apple's request would unduly burden Burst's experts and Burst's counsel, and it would unfairly shift onto Burst the burden of proof on Apple's invalidity defense.

Apple's request is unduly burdensome because it gave Burst's experts and counsel less than a week to prepare for the depositions. Apple's attorney, Nicholas Brown, wrote an email to Burst's attorneys on Friday, June 8, requesting depositions of Burst's experts by Friday, June 15. Putting aside the extraordinarily busy schedules of Burst's experts, Burst's counsel could not possibly accommodate this rushed request, especially given trial commitments in other cases and the requirements of preparing for the upcoming summary judgment hearing in this case.

It would also be unfair, and a violation of Rule 30(d)(2), for Apple to have two opportunities to depose Burst's experts, while Apple would be allowed to wait to produce its experts in the ordinary course. Despite Apple counsel's assurances that Apple only intends to take "[s]hort depositions" that are "limited to the topics of their declarations," Pl. Br. at 2, such an offer is illusory. Even if Apple's counsel confined itself to questions that could legitimately be considered as relating to the declarations, that leaves open a wide range of issues, many of which would be likely to come up again in later depositions. In any event, Burst has no way of knowing what exactly Apple intended to ask Burst's experts because Apple never provided Burst with a list of topics. Simply confining the depositions to the issues implicated by the declarations leaves an unacceptably broad range of topics, particularly where defendants will have the opportunity to depose Burst's experts a second time.

Perhaps more important to Burst is the concern that Apple's request would unfairly shift its burden of proof as to invalidity and would give Apple a sneak peek into Burst's expert evidence. The Court's Scheduling Order is based, in part, on the burdens of production of each party. The first round of expert reports and expert depositions must relate to the issues for which

each party has the burden of proof. Accordingly, Apple is required to produce an opening expert report on invalidity and to make its expert available for deposition before Burst's experts have to issue a report and undergo deposition. Apple's current request attempts to reverse the burden of production by requiring Burst's experts to sit for depositions before Apple's expert has issued a report or been deposed. If allowed, this would give Apple an unfair advantage by allowing its expert a peek at Burst's counterarguments and rebuttal evidence well in advance of the Scheduling Order's deadlines.

D. The Declarations Easily Comply With F.R.C.P. 26(a)(2)(B)

Burst agrees with Apple that the requirements of Rule 26(a)(2)(B) apply to the Hemami and Gersho Declarations. However, Burst disagrees with Apple's complaints about the adequacy of the declarations. If Apple's arguments prove anything, it is that the Declarations are more than sufficient to pass muster under Rule 26.

For example, Apple's complaints about the Hemami Declaration are fairly technical and specific and support the conclusion that the Hemami Declaration is sufficient under Rule 26. Apple's only real complaint about the insufficiency of the Hemami Declaration is that it fails to show why a poem recorded on a voicemail would be excluded from her definition of a "work." Pl. Br. at 4. This point is offered in rebuttal to Dr. Hemami's argument, but it does not show that her declaration was insufficient. Indeed, Dr. Hemami makes clear the reasons for her conclusion and supports it with citations to various sources, a dictionary among them.

Apple's argument for striking the Gersho Declaration is similarly misguided. Apple is wrong in arguing Dr. Gersho does not support his conclusions, as a brief read through the affidavit – which is 13 pages long and cites to 13 technical sources that were attached as exhibits – shows that the opinion contains enough specificity to make clear the arguments being advanced

and the reasons for them. Apple's quibbles about Dr. Gersho's conclusions are more appropriate as arguments in its reply brief, and in any event, the nature of Apple's disagreements is further evidence that Dr. Gersho's declaration was sufficient under Rule 26.

The appropriate response by Apple to these alleged deficiencies would have been to introduce its own expert declarations in support of its motion, which it did not do, or to argue against the conclusions of Drs. Hemami and Gersho in its reply brief, which it did do. It is clear from Apple's motion that its real complaint is that Burst refused to let Apple depose Burst's experts ahead of the agreed-upon schedule, and Apple's arguments as to the sufficiency of the declarations are plainly an attempt to muddy the distinction between the grounds for striking declarations and the grounds for compelling depositions. *See, e.g.*, Pl. Br. at 2-3 ("Burst's refusal to allow Apple to depose Drs. Hemami and Gersho has prevented Apple from obtaining information it is entitled to under Fed. R. Civ. P. 26(a)(2)(B)."); Pl. Br. at 3 ("Again, Burst's refusal to provide a deposition [sic] highlights this deficiency.") In any event, the distinction does not need to be clearly defined here because Apple is entitled to neither remedy.

## III. Conclusion

Apple has advanced no legitimate argument for striking the declarations or compelling the depositions. At bottom, Apple has created this problem through its procedural brinksmanship, and it should not be allowed to shift the consequences onto Burst. Burst will produce its experts in the ordinary course of discovery, under the schedule that was negotiated between the parties and ordered by the Court, and in accordance with the respective burdens of production of each of the parties.

Dated: July 16, 2007

Respectfully submitted,

Daniel J. Walker

PARKER C. FOLSE III (WA Bar No. 24895 - *Pro Hac Vice*)
pfolse@susmangodfrey.com
IAN B. CROSBY (WA Bar No. 28461 - *Pro Hac Vice*)
icrosby@susmangodfrey.com
FLOYD G. SHORT (WA Bar No. 21632 - *Pro Hac Vice*)
fshort@susmangodfrey.com
DANIEL J. WALKER (WA Bar No. 38876 - *Pro Hac Vice*)
dwalker@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880 Tel
(206) 516-3883 Fax

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
HOSIE McARTHUR LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

MICHAEL F. HEIM (TX Bar No. 9380923- *Pro Hac Vice*)
LESLIE V. PAYNE (TX Bar No. 0784736- *Pro Hac Vice*)
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, TX 77002
(713) 221-2000 Tel.
(713) 221.2021 Fax

ROBERT J. YORIO (CA Bar No. 93178)
V. RANDALL GARD (CA Bar No. 151677)
COLBY B. SPRINGER (CA Bar No. 214868)

10

DEFENDANT BURST.COM, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF APPLE COMPUTER, INC.'S MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO
Case No. C06-00019 MHP

CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA  94303
(650) 812-3400 Tel.
(650) 812-3444

ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMAINT
BURST.COM, INC.

11

DEFENDANT BURST.COM, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF APPLE COMPUTER, INC.'S MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO
Case No. C06-00019 MHP

CERTIFICATE OF SERVICE

I hereby certify that on the date written above, that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to all CM/ECF participants. I further certify that a true and correct copy of this document was sent via U.S. first-class mail, postage pre-pad to all non-CM/ECF participants.

Jami Grounds

12

DEFENDANT BURST.COM, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF APPLE COMPUTER, INC.'S MOTION TO STRIKE THE DECLARATIONS OF DRS. HEMAMI AND GERSHO
Case No. C06-00019 MHP