# EXHIBIT 6

Dockets.Justia.com



**CABLE SERVICE TECHNOLOGIES, INC.**

August 22, 1994

Mr. Gary R. Familian
**Instant Video Technologies**
500 Sansome Street
San Francisco, CA 94111

Dear Gary,

Enclosed are two originally executed copies of the IVT407 agreement with Cable Service Technologies. Please sign these originals and return one copy to my attention.

We look forward to working with IVT in the coming years. Please feel free to call if I can be of any assistance.

Sincerely,

Larry Becker
Chief Executive Officer

LB/ef

CONFIDENTIAL                                                                                       BUR5013657
CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY                                     BURSTA0258482

# AGREEMENT



THIS AGREEMENT is made and effective this 17th day of June, 1994 by and between INSTANT VIDEO TECHNOLOGY, INC., a Delaware corporation having a place of business at 500 Sansome Street, Suite 503, San Francisco, California 94111 ("IVT"), and CABLE SERVICE TECHNOLOGIES, INC., a Colorado corporation having a place of business at 1140 Pearl Street, Boulder, Colorado, 80302 ("CST").

WHEREAS, IVT owns certain patents and applications for patents in the United States and countries foreign thereto pertaining to burst transmissions of program material between transmitting and receiving locations, as more specifically defined herein as IVT patents ("IVT PATENTS"); and,

WHEREAS, CST presently installs or operates systems for transmitting program materials between transmitting and receiving locations in the United States and in countries foreign using systems in current configurations as more specifically described herein as current systems ("CURRENT SYSTEMS"); and,

WHEREAS, CST may in the future install or operate in the United States or in countries foreign thereto systems for burst transmission of program materials between transmitting and receiving locations ("FUTURE SYSTEMS"); and,

WHEREAS, IVT and CST have engaged in discussions to date pertaining to the CURRENT SYSTEMS and the FUTURE SYSTEMS in relation to the IVT PATENTS; and,

WHEREAS, CST desires to resolve patent issues pertaining to the CURRENT SYSTEMS and the IVT PATENTS; and,

WHEREAS, CST also desires to resolve patent issues pertaining to the FUTURE SYSTEMS and the IVT PATENTS.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein, each of the parties agrees as follows:

1

1. **Definitions:**

    1.1   CURRENT SYSTEMS means only those systems, as specifically described in Attachment A, dated June 6, 1994, attached hereto and incorporated herein by reference in which; (i) audio or video files arrive at a compression station in uncompressed form for transfer therein in real time in compressed form to a head-end, or a regional, or national file server, or distribution therefrom via telecommunications links to headend video services; and, (ii) all transmissions speeds are at real time or slower-than-real-time rates; and, (iii) for all compressed data that is transmitted by packetized data stream or other transmission protocol, each packet or portion of the audio or video file is received in real time or longer than real time.

    1.2   FUTURE SYSTEMS means those systems not currently in existence that may include apparatus or operating procedures which may be covered by one or more of the claims of the IVT PATENTS.

    1.3   IVT PATENTS as used herein consists of U.S. Patent 5,262,875 issued on November 16, 1993; and U.S. Patent 5,164,839, issued November 17, 1992; and U.S. Patent 5,057,932 issued October 15, 1991; and U.S. Patent 4,963,995, issued October 16, 1990; and applications for U.S. Patents Serial Nos. 07/976,542 and 08/011,972 and all patents of the U. S. and countries foreign thereto which are now, or which may in the future be, issued corresponding to the aforecited U.S. Patents.

2. **Payments; Covenants; and Options:**

    2.1   No later than 4:00 PM (Pacific Daylight Time) June 20, 1994, CST shall cause to effect a wire transfer to the bank account of IVT as set forth in the wire transfer instructions market Attachment B, attached hereto and incorporated herein by reference, the sum of Twenty-Five Thousand US Dollars ($US25,000.00) as a non-refundable payment for the COVENANT and the OPTIONS referred to in paragraphs 2.2 and 2.3 hereof, and said wire transfer shall be confirmed by CST to IVT, via fax, and said fax shall include the name of the bank from which said wire transfer was made, the ABA Number of said bank, and the Trace Number issued to said wire transfer. If said wire transfer, and the corresponding confirmation of same is not provided as set forth herein, then this Agreement shall become null-and-void.

    2.2   Conditional upon the full and timely payment to IVT by CST in accordance with the provision of paragraph 2.1 hereof, IVT for an initial period of one (1) year from the effective date hereof, agrees not to initiate suit under IVT PATENTS against CST with respect only to the CURRENT SYSTEMS hereinafter, the COVENANT.

    2.3   Conditional upon the acceptance of full payment by IVT in accordance with the provisions of paragraph 2.1 hereof, IVT hereby grants to CST the following options:

CONFIDENTIAL

CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY

BUR5013659

BURSTA0258484

(a) An option to obtain a non-exclusive, royalty-bearing license under the IVT PATENTS in the United States and all other foreign countries to use, manufacture and distribute or sell apparatus involving FUTURE SYSTEMS upon terms then available form IVT or, at CST's election, terms that are no less favorable than terms provided to others with respect to the scope of the license, termination provisions, fees, royalties and payments and other material terms as may be provided to other persons or entities (herein the "LICENSE OPTION"), the LICENSE OPTION is exercisable at the election of CST by giving written notice of said election delivered to IVT within the initial period of one (1) year from the effective date of this Agreement or within the respective optional extension periods exercised pursuant to the provisions of paragraph 2.3(b) below; and

(b) An option to extend the period of the COVENANT and the period in which the LICENSE OPTION is exercisable for a period of up to three (3) additional one (1) year periods as follows:

(i) First Extension. Upon CST's notice of its intention to extend the COVENANT and the LICENSE OPTION for an additional one (1) year period and payment of $30,000.00, not less than 15 days prior to the termination of the initial period of the COVENANT and the LICENSE OPTION, the effective period of the COVENANT and the LICENSE OPTION shall be extended for an additional one (1) year period ("FIRST EXTENSION").

