# EXHIBIT 29

Dockets.Justia.com

PARTS, FORM, AND CONTENT OF APPLICATION                    609

## LENGTHY TABLE

Lengthy table referenced here. Please refer to the end of the specification for access instructions.

Form paragraphs 6.63.01 and 6.63.02 may be used to notify applicant of corrections needed to comply with the requirements of 37 CFR 1.52(e) and 37 CFR 1.58(b) with respect to tables.

*¶ 6.63.01 CD-ROM/CD-R Requirements (Table Listing in Specification)*

The description portion of this application contains a table consisting of less than fifty one (51) pages only on a CD-ROM or CD-R. In accordance with 37 CFR 1.52(e), only a table of at least fifty one (51) pages may be submitted on a CD-ROM or CD-R. Accordingly, applicant is required to cancel the references to the CD-ROM/CD-R table appearing in the specification on pages[1], file a paper version of the table in compliance with 37 CFR 1.52 and change all appropriate references to the former CD-ROM/CD-R table to the newly added paper version of the table in the remainder of the specification.

**Examiner Note:**

1.    This form paragraph must be used whenever a table on a CD-ROM or CD-R consisting of less than fifty one (51) pages as part of the descriptive portion of the specification is filed on or after September 8, 2000. See MPEP § 608.05(b).

2.    In bracket 1, insert the range of page numbers of the specification which reference the table.

*¶ 6.63.02 Table on CD-ROM/CD-R Column/Row Relationship Not Maintained*

This application contains a table on CD-ROM/CD-R. Tables presented on CD-ROM/CD-R in compliance with 37 CFR 1.58 must maintain the special orientation of the cell entries. The table submitted does not maintain the data within each table cell in its proper row/column alignment. The data is misaligned in the table as follows: [1]. Applicant is required to submit a replacement compact disc with the table data properly aligned.

**Examiner Note:**

1.    This form paragraph must be used whenever the data in a table cannot be accurately read because the data in the table cells do not maintain their row and column alignments.

2.    In bracket 1, insert the area of the table that does not maintain the row and column alignments.

## 608.05(c)    Compact Disc Submissions of Biosequences

Filing of biosequence information on compact disc is now permitted in lieu of filing on paper. See MPEP § 2420 and § 2422.03.

## 609    Information Disclosure Statement [R-5]

*37 CFR 1.97. Filing of information disclosure statement.*

(a)  In order for an applicant for a patent or for a reissue of a patent to have an information disclosure statement in compliance with § 1.98 considered by the Office during the pendency of the application, the information disclosure statement must satisfy one of paragraphs (b), (c), or (d) of this section.

(b)  An information disclosure statement shall be considered by the Office if filed by the applicant within any one of the following time periods:

(1)  Within three months of the filing date of a national application other than a continued prosecution application under § 1.53(d);

(2)  Within three months of the date of entry of the national stage as set forth in § 1.491 in an international application;

(3)  Before the mailing of a first Office action on the merits; or

(4)  Before the mailing of a first Office action after the filing of a request for continued examination under § 1.114.

(c)  An information disclosure statement shall be considered by the Office if filed after the period specified in paragraph (b) of this section, provided that the information disclosure statement is filed before the mailing date of any of a final action under § 1.113, a notice of allowance under § 1.311, or an action that otherwise closes prosecution in the application, and it is accompanied by one of:

(1)  The statement specified in paragraph (e) of this section; or

(2)  The fee set forth in § 1.17(p).

(d)  An information disclosure statement shall be considered by the Office if filed by the applicant after the period specified in paragraph (c) of this section, provided that the information disclosure statement is filed on or before payment of the issue fee and is accompanied by:

(1)  The statement specified in paragraph (e) of this section; and

(2)  The fee set forth in § 1.17(p).

(e)  A statement under this section must state either:

(1)  That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement; or

(2)  That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

(f) No extensions of time for filing an information disclosure statement are permitted under § 1.136. If a *bona fide* attempt is made to comply with § 1.98, but part of the required content is inadvertently omitted, additional time may be given to enable full compliance.

(g) An information disclosure statement filed in accordance with section shall not be construed as a representation that a search has been made.

(h) The filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in § 1.56(b).

(i) If an information disclosure statement does not comply with either this section or § 1.98, it will be placed in the file but will not be considered by the Office.

*37 CFR 1.98. Content of information disclosure statement.*

(a) Any information disclosure statement filed under § 1.97 shall include the items listed in paragraphs (a)(1), (a)(2) and (a)(3) of this section.

(1) A list of all patents, publications, applications, or other information submitted for consideration by the Office. U.S. patents and U.S. patent application publications must be listed in a section separately from citations of other documents. Each page of the list must include:

(i) The application number of the application in which the information disclosure statement is being submitted;

(ii) A column that provides a space, next to each document to be considered, for the examiner's initials; and

(iii) A heading that clearly indicates that the list is an information disclosure statement.

(2) A legible copy of:

(i) Each foreign patent;

(ii) Each publication or that portion which caused it to be listed, other than U.S. patents and U.S. patent application publications unless required by the Office;

(iii) For each cited pending unpublished U.S. application, the application specification including the claims, and any drawing of the application, or that portion of the application which caused it to be listed including any claims directed to that portion; and

(iv) All other information or that portion which caused it to be listed.

(3)(i) A concise explanation of the relevance, as it is presently understood by the individual designated in § 1.56(c) most knowledgeable about the content of the information, of each patent, publication, or other information listed that is not in the English language. The concise explanation may be either separate from applicant's specification or incorporated therein.

(ii) A copy of the translation if a written English-language translation of a non-English-language document, or portion thereof, is within the possession, custody, or control of, or is readily available to any individual designated in § 1.56(c).

(b)(1) Each U.S. patent listed in an information disclosure statement must be identified by inventor, patent number, and issue date.

(2) Each U.S. patent application publication listed in an information disclosure statement shall be identified by applicant, patent application publication number and publication date.

(3) Each U.S. application listed in an information disclosure statement must be identified by the inventor, application number, and filing date.

(4) Each foreign patent or published foreign patent application listed in an information disclosure statement must be identified by the country or patent office which issued the patent or published the application, an appropriate document number, and the publication date indicated on the patent or published application.

(5) Each publication listed in an information disclosure statement must be identified by publisher, author (if any), title, relevant pages of the publication, date, and place of publication.

(c) When the disclosures of two or more patents or publications listed in an information disclosure statement are substantively cumulative, a copy of one of the patents or publications as specified in paragraph (a) of this section may be submitted without copies of the other patents or publications, provided that it is stated that these other patents or publications are cumulative.

(d) A copy of any patent, publication, pending U.S. application or other information, as specified in paragraph (a) of this section, listed in an information disclosure statement is required to be provided, even if the patent, publication, pending U.S. application or other information was previously submitted to, or cited by, the Office in an earlier application, unless:

(1) The earlier application is properly identified in the information disclosure statement and is relied on for an earlier effective filing date under 35 U.S.C. 120; and

(2) The information disclosure statement submitted in the earlier application complies with paragraphs (a) through (c) of this section.

Information Disclosure Statements (IDSs) are not permitted in provisional applications filed under 35 U.S.C. 111(b). See 37 CFR 1.51(d). Since no substantive examination is given in provisional applications, a disclosure of information is unnecessary. Any such statement filed in a provisional application will be returned or destroyed at the option of the Office.

In nonprovisional applications filed under 35 U.S.C. 111(a), applicants and other individuals substantively involved with the preparation and/or prosecution of the application have a duty to submit to the Office information which is material to patentability as defined in 37 CFR 1.56. The provisions of 37 CFR 1.97 and 37 CFR 1.98 provide a mechanism by which

patent applicants may comply with the duty of disclosure provided in 37 CFR 1.56. Applicants and other individuals substantively involved with the preparation and/or prosecution of the patent application also may want the Office to consider information for a variety of other reasons; e.g., to make sure that the examiner has an opportunity to consider the same information that was considered by these individuals, or by another patent office in a counterpart or related patent application filed in another country.

Third parties (individuals not covered by 37 CFR 1.56(c)) cannot file information disclosure statements under 37 CFR 1.97 and 37 CFR 1.98. Third parties may only submit patents and publications in compliance with 37 CFR 1.99 in applications published under 35 U.S.C. 122(b). See MPEP § 1134.01. For unpublished, pending applications, any member of the public, including private persons, corporate entities, and government agencies, may file a protest under 37 CFR 1.291 prior to the mailing of a notice of allowance under 37 CFR 1.311. See MPEP Chapter 1900. Alternatively, third parties may provide information to the applicant who may submit the information to the Office in an IDS. See 37 CFR 1.56(d). The Office will review any improper IDS filed by a third party to determine whether the submission is in compliance with 37 CFR 1.99. The Office will discard any submission that is not in compliance with 37 CFR 1.99, before the application is forwarded to the examiner for examination.

An information disclosure statement filed in accordance with the provisions of 37 CFR 1.97 and 37 CFR 1.98 will be considered by the examiner assigned to the application. Individuals associated in a substantive way with the filing and prosecution of a patent application are encouraged to submit information to the Office so the examiner can evaluate its relevance to the claimed invention. The procedures for submitting an information disclosure statement under the rules are designed to encourage individuals to submit information to the Office promptly and in a uniform manner. These rules provide certainty for the public by defining the requirements for submitting information disclosure statements to the Office so that the Office will consider information contained therein before a patent is granted.

The filing of an information disclosure statement shall not be construed as a representation that a search

has been made. 37 CFR 1.97(g). There is no requirement that an applicant for a patent make a patentability search. Further, the filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in 37 CFR 1.56(b). 37 CFR 1.97(h). See MPEP § 2129 regarding admissions by applicant.

In order to have information considered by the Office during the pendency of a patent application, an information disclosure statement must be (1) in compliance with the content requirements of 37 CFR 1.98, and (2) filed in accordance with the procedural requirements of 37 CFR 1.97. The requirements as to content are discussed in MPEP § 609.04(a). The requirements based on the time of filing the statement are discussed in MPEP § 609.04(b). Examiner handling of information disclosure statements is discussed in MPEP § 609.05. For discussion of IDS filed electronically (e-IDS) via the Office's Electronic Filing System (EFS), see MPEP § 609.07. >For discussion of electronic processing of IDS, see MPEP § 609.08.<

Once the minimum requirements of 37 CFR 1.97 and 37 CFR 1.98 are met, the examiner has an obligation to consider the information. There is no requirement that the information must be prior art references in order to be considered by the examiner. Consideration by the examiner of the information submitted in an IDS means nothing more than considering the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search. The initials of the examiner placed adjacent to the citations on the ** PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above. Information submitted to the Office that does not comply with the requirements of 37 CFR 1.97 and 37 CFR 1.98 will not be considered by the Office but will be placed in the application file.