(ii) Second Extension. Upon CST's notice of its intention to extend the COVENANT and the LICENSE OPTION for an additional one (1) year period following the termination of the first extension and payment of $35,000.00, not less than 15 days prior to the termination of the first extension of the COVENANT and the LICENSE OPTION, the effective period of the COVENANT and the LICENSE OPTION shall be extended for an additional one (1) year period beyond the FIRST EXTENSION ( "SECOND EXTENSION").

(iii) Third Extension. Upon CST's notice of its intention to extend the COVENANT and the LICENSE OPTION for an additional one (1) year period following the termination of the second extension and payment of $40,000.00, not less than 15 days prior to the termination of the second extension of the COVENANT and the LICENSE OPTION, the effective period of the COVENANT and the LICENSE OPTION shall be extended for an additional one (1) year period beyond the SECOND EXTENSION ("THIRD EXTENSION").

2.4 The COVENANT not to sue as to provided in paragraph 2.2 shall become perpetual upon the timely payment to IVT of the four (4) payments as set forth in paragraphs 2.1 and 2.3(b) hereof.

CONFIDENTIAL

CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY

BUR5013660

BURSTA0258485

3. **Miscellaneous.**

3.1  This Agreement constitutes the entire agreement between the parties and merges and supersedes all prior understandings and verbal and written agreements between the parties with respect to the IVT PATENTS. The parties agree that any subsequent amendments of this agreement to be effective (i) shall be in writing signed on behalf of each party; and, (ii) the amendment shall expressly specify this agreement, and, (iii) the amendment shall expressly state the parties intention to modify this agreement.

3.2  No other license or grant or covenant or option or release than as explicitly set forth herein is transferred from IVT to CST.

3.3  This Agreement is made and shall be construed and enforced in accordance with the laws of the State of Delaware.

3.4  Notices hereunder shall be sent to the parties to be effective when received via First Class mail, postage prepaid, and addressed as follows:

To IVT:
Mr. Richard Lang, Chairman/CEO
Instant Video Technologies, Inc.
500 Sansome Street, Suite 503
San Francisco, California 94111

To CST:
Mr. Larry Becker, Chief Executive Officer
Cable Services Technologies, Inc.
1140 Pearl Street
Boulder, Colorado 80302

Either party may change the address to which notices shall be sent for informing the other party in writing of the change and expressly identifying this agreement and its effective date.

3.5  Assignment

(a)  CST may at its election assign the entirety of this agreement only and the rights hereunder to any company which; (i) accepts the duties and obligations hereunder; and, (ii) in which William Becker or any member of William Becker's family owns at least five (5) percent of the outstanding stock entitled to vote for directors of such company provided, however, that such assignment shall be effective only upon the prior written notice to IVT of the assignment of this Agreement duly executed by and on behalf of such company and CST and of which a true copy as fully executed shall be furnished to IVT within five (5) days from execution of same.

CONFIDENTIAL                                                                                    BUR5013661
CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY                                                        BURSTA0258486

(b) CST shall not otherwise assign or divide this agreement without the prior written consent of IVT, and any attempted assignment or division hereof other than upon the terms and conditions as set forth in paragraph 3.5(a) hereof, without the prior written consent of IVT shall be void and of no effect.

3.6 **Waiver.** No provision of the Agreement unless such provision otherwise provides will be waived by any act, omission or knowledge of a party or its agents or employees except by an instrument in writing expressly waiving such provision and signed by a duly authorized officer of the waiving party.

3.7 **Severability.** Whenever possible, each provision of the Agreement will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of the Agreement is held to be prohibited or invalid under applicable law, such provision be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of the Agreement.

3.8 **Successors.** This Agreement will be binding upon the successors and permitted assigns of the parties and the name of a party appearing herein will be deemed to include the names of such party's successor's and permitted assigns to the extent necessary to carry out the intent of this Agreement.

3.9 **Non-Disclosure.** Each Party agrees not to disclose the terms or existency of this Agreement without the prior written consent of the other Party unless required by regulation or law.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their authorized representatives on the date first written above.

Instant Video Technologies, Inc.            Cable Service Technologies, Inc.

_____             _____
Richard Lang Chairman/CEO                   Larry Becker, CEO


IVT407r.26JUN94

5

CONFIDENTIAL                                                                BUR5013662
CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY                                    BURSTA0258487



CONFIDENTIAL
CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY

BUR5013663
BURSTA0258488

# IVT Memorandum

Funds in the amount of $US25,000.00 are to be wired to the Account of Instant Video Technologies, Inc., Account Number 640-209-5657, at Wells Fargo Bank, ABA Number 121-000-248, located at One Montgomery Street, San Francisco, California, USA 94104, telephone number (415) 396-6161. The Bank Officer responsible for the abovementioned account is Mr. Donald Troppoli; his telephone number is (415) 396-1521.

Note: The following "special instruction" is to be clearly indicated on the wire transfer request form:

> "These funds are to be credited to the account of Instant Video Technologies, Inc., as indicated hereinabove, immediately upon receipt of same by the financial institution receiving such funds via this wire transfer."

Additionally, please provide, via fax, a wire transfer 'tracer number' associated with this wire transfer of funds to the office of Instant Video Technologies, Inc., at (415) 391-3392.

*ATTACHMENT B*

CONFIDENTIAL
CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY

BUR5013664
BURSTA0258489