Multiple information disclosure statements may be filed in a single application, and they will be considered, provided each is in compliance with the appropriate requirements of 37 CFR 1.97 and 37 CFR 1.98. Use of form PTO/SB/08A and 08B, "Information Disclosure Statement," is encouraged as a means to provide the required list of information as set forth in 37

CFR1.98(a)(1). Applicants are encouraged to use the USPTO form PTO/SB/08A and 08B when preparing an information disclosure statement because this form is updated by the Office. ** The form PTO/SB/08A and 08B will enable applicants to comply with the requirement to list each item of information being submitted and to provide the Office with a uniform listing of citations and with a ready way to indicate that the information has been considered. A copy of form PTO/SB/08A and 08B is reproduced at the end of this section to indicate how the form should be completed.

PARTS, FORM, AND CONTENT OF APPLICATION                609

**>

PTO/SB/08A (07-06)
Approved for use through 09/30/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Use as many sheets as necessary) | Application Number | 07/123,456 |
| | Filing Date | 01-02-91 |
| | First Named Inventor | C. Smith |
| | Art Unit | 3615 |
| | Examiner Name | John Doe |
| Sheet | of | Attorney Docket Number | 56789 |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| JD | | US- 3703445 | 11-07-1972 | Tew | All |
| JD | | US- 3994000 | 06-09-1975 | Reitter | All Figures |
| JD | | US- 3694509 | 01-26-1971 | Sarich | Pages 2 -10 |
| JD | | US- 4325777 | 05-22-1990 | Wolfe | All |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | FR, 338540 | 06-1975 | | | |
| JD | | DE, 1137729 | 06-1965 | | | |
| JD | | EP, 9141 | 08-1979 | | | |
| JD | | WO, 80/01871 | 09-1980 | | | |
| JD | | JP, 50-3106 | 11-1979 | | | |
| | | | | | | |

| Examiner Signature | /John Doe/ | Date Considered | 09/30/1991 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.

Rev. 5, Aug. 2006

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PARTS, FORM, AND CONTENT OF APPLICATION          609

PTO/SB/08B (07-06)
Approved for use through 09/30/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT**<br><br>*(Use as many sheets as necessary)* | Application Number | 07/123,456 |
| | Filing Date | 01-02-91 |
| | First Named Inventor | C. Smith |
| | Art Unit | 3615 |
| | Examiner Name | John Doe |
| Sheet [  ] of [  ] | Attorney Docket Number | 56789 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| JD | | Kovach, "Simple Precision RC Oscillator," IBM Tech. Disclosure Bulletin, 3/12/1990, Vol. 16, No. 10; pgs. 3174-3175 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | /John Doe/ | Date Considered | 09/30/1991 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached. This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

MANUAL OF PATENT EXAMINING PROCEDURE

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

<

## 609.01    Examiner Checklist for Informa-tion Disclosure Statements [R-5]

Examiners must check to see if an information disclosure statement (IDS) complies with:

(A) All the time-related requirements of 37 CFR 1.97, which are based on the time of the filing of the IDS. See MPEP § 609.04(b) for more information.

| Time when IDS is filed | 37 CFR 1.97 Requirements |
|---|---|
| (1)(a) for national applications (not including CPAs), within 3 months of filing or before first Office action on the merits, whichever is later; (b) for national stage applications, within 3 months of entry into national stage or before first Office action on the merits, whichever is later; (c) for RCEs and CPAs before the first Office action on the merits. | None |
| (2) After (1) but before final action, notice of allowance, or *Quayle* action | 1.97(e) statement or 1.17(p) fee. |
| (3) After (2) and before (or with) payment of issue fee. | 1.97(e) statement, and 1.17(p) fee. |
| (4) After payment of issue fee. | IDS will not be considered. |

(B) All content requirements of 37 CFR 1.98. See MPEP § 609.04(a) for more information.

(1) Requirements for the IDS listing:

(a) A separate section for citations of U.S. patents and U.S. patent application publications;

(b) The application number of the application in which the IDS is being submitted on each page of the listing, if known;

(c) A column that provides a blank space next to each citation for the examiner's initials when the examiner considers the cited document; and

(d) A heading on the listing that clearly indicates that the list is an Information Disclosure Statement;

(e) Proper identification of all cited references:

(i) U.S. patents cited by patent number, issue date and inventor(s);

(ii) U.S. patent application publications cited by publication number, publication date and inventor(s);

(iii) Pending U.S. applications cited by application number, filing date and inventor(s);

(iv) Foreign patent documents cited by document number (including kind code), country and publication or issue date; and

(v) Non-patent literature cited by publisher, author (if any), title, relevant pages, and date and place of publication.

(2) The requirement of copies for:

(a) Each cited foreign patent document;

(b) Each cited non-patent literature publication, or the portion therein which caused it to be listed;

(c) Each cited U.S. pending application that is not stored in IFW;

(d) All information cited (e.g., an affidavit or Office action), other than the specification, including claims and drawings, of a pending U.S. application; and

(e) All other cited information or the portion which caused it to be listed.

(3) For non-English documents that are cited, the following must be provided:

(a) A concise explanation of the relevance, as it is presently understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information, unless a complete translation is provided; and/or

(b) A written English language translation of a non-English language document, or portion thereof, if it is within the possession, custody or control of, or is readily available to any individual designated in 37 CFR 1.56(c).

After the examiner reviews the IDS for compliance with 37 CFR 1.97 and 1.98, the examiner should: (See MPEP § 609.05).

(A) Consider the information properly submitted in an IDS in the same manner that the examiner considers other documents in Office search files while conducting a search of the prior art in a proper field of search.

(1) For e-IDS, use the e-IDS icon on examiner's workstation to consider cited U.S. patents and U.S. patent application publications. See MPEP § 609.07 for more information on e-IDS.

(2) Initial the blank column next to the citation to indicate that the information has been considered by the examiner.

(B) Draw a line through the citation to show that it has not been considered if the citation fails to comply with all the requirements of 37 CFR 1.97 and 37 CFR 1.98. - The examiner should inform applicant the reasons why a citation was not considered.

(C) Write "not considered" on an information disclosure statement if none of the information listed complies with the requirements of 37 CFR 1.97 and 37 CFR 1.98. - The examiner will inform applicant the reasons why the IDS was not considered by using form paragraphs 6.49 through 6.49.09.

(D) Sign and date the bottom of the IDS listing.

(E) Ensure that a copy of the IDS listing that is signed and dated by the examiner is entered into the file and mailed to applicant.

>For discussion of electronic processing of IDS, see MPEP § 609.08.<

## 609.02   Information Disclosure Statements in Continued Examinations or Continuing Applications [R-5]

>When filing a continuing application that claims benefit under 35 U.S.C. 120 to a parent application (other than an international application that designated the U.S.), it will not be necessary for the applicant to submit an information disclosure statement in the continuing application that lists the prior art cited by the examiner in the parent application unless the applicant desires the information to be printed on the patent issuing from the continuing application (for

continued prosecution applications filed under 37 CFR 1.53(d), see subsection A.1. below). The examiner of the continuing application will consider information which has been considered by the Office in the parent application.

When filing a continuing application that claims benefit under 35 U.S.C. 120 to an international application that designated the U.S. (see MPEP § 1895), it will be necessary for the applicant to submit an information disclosure statement complying with 37 CFR 1.97 and 1.98 in the continuing application listing the documents cited in the international search report and/or the international preliminary examination report of the international application if applicant wishes to ensure that the information be considered by the examiner in the continuing application.<

## IDS IN CONTINUED EXAMINATIONS OR CONTINUING APPLICATIONS

### A.  IDS That Has Been Considered (1) in the Parent Application, or (2) Prior to the Filing of a Request for Continued Examination (RCE)

### 1.  Continued Prosecution Applications (CPAs) Filed Under 37 CFR 1.53(d)

Information which has been considered by the Office in the parent application of a continued prosecution application (CPA) filed under 37 CFR 1.53(d) will be part of the file before the examiner and need not be resubmitted in the continuing application to have the information considered and listed on the patent.

### 2.  Continuation Applications, Divisional Applications, or Continuation-in-Part Applications Filed Under 37 CFR 1.53(b)

The examiner will consider information which has been considered by the Office in a parent application when examining: (A) a continuation application filed under 37 CFR 1.53(b), (B) a divisional application filed under 37 CFR 1.53(b), or (C) a continuation-in-part application filed under 37 CFR 1.53(b). A listing of the information need not be resubmitted in the continuing application unless the applicant desires the information to be printed on the patent.

If resubmitting a listing of the information, applicant should submit a new listing that complies

with the format requirements in 37 CFR 1.98(a)(1). Applicants are strongly discouraged from submitting a list that includes copies of PTO/SB/08 ** or PTO-892 forms from other applications. A completed PTO/SB/08 ** form from another application may already have initials of an examiner and the application number of another application. This information will likely confuse the record. Furthermore, when the spaces provided on the form have initials of an examiner, there are no spaces available next to the documents listed for the examiner of the subsequent application to provide his or her initials, and the previously relevant initials may be erroneously construed as being applied for the current application.

### 3.    Requests for Continued Examination (RCE) Under 37 CFR 1.114

Information which has been considered by the Office in the application before the filing of a RCE will be part of the file before the examiner and need not be resubmitted to have the information considered by the examiner and listed on the patent.

### B.    IDS That Has _Not_ Been Considered (1) in the Parent Application, or (2) Prior to the Filing of a Request for Continued Examination

### 1.    Continued Prosecution Applications Filed Under 37 CFR 1.53(d)

Information filed in the parent application that complies with the content requirements of 37 CFR 1.98 will be considered by the examiner in the CPA. No specific request from the applicant that the previously submitted information be considered by the examiner is required.

### 2.    Continuation Applications, Divisional Applications, or Continuation-In-Part Applications Filed Under 37 CFR 1.53(b)

For these types of applications, in order to ensure consideration of information previously submitted, but not considered, in a parent application, applicant must resubmit the information in the continuing application in compliance with 37 CFR 1.97 and 37 CFR 1.98. Pursuant to 37 CFR 1.98(d), if the IDS submitted in the parent application complies with 37 CFR 1.98(a) to (c), copies of the patents, publications, pending U.S. applications, or other information submitted in the parent application need not be resubmitted in the continuing application.

When resubmitting a listing of the information, applicant should submit a new listing that complies with the format requirements in 37 CFR 1.98(a)(1). Applicants are strongly discouraged from submitting a list that includes copies of PTO/SB/08 ** or PTO-892 forms from other applications. A PTO/SB/08 ** form from another application may already have the application number of another application. This information will likely confuse the record.

### 3.    Requests for Continued Examination Under 37 CFR 1.114

Information filed in the application in compliance with the content requirements of 37 CFR 1.98 before the filing of a RCE will be considered by the examiner after the filing of the RCE. For example, an applicant filed an IDS in compliance with 37 CFR 1.98 after the mailing of a final Office action, but the IDS did not comply with the requirements of 37 CFR 1.97(d)(1) and (d)(2) and therefore, the IDS was not considered by the examiner. After applicant files a RCE, the examiner will consider the IDS filed prior to the filing of the RCE. For more details on RCE, see MPEP § 706.07(h).

**>

## 609.03    Information Disclosure Statements in National Stage Applications    [R-3]

<

The examiner will consider the documents cited in the international search report in a PCT national stage application when the Form PCT/DO/EO/903 indicates that both the international search report and the copies of the documents are present in the national stage file. In such a case, the examiner should consider the documents from the international search report and indicate by a statement in the first Office action that the information has been considered. There is no requirement that the examiner list the documents on a PTO-892 form.

In a national stage application, the following form paragraphs may be used where appropriate to notify applicant regarding references listed in the search report of the international application:

\*\*>

¶  *6.53 References Considered in 37 U.S.C. 371 Application Based Upon Search Report - Prior to Allowance*

The references cited in the Search Report [1] have been considered, but will not be listed on any patent resulting from this application because they were not provided on a separate list in compliance with 37 CFR 1.98(a)(1). In order to have the references printed on such resulting patent, a separate listing, preferably on a PTO/SB/08A and 08B form, must be filed within the set period for reply to this Office action.

**Examiner Note:**

1.   In bracket [1], identify the office (e.g., PCT, EPO, etc.) that issued the search report and the date it issued.

2.   This form paragraph may be used for PCT National Stage applications submitted under 35 U.S.C. 371 where the examiner has obtained copies of the cited references. If receipt of such copies is not indicated on the PCT/DO/EO/903 form in the file, burden is on the applicant to supply copies for consideration. See MPEP § 1893.03(g).

3.   Instead of using this form paragraph, the examiner may list the references on a PTO-892, thereby notifying the applicant that the references have been considered and will be printed on any patent resulting from this application.

4.   This form paragraph should only be used prior to allowance when a statutory period for reply is being set in the Office action.

5.   If the application is being allowed, form paragraph 6.54 should be used with the Notice of Allowability instead of this form paragraph.

¶  *6.54 References Considered in 37 U.S.C. 371 Application Based Upon Search Report - Ready for Allowance*

The references cited in the Search Report [1] have been considered, but will not be listed on any patent resulting from this application because they were not provided on a separate list in compliance with 37 CFR 1.98(a)(1). In order to have the references printed on such resulting patent, a separate listing, preferably on a PTO/SB/08A and 08B form, must be filed within ONE MONTH of the mailing date of this communication. NO EXTENSION OF TIME WILL BE GRANTED UNDER EITHER 37 CFR 1.136(a) OR (b) to comply with this requirement.

**Examiner Note:**

1.   In bracket [1], identify the office (e.g., PCT, EPO, etc.) that issued the search report and the date it issued.

2.   This form paragraph may be used for PCT National Stage applications submitted under 35 U.S.C. 371 where the examiner has obtained copies of the cited references. If receipt of such copies is not indicated on the PCT/DO/EO/903 form in the file, bur-

den is on the applicant to supply copies for consideration. See MPEP § 1893.03(g).

3.   Instead of using this form paragraph, the examiner may list the references on a PTO-892, thereby notifying the applicant that the references have been considered and will be printed on any patent resulting from this application.

¶  *6.55 References Not Considered in 35 U.S.C. 371 Application Based Upon Search Report*

The listing of references in the Search Report is not considered to be an information disclosure statement (IDS) complying with 37 CFR 1.98. 37 CFR 1.98(a)(2) requires a legible copy of: (1) each foreign patent; (2) each publication or that portion which caused it to be listed; (3) for each cited pending U.S. application, the application specification including claims, and any drawing of the application, or that portion of the application which caused it to be listed including any claims directed to that portion, unless the cited pending U.S. application is stored in the Image File Wrapper (IFW) system; and (4) all other information, or that portion which caused it to be listed. In addition, each IDS must include a list of all patents, publications, applications, or other information submitted for consideration by the Office (see 37 CFR 1.98(a)(1) and (b)), and MPEP § 609.04(a), subsection I. states, "the list ... must be submitted on a separate paper." Therefore, the references cited in the Search Report have not been considered. Applicant is advised that the date of submission of any item of information or any missing element(s) will be the date of submission for purposes of determining compliance with the requirements based on the time of filing the IDS, including all "statement" requirements of 37 CFR 1.97(e). See MPEP § 609.05(a).

**Examiner Note:**

1.   This form paragraph may be used in National Stage applications submitted under 35 U.S.C. 371.

2.   Do not use this form paragraph when the missing references are U.S. patents, U.S. patent application publications, or U.S. pending applications that are stored in IFW.

<

# 609.04(a)  Content Requirements for an Information Disclosure Statement [R-5]

An information disclosure statement (IDS) must comply with the provisions of 37 CFR 1.98 as to content for the information listed in the IDS to be considered by the Office. Each information disclosure statement must comply with the applicable provisions of subsection I., II., and III. below.

## I.  LIST OF ALL PATENTS, PUBLICATIONS, U.S. APPLICATIONS, OR OTHER INFORMATION

Each information disclosure statement must include a list of all patents, publications, U.S. applications, or other information submitted for consideration by the Office.

37 CFR 1.98(a)(1) requires the following format for an IDS listing: (A) a specified format/identification for each page of an IDS, and that U.S. patents and U.S. patent application publications be listed in a section separately from citations of other documents; (B) a column that provides a space next to each document listed to permit the examiner's initials; and (C) a heading that identifies the list as an IDS.

37 CFR 1.98(a)(1) specifically requires that U.S. patents and U.S. patent application publications be listed separately from the citations of other documents. The separation of citations will permit the Office to obtain the U.S. patent numbers and the U.S. patent application publication numbers by optical character recognition (OCR) from the scanned documents such that the documents can be made available electronically to the examiner to facilitate searching and retrieval of the cited U.S. patents and U.S. patent application publications from the Office's search databases. Applicants will comply with this requirement if they use forms PTO/SB/08A and 08B **, which provide a separate section for listing U.S. patents and U.S. patent application publications. Applicants who do not use these forms for submitting an IDS must make sure that the U.S. patents and U.S. patent application publications are listed in a separate section from citations of other documents.

37 CFR 1.98(a)(1) also requires that each page of the list must clearly identify the application number of the application in which the IDS is being submitted, if known. In the past, the Office has experienced problems associated with lists that do not properly identify the application in which the IDS is being submitted (e.g., when applicants submit a list that includes copies of **>PTO/SB/08< or PTO-892 forms from other applications). Even though the IDS transmittal letter had the proper application number, each page of the list did not include the proper application number, but instead had the application numbers of the other applications. If the pages of the list became separated, the Office could not associate the pages with the proper application.

In addition, 37 CFR 1.98(a)(1) requires that the list must include a column that provides a space next to each document listed in order to permit the examiner to enter his or her initials next to the citations of the documents that have been considered by the examiner. This provides a notification to the applicant and a clear record in the application to indicate which documents have been considered by the examiner in the application. Applicants are strongly discouraged from submitting a list that includes copies of PTO/SB/08 ** or PTO-892 forms from other applications. A completed PTO/SB/08 ** form from another application may already have initials of an examiner and the application number of another application. This information will likely confuse the record. Furthermore, when the spaces provided on the form have initials of an examiner, there are no spaces available next to the documents listed for the examiner of the subsequent application to provide his or her initials, and the previously relevant initials may be erroneously construed as being applied for the current application.

37 CFR 1.98(a)(1) also requires that each page of the list include a heading that clearly indicates that the list is an IDS. Since the Office treats an IDS submitted by the applicant differently than information submitted by a third-party (e.g., the Office may discard any non-compliant third-party submission under 37 CFR 1.99), a heading on each page of the list to indicate that the list is an IDS would promote proper treatment of the IDS submitted by the applicant and reduce handling errors.

37 CFR 1.98(b) requires that each item of information in an IDS be identified properly. U.S. patents must be identified by the inventor, patent number, and issue date. U.S. patent application publications must be identified by the applicant, patent application publication number, and publication date. U.S. applications must be identified by the inventor, the eight digit application number (the two digit series code and the six digit serial number), and the filing date. If a U.S. application being listed in an IDS has been issued as a patent or has been published, the applicant should list the patent or application publication in the IDS instead of the application. Each foreign patent or published foreign patent application must be identified by the country or patent office which issued the patent or

published the application, an appropriate document number, and the publication date indicated on the patent or published application. Each publication must be identified by publisher, author (if any), title, relevant pages of the publication, and date and place of publication. The date of publication supplied must include at least the month and year of publication, except that the year of publication (without the month) will be accepted if the applicant points out in the information disclosure statement that the year of publication is sufficiently earlier than the effective U.S. filing date and any foreign priority date so that the particular month of publication is not in issue. The place of publication refers to the name of the journal, magazine, or other publication in which the information being submitted was published. Pending U.S. applications that are being cited can be listed under the non-patent literature section or in a new section appropriately labeled.

The list of information complying with the format requirements of 37 CFR 1.98(a)(1) and the identification requirements of 37 CFR 1.98(b) may not be incorporated into the specification of the application in which it is being supplied, but must be submitted in a separate paper. A separate list is required so that it is easy to confirm that applicant intends to submit an information disclosure statement and because it provides a readily available checklist for the examiner to indicate which identified documents have been considered. A separate list will also provide a simple means of communication to applicant to indicate the listed documents that have been considered and those listed documents that have not been considered. Use of form PTO/SB/08A and 08B, Information Disclosure Statement, to list the documents is encouraged.

## II.  LEGIBLE COPIES

In addition to the list of information, each information disclosure statement must also include a legible copy of:

(A) Each foreign patent document;

(B) Each publication or that portion which caused it to be listed;

(C) For each cited pending unpublished U.S. application, the application specification including the claims, and any drawings of the application, or that portion of the application which caused it to be listed including any claims directed to that portion, unless

the cited pending U.S. application is stored in the Image File Wrapper (IFW) system. The requirement in 37 CFR 1.98(a)(2)(iii) for a legible copy of the specification, including the claims, and drawings of each cited pending U.S. patent application (or portion of the application which caused it to be listed) is *sua sponte* waived where the cited pending application is stored in the USPTO's IFW system. *See Waiver of the Copy Requirement in 37 CFR 1.98 for Cited Pending U.S. Patent Applications*, 1287 O.G. 163 (Oct. 19, 2004); and

(D) All other information or that portion which caused it to be listed.

The requirement for a copy of each U.S. patent or U.S. patent application publication listed in an IDS, has been eliminated, unless required by the Office. 37 CFR 1.98(a)(2).

37 CFR 1.98(a)(2)(iii) requires a copy of a pending U.S. application that is being cited in an IDS if (A) the cited information is not part of the specification, including the claims, and the drawings (e.g., an Office Action, remarks in an amendment paper, etc.), or (B) the cited application is not stored in the USPTO's IFW system. The requirement in 37 CFR 1.98(a)(2)(iii) for a legible copy of the specification, including the claims, and drawings of each cited pending U.S. patent application (or portion of the application which caused it to be listed) is *sua sponte* waived where the cited pending application is stored in the USPTO's IFW system. A pending U.S. application only identified in the specification's background information rather than being cited separately on an IDS listing is not part of an IDS submission. Therefore, the requirements of 37 CFR 1.98(a)(2)(iii) of supplying a copy of the pending application is not applicable. Pursuant to 37 CFR 1.98(a)(2)(iii), applicant may choose to cite only a portion of a pending application including any claims directed to that portion rather than the entire application.

There are exceptions to this requirement that a copy of the information must be provided. First, 37 CFR 1.98(d) states that a copy of any patent, publication, pending U.S. application, or other information listed in an information disclosure statement is not required to be provided if: (A) the information was previously cited by or submitted to, the Office in a prior application, provided that the prior application is properly identified in the IDS and is relied on for an

earlier filing date under 35 U.S.C. 120; and (B) the IDS submitted in the earlier application complies with 37 CFR 1.98(a)-(c). If both of these conditions are met, the examiner will consider the information previously cited or submitted to the Office and considered by the Office in a prior application relied on under 35 U.S.C. 120. This exception to the requirement for copies of information does not apply to information which was cited in an international application under the Patent Cooperation Treaty. If the information cited or submitted in the prior application was not in English, a concise explanation of the relevance of the information to the new application is not required unless the relevance of the information differs from its relevance as explained in the prior application. See subsection III. below.

Second, 37 CFR 1.98(c) states that when the disclosures of two or more patents or publications listed in an information disclosure statement are substantively cumulative, a copy of one of the patents or publications may be submitted without copies of the other patents or publications provided that a statement is made that these other patents or publications are cumulative. The examiner will then consider only the patent or publication of which a copy is submitted and will so indicate on the list, form ** PTO/SB/08A and 08B, submitted, e.g., by crossing out the listing of the cumulative information. But see *Semiconductor Energy Laboratory Co. v. Samsung Electronics Co.*, 204 F.3d 1368, 1374, 54 USPQ2d 1001, 1005 (Fed. Cir. 2000) (Reference was not cumulative since it contained a more complete combination of the claimed elements than any other reference before the examiner. "A withheld reference may be highly material when it discloses a more complete combination of relevant features, even if those features are before the patent examiner in other references." (citations omitted).).

37 CFR 1.98(a)(3)(ii) states that if a written English language translation of a non-English language document, or portion thereof, is within the possession, custody or control of, or is readily available to any individual designated in 37 CFR 1.56(c), a copy of the translation shall accompany the statement. Translations are not required to be filed unless they have been reduced to writing and are actually translations of what is contained in the non-English language information. If no translation is submitted, the exam-

iner will consider the information in view of the concise explanation and insofar as it is understood on its face, e.g., drawings, chemical formulas, English language abstracts, in the same manner that non-English language information in Office search files is considered by examiners in conducting searches.

Electronic means or medium for filing IDSs are not permitted except for: (A) citations to U.S. patents and U.S. patent application publications in an IDS filed via the Office's Electronic Filing System (EFS) (see MPEP § 609.07); or (B) a compact disc (CD) that has tables, sequence listings, or program listings included in a paper IDS in compliance with 37 CFR 1.52(e). A CD cannot be used to submit an IDS listing or copies of the documents cited in the IDS.

## III.  CONCISE EXPLANATION OF RELE-VANCE FOR NON-ENGLISH LANGUAGE INFORMATION

Each information disclosure statement must further include a concise explanation of the relevance, as it is presently understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information listed that is not in the English language. The concise explanation may be either separate from the specification or part of the specification. If the concise explanation is part of the specification, the IDS listing should include the page(s) or line(s) numbers where the concise explanation is located in the specification.

The requirement for a concise explanation of relevance is limited to information that is not in the English language. The explanation required is limited to the relevance as understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information at the time the information is submitted to the Office. If a complete translation of the information into English is submitted with the non-English language information, no concise explanation is required. An English-language equivalent application may be submitted to fulfill this requirement if it is, in fact, a translation of a foreign language application being listed in an information disclosure statement. There is no requirement for the translation to be verified. Submission of an English language abstract of a reference may fulfill the requirement for a concise explanation. Where the information listed is not in the English language, but

was cited in a search report or other action by a foreign patent office in a counterpart foreign application, the requirement for a concise explanation of relevance can be satisfied by submitting an English-language version of the search report or action which indicates the degree of relevance found by the foreign office. This may be an explanation of which portion of the reference is particularly relevant, to which claims it applies, or merely an "X", "Y", or "A" indication on a search report. The requirement for a concise explanation of non-English language information would not be satisfied by a statement that a reference was cited in the prosecution of a United States application which is not relied on under 35 U.S.C. 120.

If information cited or submitted in a prior application relied on under 35 U.S.C. 120 was not in English, a concise explanation of the relevance of the information to the new application is not required unless the relevance of the information differs from its relevance as explained in the prior application.

The concise explanation may indicate that a particular figure or paragraph of the patent or publication is relevant to the claimed invention. It might be a simple statement pointing to similarities between the item of information and the claimed invention. It is permissible but not necessary to discuss differences between the cited information and the claims. However, see *Semiconductor Energy Laboratory Co. v. Samsung Electronics Co.*, 204 F.3d 1368, 1376, 54 USPQ2d 1001, 1007 (Fed. Cir. 2000) ("[A]lthough MPEP Section 609A(3) allows the applicant some discretion in the manner in which it phrases its concise explanation, it nowhere authorizes the applicant to intentionally omit altogether key teachings of the reference.").

In *Semiconductor Energy Laboratory*, patentee during prosecution submitted an untranslated 29-page Japanese reference as well as a concise explanation of its relevance and an existing one-page partial English translation, both of which were directed to less material portions of the reference. The untranslated portions of the Japanese reference "contained a more complete combination of the elements claimed [in the patent] than anything else before the PTO." 204 F.3d at 1376, 54 USPQ2d at 1005. The patentee, whose native language was Japanese, was held to have understood the materiality of the reference. "The duty of candor does not require that the applicant translate every foreign reference, but only that the applicant

refrain from submitting partial translations and concise explanations that it knows will misdirect the examiner's attention from the reference's relevant teaching." 204 F.3d at 1378, 54 USPQ2d at 1008.

Although a concise explanation of the relevance of the information is not required for English language information, applicants are encouraged to provide a concise explanation of why the English-language information is being submitted and how it is understood to be relevant. Concise explanations (especially those which point out the relevant pages and lines) are helpful to the Office, particularly where documents are lengthy and complex and applicant is aware of a section that is highly relevant to patentability or where a large number of documents are submitted and applicant is aware that one or more are highly relevant to patentability.

## 609.04(b)  Timing Requirements for an Information Disclosure Statement [R-5]

The procedures and requirements under 37 CFR 1.97 for submitting an information disclosure statement are linked to four stages in the processing of a patent application:

(1)(a) for national applications (not including CPAs), within 3 months of filing, or before the mailing of a first Office action on the merits, whichever is later;

(b) for international applications, within 3 months of the date of entry of the national stage as set forth in 37 CFR 1.491 or before the mailing of a first Office action on the merits in the national stage application, whichever is later;

(c) for continued examinations (i.e., RCEs filed under 37 CFR 1.114) and CPAs filed under 37 CFR 1.53(d), before the mailing of a first Office action on the merits;

(2) after the period in (1), but prior to the prosecution of the application closes, i.e., before the mailing of a final Office action, a Notice of Allowance, or an *Ex parte Quayle* action, whichever is earlier;

(3) after the period in (2) but on or before the date the issue fee is paid; and

(4) after the period in (3) and up to the time the patent application can be effectively withdrawn from issue under 37 CFR 1.313(c).

These procedures and requirements apply to applications filed under 35 U.S.C. 111(a) (utility), 161 (plants), 171 (designs), and 251 (reissue), as well as international applications entering the national stage under 35 U.S.C. 371.

The requirements based on the time when the information disclosure statement is filed are summarized in MPEP § 609.01.

## I. INFORMATION DISCLOSURE STATEMENT FILED <u>BEFORE</u> FIRST ACTION ON THE MERITS OR WITHIN THREE (3) MONTHS OF ACTUAL FILING DATE (37 CFR 1.97(b))

An information disclosure statement will be considered by the examiner if filed within any one of the following time periods:

(A) for national applications (not including CPAs), within 3 months of the filing date of the national application or before the mailing date of a first Office action on the merits;

(B) for international applications, within 3 months of the date of entry of the national stage as set forth in 37 CFR 1.491 or before the mailing date of a first Office action on the merits; or

(C) for RCEs and CPAs, before the mailing date of a first Office action on the merits.

An information disclosure statement filed within one of these periods requires neither a fee nor a statement under 37 CFR 1.97(e). An information disclosure statement will be considered to have been filed on the day it was received in the Office, or on an earlier date of mailing if accompanied by a properly executed certificate of mailing or facsimile transmission under 37 CFR 1.8, or if it is in compliance with the provisions of "Express Mail" delivery under 37 CFR 1.10. If the last day of the three months period set forth in 37 CFR 1.97(b)(1) and (b)(2) falls on a Saturday, Sunday, or a Federal holiday within the District of Columbia, the IDS will be considered timely if filed on the next succeeding business day which is not a Saturday, Sunday, or a Federal holiday. See 37 CFR 1.7(a). An Office action is mailed on the date indicated in the Office action.

It would not be proper to make final a first Office action in a continuing application or in an application after the filing of a RCE if the information submitted in the IDS during the time period set forth in 37 CFR 1.97(b) is used in a new ground of rejection.

### A. National or International Applications

The term "national application" includes continuing applications (continuations, divisions, and continuations-in-part but not CPAs), so 3 months will be measured from the actual filing date of an application as opposed to the effective filing date of a continuing application. For international applications, the 3 months will be measured from the date of entry of the national stage.

All information disclosure statements that comply with the content requirements of 37 CFR 1.98 and are filed within 3 months of the filing date, will be considered by the examiner, regardless of whatever else has occurred in the examination process up to that point in time. Thus, in the rare instance that a final Office action, a notice of allowance, or an *Ex parte Quayle* action is mailed prior to a date which is 3 months from the filing date, any information contained in a complete information disclosure statement filed within that 3-month window will be considered by the examiner.

Likewise, an information disclosure statement will be considered if it is filed later than 3 months after the application filing date but before the mailing date of a first Office action on the merits. An action on the merits means an action which treats the patentability of the claims in an application, as opposed to only formal or procedural requirements. An action on the merits would, for example, contain a rejection or indication of allowability of a claim or claims rather than just a restriction requirement (37 CFR 1.142) or just a requirement for additional fees to have a claim considered (37 CFR 1.16). Thus, if an application was filed on January 2 and the first Office action on the merits was not mailed until 6 months later on July 2, the examiner would be required to consider any proper information disclosure statement filed prior to July 2.

### B. RCE and CPA

The 3-month window as discussed above does not apply to a RCE filed under 37 CFR 1.114 or a CPA filed under 37 CFR 1.53(d) (effective July 14, 2003, CPAs are only available for design applications). An IDS filed after the filing of a RCE will be considered

if the IDS is filed before the mailing date of a first Office action on the merits. A RCE is not the filing of an application, but merely the continuation of prosecution in the current application. After the mailing of a RCE, such application is treated as an amended application by the examiner and is subject to a short turnover time. Therefore, applicants are encouraged to file any IDS with the filing of a RCE. See MPEP § 706.07(h) for details on RCEs.

Similarly, an IDS filed in a CPA will be considered if the IDS is filed before the mailing date of a first Office action on the merits. Applicants are encouraged to file any IDS in a CPA as early as possible, preferably at the time of filing of the CPA request.

If an IDS cannot be filed before the mailing of a first Office action on the merits (generally within 2 months from the filing of the RCE or CPA), applicants may request a 3-month suspension of action under 37 CFR 1.103(c) in an application at the time of filing of the RCE, or under 37 CFR 1.103(b) in a CPA, at the time of filing of the CPA. Where an IDS is mailed to the Office shortly before the expiration of a 3-month suspension under 37 CFR 1.103(b) or (c), applicant is requested to make a courtesy call to notify the examiner as to the IDS submission.

## II. INFORMATION DISCLOSURE FILED AFTER I. ABOVE BUT BEFORE MAILING OF FINAL ACTION, NOTICE OF ALLOWANCE, OR AN *EX PARTE QUAYLE* ACTION (37 CFR 1.97(c))

An information disclosure statement will be considered by the examiner if filed after the period specified in subsection I. above, but prior to the date the prosecution of the application closes, i.e., before (not on the same day as the mailing date of any of the following:

a final action under 37 CFR 1.113, e.g., final rejection;

a notice of allowance under 37 CFR 1.311; or

an action that closes prosecution in the application, e.g., an *Ex parte Quayle* action,

whichever occurs first, provided the information disclosure statement is accompanied by either (1) a statement as specified in 37 CFR 1.97(e) (see the discussion in subsection III.B(5) below); or (2) the fee set forth in 37 CFR 1.17(p). If a final action, notice of allowance, or an *Ex parte Quayle* action is mailed in an application and later withdrawn, the application

will be considered as not having had a final action, notice of allowance, or an *Ex parte Quayle* action mailed for purposes of considering an information disclosure statement.

An *Ex parte Quayle* action is an action that closes the prosecution in the application as referred to in 37 CFR 1.97(c). Therefore, an information disclosure statement filed after an *Ex parte Quayle* action, must comply with the provisions of 37 CFR 1.97(d).

### A. Information is Used in a New Ground of Rejection

#### 1. Final Rejection is Not Appropriate

If information submitted during the period set forth in 37 CFR 1.97(c) with a statement under 37 CFR 1.97(e) is used in a new ground of rejection on unamended claims, the next Office action will not be made final since in this situation it is clear that applicant has submitted the information to the Office promptly after it has become known and the information is being submitted prior to a final determination on patentability by the Office.

#### 2. Final Rejection Is Appropriate

The information submitted with a statement under 37 CFR 1.97(e) can be used in a new ground of rejection and the next Office action can be made final, if the new ground of rejection was necessitated by amendment of the application by applicant. Where the information is submitted during this period with a fee as set forth in 37 CFR 1.17(p), the examiner may use the information submitted, and make the next Office action final whether or not the claims have been amended, provided that no other new ground of rejection which was not necessitated by amendment to the claims is introduced by the examiner. See MPEP § 706.07(a).

### III. INFORMATION DISCLOSURE STATEMENT FILED AFTER II. ABOVE BUT PRIOR TO PAYMENT OF ISSUE FEE (37 CFR 1.97(d))

An information disclosure statement will be considered by the examiner if filed on or after the mailing date of any of the following: a final action under 37 CFR 1.113; a notice of allowance under 37 CFR 1.311; or an action that closes prosecution in the

application, e.g., an *Ex parte Quayle* action, but before or simultaneous with payment of the issue fee, provided the statement is accompanied by:

(A) a statement as specified in 37 CFR 1.97(e) (see the discussion in subsection V; and

(B) the fee set forth in 37 CFR 1.17(p).

These requirements are appropriate in view of the late stage of prosecution when the information is being submitted, i.e., after the examiner has reached a final determination on the patentability of the claims presented for examination. Payment of the fee (37 CFR 1.17(p)) and submission of the appropriate statement (37 CFR 1.97(e)) are the essential elements for having information considered at this advanced stage of prosecution, assuming the content requirements of 37 CFR 1.98 are satisfied.

Form paragraph 6.52 may be used to inform the applicant that the information disclosure statement is being considered.

¶   *6.52 Information Disclosure Statement Filed After Prosecution Has Been Closed*

The information disclosure statement (IDS) submitted on [1] was filed after the mailing date of the [2] on [3]. The submission is in compliance with the provisions of 37 CFR 1.97. Accordingly, the information disclosure statement is being considered by the examiner.

**Examiner Note:**

1.   In bracket 1, insert the date the IDS was filed.

2.   In bracket 2, insert --final Office action--, --Notice of Allowance--, or an --*Ex parte Quayle* action-- as appropriate.

The requirements of 37 CFR 1.97 provide for consideration by the Office of information which is submitted within a reasonable time, i.e., within 3 months after an individual designated in 37 CFR 1.56(c) becomes aware of the information or within 3 months of the information being cited in a communication from a foreign patent office in a counterpart foreign application. This undertaking by the Office to consider information would be available throughout the pendency of the application until the point where the patent issue fee was paid.

If an applicant chose not to comply, or could not comply, with the requirements of 37 CFR 1.97(d), the applicant may file a RCE under 37 CFR 1.114, or a continuing application under 37 CFR 1.53(b) (or 37 CFR 1.53(d) if the application is a design application) to have the information considered by the examiner. If

the applicant files a continuing application under 37 CFR 1.53(b), the parent application could be permitted to become abandoned by not paying the issue fee required in the Notice of Allowance. If the prior application is a design application, the filing of a continued prosecution application under 37 CFR 1.53(d) automatically abandons the prior application. See the discussion in MPEP § 609.02.

## IV.   INFORMATION DISCLOSURE STATEMENT FILED AFTER PAYMENT OF ISSUE FEE

After the issue fee has been paid on an application, it is impractical for the Office to attempt to consider newly submitted information. Information disclosure statements filed after payment of the issue fee in an application will not be considered but will merely be placed in the application file. See MPEP § 609.05(b). The application may be withdrawn from issue at this point, pursuant to 37 CFR 1.313(c)(2) or 1.313(c)(3) so that the information can be considered in the application upon the filing of a RCE under 37 CFR 1.114 or in a continuing application filed under 37 CFR 1.53(b) (or 37 CFR 1.53(d) if the application is a design application). In this situation, a RCE, or a CPA (if the prior application is a design application), or a continuing application filed under 37 CFR 1.53(b) could be filed even though the issue fee had already been paid. See MPEP § 1308. Applicants are encouraged to file the petition under 37 CFR 1.313(c)(2) with a RCE, or the petition under 37 CFR 1.313(c)(3) with a CPA or continuing application under 37 CFR 1.53(b), by facsimile transmission to the Office of Petitions (see MPEP >§ 502.01, subsection I.B. and< § 1730 for the facsimile number). >Alternatively, petitions to withdraw from issue may be hand-carried to the Office of Petitions (see MPEP § 502).< The Office cannot ensure that any petition under 37 CFR 1.313(c) will be acted upon prior to the date of patent grant. Applicants considering filing a petition under 37 CFR 1.313(c) are encouraged to call the Office of Petitions to determine whether sufficient time remains before the patent issue date to consider and grant a petition under 37 CFR 1.313(c). The petition need not be accompanied by the information disclosure statement if the size of the statement makes its submission by facsimile impracticable, but the petition should indicate that an IDS will be filed in the application or in

the continuing application if it does not accompany the petition under 37 CFR 1.313(c). The IDS should be filed before the mailing of a first Office action on the merits. If the IDS cannot be filed within this time period, applicants may request a three-month suspension of action under 37 CFR 1.103 at the time of filing of the RCE or CPA. See the discussion above in paragraph I.B.

Alternatively, for example, a petition pursuant to 37 CFR 1.313(c)(1) could be filed if applicant states that one or more claims are unpatentable. This statement that one or more claims are unpatentable over the information must be unequivocal. A statement that a serious question as to patentability of a claim has been raised, for example, would not be acceptable to withdraw an application from issue under 37 CFR 1.313(c)(1). Form paragraph 13.09 may be used.

¶ 13.09 Information Disclosure Statement, Issue Fee Paid

Applicant's information disclosure statement of [1] was filed after the issue fee was paid. Information disclosure statements filed after payment of the issue fee will not be considered, but will be placed in the file. However, the application may be withdrawn from issue in order to file a request for continued examination (RCE) under 37 CFR 1.114 upon the grant of a petition under 37 CFR 1.313(c)(2), or a continuing application under 37 CFR 1.53(b) (or a continued prosecution application (CPA) under 37 CFR 1.53(d) if the CPA is for a design patent and the prior application of the CPA is a design application) upon the grant of a petition filed under the provisions of    37 CFR 1.313(c)(3). Alternatively, the other provisions of 37 CFR 1.313 may apply, e.g., a petition to withdraw the application from issue under the provisions of 37 CFR 1.313(c)(1)may be filed together with an unequivocal statement by the applicant that one or more claims are unpatentable over the information contained in the statement. The information disclosure statement would then be considered upon withdrawal of the application from issue under  37 CFR 1.313(c)(1).

**Examiner Note:**

1.   For information disclosure statements submitted after the issue fee has been paid, use this form paragraph with form PTOL-90 or PTO-90C.

2.   In bracket 1, insert the filing date of the IDS.

If an application has been withdrawn from issue under one of the provisions of 37 CFR 1.313(c)(1)-(3), it will be treated as though no notice of allowance had been mailed and the issue fee had not yet been paid with regard to the time for filing information disclosure statements. Petitions under 37 CFR 1.313(c) should be directed to the Office of Petitions in the Office of the Deputy Commissioner for Patent Examination Policy. See MPEP § 1308.

## V.    STATEMENT UNDER 37 CFR 1.97(e)

A statement under 37 CFR 1.97(e) must state either

(1) that each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the statement, or

(2) that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the statement after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the statement.

A statement under 37 CFR 1.97(e) can contain either of two statements. One statement is that each item of information in an information disclosure statement was first cited in any communication, such as a search report, from a patent office outside the U.S. in a counterpart foreign application not more than 3 months prior to the filing date of the statement. Applicant would not be able to make a statement under 37 CFR 1.97(e) where an item of information was first cited by a foreign patent office, for example, a year before the filing of the IDS, in a communication from that foreign patent office, and the same item of information is once again cited by another foreign patent office within three months prior to the filing of the IDS in the Office. Similarly, applicant would not be able to make a statement under 37 CFR 1.97(e) where an item of information was cited in an examination report and the same item of information was previously cited more than three months prior to the filing of the IDS in the Office, in a search report from the same foreign patent office. Under this statement, it does not matter whether any individual with a duty of disclosure actually knew about any of the information cited before receiving the search report.

The date on the communication by the foreign patent office begins the 3-month period in the same manner as the mailing of an Office action starts a 3-month shortened statutory period for reply. If the

communication contains two dates, the mailing date of the communication is the one which begins the 3-month period. The date which begins the 3-month period is not the date the communication was received by a foreign associate or the date it was received by a U.S. registered practitioner. Likewise, the statement will be considered to have been filed on the date the statement was received in the Office, or on an earlier date of mailing or transmission if accompanied by a properly executed certificate of mailing or facsimile transmission under 37 CFR 1.8, or if it is in compliance with the provisions for "Express Mail" delivery under 37 CFR 1.10.

The term counterpart foreign patent application means that a claim for priority has been made in either the U.S. application or a foreign application based on the other, or that the disclosures of the U.S. and foreign patent applications are substantively identical (e.g., an application filed in the European Patent Office claiming the same U.K. priority as claimed in the U.S. application).

Communications from foreign patent offices in foreign applications sometimes include a list of the family of patents corresponding to a particular patent being cited in the communication. The family of patents may include a United States patent or other patent in the English language. Some applicants submit information disclosure statements to the PTO which list and include copies of both the particular patent cited in the foreign patent office communication and the related United States or other English language patent from the family list. Since this is to be encouraged, the United States or other English language patent will be construed as being cited by the foreign patent office for purposes of a statement under 37 CFR 1.97(e)(1). The examiner should consider the United States or other English language patent if 37 CFR 1.97 and 37 CFR 1.98 are complied with.

If an information disclosure statement includes a copy of a dated communication from a foreign patent office which clearly shows that the statement is being submitted within 3 months of the date on the communication, the copy *>of the dated communication from the foreign patent office by itself will not< be accepted as the required statement under 37 CFR 1.97(e)(1) >since it would not be clear from the dated communication whether the information in the IDS was "first cited" in any communication from a foreign patent office not more than 3 months prior to the filing of the IDS as required by 37 CFR 1.97(e)(1)<. **

In the alternative, a statement can be made if no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application and, to the knowledge of the person signing the statement after making reasonable inquiry, neither was it known to any individual having a duty to disclose more than 3 months prior to the filing of the statement. If an inventor of the U.S. application is also a named inventor of one of the items of information contained in the IDS, the 37 CFR 1.97(e)(2) statement cannot be made for that particular item of information, and if made, will not be accepted.

The phrase "after making reasonable inquiry" makes it clear that the individual making the statement has a duty to make reasonable inquiry regarding the facts that are being stated. The statement can be made by a registered practitioner who represents a foreign client and who relies on statements made by the foreign client as to the date the information first became known. A registered practitioner who receives information from a client without being informed whether the information was known for more than 3 months, however, cannot make the statement under 37 CFR 1.97(e)(2) without making reasonable inquiry. For example, if an inventor gave a publication to the attorney prosecuting an application with the intent that it be cited to the Office, the attorney should inquire as to when that inventor became aware of the publication and should not submit a statement under 37 CFR 1.97(e)(2) to the Office until a satisfactory response is received. The statement can be based on present, good faith knowledge about when information became known without a search of files being made.

A statement under 37 CFR 1.97(e) need not be in the form of an oath or a declaration under 37 CFR 1.68. A statement under 37 CFR 1.97(e) by a registered practitioner or any other individual that the statement was filed within the 3-month period of either first citation by a foreign patent office or first discovery of the information will be accepted as dispositive of compliance with this provision in the absence of evidence to the contrary. For example, a

statement under 37 CFR 1.97(e) could read as follows:

> I hereby state that each item of information contained in this Information Disclosure Statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than 3 months prior to the filing of this statement.,
>
>     or
>
> I hereby state that no item of information in the Information Disclosure Statement filed herewith was cited in a communication from a foreign patent office in a counterpart foreign application, and, to my knowledge after making reasonable inquiry, no item of information contained in this Information Disclosure Statement was known to any individual designated in 37 CFR 1.56(c) more than 3 months prior to the filing of this Information Disclosure Statement.

An information disclosure statement may include two lists and two statements, similar to the above examples, in situations where some of the information listed was cited in a communication from a foreign patent office not more than 3 months prior to filing the statement and some was not, but was not known more than 3 months prior to filing the statement.

A copy of the foreign search report need not be submitted with the statement under 37 CFR 1.97(e), but an individual may wish to submit an English-language version of the search report to satisfy the requirement for a concise explanation where non-English language information is cited. The time at which information was known to any individual designated in 37 CFR 1.56(c) is the time when the information was discovered in association with the application even if awareness of the materiality came later. The Office wishes to encourage prompt evaluation of the relevance of information and to have a date certain for determining if a statement under 37 CFR 1.97(e) can properly be made. A statement on information and belief would not be sufficient. Examiners should not remind or otherwise make any comment about an individual's duty of candor and good faith. Questions about the adequacy of any statement received in writing by the Office should be directed to the Office of Patent Legal Administration.

## VI.  EXTENSIONS OF TIME (37 CFR 1.97(f))

No extensions of time for filing an information disclosure statement are permitted under 37 CFR 1.136(a) or (b). If a *bona fide* attempt is made to comply with the content requirements of 37 CFR 1.98, but part of the required content is inadvertently omitted, additional time may be given to enable full compliance.

\*\*>

## 609.05    Examiner Handling of Information Disclosure Statements [R-3]

<

Information disclosure statements will be reviewed for compliance with the requirements of 37 CFR 1.97 and 37 CFR 1.98 as discussed in \*\*>MPEP § 609.04(a) and § 609.04(b)<. Applicant will be notified of compliance and noncompliance with the rules as discussed \*>in MPEP § 609.05(a) and § 609.05(b)<.

## 609.05(a)    Noncomplying    Information Disclosure Statements [R-5]

Pursuant to 37 CFR 1.97(i), submitted information, filed before the grant of a patent, which does not comply with 37 CFR 1.97 and 37 CFR 1.98 will be placed in the file, but will not be considered by the Office. Information submitted after the grant of a patent must comply with 37 CFR 1.501.

If an information disclosure statement does not comply with the requirements based on the time of filing of the IDS as discussed in MPEP § 609.04(b), including the requirements for fees and/or statement under 37 CFR 1.97(e), the IDS will be placed in the application file, but none of the information will be considered by the examiner. The examiner may use form paragraph 6.49 which is reproduced below to inform applicant that the information has not been considered. Applicant may then file a new information disclosure statement or correct the deficiency in the previously filed IDS, but the date that the new IDS or correction is filed will be the date of the IDS for purposes of determining compliance with the requirements based on the time of filing of the IDS (37 CFR 1.97).

The examiner should write "not considered" on an information disclosure statement where none of the information listed complies with the requirements, e.g., the format requirements of 37 CFR 1.98(a)(1) are not met. For Image File Wrapper (IFW) processing, see IFW Manual. If none of the information listed on

a ** PTO/SB/08A and 08B form is considered, a diagonal line should also be drawn in pencil across the form and the form placed on the right side of the application file to instruct the printer not to list the information on the face of the patent if the application goes to issue. The paper containing the disclosure statement or list will be placed in the record in the application file. The examiner will inform applicant that the information has not been considered and the reasons why by using form paragraphs 6.49 through 6.49.09. If the improper citation appears as part of another paper, e.g., an amendment, which may be properly entered and considered, the portion of the paper which is proper for consideration will be considered.

If an item of information in an IDS fails to comply with all the requirements of 37 CFR 1.97 and 37 CFR 1.98, that item of information in the IDS will not be considered and a line should be drawn through the citation to show that it has not been considered. However, other items of information that do comply with all the requirements of 37 CFR 1.97 and 37 CFR 1.98 will be considered by the examiner.

If information listed in the specification rather than in a separate paper, or if the other content requirements as discussed in MPEP § 609.04(a) are not complied with, the information need not be considered by the examiner, in which case, the examiner should notify applicant in the next Office action that the information has not been considered.

## FORM PARAGRAPHS

### ¶ 6.49 Information Disclosure Statement Not Considered

The information disclosure statement filed [1] fails to comply with the provisions of 37 CFR 1.97, 1.98 and MPEP § 609 because [2]. It has been placed in the application file, but the information referred to therein has not been considered as to the merits. Applicant is advised that the date of any resubmission of any item of information contained in this information disclosure statement or the submission of any missing element(s) will be the date of submission for purposes of determining compliance with the requirements based on the time of filing the statement, including all requirements for statements under 37 CFR 1.97(e). See MPEP § 609.05(a).

**Examiner Note:**

See MPEP § 609.05(a) for situations where the use of this form paragraph would be appropriate.

### ¶ 6.49.01 Information Disclosure Statement Not Considered, After First Action, But Before the Prosecution of the Application Closes, No Statement

The information disclosure statement filed [1] fails to comply with 37 CFR 1.97(c) because it lacks a statement as specified in 37 CFR 1.97(e). It has been placed in the application file, but the information referred to therein has not been considered.

### ¶ 6.49.02 Information Disclosure Statement Not Considered, After First Action, But Before the Prosecution of the Application Closes, No Fee

The information disclosure statement filed [1] fails to comply with 37 CFR 1.97(c) because it lacks the fee set forth in 37 CFR 1.17(p). It has been placed in the application file, but the information referred to therein has not been considered.

### ¶ 6.49.03 Information Disclosure Statement Not Considered, After the Prosecution of the Application Closes, Issue Fee Not Paid, No Statement

The information disclosure statement filed [1] fails to comply with 37 CFR 1.97(d) because it lacks a statement as specified in 37 CFR 1.97(e). It has been placed in the application file, but the information referred to therein has not been considered.

### ¶ 6.49.05 Information Disclosure Statement Not Considered, After the Prosecution of the Application Closes, Issue Fee Not Paid, No Fee

The information disclosure statement filed [1] fails to comply with 37 CFR 1.97(d) because it lacks the fee set forth in 37 CFR 1.17(p). It has been placed in the application file, but the information referred to therein has not been considered.

### ¶ 6.49.06 Information Disclosure Statement Not Considered, References Listed in Specification

The listing of references in the specification is not a proper information disclosure statement. 37 CFR 1.98(b) requires a list of all patents, publications, applications, or other information submitted for consideration by the Office, and MPEP § 609.04(a), subsection I. states, "the list may not be incorporated into the specification but must be submitted in a separate paper." Therefore, unless the references have been cited by the examiner on form PTO-892, they have not been considered.

### ¶ 6.49.07 Information Disclosure Statement Not Considered, No Copy of References

The information disclosure statement filed [1] fails to comply with 37 CFR 1.98(a)(2), which requires a legible copy of each cited foreign patent document; each non-patent literature publication or that portion which caused it to be listed; and all other information or that portion which caused it to be listed. It has been placed in the application file, but the information referred to therein has not been considered.

**Examiner Note:**

Do not use this form paragraph when the missing reference(s) are U.S. patents, U.S. patent application publications, or U.S. pending applications (limited to the specification, including claims, and drawings) stored in IFW.

¶    *6.49.08 Information Disclosure Statement Not Considered, Non-Compliant List of References*

The information disclosure statement filed [1] fails to comply with 37 CFR 1.98(a)(1), which requires the following: (1) a list of all patents, publications, applications, or other information submitted for consideration by the Office; (2) U.S. patents and U.S. patent application publications listed in a section separately from citations of other documents; (3) the application number of the application in which the information disclosure statement is being submitted on each page of the list; (4) a column that provides a blank space next to each document to be considered, for the examiner's initials; and (5) a heading that clearly indicates that the list is an information disclosure statement. The information disclosure statement has been placed in the application file, but the information referred to therein has not been considered.

**Examiner Note:**

If an IDS listing includes a copy of an initialed IDS listing from another application, the IDS listing would not comply with the requirements under 37 CFR 1.98(a)(1). This form paragraph is applicable for such an IDS submission.

¶    *6.49.09 Information Disclosure Statement Not Considered, No Explanation of Relevance of Non-English Language Information*

The information disclosure statement filed [1] fails to comply with 37 CFR 1.98(a)(3)(i) because it does not include a concise explanation of the relevance, as it is presently understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information, of each reference listed that is not in the English language. It has been placed in the application file, but the information referred to therein has not been considered.

¶    *6.49.10 Information Disclosure Statement Not Considered, Non-acceptable Electronic Medium*

The information disclosure statement filed [1] was submitted on an electronic medium that was not acceptable. It has been placed in the application file, but the information referred to therein has not been considered. Note that U.S. patents or U.S. application publications cited in an information disclosure statement may be electronically submitted in compliance with the Office Electronic Filing System (EFS) requirements.

**Examiner Note:**

This form paragraph may be used when the IDS that includes patents and non-patent literature documents is submitted on compact discs or any other electronic medium, except via EFS. Only tables, sequence listings, and program listings may be submitted on CDs. See 37 CFR 1.52(a) and (e).

¶    *6.51 Time for Completing Information Disclosure Statement*

The information disclosure statement filed on [1] does not fully comply with the requirements of 37 CFR 1.98(b) because: [2]. Since the submission appears to be *bona fide*, applicant is given **ONE (1) MONTH** from the date of this notice to supply the above-mentioned omissions or corrections in the information dis-

closure statement. NO EXTENSION OF THIS TIME LIMIT MAY BE GRANTED UNDER EITHER 37 CFR 1.136(a) OR (b). Failure to timely comply with this notice will result in the above-mentioned information disclosure statement being placed in the application file with the non-complying information **not** being considered. See 37 CFR 1.97(i).

**Examiner Note:**

Use this form paragraph if an IDS complies with the timing requirements of 37 CFR 1.97 but part of the content requirements of 37 CFR 1.98(b) has been inadvertently omitted.

This practice does not apply where there has been a deliberate omission of some necessary part of an Information Disclosure Statement or where the requirements based on the time of filing the statement, as set forth in 37 CFR 1.97, have not been complied with.

# 609.05(b)    Complying Information Disclosure Statements [R-5]

The information contained in information disclosure statements which comply with both the content requirements of 37 CFR 1.98 and the requirements, based on the time of filing the statement, of 37 CFR 1.97 will be considered by the examiner. Consideration by the examiner of the information submitted in an IDS means that the examiner will consider the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search. The initials of the examiner placed adjacent to the citations on the ** PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above.

Examiners must consider all citations submitted in conformance with the rules, and their initials when placed adjacent to the considered citations on the list or in the boxes provided on a form ** PTO/SB/08A and 08B provides a clear record of which citations have been considered by the Office. The examiner must also fill in his or her name and the date the information was considered in blocks at the bottom of the ** PTO/SB/08A and 08B form. For IFW processing, see IFW Manual section 3. If any of the citations are considered, a copy of the submitted list, form ** PTO/SB/08A and 08B, as reviewed by the examiner, will be returned to the applicant with the next communication. Those citations not considered by the examiner will have a line drawn through the citation and

any citations considered will have the examiner's initials adjacent thereto. The original copy of the list, form ** PTO/SB/08A and 08B will be entered into the application file. The copy returned to applicant will serve both as acknowledgement of receipt of the information disclosure statement and as an indication as to which references were considered by the examiner. Forms PTO-326 and PTOL-37 include a box to indicate the attachment of form ** PTO/SB/08A and 08B.

Information which complies with requirements as discussed in this section but which is in a non-English language will be considered in view of the concise explanation submitted (see MPEP § 609.04(a), subsection III.) and insofar as it is understood on its face, e.g., drawings, chemical formulas, in the same manner that non-English language information in Office search files is considered by examiners in conducting searches. The examiner need not have the information translated unless it appears to be necessary to do so. The examiner will indicate that the non-English language information has been considered in the same manner as consideration is indicated for information submitted in English. The examiner should not require that a translation be filed by applicant. The examiner should not make any comment such as that the non-English language information has only been considered to the extent understood, since this fact is inherent. See *Semiconductor Energy Laboratory Co. V. Samsung Electronics Co.*, 204 F.3d 1368, 1377-78, 54 USPQ2d 1001, 1008 (Fed. Cir. 2000) ("[A]s MPEP Section 609C(2) reveals, the examiner's understanding of a foreign reference is generally limited to that which he or she can glean from the applicant's concise statement…Consequently, while the examiner's initials require that we presume that he or she considered the [foreign] reference, this presumption extends only to the examiner's consideration of the brief translated portion and the concise statement.").

Since information is required to be submitted in a separate paper listing the citations rather than in the specification, there is no need to mark "All checked" or "Checked" in the margin of a specification containing citations.

If an item of information in an IDS fails to comply with requirements of 37 CFR 1.97 and 37 CFR 1.98, a line should be drawn through the citation to show that

it has not been considered. The other items of information listed that do comply with the requirements of 37 CFR 1.97 and 37 CFR 1.98 will be considered by the examiner and will be appropriately initialed.

## 609.05(c)  Documents Submitted as Part of Applicant's Reply to Office Action [R-5]

Occasionally, documents are submitted and relied on by an applicant when replying to an Office action. These documents may be relied on by an applicant, for example, to show that an element recited in the claim is operative or that a term used in the claim has a recognized meaning in the art. Documents may be in any form but are typically in the form of an affidavit, declaration, patent, or printed publication.

To the extent that a document is submitted as evidence directed to an issue of patentability raised in an Office action, and the evidence is timely presented, applicant need not satisfy the requirements of 37 CFR 1.97 and 37 CFR 1.98 in order to have the examiner consider the information contained in the document relied on by applicant. In other words, compliance with the information disclosure rules is not a threshold requirement to have information considered when submitted by applicant to support an argument being made in a reply to an Office action. However, consideration by the examiner of the document submitted as evidence directed to an issue of patentability raised in the Office action is limited to the portion of the document relied upon as rebuttal evidence; the entirety of the document may not necessarily be considered by the examiner.

At the same time, the document supplied and relied on by applicant as evidence need not be processed as an item of information that was cited in an information disclosure statement. The record should reflect whether the evidence was considered, but listing on a form (e.g., PTO-892, ** or PTO/SB/08A and 08B) and appropriate marking of the form by the examiner is not required.

For example, if applicant submits and relies on three patents as evidence in reply to the first Office action and also lists those patents on a ** PTO/SB/08A and 08B along with two journal articles, but does not file a statement under 37 CFR 1.97(e) or the fee set forth in 37 CFR 1.17(p), it would be appropriate for the examiner to indicate that the teachings

relied on by applicant in the three patents have been considered, but to line through the citation of all five documents on the ** PTO/SB/08A and 08B and to inform applicant that the information disclosure statement did not comply with 37 CFR 1.97(c).

## 609.06    Information Printed on Patent [R-5]

A citation listed on form ** PTO/SB/08A and 08B and considered by the examiner will be printed on the patent. A citation listed in a separate paper, equivalent to but not on form ** PTO/SB/08A and 08B, and considered by the examiner will be printed on the patent if the list lends itself to easy capture of the necessary information by the Office printing contractor, i.e., each item of information is listed on a single line, the lines are at least double-spaced from each other, and the information is uniform in format for each listed item. For patents printed after January 1, 2001, citations from information disclosure statements that are printed on the face of the patent will be distinguished from citations cited by the examiner on a form PTO-892. The citations cited by the examiner on a form PTO-892 will be marked with an asterisk. If an item of information is cited more than once in an IDS and on a form PTO-892, the citation of the item will be listed only once on the patent as a citation cited by the examiner.

If the applicant does not provide classification information for a citation, or if the examiner lines through incorrect classification data, the citation will be printed on the face of the patent without the classification information. If a U.S. patent application number is listed on a ** PTO/SB/08A and 08B form or its equivalent and the examiner considers the information and initials the form, the application number will be printed on the patent. Applicants may wish to list U.S. patent application numbers on other than a form ** PTO/SB/08A and 08B format to avoid the application numbers of pending applications being published on the patent. If a citation is not printed on the patent but has been considered by the examiner, the patented file will reflect that fact as noted in MPEP § 609.05(b).

## 609.07    IDSs Electronically Submitted (e-IDS) Using EFS [R-5]

As of May of 2002 IDSs may be submitted to the Office via the EFS. Applicants can file an e-IDS using the EFS by (A) entering the references' citation information in an electronic data entry form, equivalent to the paper **>PTO/SB/08A< form, and (B) transmitting the electronic data entry form to the Office. This electronic form allows only citations of U.S. patents and U.S. patent application publications. No paper copies of U.S. patents and U.S. patent application publications cited in the IDS are required to be submitted by the applicants with the e-IDS. If any references to foreign patent documents or non-patent literature documents (NPLs) or unpublished U.S. patent applications are to be cited, applicants must submit those citations on a separate, conventional paper ** forms PTO/SB/08A and/or PTO/SB/08B*. A legible copy of each cited foreign patent document, NPL, and unpublished U.S. patent application (if the cited application is not stored in IFW or the cited information is not part of the specification, including the claims, and the drawings) must accompany the conventional IDS form and the requirements of 37 CFR 1.97 and 1.98 must be complied with for the IDS to be considered by the Office.

The requirement in 37 CFR 1.98(a)(2)(iii) for a legible copy of the specification, including the claims, and drawings of each cited pending U.S. patent application (or a portion of the application which caused it to be listed) is *sua sponte* waived where the cited pending application is stored in the Office's IFW system. See MPEP § 609.04(a), subsection II.

The electronic IDS form may be included with a new EFS electronic application filing, or it may be submitted for previously filed patent applications. An e-IDS contains an electronic list of U.S. patent numbers and U.S. patent application publication numbers. An individual e-IDS may contain a listing of up to 50 U.S. patents and 50 U.S. patent application publications. To file a complete IDS containing more than 50 U.S. patents and/or 50 U.S. patent application publications, applicants are permitted to file more than one e-IDS. Similarly, applicants may file a portion of an IDS using e-IDS and another portion using conventional paper procedures for references that cannot be submitted using e-IDS (e.g., NPLs).

If more than one e-IDS is necessary and/or it is necessary to file the e-IDS with a conventional paper IDS to file a complete IDS for which a fee is required under 37 CFR 1.17(p), only a single fee under 37 CFR 1.17(p) will be required under the following conditions:

(A) the fee required by 37 CFR 1.17(p) is included with the first e-IDS submission (since it will normally be processed first);

(B) all subsequent submissions making up the IDS should explicitly state that the fee was included in the earlier submission and request that the one fee be accepted for the second and any subsequent submission; and

(C) all subsequent submissions (electronic or paper) must be received by the Office on the same date as the first e-IDS submission with which the fee was included.

A subsequent non-electronic submission is considered received by the Office on the same date as the first e-IDS submission with which the fee was included for purposes of the fee due under 37 CFR 1.17(p) if it is deposited in Express Mail under 37 CFR 1.10, deposited in the first class U.S. mail with a certificate of mailing in accordance with 37 CFR 1.8, or transmitted by facsimile with a certificate of transmission in accordance with 37 CFR 1.8, on the same date as the first e-IDS submission with which the fee was included. If a subsequent e-IDS submission is received by the Office on a date later than the date the fee was paid, the later submission will require an additional fee.

A paper copy of the e-IDS form will be placed in paper application files, similar to the PTO/SB/08A, >and< PTO/SB/08B ** forms. The e-IDS form has the title "Electronic Information Disclosure Statement" at the top. A copy of the e-IDS form will be scanned to become part of the IFW for IFW applications. In all applications, the e-IDS will be added to the application file contents listing, and to the PALM EXPO database record for the application.

If the e-IDS complies with the requirements of 37 CFR 1.97, examiners must consider the e-IDS and complete the e-IDS form by initialing, signing, and dating the e-IDS form entries. Examiners may notice numbering gaps in the "Citation No." column on the printed e-IDS form due to an applicant data entry

error. This data entry error will not affect the e-IDS and is not a sufficient reason not to consider the e-IDS. A copy of the initialed, signed, and dated e-IDS form must be sent to the applicant. The original completed e-IDS form will be retained in the application file if the application file is maintained in paper. The completed copy of the e-IDS form sent to an applicant in an IFW application should be made of record in the IFW when the copy is sent to the applicant.

An electronic list of all U.S. patents and U.S. patent application publications on an e-IDS form is available and accessible from the examiner's workstation by clicking on the e-IDS icon, on the workstation desktop. Consideration of the e-IDS may not be deferred and an examiner should not require an applicant to submit paper copies of e-IDS references. It is most important that the U.S. patent and U.S. patent application publication numbers listed on the e-IDS be accurate and devoid of transcription error since no copies of the documents listed on the e-IDS are provided in the file wrapper for the examiner to review. Instead the examiner will electronically retrieve the U.S. patents and U.S. patent application publications identified by the cited document numbers. The only mechanism for having the correct document reviewed and considered when an erroneous U.S. patent or U.S. patent application publication is cited in an e-IDS will be by citing the correct citation number in a subsequent IDS that conforms to the requirements of 37 CFR 1.97 and 1.98.

Examiners can copy and paste U.S. patent and U.S. patent application publication numbers from the e-IDS to EAST and/or WEST for searching. For applications maintained in paper, the e-IDS reference listing form has a bar code that corresponds to the U.S. patent numbers and U.S. patent application publication numbers which may be wanded using the Examiner's bar code reader. Examiners should copy and paste U.S. patent and U.S. patent application publication numbers from the e-IDS to EAST and/or WEST to review the references that are listed in the e-IDS.

The Office's EFS system starting with version 5.1 released on April 14, 2003, permits applicants and registered practitioners to sign portions of an EFS submission with an electronic signature. The electronic signature is any typed combination of alphanumeric characters. The electronic signature must comply with 37 CFR 1.4(d)(3). The electronic signa-

ture may be on EFS transmittal letters, declarations, powers of attorney, fee sheets, and later filed biosequence listings. Accordingly, an e-IDS should not be denied consideration solely because it has an alpha numeric electronic signature if filed on or after April 14, 2003.

If the e-IDS transmittal letter and list of references is missing from an application file, an examiner may request that the technical support staff obtain an additional printed copy of the letter and reference list from the Office of Initial Patent Examination (OIPE).

>

## 609.08    Electronic Processing of Information Disclosure Statement [R-5]

As of January 18, 2006, the Office began electronic processing of the list of citations (e.g., form PTO/SB/08) submitted as part of an information disclosure statement (IDS) submitted in applications stored by the Office in image form. Examiners are provided with a tool on their desktop (Annotation Tool deployed as part of eDAN 2.0) to electronically annotate citations and electronically sign the IDS when reviewing the cited references. The electronically processed IDS will be stored in the Office's official record as an entry in the application's image file wrapper (IFW) and a copy will be mailed to applicant as part of an Office action. Applicants that receive numerous Office actions may receive some IDS annotated by hand while receiving other IDSs annotated by electronic means for a limited time period.

## ELECTRONIC ANNOTATION AND SIGNATURE

The electronic annotation, similar to hand written annotations, will cause the initials of the reviewing examiner to be applied to either: (A) the immediate left of each citation reviewed; or (B) the immediate left of the first of several consecutive citations and the left of the last of the consecutive citations reviewed with a line connecting the initials. Citations that have not been considered will be lined through.

The electronic signature will be in the form /John Q. Examiner/ at the bottom of the last sheet of citations of an IDS. The examiner may elect to electronically sign each sheet of citations considered.<

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●